UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STEVEN ALFANO,                                              :

                           Plaintiff,      :      07 Civ. 9661 (GEL)

       - against -
                                           :

CIGNA LIFE INSURANCE COMPANY OF                             **ANSWER**
NEW YORK, LONG TERM DISABILITY                        :
INSURANCE PLAN FOR CORNELL
UNIVERSITY MEDICAL COLLEGE, WEILL                     :
MEDICAL COLLEGE OF CORNELL
UNIVERSITY RETIREMENT PLAN FOR                        :
FACULTY AND EXEMPT EMPLOYEES,
CHILDREN'S TUITION SCHOLARSHIP PLAN,                  :
CORNELL UNIVERSITY GROUP LIFE
INSURANCE PLAN, CORNELL UNIVERSITY                    :
MEDICAL COLLEGE HEALTH INSURANCE
PLAN, and WEILL MEDICAL COLLEGE OF                    :
CORNELL UNIVERSITY DENTAL ASSISTANCE
PLAN,                                                :

                        Defendants.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    Defendant CIGNA Life Insurance Company of New York ("CLICNY" or "Defendant"),

by its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, as and for its Answer to

plaintiff's Complaint ("Complaint"), responds as follows:

## JURISDICTION AND VENUE

    1.    Defendant admits the allegations contained in paragraph 1 of the Complaint.

    2.    Defendant admits the allegations contained in paragraph 2 of the Complaint.

## NATURE OF ACTION

    3.    Defendant admits that ERISA applies to this action and also admits that long term

disability benefits provided by the LTD Plan are provided by an insurance policy issued by

CLICNY. Defendant lacks knowledge or information sufficient to form a belief as to the truth of

the remaining allegations contained in paragraph 3 of the Complaint and leaves the Plaintiff to his proofs with respect thereto.

## STANDARD OF REVIEW

4.    Defendant neither admits nor denies the allegations in paragraph 4 of the Complaint, but states that no response is required because it calls for a conclusion of law to be made by the Court.

5.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 5 of the Complaint to the extent that those allegations differ from the referenced document.

6.    Defendant states that the referenced policy speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 6 of the Complaint to the extent that those allegations differ from the policy.

## THE PARTIES

7.    Defendant admits the allegations contained in paragraph 7 of the Complaint.

8.    Defendant admits the allegations contained in paragraph 8 of the Complaint.

9.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint and leaves the Plaintiff to his proofs with respect thereto.

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint and leaves the Plaintiff to his proofs with respect thereto.

1867455.1

11.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint and leaves the Plaintiff to his proofs with respect thereto.

12.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint and leaves the Plaintiff to his proofs with respect thereto.

13.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Complaint and leaves the Plaintiff to his proofs with respect thereto.

14.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint and leaves the Plaintiff to his proofs with respect thereto.

## THE LTD PLAN

15.    Defendant admits the allegations contained in paragraph 15 of the Complaint, and refers the Court to the document referenced therein, which speaks for itself.

16.    Defendant states that the referenced policy speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 16 of the Complaint to the extent that those allegations differ from the policy.

17.    Defendant admits the allegations contained in paragraph 17 of the Complaint, and states that the referenced policy speaks for itself and is the best evidence of its contents.

18.    Defendant admits the allegations contained in paragraph 18 of the Complaint, and states that the referenced policy speaks for itself and is the best evidence of its contents.

3

19.    Defendant states that the referenced policy speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 19 of the Complaint to the extent that those allegations differ from the policy.

20.    Defendant admits that the Policy's definition of disability does not change, and states that the referenced policy speaks for itself and is the best evidence of its contents.

## VOCATIONAL BACKGROUND

21.    Defendant admits the allegations contained in paragraph 21 of the Complaint.

22.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and leaves the Plaintiff to his proofs with respect thereto.

23.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 23 of the Complaint to the extent that those allegations differ from the referenced document.

24.    Defendant states that the referenced policy speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 24 of the Complaint to the extent that those allegations differ from the policy.

25.    Defendant states that the referenced policy speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 25 of the Complaint to the extent that those allegations differ from the policy.

26.    Defendant admits that Plaintiff stopped working on June 5, 2000. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

4

contained in paragraph 26 of the Complaint and leaves the Plaintiff to his proofs with respect thereto.

## SOCIAL SECURITY

27.    Defendant admits that the subject Policy required Plaintiff to apply for Social Security Benefits, and states that the referenced policy speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 27 of the Complaint to the extent that those allegations differ from the policy.

28.    Defendant admits that the subject Policy required Plaintiff to execute a reimbursement agreement, and states that the referenced policy speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 28 of the Complaint to the extent that those allegations differ from the policy.

29.    Defendant admits that the subject Policy required Plaintiff to submit proof that he had applied for Social Security Benefits, and states that the referenced policy speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 29 of the Complaint to the extent that those allegations differ from the policy.

30.    Defendant admits the allegations contained in paragraph 30 of the Complaint.

31.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 31 of the Complaint to the extent that those allegations differ from the referenced document.

32.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 32 of the Complaint to the extent that those allegations differ from the referenced document.

1867455.1

33.    Defendant admits that Plaintiff's Social Security Disability benefit was applied as an offset against his long term disability benefits. Defendant denies the remaining allegations contained in paragraph 33 of the Complaint.

## FACTUAL STATEMENT

34.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and leaves the Plaintiff to his proofs with respect thereto.

35.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and leaves the Plaintiff to his proofs with respect thereto.

36.    Defendant admits that Plaintiff stopped working on June 5, 2000. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 of the Complaint and leaves the Plaintiff to his proofs with respect thereto.

37.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 37 of the Complaint to the extent that those allegations differ from the referenced document.

38.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 38 of the Complaint to the extent that those allegations differ from the referenced document.

39.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 39 of the Complaint to the extent that those allegations differ from the referenced document.

40.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 40 of the Complaint to the extent that those allegations differ from the referenced document.

41.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 41 of the Complaint to the extent that those allegations differ from the referenced document.

42.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 42 of the Complaint to the extent that those allegations differ from the referenced document.

43.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 43 of the Complaint to the extent that those allegations differ from the referenced document.

44.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 44 of the Complaint to the extent that those allegations differ from the referenced document.

45.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 45 of the Complaint to the extent that those allegations differ from the referenced document.

46.    Defendant admits the allegations contained in paragraph 46 of the Complaint.

47.     Defendant admits the allegations contained in paragraph 47 of the Complaint.

48.     Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 48 of the Complaint to the extent that those allegations differ from the referenced document.

49.     Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 49 of the Complaint to the extent that those allegations differ from the referenced document.

50.     Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 50 of the Complaint to the extent that those allegations differ from the referenced document.

51.     Defendant admits that it referred Plaintiff for an independent medical examination on or about February 5, 2001. Defendant denies the remaining allegations contained in paragraph 51 of the Complaint.

52.     Defendant admits that it requested an IME on February 5, 2001 and that it provided questions to be considered by the reviewer, and refers that Court to the document referenced in paragraph 52. Defendant denies the remaining allegations contained in paragraph 52 of the Complaint.

53.     Defendant admits that it cancelled Plaintiff's IME on or about February 6, 2001. Defendant denies the remaining allegations contained in paragraph 53 of the Complaint.

54.     Defendant admits that it called Rosemary Cius of the Employer on February 6, 2001 to clarify Plaintiff's job requirements. Defendant denies the remaining allegations contained in paragraph 54 of the Complaint.

1867455.1

CLICNY Denies Claim

55.    Defendant admits that, by letter dated February 12, 2001, it denied Plaintiff's LTD claim. Defendant further states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 55 of the Complaint to the extent that those allegations differ from the referenced document.

56.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 56 of the Complaint to the extent that those allegations differ from the referenced document.

57.    Defendant admits that it denied Plaintiff's claim. Defendant states that the referenced document, the February 12, 2001 letter, speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 57 of the Complaint to the extent that those allegations differ from the referenced document.

58.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 58 of the Complaint to the extent that those allegations differ from the referenced document.

CLICNY Upholds Denial

59.    Defendant admits that Plaintiff notified it of his intent to appeal by letter dated March 19, 2001, and that Plaintiff submitted a letter dated April 10, 2001 requesting an additional 60 days because he was awaiting medical evidence. Defendant denies the remaining allegations contained in paragraph 59 of the Complaint.

60.    Defendant admits the allegations contained in paragraph 60 of the Complaint.

1867455.1

61.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 61 of the Complaint to the extent that those allegations differ from the referenced document.

62.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 62 of the Complaint to the extent that those allegations differ from the referenced document.

63.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 63 of the Complaint to the extent that those allegations differ from the referenced document.

64.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 64 of the Complaint to the extent that those allegations differ from the referenced document.

65.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 65 of the Complaint to the extent that those allegations differ from the referenced document.

66.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 66 of the Complaint to the extent that those allegations differ from the referenced document.

67.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 67 of the Complaint to the extent that those allegations differ from the referenced document.

68.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 68 of the Complaint to the extent that those allegations differ from the referenced document.

69.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 69 of the Complaint to the extent that those allegations differ from the referenced document.

70.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 70 of the Complaint to the extent that those allegations differ from the referenced document.

71.    Defendant admits that Plaintiff submitted an appeal letter dated April 15, 2002, and states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 71 of the Complaint to the extent that those allegations differ from the referenced document.

72.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 72 of the Complaint to the extent that those allegations differ from the referenced document.

73.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 73 of the Complaint to the extent that those allegations differ from the referenced document.

74.    Defendant admits that Plaintiff's appeal was referred to its office located in Dallas and that an acknowledgement letter was sent to Plaintiff dated June 3, 2002. Defendant denies the remaining allegations contained in paragraph 74 of the Complaint.

75.     Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 75 of the Complaint to the extent that those allegations differ from the referenced document.

76.     Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 76 of the Complaint to the extent that those allegations differ from the referenced document.

77.     Defendant admits that Plaintiff submitted additional medical evidence on August 3, 2002, including a letter from Dr. Roach dated July 24, 2002 and a letter from Dr. Alexaides dated July 12, 2002. Defendant states that the referenced documents speaks for themselves and are the best evidence of their contents. Defendant denies the allegations contained in paragraph 50 of the Complaint to the extent that those allegations differ from the referenced documents.

78.     Defendant admits that Plaintiff submitted a letter dated September 16, 2002, and states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 78 of the Complaint to the extent that those allegations differ from the referenced document.

79.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

CLICNY's IME

80.     Defendant admits that it notified Plaintiff by letter dated December 2, 2002 that it was referring his claim for an independent medical examination, and refers the Court to the

1867455.1

document referenced in paragraph 80. Defendant denies the remaining allegations contained in paragraph 80 of the Complaint.

81.    Defendant admits that Dr. Trotter, an orthopedic surgeon, performed the IME on December 10, 2002, and states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 81 of the Complaint regarding Dr. Trotter's report to the extent that those allegations differ from the referenced document. Defendant denies the remaining allegations contained in paragraph 81 of the Complaint.

82.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 82 of the Complaint regarding Dr. Trotter's report to the extent that those allegations differ from the referenced document. Defendant denies the remaining allegations contained in paragraph 82 of the Complaint.

83.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 83 of the Complaint to the extent that those allegations differ from the referenced document.

CLICNY's Approval

84.    Defendant admits the allegations contained in paragraph 84 of the Complaint.

85.    Defendant denies the allegations contained in paragraph 85 of the Complaint.

86.    Defendant admits that it informed Plaintiff by letter dated January 24, 2003 that his benefits had been approved from December 3, 2000 through the date of the letter. Defendant states that the referenced document speaks for itself and is the best evidence of its contents.

13

Defendant denies the allegations contained in paragraph 86 of the Complaint to the extent that those allegations differ from the referenced document.

87.   Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 87 of the Complaint to the extent that those allegations differ from the referenced document.

88.   Defendant admits that it sent a corrected letter to Plaintiff dated April 10, 2003, and states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 88 of the Complaint to the extent that those allegations differ from the referenced document.

89.   Defendant admits that, by letter dated April 16, 2003, it asked Plaintiff to complete a supplemental disability questionnaire, which he submitted on April 20, 2003. Defendant states that the referenced medical record speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 89 of the Complaint to the extent that those allegations differ from the referenced medical record.

90.   Defendant admits that it requested additional updated information from Dr. Alexaides on July 24, 2003. Defendant denies the remaining allegations contained in paragraph 90 of the Complaint.

91.   Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 91 of the Complaint to the extent that those allegations differ from the referenced document.

14

92.    Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 92 of the Complaint to the extent that those allegations differ from the referenced document.

93.    Defendant admits that, on or about November 3, 2004, it determined that an exploratory transferable skills analysis was needed. Defendant denies the remaining allegations contained in paragraph 93 of the Complaint.

94.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint and leaves the Plaintiff to her proofs with respect thereto.

95.    Defendant denies the allegations contained in paragraph 95 of the Complaint.

96.    Defendant denies the allegations contained in paragraph 96 of the Complaint.

97.    Defendant admits that its exploratory TSA identified four occupations that Plaintiff could perform. Defendant denies the remaining allegations contained in paragraph 97 of the Complaint.

98.    Defendant admits that it requested updated information from Plaintiff on November 9, 2004 and that Dr. Roach completed a supplemental Attending Physician's Statement on November 30, 2004. Defendant states that the referenced documents speaks for themselves and are the best evidence of their contents. Defendant denies the allegations contained in paragraph 98 of the Complaint to the extent that those allegations differ from the referenced documents.

99.    Defendant admits that it asked Dr. Roach whether Plaintiff could perform the four occupations identified by the exploratory TSA. Defendant denies the remaining allegations contained in paragraph 99 of the Complaint.

100.  Defendant denies the allegations contained in paragraph 100 of the Complaint.

101.  Defendant admits that it scheduled a Functional Capacity Evaluation because it had not received a response from Dr. Roach. Defendant denies the remaining allegations contained in paragraph 101 of the Complaint.

102.  Defendant admits the allegations contained in paragraph 102 of the Complaint.

103.  Defendant denies the allegations contained in paragraph 103 of the Complaint.

104.  Defendant denies the allegations contained in paragraph 104 of the Complaint.

CLICNY's Internal Medical Review

105.  Defendant admits that Dr. Taylor conducted a review of Plaintiff's file on June 3, 2005, and that the document is the best evidence of its contents. Defendant denies the remaining allegations contained in paragraph 105 of the Complaint.

106.  Defendant denies the allegations contained in paragraph 106 of the Complaint.

107.  Defendant denies the allegations contained in paragraph 107 of the Complaint.

108.  Defendant denies the allegations contained in paragraph 108 of the Complaint.

109.  Defendant denies the allegations contained in paragraph 109 of the Complaint.

110.  Defendant denies the allegations contained in paragraph 110 of the Complaint.

111.  Defendant denies the allegations contained in paragraph 111 of the Complaint.

112.  Defendant admits that Dr. Taylor concluded that an FCE was needed to determine Plaintiff's functional capacity. Defendant denies the remaining allegations contained in paragraph 112 of the Complaint.

1867455.1

113.  Defendant admits that Dr. Roach submitted a letter dated June 14, 2005, and states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 113 of the Complaint to the extent that those allegations differ from the referenced document.

114.  Defendant denies the allegations contained in paragraph 114 of the Complaint.

115.  Defendant denies the allegations contained in paragraph 115 of the Complaint.

116.  Defendant states that the referenced documents speak for themselves and are the best evidence of their contents. Defendant denies the allegations contained in paragraph 116 of the Complaint to the extent that those allegations differ from the referenced documents.

The FCE

117.  Defendant admits that it required Plaintiff to attend an FCE on July 26, 2005. Defendant denies the remaining allegations contained in paragraph 117 of the Complaint.

118.  Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 118 of the Complaint to the extent that those allegations differ from the referenced document.

119.  Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 119 of the Complaint to the extent that those allegations differ from the referenced document.

120.  Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 120 of the Complaint to the extent that those allegations differ from the referenced document.

121.  Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 121 of the Complaint to the extent that those allegations differ from the referenced document.

122.  Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 122 of the Complaint to the extent that those allegations differ from the referenced document.

123.  Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 123 of the Complaint to the extent that those allegations differ from the referenced document.

124.  Defendant admits that the physical therapist who performed the FCE concluded that Plaintiff could function "safely at a sedentary level for an eight hour period." Defendant denies the remaining allegations contained in paragraph 124 of the Complaint.

125.  Defendant denies the allegations contained in paragraph 125 of the Complaint.

126.  Defendant denies the allegations contained in paragraph 126 of the Complaint.

127.  Defendant denies the allegations contained in paragraph 127 of the Complaint.

128.  Defendant denies the allegations contained in paragraph 128 of the Complaint.

CLICNY's Termination

129.  Defendant admits that it terminated Plaintiff's LTD benefits by letter dated September 28, 2005. Defendant denies the remaining allegations contained in paragraph 129 of the Complaint.

130.  Defendant denies the allegations contained in paragraph 130 of the Complaint.

1867455.1

131.  Defendant denies the allegations contained in paragraph 131 of the Complaint.

Plaintiff's Appeal

132.  Defendant admits the allegations contained in paragraph 132 of the Complaint.

133.  Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 133 of the Complaint to the extent that those allegations differ from the referenced document.

134.  Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 134 of the Complaint to the extent that those allegations differ from the referenced document.

CLICNY's Medical Review

135.  Defendant denies the allegations contained in paragraph 135 of the Complaint.

136.  Defendant admits that nurse case manager Kay Rhodes did a medical review of the documents submitted by Plaintiff in support of his appeal. Defendant denies the remaining allegations contained in paragraph 136 of the Complaint.

137.  Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 137 of the Complaint to the extent that those allegations differ from the referenced document.

138.  Defendant denies the allegations contained in paragraph 138 of the Complaint.

139.  Defendant denies the allegations contained in paragraph 139 of the Complaint.

140.  Defendant denies the allegations contained in paragraph 140 of the Complaint.

141.  Defendant denies the allegations contained in paragraph 141 of the Complaint.

1867455.1

142.  Defendant denies the allegations contained in paragraph 142 of the Complaint.

143.  Defendant denies the allegations contained in paragraph 143 of the Complaint.

144.  Defendant admits that Plaintiff's file was reviewed by Dr. Mendez. Defendant denies the remaining allegations contained in paragraph 144 of the Complaint.

145.  Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 145 of the Complaint to the extent that those allegations differ from the referenced document.

146.  Defendant denies the allegations contained in paragraph 146 of the Complaint.

CLICNY Upholds Termination

147.  Defendant admits that it upheld the termination of Plaintiff's benefits by letter dated March 29, 2006. Defendant denies the remaining allegations contained in paragraph 147 of the Complaint.

148.  Defendant denies the allegations contained in paragraph 148 of the Complaint.

149.  Defendant denies the allegations contained in paragraph 149 of the Complaint.

150.  Defendant denies the allegations contained in paragraph 150 of the Complaint.

151.  Defendant denies the allegations contained in paragraph 151 of the Complaint.

Plaintiff Appeals March 29, 2006 Decision

152.  Defendant admits that Plaintiff appealed by letter dated September 15, 2006, and states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 152 of the Complaint regarding the

referenced document to the extent that those allegations differ from the referenced document. Defendant denies the remaining allegations contained in paragraph 152 of the Complaint.

153. Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 153 of the Complaint to the extent that those allegations differ from the referenced document.

154. Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 154 of the Complaint to the extent that those allegations differ from the referenced document.

155. Defendant admits that Plaintiff's appeal included a letter dated August 24, 2006 from Dr. Roach, and states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 155 of the Complaint to the extent that those allegations differ from the referenced document.

CLICNY's Paper Review

156. Defendant admits that it referred Plaintiff's medical records to an orthopedist for review.

157. Defendant denies the allegations contained in paragraph 157 of the Complaint.

158. Defendant admits that the referral form ordering the file review contained three questions to be addressed, and states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 158 of the Complaint to the extent that those allegations differ from the referenced document.

159. Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 159 of the

21

Complaint to the extent that those allegations differ from the referenced document. Defendant denies that Dr. Weiss failed to call either Dr. Alexaides or Dr. Roach.

160.  Defendant admits that the referral form ordering the file review contained three questions to be addressed, and states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 160 of the Complaint to the extent that those allegations differ from the referenced document.

161.  Defendant admits that Dr. Weiss completed his review and submitted a report dated November 13, 2006, and Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 161 of the Complaint to the extent that those allegations differ from the referenced document.

162.  Defendant denies the allegations contained in paragraph 162 of the Complaint.

163.  Defendant denies the allegations contained in paragraph 163 of the Complaint.

164.  Defendant admits that Plaintiff submitted a letter dated November 20, 2006 and states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 164 of the Complaint regarding the November 20, 2006 letter to the extent that those allegations differ from the referenced document. Defendant denies the remaining allegations contained in paragraph 164 of the Complaint.

165.  Defendant admits that Dr. Weiss completed an addendum, and Defendant states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 165 of the Complaint regarding the addendum to

the extent that those allegations differ from the referenced document. Defendant denies the remaining allegations contained in paragraph 165 of the Complaint.

CLICNY's Final Decision

166.  Defendant admits that it issued its final decision by letter dated December 7, 2006, and states that the referenced document speaks for itself and is the best evidence of its contents. Defendant denies the allegations contained in paragraph 166 of the Complaint regarding the December 7, 2006 letter to the extent that those allegations differ from the referenced document. Defendant denies the remaining allegations contained in paragraph 166 of the Complaint.

167.  Defendant denies the allegations contained in paragraph 167 of the Complaint.

168.  Defendant denies the allegations contained in paragraph 168 of the Complaint.

## PLAINTIFF'S FIRST CAUSE OF ACTION
## FOR LONG TERM DISABILITY BENEFITS

169.  Defendant repeats each and every response contained in paragraphs 1 through 168 as if set forth fully herein.

170. Defendant neither admits nor denies the allegations in paragraph 170 of the Complaint, but states that no response is required because it calls for a conclusion of law to be made by the Court.

171. Defendant admits that CLICNY made all of the claim decisions regarding Plaintiff's claim for long term disability benefits. Defendant denies the remaining allegations contained in paragraph 171 of the Complaint.

172. Defendant denies the allegations contained in paragraph 172 of the Complaint.

173. Defendant denies the allegations contained in paragraph 173 of the Complaint.

23

174.  Defendant denies the allegations contained in paragraph 174 of the Complaint.

175.  Defendant denies the allegations contained in paragraph 175 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

At all relevant times, Defendant acted in good faith and fulfilled its duties and responsibilities to the Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

Any and all actions taken by Defendant or its agents or employees in the administration of any insurance plan or policy applicable to Plaintiff were taken in strict compliance in conformity with the terms, procedures, and requirements of said plan.

## FOURTH AFFIRMATIVE DEFENSE

Any and all actions taken by Defendant or its agents or representatives in the administration of any employee benefit plan applicable to Plaintiff and other employees were taken in good faith and not in an arbitrary, capricious or unreasonable manner, or in a manner that would amount to an abuse of discretion.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a trial by jury of the issues raised in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff may have breached other terms and conditions of the policies issued by Defendant to Plaintiff.

1867455.1

## SEVENTH AFFIRMATIVE DEFENSE

If the Court should determine the Plaintiff is entitled to disability benefits, which the Defendant denies, then pursuant to the insurance contract the Defendant is entitled to offsets for other income received by the Plaintiff, including but not limited to Social Security Disability benefits, Workers Compensation, and any benefits received from any other group disability plan.

WHEREFORE, defendant CIGNA Life Insurance Company of New York demands judgment against Plaintiff dismissing the Complaint, denying Plaintiff's prayer for relief, together with costs and disbursements of this action, and granting such other and further relief as this Court may deem just and proper.

Dated:     White Plains, New York
           January 25, 2008

                              Respectfully submitted,

                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                              By: s/Emily A. Hayes
                                  Fred N. Knopf (FNK 4625)
                                  Emily A. Hayes (EH 5243)
                                  *Attorneys for the Defendant CIGNA Life*
                                  *Insurance Company of New York*
                                  3 Gannett Drive
                                  White Plains, New York 10604
                                  (914) 323-7000

1867455.1

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 25, 2008, the foregoing Answer to Plaintiff's Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

s/Emily A. Hayes

Emily A. Hayes (EH 5243)
3 Gannett Drive
White Plains, New York 10604-3407
Phone (914) 323-7000
Facsimile (914) 323-7001
emily.hayes@wilsonelser.com

1867455.1