Leon Farmer
Claim Manager
CIGNA Disability Management Solutions

**CIGNA Group Insurance**
Life · Accident · Disability

12225 Greenville Ave
Ste 1000
Dallas, TX 75243
1 800 352 0611, ext 5693
Fax: 860 731 7907

September 20, 2007

LAW OFFICES OF JEFFREY DELOTT
366 NORTH BROADWAY
SUITE 410
JERICO, NY 11753

| | | |
|---|---|---|
| Re: Name | : | Steven Alfano |
| Policy # | : | NYK 0001972 |
| Account Name | : | Weill Cornell Medical College |
| Underwriting by | : | CIGNA Life Insurance Company of New York |

Dear Mr. Delott,

Enclosed you will find a copy of the policy and claim files (2 volumes) for Mr. Alfano. The SPD may be requested from:

Weill Cornell Medical College
Attn: Clare McDonough
445 East 69th Street
Room 220
New York, NY 10021

No administrative service agreement exists since the plan is fully insured by the insurance company.

Sincerely,

Leon Farmer
Claim Manager

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are provided by these subsidiaries and not by CIGNA Corporation. These subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company.

Leon Farmer
CIGNA Group Insurance
12225 Greenville Avenue
Suite 1060
Dallas, TX 75243.4937

Phone: 800-352-0611 ext. 5693
Fax: 860-731-2907



CIGNA Group Insurance
Life · Accident · Disability

MR. JEFFREY DELOTT
LAW OFFICES OF JEFFREY DELOTT
366 NORTH BROADWAY
STE. 410
JERICO, NY 11753

September 10, 2007

Name:                          STEVEN ALFANO
Incident Number:               513554
Plan/Policy Number:            NYK0001972
Plan/Policy Holder:            WEILL CORNELL MEDICAL COLLEGE
Underwriting Company:          CIGNA Life Insurance Company of New York

Dear Mr. Delott,

I am in receipt of your request for appeal of Mr. Alfano's long term disability claim.

On 09/10/2007, I requested his claim file from our off-site storage facility. I anticipate having the file returned to me by 09/17/2007. At that time, I will have the file copied and then respond to your letter dated 08/31/2007. I anticipate being able to mail the information to you by 09/24/2007.

Please contact our office at 800-352-0611 ext. 5693 should you have any questions.

Sincerely,

Leon Farmer
Disability Claim Manager

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are provided by these subsidiaries and not by CIGNA Corporation. These subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company.



*Law Offices of Jeffrey Delott*
*366 North Broadway*
*Suite 410*
*Jericho, N.Y. 11753*
*516-939-2999*

August 31, 2007

<u>BY CERTIFIED MAIL</u>
CIGNA Group Insurance
12225 Greenville Avenue
Suite 1000
Dallas, TX 75243

Re:     Steven Alfano
        Long Term Disability Insurance Plan for Cornell University Medical College

Dear Sir or Madam:

Mr. Alfano has retained the undersigned to represent him in connection with his long-term disability claim. Accordingly, CIGNA should no longer attempt to communications with Mr. Alfano directly.

I have been advised that Mr. Alfano has exhausted his administrative appeals. In order to evaluate Mr. Alfano's claim to determine if he has grounds for appealing CIGNA's decision to federal court, please forward copies of <u>all</u> items contained within his claim file. That information includes, without limitation, all documents relating to your interviews and telephone conversations with Mr. Alfano, all internal diary, action logs, any communications with legal counsel, and any other record regardless of the format in which it is maintained that reflects activity in connection with his disability claim. Accordingly, please provide me with a copy of Mr. Alfano's <u>entire</u> claim file. Please also include copies of all documents provided by Mr. Alfano's employer, including without limitation, any and all job descriptions and the summary plan description ("SPD") for the disability plan. If you claim you no longer have access to the SPD that you provided to the employer, then please advise who is responsible for providing it. Similarly, please provide a copy of the Administrative Services Agreement with the Plan.

I am sure that CIGNA is aware that the Employee Retirement Income Security Act of 1974 ("ERISA") and its regulations mandate the claims procedure to be followed in this case. Specifically, the revised 29 C.F.R. § 2560.503-1(h) requires a procedure by which a claimant shall have a reasonable opportunity for a full and fair review of the adverse benefit determination. As part of this review, the claimant must be provided, free of charge, copies of "all documents, records, and other information relevant to the claimant's claim for benefits." Furthermore, the regulations provide that a document is "relevant" if it:

CLI0NY 0620

(I) Was relied upon in making the benefit determination;

(ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;

(iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5)[*] of this section in making the benefit determination; or

(iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement or policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

Any reports or documents related to or connected with a review of Mr. Alfano's medical records by a member of CIGNA's medical department, or outside consultant, would be considered "relevant documents." Similarly, any reports or documents related to or connected with a review of Mr. Alfano's vocational and/or employment records by a member of CIGNA's vocational department, or outside consultant, would be considered "relevant documents." Likewise, any reports or videotapes of the claimant obtained as the result of surveillance would fall within this definition of "relevant." Accordingly, these documents, to the extent any exist, must be produced.

Furthermore, Mr. Alfano would also like copies of any official or unofficial documents which describe, adopt, implement, suggest, or otherwise relate to any internal policy for making claim determinations, regardless of whether such documents reference this particular claim. This would include any documents, manuals, or guidelines which describe, adopt, implement, suggest, or otherwise relate to any internal policy CIGNA, or the Plan fiduciaries, for conducting a review of any adverse claim decisions.

If you should wish to discuss this claim further, please do not hesitate to contact me. Thank you for anticipated courtesy and cooperation in this matter.

Very truly yours,
LAW OFFICES OF JEFFREY DELOTT

By: Jeffrey Delott, Esq.

Enclosures

---

[*] 29 C.F.R. §2560 503-1(b)(5) requires a claims procedure to contain administrative safeguards to ensure that benefit claim determinations are made in accordance the terms of the plan.



*Law Offices of Jeffrey Delott*
*855 North Broadway*
*Suite 510*
*Jericho, NY 11753*
*516-939-2999*

## AUTHORIZATION FOR RELEASE OF PERSONAL HEALTH-RELATED INFORMATION
### THIS AUTHORIZATION COMPLIES WITH THE HIPAA PRIVACY RULE.

I, Steven Alfano, authorize any health plan, physician, health care professional, hospital, clinic, laboratory, pharmacy, health insurer, disability insurer, medical facility or other health care provider that has provided payment, treatment or services to me or on my behalf (my "Providers") to disclose my entire medical record and any other personal health information concerning me to my attorneys and representatives, LAW OFFICES OF JEFFREY DELOTT, and its affiliates, agents, employees and representatives (collectively, my "Attorneys"). This includes information on the diagnosis and/or treatment of Human Immunodeficiency Virus (HIV) infection and sexually transmitted diseases. This also includes information on the diagnosis and treatment of mental illness and the use of alcohol, drugs and tobacco, but excludes psychotherapy notes. Psychotherapy notes means notes recorded (in any medium) by a health care provider who is a mental health professional documenting or analyzing the contents of conversation during a private counseling session or a group, joint or family counseling session and that are separated from the rest of the individual's medical record. Psychotherapy notes exclude (meaning the following information is included in this Authorization) medication prescription and monitoring, counseling session start and stop times, the modalities and frequencies of treatment furnished, results of clinical tests, and any summary of the following items: diagnosis, functional status, the treatment plan, symptoms, prognosis and progress to date.

By signing below, I acknowledge that any agreements I have made to restrict my personal health information do not apply to this authorization, and I instruct my Providers to release and disclose my entire medical record without restriction.

This personal health information is to be disclosed under this Authorization so that my Attorneys may represent me in connection with my claim for disability benefits.

I understand that this Authorization is voluntary and made to confirm my direction. I understand that, if the person(s) or organization(s) that I authorize to receive my protected health information are not subject to federal and state health information privacy laws, subsequent disclosure by such person(s) or organization(s) may not be protected by those laws. All information should be forwarded, and all questions directed to my Attorneys, at the address listed above.

At the same time, I request that you respect the confidentiality of all my records with respect to any requests from any other lawyers or insurance companies.

This Authorization shall remain in force and effect for the duration of my claim for benefits, or until such time as I revoke it. I understand that I may revoke this authorization in writing at any time, except to the extent that the person(s) and organization(s) described above have taken action in reliance on this authorization. A copy of this authorization shall have the same force and effect as an original.

I have had the opportunity to read and consider the contents of this Authorization. I confirm that the contents are consistent with my direction.

Steven Alfano

Sworn to before me this
___ day of August 2007.

Notary Public

JEFFREY DELOTT
Notary Public, State of New York
No. 02DE5067052
Qualified in Nassau County
Commission Expires Oct. 7, 20/0



*Law Offices of Jeffrey Delott*
*866 North Broadway*
*Suite 610*
*Jericho, NY 11753*
*516-939-2999*

## NOTICE OF ATTORNEY LIEN

The undersigned attorney, Jeffrey Delott, Esq., was retained by the undersigned client, Steven Alfano, to represent him in connection with his claim for short and long term disability benefits. Mr. Delott hereby serves a notice of lien upon your company, against whom Mr. Alfano has a claim for his long term disability benefits. Mr. Alfano has a lien upon Ms. Alfano's claim in whatever hands they may come. This notice will be served by certified mail.

Dated: Jericho, NY
     August _3/_, 2007

_____
Steven Alfano

_____
Jeffrey Delott

_____
Witnessed by



Karol Johnson
Senior Appeal Claim Manager



**CIGNA Group Insurance**
Life · Accident · Disability

February 15, 2007

12225 Greenville Ave
Suite 1000
Dallas, TX 75243
Telephone 1-800-352-0611 ext. 1249
Facsimile 860-731-3211

ADAM COHEN, ESQ.
14 MAMARONECK AVE STE 401
WHITE PLAINS NY 10601

Re:   Claimant        : Steven Alfano
      Employer        : Weill Medical College
      Policy #        : NYK 1972
      Underwriting Co : CIGNA Life Insurance Company of New York

Please find enclosed a copy of the above referenced disability policy, claim file and the Acclaim printout.

Should you have any questions, please do not hesitate to contact this office.

Sincerely,

Karol Johnson

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are provided by these subsidiaries and not by CIGNA Corporation. These subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company.

A copy of this file was made by Jose E. Nieves, Administrative Assistant.

_____
Signature

_02/03/2007_
Date

The copy was mailed out by Karol Johnson, ASCM.

_____
Signature

_____
Date

CLiCNY 0626

Inactive Records - Order Submission
CIGNA Printing & Distribution
**Inactive Records Services**

Home  |  User Guide for Bloomfield/Hartford  |  User Guide for Philadelphia/Field  |  P&D Online

Any Questions...call your Records Liason at 860.226.2784.

**Your order has been submitted successfully.**
You may wish to print this summary for your records.

## Summary for Order # 119951

### Requester:

|  |  |  |
|---|---|---|
| **Requester:** JOSE NIEVES | **Expense Center:** 50001583 | **Date Submitted:** 01/24/2007 10:19:53 AM |

E-mail: JOSE.NIEVES@CIGNA.COM
Telephone: 972-907-5659          Record Code: PF04
Address: 12225 GREENVILLE AVE, SUITE 655          Routing: 212D
DALLAS, TX 75243

### Inactive Records Retrieval
Delivery Instructions: Regular (Next Business Day)

| Line | Carton Number | Entire Box or File Only | File ID Number | File Description |
|---|---|---|---|---|
| 1 | 166377183 | File Only | 099449648 | alfano, steven - 2 volumes |
| 2 | 193952386 | File Only | 099449648 | alfano, steven |



CLICNY 0627



## COHEN & SIEGEL, LLP
14 MAMARONECK AVENUE, SUITE 401
WHITE PLAINS, NEW YORK 10601

(914) 421-0060
(718) 685-3907
FAX: (914) 421-0035

ANDREW R. SIEGEL+
ADAM S. COHEN*

190 E. 162ᴺᴰ STREET
BRONX, NY 10451

FORTUNATO J. CALABRO
OF COUNSEL
+Admitted in NY And NE
*Admitted in NY And CT

January 8, 2007

Medha Bharadwaj, FLMI, ACS
CIGNA Group Insurance
12225 Greenville Avenue, Suite 1000
Dallas, TX 75243-9337

                    Re:                          Steven Alfano
                    Plan/Policy Number:          NYK 1972
                    Plan/Policy Holder:          Will Medical College of Cornell University
                    Underwriting Company:        CIGNA Life Insurance Company of NY

Dear Mr/Ms. Bharadwaj:

We are in receipt of your December 7, 2006 letter denying benefits in this claim.

We hereby request a complete copy of Mr. Alfano's file in this matter.

Thank you.

                              Very truly yours,

                              *Adam Cohen signature*

                              Adam S. Cohen, Esq.

ASC/lr
cc:    Steven Alfano

Medha Bharadwaj
Appeal Claim Manager 

CIGNA Disability Management Solutions

December 7, 2006

**CIGNA Group Insurance**
Life · Accident · Disability

ANDREW SIEGEL
ATTORNEY AT LAW
14 MAMARONECK AVENUE, SUITE 401
WHITE PLAINS, NY 10601

Routing 212
12225 Greenville Ave.
Suite 1000
Dallas, TX 75243-9382
Telephone 800.352.0611 ext.
1249
Facsimile 860.731.3217

Re:    Long Term Disability
       Claimant:          Steven Alfano
       Account Name:      Weill Medical College
       Policy #:          NYK 1972
       Underwriting Co:   CIGNA Life Insurance Company of New York

Dear Mr. Siegel:

We have carefully reviewed your client's claim for Long Term Disability (LTD) benefits, and must affirm our previous denial of his claim. Please refer to our September 28, 2005 and March 29, 2006 letters for specific policy definitions and previously reviewed information. In addition to the above, please refer to the following policy provisions:

### Definition of Disability

"An Employee is Disabled if, because of Injury or Sickness:
   1. he is unable to perform all the material duties of his; or
   2. he is earning less than 80% of his Indexed Basic Earnings."

### Overview of Eligibility of Benefits

We based our decision on Mr. Alfano's claim for benefits upon Policy language and all documents contained in his claim file, viewed as a whole.

I am aware that Mr. Alfano has been off work since June 06, 2000 due to chronic back pain. As outlined to you in our letter dated October 27, 2006, as the previous decision on Mr. Alfano's claim was based on a medical judgment, we requested a peer review. The peer review was completed by Dr. Michael Weiss. As part of his review, Dr. Weiss reviewed all the medical information contained in Mr. Alfano's file.

After review of the entirety of the medical records contained in Mr. Alfano's claim file, Dr. Weiss stated that the medical records contained in Mr. Alfano's file does not support limitations and/or restrictions precluding Mr. Alfano from functioning in a sedentary capacity. Dr. Weiss noted that a Functional Capacity Evaluation of July 26, 2005 revealed Mr. Alfano's ability to perform in a sedentary work capacity. Please note that Mr. Alfano's occupation as a Wage and Salary Manager is considered to be sedentary. Dr. Weiss stated that Mr. Alfano would be restricted from prolonged sitting, in that he would require intermittent standing. In addition, Mr. Alfano would be restricted to limited walking. However, these restrictions are within the requirements of a sedentary occupation.

CIGNA Group Insurance products and services are provided exclusively by underwriting subsidiaries of CIGNA Corporation, including Life Insurance Company of North America and Connecticut General Life Insurance Company. "CIGNA" is used to refer to these subsidiaries and to registered service marks.

Page 2

## Summary

Mr. Siegel, the plan provides that CIGNA Life Insurance Company of New York would pay benefits only if Mr. Alfano met the plan's requirements, including the definition of Disability. Disability is determined by medically supported limitations and restrictions which would preclude Mr. Alfano from performing the duties of his sedentary occupation as a Wage and Salary Manager.

We do not dispute Mr. Alfano may have been somewhat limited or restricted due to his subsequent diagnoses and treatment as Mr. Alfano was initially paid Long Term Disability benefits through October 27, 2005; however, an explanation of Mr. Alfano's functionality and how his functional capacity prevented him from continuously performing the material duties of his occupation beyond October 27, 2005 was not clinically supported. The presence of a condition, diagnosis or treatment does not necessarily equate to a presence of a disabling condition or decreased level of functionality. As such, we are reaffirming our previous denial decisions of September 28, 2005 and March 29, 2006 within the meaning and terms of Mr. Alfano's group Long Term Disability plan.

At this point in time, Mr. Alfano has exhausted all administrative levels of appeal and no further appeals will be considered.

Please note that Mr. Alfano has a right to bring legal action regarding his claim under the ERISA section 502(a). Mr. Alfano and his plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact Mr. Alfano's local United States Department of Labor Office or his State Insurance Regulatory Agency.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specifically mentioned herein.

Please review Mr. Alfano's insurance booklet, certificate or coverage information available from his employer to determine if he is eligible for additional benefits.

Should you have any questions, please call me at 1 800.352.0611 ext. 1249 between the hours of 8:00am and 4:30pm Central Time.

Sincerely.

Medha Bharadwaj

**TRI RIVERS ASSESSMENT SERVICES, INC.**
9104 Babcock Boulevard
Suite 2120
Pittsburgh, PA 15237

### Peer Review Services

| | |
|---|---|
| **Date:** | November 13, 2006 |
| **Claimant:** | Steven Alfano |
| **Date of Birth:** | 01/14/1958 |
| **File#:** | FS51810 |

#### Contact with the provider:

A call was placed to Dr. Alexiades on 11/09/06 at 12:25 pm, EST; and the number for call back and message as to the nature of call were left with Wanda, Secretary, who advised that she would leave the message for Dr. Alexiades. A call was placed to Dr. Alexiades on 11/13/06 at 10:03 am, EST; and the number for call back and a message as to the nature of the call were left with Wanda, Secretary. A call was received from Wanda, Dr. Alexiades' Secretary, on 11/13/06 at 11:13 am, EST; stating Dr. Alexiades would not do a peer review unless we send him authorization from the patient. Physician discussion did not occur for this review.

A call was placed to Dr. Roach 11/10/06 at 11:46 am, 11:50 am, and 11:58 am, EST; and the line rang busy all three times. A call was placed on 11/13/06 at 9:55 am, EST; and the number for call back and a message as to the nature of the call were left with Carmen, Staff Assistant. Physician discussion did not occur for this review.

#### Summary of Records:

This is a 48 year old male human resource manager. Past medical history included 01/28/02 right shoulder arthroscopic decompression, 06/13/02 left shoulder arthroscopic subacromial decompression and acromioclavicular resection, and 04/16/03 right hip arthroscopy and labral resection. The claimant's chronic low back complaints dated back to a 1997 motor vehicle accident. The 06/9/00 MRI of the lumbar spine showed moderate to severe L5-S1 spondylosis, mild impingement on inferior aspect of the L5 nerve root, and moderate L5-S1 spinal stenosis. On 07/20/00, Dr. Seelsa of neurology saw the claimant for his persistent low back complaints. Physical exam findings revealed 5/5 strength in all groups, some giveaway left plantar and dorsiflexion of the foot/toes, and a slight antalgic gait. The claimant was able to stand but not walk on his heels and toes. Records documented an electromyography that showed left S1 more than L5 radiculopathy.

On 12/18/00, Dr. Seelsa placed restrictions of no lifting greater than ten pounds. The claimant has treated with multiple physicians through the years for his low back and intermittent leg complaints. On 05/10/01, Dr. Alexiades deemed the claimant's disability was due to L5-S1 spondylolysis and left L5 nerve root impingement. The 08/18/01 MRI of the lumbar spine showed moderate to severe L5-S1 spondylolysis, posterior disc osteophyte complex at L5-S1 causing moderate spinal stenosis and mild L4-5 stenosis. Dr. Trotter performed a review of the medical record and opined that the claimant was not capable of sedentary work due to multiple level severe spinal stenosis and nerve root impingement with radiculopathy. The primary treating physician was Dr. Roach. Dr. Roach prescribed analgesics, physical therapy and over the counter medications.

Page 2 

November 13, 2006
Physician Advisor Review
Alfano, Steven

On 04/19/05, Dr. Roach authored a letter stating that the claimant was unable to perform his occupation due to his inability to sit for prolonged periods without a need to stand or lie down. On 06/14/05, Dr. Roach stated his conclusions were based on the history of the claimant and also on direct observation of his level of discomfort in a twenty to thirty minute office visit.

The 07/08/05 MRI of the lumbar spine showed L5-S1 moderate spinal stenosis related to spondylosis and degenerative disc bulging. There was moderate spinal stenosis at L4-5 and interval progression related to facet joint degenerative change. The 07/26/05 functional capacity evaluation recommendation was sedentary work. On 01/06/06, Dr. Roach completed a physician's disability report. The claimant's complaints were low back pain with radiation down his leg. Physical exam findings were right quadriceps weakness of 4/5, and decreased patella reflex on the left. The diagnosis was L5-S1 spondylolysis and spinal stenosis. The claimant was treated with physical therapy, epidural steroids, anti-inflammatory medications and analgesics. Dr. Roach placed restrictions of sitting up to twenty minutes continuously for a total of two hours in an eight hour work day, standing for fifteen minutes continuously for a total of one hour in an eight hour work day and the ability to walk one block. On 01/11/06, Dr. Alexiades placed essentially the same restrictions on the claimant for his complaints of continued pain in the leg, hip and back.

Physician Advisor Review Questions/Determination:

1. Please review the medical information sent to you and comment whether the restrictions and limitations precluding claimant from sedentary work capacity are supported or not in the documentation provided for review from 10/27/05 through present.

Upon review of the medical information, the restrictions and limitations precluding the claimant from sedentary work capacity are not supported in the documentation provided to me from 10/27/05 to present. A functional capacity evaluation of 07/26/05 recommended sedentary work duties. The claimant would be capable of sedentary duty, but would be restricted from prolonged sitting, in that he would require intermittent standing. He would also be restricted to limited walking, not greater than one block.

2. List documents provided for review, identifying provider and date of the service provided. Include a beginning comment that the opinions reached are based on the documents provided and available to review and any telephonic conversation with the Attending physician.

The documents listed for review were:

Office notes, provider unknown, 06/30/79, 09/28/98, 02/18/99, 04/23/99, 06/05/00, 07/31/00, 05/24/01, 11/14/01, 01/03/02 and 03/11/02
Lumbar spine MRI, 06/09/00
Office notes, Dr. Scelsa, 07/20/00 and 12/18/00
Office notes, Dr. McCance, 08/17/00
Office notes, Dr. Snow, 08/23/00 and 12/15/00
Office notes, Dr. Farmer, 08/31/00, 09/14/00 and 11/07/02
Office notes, Dr. Roach, 03/22/01, 02/12/02, 06/11/02, 08/27/02, 12/11/02, 05/21/03, 09/22/03, 09/10/04, 09/14/04 and 10/08/04
Office note, Dr. Alexiades, 05/10/01
Lumbar spine MRIs, 08/18/01 and 07/08/05

Page 3

November 13, 2006
Physician Advisor Review
Alfano, Steven

Right shoulder MRI, 10/12/01
Left shoulder MRI, 11/01/01
Right shoulder arthroscopic decompression, 01/28/02
Treated with Dr. Alexaides, 04/22/02 to 05/22/03
Right hip MRI, 04/30/02
Right hip x-rays, 05/06/02, 03/24/03
Surgery report, 06/13/02
Letter To Whom It May Concern from Dr. Alexiades, 07/24/02
Office note, Dr. Trotter, 12/10/02
Internal medicine note, 01/24/03
Right hip arthroscopy and labral resection, 04/16/03
Letter to Cigna from Dr. Roach, 04/19/05
Telephone conservation, Dr. Taylor, 06/08/05
Letter to Dr. Taylor, Dr. Roach, 06/14/05
Functional capacity evaluation, 07/26/05
Report of disability, Dr. Roach, 01/06/06
Disability note, Dr. Alexaides, 03/11/06

3.  If you find the available information conflicting or if you disagree with the attending
    provider (AP), please contact the claimant's AP, Dr. Michael Alexiades at 212-734-
    1288 and Dr. Roach at 212-746-2879.  Please discuss with the attending physician
    your conclusion as well as any conflicting medical information, and include a
    summarization of this conversation in your report.

I do not agree with the data presented forth.  I see no further need to contact either Dr. Alexaides
or Dr. Roach.

Demeter, Stephen C., Anderson, Gunnar B.J.; Disability Evaluation; second edition.

Sincerely,

Michael W. Weiss, M.D.
Board Certified Orthopedic Surgeon
American Board of Orthopaedic Surgery
Texas License #H1317
PA License # MD-031197-E
ADL Level 2, Exp. 12/08

Page 4

November 13, 2006
Physician Advisor Review
Alfano, Steven

**ADDENDUM**
November 22, 2006

A call was placed to Dr. Alexiades on 11/17/06 at 11:07 am, EST; the number for call back and a message as to the nature of the call were left with Wanda. A call was placed on 11/20/06 at 12:50 pm, EST; the number for call back and a message as to the nature of the call were left with Wanda. A call was placed on 11/21/06 at 11:13 am, EST; the number for call back and a message as to the nature of the call were left with Wanda. Physician discussion did not occur for this review.

I did a record review on 11/13/06 and opined that the restrictions and limitations precluding the claimant from sedentary work capacity were not supported in the documentation provided from 10/27/05 through the present. Apparently, I did not clearly describe the 04/19/05 Dr. Roach letter or the 06/14/05 Dr. Roach report documenting this person's inability to do sedentary activities. While these reports describe Dr. Roach's impression, they do not contain objective physical findings which would clearly correlate with the claimant's complaints or provide a specific reason why he could not function at a sedentary to light duty level. Therefore, my opinions as noted in my prior 11/13/06 report do not change when taking this new information into account.

Sincerely,

Michael W. Weiss, M.D.
Board Certified Orthopedic Surgeon
American Board of Orthopedic Surgery
Texas License #H1317
PA License # MD-031197-E
ADL Level 2, Exp. 12/08

**INTRACORP**

# ACKNOWLEDGEMENT LETTER

TO: Karen Haley RN

FAX #: 860-731-3211 or alternate 860-731-3236

CGI OFFICE: Dallas

CLAIMANT: ALFANO, STEVEN

IC#: FS 51810

REFERRAL & MEDICAL RECEIVED BY INTRACORP ON: 11/01/06

PHYSICIAN ADVISOR SPECIALTY: ORTHOPEDIC

** FINAL REPORT WILL BE FAXED TO YOU ON OR BEFORE: 11/15/06
(WITHIN 10 WORKING DAYS OF RECEIPT)

Georgia Green, LVN                    Date: 11/01/06
INTRACORP RUR NURSE

4100 International Pkwy, Suite. 1010, Carrollton, TX 75007
(800) 237-0377 EXT 73412F
Fax 972-307-3766

CLICNY 0635

**INTRACORP**
4100 International Parkway Suite 1010
Carollton, TX 75007
972-307-2700
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## THIS IS A GROUP HEALTH DISABILITY CLAIM
## 10 WORKING DAYS TURNAROUND FOR PA REPORT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
## REFERRAL FORM FOR PHYSICIAN REVIEW

Nurse Name: Karen Haley RN, CLNC    Case Managers Name:  Medha Bharadwaj
Phone # 800-352-0511 ext 5628    Date:  10/3/06
Fax # 860-731-3211

Client Name:  Steven Alfano    DOD   06/06/00
DOB:  1/14/58    BSD   12/03/00
Incident #:  613554    State:  NY

Diagnosis
  1.  Chronic back pain    Denial Date:  10/27/05
    Type of Denial:  Ongoing his occ

Treating Physician(s) Name:    Dr. Michael Alexiades
Treating Physician(s) Phone:    212.734.1288
Treating Physician(s) Specialty:    orthopaedic

Treating Physician(s) Name:    Dr. Keith Roach
Treating Physician(s) Phone:    212.746.2879
Treating Physician(s) Specialty:    Internal medicine

Reviewing Physician(s):  orthopaedic

Special Instructions:

1.  Please review the attached medical information provided;
2.  Interview the attending physician and
3.  In your narrative report, please include the answers to the questions below

Medical Treatment Case Summary:

48 yom Wage and Salary Manager, sedentary, off work since 06/06/00 due to chronic back pain.
Cx was paid LTD from 12/03/00 through 10/27/2005. Claim was denied based on an FCE
showing cx could do sedentary work.



Page 2
Peer to Peer Review
SS#

Questions to Answer in the Review:

1.  Please review the medical information sent to you and comment whether the Restrictions and Limitations precluding cx from sedentary work capacity are supported or not in the documentation provided for review from 10/27/05 through present.

2.  List the documents provided for review, identifying provider and date of the service provided. Include a beginning comment that the opinions reached are based on the documents provided and available to review and any telephonic conversation with the Attending Physician

3.  If you find the available information conflicting or if you disagree with the Attending Provider (AP), please contact the claimant's AP, Dr. Michael Alexiades at 212.734.1288 and Dr. Roach at 212.746.2879. Please discuss with the Attending Physician your conclusion as well as any conflicting medical information, and include a summarization of this conversation in your report.

## COHEN & SIEGEL, LLP
14 MAMARONECK AVENUE, SUITE 401
WHITE PLAINS, NEW YORK 10601

(914) 421-0080
(718) 681-3007
FAX: (914) 421-0035

ANDREW R. SIEGEL+
ADAM S. COHEN*

190 E. 162ᴿᴰ STREET
BRONX, NY 10451

FORTUNATO J. CALABRO
OF COUNSEL
+Admitted In NY And NE
*Admitted In NY And CT

November 20, 2006

Medha Bharadwaj, FLMI, ACS
CIGNA Group Insurance
12225 Greenville Avenue, Suite 1000
Dallas, TX 75243-9337

|  |  |
|---|---|
| Re: | Steven Alfano |
| Incident Number: | 513554 |
| Plan/Policy Number: | NYK0001972 |
| Plan/Policy Holder: | Will Medical College of Cornell University |
| Underwriting Company: | CIGNA Life Insurance Company of NY |

Dear Mr/Ms. Bharadwaj:

We are in receipt of your recent letters in this matter and thank you for your consideration.

We do have one correction to make for your records. In our letter to you dated September 15, 2006, we noted that Mr. Alfano takes medication "such as Vicodin". In fact, he takes Oxycontin a much stronger narcotic medication. His dosage is 80 mg, and he takes 4 takes tablet per day. He experiences extremely significant drowsiness to concentrate to the extent that he cannot work.

We ask that you include this information in your assessment of his disability status.

Very truly yours,

Andrew R. Siegel, Esq.

ARS/lr
cc:     Steven Alfano

*Medha Bharadwaj, FLMI, ACS*
*CIGNA Group Insurance*
D712
17225 Greenville Avenue
Suite 1600
Dallas, TX 75243-9337

Phone: 800-352-0611 ext. 1249
Fax: 860-731-3211



**CIGNA Group Insurance**
Life · Accident · Disability

MR. ADAM COHEN
COHEN & SIEGEL, LLP
14 MAMARONECK AVENUE
SUITE 401
WHILE PLAINS, NY 10601

October 27, 2006

Name:                    STEVEN ALFANO
Incident Number:         S13554
Plan/Policy Number:      NYK0001972
Plan/Policy Holder:      WEILL MEDICAL COLLEGE OF CORNELL UNIVERSITY
Underwriting Company:    CIGNA Life Insurance Company of New York

DEAR MR. COHEN,

This letter is to acknowledge the receipt of your client's administrative appeal in reference to the above claim in the Centralized Appeal Team. The claim will be managed by:

Medha Bharadwaj, FLMI, ACS
CIGNA Group Insurance
Centralized Appeal Team
12225 Greenville Avenue, 5th Floor
Dallas, TX 75243
PH: 800-352-0611 Ext 1249
FAX: 860-731-3211

In our appeal process we will make an objective and independent review of the original claim decision. Presently we have determined we need the following information to process Mr. Alfano's claim: Peer Review

The original decision was based on a medical judgment, therefore we must consult a health care professional with the appropriate training and experience in the specialty involved in the medical judgment. To satisfy this requirement we will be requesting a peer review. We need this information to determine Mr. Alfano's functional ability, and whether he qualifies for Total Disability benefits as defined under his contract.

In the review of the information contained in the appeal of Mr. Alfano's claim it will not be possible to resolve the claim in 45 days due to the need for the Peer Review. As allowed by ERISA, we are requesting a 45 day extension and will try to have Mr. Alfano's claim resolved by December 19, 2006

When all of the necessary information is received, we hope to make a decision on Mr. Alfano's claim within 30 days of receipt.

If additional information is needed or the decision cannot be reached in that time-frame due to special circumstances, then we will notify you of the reason for the delay and the time frame for the decision.

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are provided by these subsidiaries and not by CIGNA Corporation. These subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company.

October 27, 2006
Page 2

Please contact our office at 800-352-0611 ext. 1249 should you have any questions.

Sincerely,

Medha Bharadwaj, FLMI, ACS
Appeal Claim Manager



## COHEN & SIEGEL, LLP
14 MAMARONECK AVENUE, SUITE 401
WHITE PLAINS, NEW YORK 10601

(914) 421-0080
(718) 681-3997
FAX: (914) 421-0035

ANDREW R. SIEGEL+
ADAM S. COHEN•

———
FORTUNATO J. CALABRO
OF COUNSEL.
+Admitted In NY And NJ
•Admitted In NY And CT

190 E. 162ND STREET
BRONX, NY 10451

September 15, 2006

Noemi Landis
Case Manager
CIGNA Disability Management Solutions
CIGNA Group Insurance
12225 Greenville Avenue
Suite 1000, LB 179
Dallas, TX 75243-9384

Re:    Steven Alfano
Acct:, Weill Medical College
Policy# NYK 960010
Underwriter: Life Ins. Co. Of New York.

Dear Ms. Landis:

We are in receipt of you letter dated March 29, 2006 in this matter. We disagree with your decision, and hereby request a review. We believe, based upon the voluminous evidence in this claim, that Mr. Alfano is entitled to a reinstatement of his benefits. We request that you reevaluate this matter and once again grant Mr. Alfano his benefits. In making this appeal, we incorporate all prior appeals made in this claim.

Initially, we note that essentially all of the medical evidence by any treating or examining source associated with this case for the past five years has consistently opined that Mr. Alfano has been totally disabled and entitled to benefits. The doctors' reports have all been wholly in concert for this period of time. In addition, there is absolutely no evidence of any medical improvement made by Mr. Alfano. If anything, diagnostic testing shows that his condition is worse. Therefore, we do not believe that it is proper for you to now find that he is not disabled where before, with lesser impairments, you found that was entitled to benefits.

Further, we note that all of the treating doctors, along with your own functional capacity examiner, all have highlighted Mr. Alfano's need to lie down multiple times throughout the day. Dr. Alexiades has said in numerous reports that Mr. Alfano must lie down several times per day, for up to two hours per day. Dr. Roach also writes in several reports that Mr. Alfano must lie

down for several hours during the day. Your own functional capacity evaluation states that "during the exam he frequently lied down to alleviate symptoms. His physiological changes were appropriate with his increased subjective complaints." This therapist also noted that Mr. Alfano "was unable to tolerate sitting greater than approximately 10-15 minutes" and that he is unable to perform any lifting whatsoever. Significantly, she notes that his performance was consistent, thus showing that it was highly credible. This gives rise to the query, if Mr. Alfano must lie down for up to two hours per day, cannot sit for longer than 10-15 minutes and cannot lift anything, how can he perform any work? We would submit that he cannot. Therefore, we argue that your decision must be reversed and Mr. Alfano granted benefits.

I am certain that you are aware that both the United States Department of Labor and the Social Security Administration dictate that in order to perform sedentary work, an individual must have the capability of being in a seated position for a total of six hours out of an eight hour workday. If Mr. Alfano must lie down after sitting for 10-15 minutes, then according to these two federal agencies he cannot work. Similarly, these same two departments state that an individual must be able to lift five pounds on a frequent basis and ten pounds on an occasional basis to perform sedentary work. Again, if Mr. Alfano cannot lift anything whatsoever, he must be considered disabled and entitled to his benefits.

Indeed, given these same limitations, a qualified vocational expert retained by the Social Security Administration testified that there are no jobs which exist in significant numbers in the national or regional economy that the claimant can perform. The Administrative Law Judge in Mr. Alfano's Social Security claim, based in part on the vocational expert's testimony, considered the claimant's need to lie down for up to two hours per day and concluded that he is totally disabled and entitled to Social Security Disability benefits. That decision was rendered on August 27, 2002 and remains in effect to this day. According to the Social Security Administration, Mr. Alfano has been disabled since June 5, 2000 and remains disabled through the present time. There is no conceivable reason that your decision should differ from the findings of the Social Security Administration.

Furthermore, your decision that Mr. Alfano is no longer entitled to benefits does not withstand medical scrutiny. You had already found Mr. Alfano disabled with lesser medical problems than he has now. In fact, the doctor's opinions that Mr. Alfano's condition has remained the same or worsened is confirmed by the July 8, 2005 MRI. Previously, the MRIs performed on June 12, 2000 and August 18, 2001 show significant findings only at the L5-S1 levels of the spine. Indeed, the only finding referable to the L4-5 area before July 8, 2005 is mild L4-5 stenosis. Now, however, the spinal stenosis at the L5-S1 area remains, but there is also moderate stenosis at L4-5 as well. Also, previously the stenosis at L5-S1 caused only mild stenosis of the left L5 nerve root. Now there is a mass effect on the thecal sac and the S1 nerve roots bilaterally. Certainly, this shows that the condition is unquestionably worse. Therefore, logic dictates that if Mr. Alfano was disabled and entitled to benefits before, since his condition has now gotten worse, not better, he must still be entitled to benefits.

Additionally, there is no way that Mr. Alfano can function at any occupation because the side effects that he experiences due to his medication are so severe that he cannot concentrate

well enough to work. He suffers from severe drowsiness because he takes narcotic pain relievers such as Vicodin. We would submit that not only would an employer not want him to perform his type of work because of his inability to concentrate, but that it would also be completely unrealistic to expect him to be able to perform at an acceptable level for any employer.

We hereby submit yet another letter from the claimant's doctor Keith Roach, M.D., which shows that he cannot sit for even thirty minutes and requires narcotics. This physician unequivocally states that Mr. Alfano continues to be totally disabled, going so far as to say that "there is absolutely no doubt of his condition and his disability." Again, given all of the evidence from all of Mr. Alfano's doctors for more than five years, we would argue that there is simply no way that you can credibly assert he is not entitled to benefits.

We also do not believe that the conclusions reached in the functional capacity evaluation (FCE) test fairly or accurately reflect Mr. Alfano's inability to work. First, the report concludes that he is functioning "safely at a sedentary level for an eight hour period according to NY Depratment of Labor Standards." This is absolutely untrue. Even the definition of sedentary work in the form itself displays that this is untrue. As page one of this form states, and I have said in this and prior letters, sedentary work is defined as being able to exert "up to 10 lbs force occasionally and/or a negligible amount of force frequently to lift, carry, push, pull or otherwise move objects, including human body." See FCE form, page 1. This therapist concluded after her evaluation that Mr. Alfano could not perform ANY lifting or carrying. In fact, the therapist states that "I stopped these tests due to frequent buckeling (sic) and increased risk of falling. He had two episodes of loss of balance requiring the assistance of the examiner in order to prevent a fall." Moreover, he could only occasionally push or pull objects (please note that the ability to frequently push or pull items is listed on the assessment form). If he cannot lift, carry, push or pull anything, much less perform any of these activities frequently, there is no way that he meets even this therapist's definition of sedentary work. In addition, if he cannot safely lift or carry anything, and requires assistance to perform these activities or he will fall, he clearly cannot work safely at a sedentary level, as this examiner improperly concludes.

But these are not all the limitations that the examiner found. She also concludes that Mr. Alfano cannot perform any balancing, stooping, kneeling, crouching or crawling. He cannot reach for any items at floor level. Although his effort in the FCE exam was good, he still was unable to tolerate sitting for more than 10-15 minutes "without a drastic change in position." He also "frequently lied down to eleviate (sic) symptoms." He requires a cane to ambulate because his legs buckle. His range of motion is "significant[ly] limited" in the lumbar spine, and his strength is quite limited as well. He could not perform grip testing without the need to frequently lie down due to increased pain while sitting. This belies the examiner's conclusion that he can occasionally perform grasping bilaterally. He could not perform the Canadian Fitness Test and required assistance to keep from falling. He could not perform the Dynamic Lifting Test. He was unable to perform the Positional Tolerance Test. In essence, he could not perform or was unable to complete most of the tests that comprised this FCE. He even had moments where the therapist had to assist him to keep him from falling. Yet, incredibly, she concludes that he can "safely" perform sedentary work.

We believe this finding is completely inappropriate and incorrect. Certainly, if Mr. Alfano cannot perform the necessary lifting, carrying, pushing, pulling, standing or walking he cannot do sedentary work. However, to conclude that he can "safely" work at a sedentary level when another individual has to support him to keep him from falling is simply ludicrous.

Interestingly, the FCE results regarding lifting, carrying and sitting are similar to the findings of the claimant's treating doctors. We would again note that these findings show that Mr. Alfano does not have the physical ability to perform sedentary work, as defined by the Department of Labor and Social Security Administration. In fact, the Social Security Administration used the same or very similar findings from the claimant's doctors to find that he is totally disabled and entitled to Social Security Disability benefits. For the FCE to have the same findings and conclude that he can somehow perform sedentary work is improper, and for your office to adhere to the FCE's erroneous conclusion is, we would submit, an abuse of your discretion. We therefore implore you to correct your denial and grant Mr. Alfano the benefits he is rightfully due, even under your own FCE's evaluation.

Finally, we would submit that your review of our appeal in this case is inadequate, at best. It appears that the entire review was performed by a doctor referred to as "J. Mendez, M.D." Apparently, Dr. Mendez wrote one very short, handwritten paragraph in which he affirmed the denial. In this paragraph, he indicates he reviewed the FCE and the job requirements. There is no indication that he read any of the six years of medical records amassed in this claim; no indication that he read any of the numerous reports submitted by the claimant's three treating doctors; no indication that he read any of the MRI reports. Indeed, there is no indication that he read anything other than the FCE's conclusion that Mr. Alfano could perform sedentary work. If he had read the entire FCE, we would hope that he would have seen the inconsistencies we have pointed out. If he had read the doctor's records, we would hope that he would see the severity of Mr. Alfano's condition. If he read the MRI's, we would hope that he would see the condition has worsened. If he read the doctor's reports, we would hope that he would agree that Mr. Alfano is so limited that he cannot perform sedentary work. Instead, he wrote one very short paragraph which does not indicate any of this.

It is our contention that this evaluation is wholly inadequate. We believe that this file demands a complete, impartial analysis, and we do not see evidence that such an assessment was performed. There does not appear to have been a full record review. There does not appear to have been a peer review, as was previously done in this very same case. Certainly, there was no examination performed by a qualified physician. We believe that these shortcomings in the review process alone demand a reinstatement of benefits, or at least a new evaluation of this case.

Wherefore, for all of the foregoing reasons, we request that you reinstate Steven Alfano's benefits, retroactive to the date of their termination.

Very truly yours,

Adam S. Cohen, Esq.

Enc.
cc:    Steven Alfano

  

# CORNELL
UNIVERSITY

# NewYork Presbyterian
HOSPITAL

Joan and Sanford I. Weill
Medical College

Keith W Roach, MD
Associate Professor of Clinical Medicine
Associate Professor of Public Health and
Epidemiology
Program Director, Primary Care Residency Program
Cornell Internal Medicine Associates
Department of Medicine

505 East 70th Street, HT-4
Helmsley Tower, Suite 450
New York, NY 10021
Telephone: 212 746-9663
Fax: 212 746-4609

Steven Alfano
3800 Waldo Ave #13G
Bronx, NY 10463

August 24, 2006

NYH # 228-41-47

I am writing this on behalf of my patient, Steven Alfano who has been under my care at the Cornell Internal Medicine Associates at New York Presbyterian Hospital for the last five years. I saw him last week and wanted to write this update about his condition.

Mr Alfano continues to be totally disabled from his spinal stenosis. Even during my examination, he was unable to continue sitting for the thirty minutes or so I spent examining him, needing to lay down during our visit. He requires large doses of narcotics to function at all.

I would be happy to provide any other information required, but I see no reason why this is necessary - there is absolutely no doubt of his condition and his disability.

If you have any questions, please call me at the number above.

Sincerely,

Keith Roach, M.D.




RECEIVED
JUN 1 2 2006
CIGNA - DALLAS

***SECOND REQUEST***

June 7, 2006

Noemi Landis – Case Manager
Cigna Group Insurance
12225 Greenville Avenue
Suite 1000, LB 179
Dallas, TX 752439384

Ms. Landis,

Re: Steven Alfano
      policy# NYK 960010 Weill Medical College

By this writing I request you send me a copy of my whole claim file as you stated in
your letter of March 29, 2006.

Sincerely,

Steven Alfano
3800 Waldo Ave. Apt. 13-G
Bronx, NY 10463

sent 6/13/06

CLICNY 0647

**Karol Johnson**
Senior Appeal Claim Manager



**CIGNA Group Insurance**
Life · Accident · Disability

June 13, 2006

12225 Greenville Ave
Suite 1000
Dallas, TX 75243
Telephone 1-800-352-0611 ext.
1249
Facsimile 860-731-3211

STEVEN ALFANO
3800 WALDO AVE APT 13-G
BRONX NY 10463

Re:  Claimant         : Steven Alfano
     Employer         : Weill Medical College
     Policy #         : NYK 1972
     Underwriting Co. : CIGNA Life Insurance Company of New York

Please find enclosed a copy of the information added to your file since October 4, 2005, the date you were provided a copy of the claim file. Enclosed is also a copy of the Acclaim printout.

Should you have any questions, please do not hesitate to contact this office.

Sincerely,

Karol Johnson

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are provided by these subsidiaries and not by CIGNA Corporation. These subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company.

A copy of this file was made by Jose E.
Nieves, Administrative Assistant.

from lost copy
Sent - By Mark Sodders

Signature

05/25/2006
Date

The copy was mailed out by Karol
Johnson, ASCM.

Signature

6-2-06
Date

CLICNY 0649



May 8, 2006

Noemi Landis – Case Manager
Cigna Group Insurance
12225 Greenville Avenue
Suite 1000, LB 179
Dallas, TX 752439384

Ms. Landis,

Re: Steven Alfano
        policy# NYK 960010 Weill Medical College

By this writing I request you send me a copy of my whole claim file as you stated in
your letter of March 29, 2006.

Sincerely,

Steven Alfano
3800 Waldo Ave. Apt. 13-G
Bronx,
NY 10463

Noemi Landis
Case Manager
CIGNA Disability Management Solutions

March 22, 2006

**CIGNA Group Insurance**
Life - Accident - Disability

STEVEN COHEN
ATTORNEY AT LAW
14 MAMARONECK AVENUE
SUITE 401
WHILE PLAINS, NY 10604

Routing d217
12225 Greenville Ave
Suite 1000
Dallas, Texas 75243
Telephone 1-800-352-0611 ext 1249
Noemi.Myukloors.Landis@Cigna.com
Facsimile 031-731-3022

Re:   Long Term Disability
      Claimant         :    Steven Alfano
      Policyholder     :    Weill Medical College
      Policy #         :    NYK 1975
      Underwriting Co  :    Life Insurance Company of New York

This letter is to acknowledge the receipt of the appeal in reference to the above claim in the Dallas Appeals Team. The appeal will be managed by:

> Noemi Landis
> Appeals Claim Examiner
> CIGNA Group Insurance
> Dallas Appeal Team
> 12225 Greenville Avenue, 5th Floor
> Dallas, TX 75243
> PH:   800-352-0611 Ext 1249
> FAX:  860-731-3022

We received additional information from attorney Adam Cohen. To avoid any delays in the appeal process, we will move forward with a medical review of all documentation on your claim file to render our determination. The medical review takes about four weeks. We need this information to determine your functional ability, and whether you qualify for Total Disability benefits as defined under the Log Term Disability policy.

Please complete, sign and return the enclosed third party authorization form allowing us to communicate directly with attorney Adam Cohen. Due to privacy guidelines, we need your written authorization to do so.

**Please read the following carefully, it will help resolve any appeal:**

1.  The denial of benefits letter that was sent to you contains information that would be helpful in resolving your appeal; specifically a listing of information needed to perfect your claim. Please read that letter and determine if all information you desire to submit in support of your appeal has been furnished to the claim file. As this is an appeal, the Appeals Claim Examiner will be resolving the claim on the information

CLICNY 0651

Page 2

that you submit. The Appeals Claim Examiner may notify you of certain items that are needed but that is not intended to limit what you desire to submit.

2. Tell the above Appeals Claim Examiner as soon as possible that you have submitted all information that you desire to submit or that you are going to submit additional information in support of your appeal. If you are going to submit more information CIGNA must allow you 45 days to do so. If the Appeals Claim Examiner requests specific information from you, you have 45 days to submit that information and the time period until you contact the Appeals Claim Examiner is tolled. The Appeals Claim Examiner cannot resolve your appeal until all information you desire to be reviewed is in fact in the file. The time that you take to submit information is TOLLED from the time of a request for information or notice that you will submit information until you in fact contact the Appeals Claim Examiner for a maximum of 45 days. That means that the tolled time period does not count against the mandated appeal resolution time frames.

3. The time frame for resolving an administrative appeal is mandated by ERISA (Employee Retirement Income Security Act) Regulations as written by the United States Department of Labor and if your appeal is not within the coverage of ERISA, CIGNA does adhere to the regulatory time frames of ERISA. The ERISA Regulations require that an administrative appeal should be resolved within 45 days from receipt by the insurance company except for good cause an additional 45 days may be requested as an extension of the resolution time. As stated above the time frame when the Appeals Claim Examiner is waiting for you to furnish any information up to 45 days is tolled. If it is known that you are going to submit additional information, at the end of 45 days the appeal will be resolved with the information contained in the file.

4. Once all information is submitted to the Appeals Claim Examiner, under normal circumstance the claim will be resolved within 30 days. If additional time is needed, the appeals claim examiner will notify you of the reason for the delay and the expected resolution time frame.

Sincerely,

Noemi Landis

Cc: Adam Cohen

## Authorization to Release Information
## Third Party

I, _____, hereby authorize Life Insurance Company of New York or any of its affiliated companies to furnish _____ [attorney's full name] or any Agent/Broker working on behalf of _____ [attorney's full name], any and all information with respect to my insurance claim under policy number NYK 1975. A photostatic copy of this authorization shall be considered as effective and valid as the original. I understand that I, or my authorized representative, will receive a copy of this authorization upon request.

I understand that this information will be used for the purpose of _____ _____ [complete with purpose here].

I understand that this authorization is valid up to one year from the date of signature and that I may be asked to complete an additional authorization form after that date. I or my authorized representative may revoke this authorization at any time as it applies to future disclosures by writing the Company.

Date: _____    Signature: _____

If claimant is under 18 years of age or incapacitated, the parent or guardian must sign. If claimant is deceased, the personal representative or executor of the estate must sign.

Noemi Landis
Appeals Claim Examiner

April 3, 2006



**CIGNA Group Insurance**
Life · Accident · Disability

WEILL MEDICAL COLLEGE
ATTN: HUMAN RESOURCES
445 E 69TH ST RM 220
NEW YORK, NY 10021

Routing
CIGNA Group Insurance
12225 Greenville Avenue
Suite 1000, LB 179
Dallas TX 75243-9384
Phone 800-352-0611 x1249
Facsimile 860-731-3211

Re: Long Term Disability
  Claimant:          Steven Alfano
  Account Name:   Weill Medical College
  Policy #:           NYK 960010
  Underwriting Co: Life Insurance Company of New York

This letter is in reference to the above mentioned Appeal for Long Term Disability benefits.

We have completed our investigation of the above captioned claim for Long Term Disability benefits and must affirm our previous denial of benefits. The employee has been notified under separate cover.

If either you or the employee has any questions please do not hesitate to call.

Sincerely,

Noemi Landis
Appeals Claim Examiner
Dallas Claim Service Center
1-800-352-0611 x1249

CIGNA Group Insurance products and services are provided exclusively by underwriting subsidiaries of CIGNA Corporation, including Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company. "CIGNA" is used to refer to these subsidiaries and is a registered service mark.

Noemi Landis
Case Manager
CIGNA Disability Management Solutions

March 29, 2006

**CIGNA Group Insurance**
Life · Accident · Disability

MR STEVEN ALFANO
3800 WALDO AVENUE
13-G
BRONX, NY 10463

Routing
CIGNA Group Insurance
12225 Greenville Avenue
Suite 1000, LB 179
Dallas TX 75243-9384
Phone 800-352-0611 x3249
Facsimile 860-731-3211

Re: Long Term Disability
    Claimant:        Steven Alfano
    Account Name:    Weill Medical College
    Policy #:        NYK 960010
    Underwriting Co: Life Insurance Company of New York

Dear Mr. Alfano:

As we have not received your third party authorization form allowing us to communicate directly with attorney Adam Cohen, we must communicate directly with you.   We have carefully reviewed your claim for Long Term Disability (LTD) and must affirm our previous denial of benefits.

The evidence on file indicates you are appealing for Long Term Disability benefits from performing your sedentary occupation as a Wage and Salary Manager from October 27, 2005 forward.

Weill Medical College's Long Term Disability policy provides the following definitions:

Definition of Disability
        "An Employee is Disabled if, because of Injury or Sickness:
        1.  he is unable to perform all the material duties of his; or
        2.  he is earning less than 80% of his Indexed Basic Earnings."

According to the information on file you are claiming Long Term Disability benefits from October 28, 2005 forward.  In order to qualify for these benefits the medical evidence on file must support you were continuously unable to perform your regular occupation from that time forward.

For the appeal of your claim we received a letter from attorney Adam Cohen along with the following information:

*   Physician's report signed by Dr. Alexaides on January 11, 2006
*   Physician's report signed by Dr. Roach on January 6, 2006
*   MRI of the lumbar spine dated July 8, 2005

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation.  Products and services are provided by these subsidiaries and not by CIGNA Corporation.  These subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company.

Page 2

The medical evidence on file was evaluated by a medical director. During this evaluation the validity measures were met and the exam concluded you were able to function at a sedentary capacity. The new additional medical evidence does not provide any clinical findings that would alter the functional abilities you demonstrated during the Functional Capacity Evaluation of July 26, 2005.

In reviewing your claim, Life Insurance Company of New York considered your claim file as a whole for purposes of determining your entitlement to benefits. The Policy provides that Life Insurance Company of New York would pay benefits only if you were prevented by disability to perform the duties of your sedentary occupation. Although we understand you have spinal stenosis related to spondylosis and degenerative disc bulging, the presence of a condition, diagnosis or treatment plan does not equate disability under the policy. Based on the documentation on file regarding your functionality you do not meet the definition of Disability and we must affirm the previous denial of your claim.

You may request a review of this decision by writing to the Life Insurance Company of New York representative signing this letter at the address noted on the letterhead. The written request for review must be sent within 180 days of the receipt of this letter. In addition to any written comments, your request for review must include new documentation you wish us to consider. New documentation includes, but is not limited to office notes, test results, therapy notes, hospitalization records, etc from October 27, 2005 forward.

Under normal circumstances, you will be notified of a decision on your appeal within 45 days of the date your request for review is received. If there are special circumstances requiring delay, you will be notified of the reason for delay within 30 days of receipt of your request, and every 30 days thereafter. A final decision will be made no later than 90 days.

Please note that you have a right to bring legal action regarding your claim. You and your plan may have other voluntary alternative dispute resolution options, such as mediation. One way to find out what may be available is to contact your local United States Department of Labor Office or your State Insurance Regulatory Agency.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specifically mentioned herein.

Please review your insurance booklet, certificate or coverage information available from your employer to determine if you are eligible for additional benefits. Upon written request, you may receive a copy of your claim file, free of charge.

Sincerely,

Noemi Landis

# LTD Appeal Team File Review

**CX:** Steven Alfano
**Inc#:** 513554
**DOB:** 1/14/58  (48)

**ACE:** NLandis
**Date:** 3/28/06
**AMD:** Taylor

**DOD:** 6/6/00
**BSD:** 12/3/00
**A/O:** N/A HO only contract

**Type of claim:** HO
**Denial date:** 10/27/05
**State:** NY

Occupation and Level: Wage & Salary manager, sedentary occ

Reason for Denial: (Be specific): Functional deficits for sed work no longer supported after FCE/TSA which identified ex's Own occ.

Diagnoses:
1. Chronic back pain

Treating Physicians with Specialty & Phone Numbers:

| Name | Specialty | Phone |
|------|-----------|-------|
| 1. Dr. Roach | IM | |
| 2. Dr. Alexaides | Ortho sx | |

Review of File:
48 yom claiming LTD benefits from 10/28/05 forward due to back pain. Benefits were paid from 12/3/00-10/27/05. Tx plan consisted of PT, epidural injections, and anti-inflamatories. Cx MD indicates he can do less than sedentary.

MRI 7/05 shows moderate spinal stenosis. FCE was requested by CM on dated 07/26/05. Medical submitted from Dr. Aleiades and Dr. Roach, indicates both AP's cites findings on PE, imaging tests, and L/R in one actual medical records submitted, which is an MRI Lumbar Spine dates 07/08/2005 showing moderate spinal stenosis L4-L5 and L5-S1.

3·28·06 — FCE reviewed along with job requirements. Validity measures met. Exam concluded Mr. Alfano was able to perform his sedentary-level work duties. So original appeal decision remains supported.

Mendez MD.

Noemi Landis
Case Manager
CIGNA Disability Management Solutions

March 22, 2006

**CIGNA Group Insurance**
Life · Accident · Disability

MR STEVEN ALFANO
3800 WALDO AVENUE
13-G
BRONX, NY 10463

Routing d212
12225 Greenville Ave
Suite 1000
Dallas, Texas 75243
Telephone 1-800-352-0611 ext 1249
Noemi.Manbury-Landis@cigna.com
Facsimile 931-731-3022

Re:    Long Term Disability
       Claimant          :    Steven Alfano
       Policyholder      :    Weill Medical College
       Policy #          :    NYK 1975
       Underwriting Co   :    Life Insurance Company of New York

This letter is to acknowledge the receipt of the appeal in reference to the above claim in the
Dallas Appeals Team. The appeal will be managed by:

                     Noemi Landis
                     Appeals Claim Examiner
                     CIGNA Group Insurance
                     Dallas Appeal Team
                     12225 Greenville Avenue, 5th Floor
                     Dallas, TX 75243
                     PH:    800-352-0611 Ext 1249
                     FAX:   860-731-3022

We received additional information from attorney Adam Cohen. To avoid any delays in the
appeal process, we will move forward with a medical review of all documentation on your
claim file to render our determination. The medical review takes about four weeks. We need
this information to determine your functional ability, and whether you qualify for Total
Disability benefits as defined under the Log Term Disability policy.

Please complete, sign and return the enclosed third party authorization form allowing us to
communicate directly with attorney Adam Cohen. Due to privacy guidelines, we need your
written authorization to do so.

Please read the following carefully, it will help resolve any appeal:

   1. The denial of benefits letter that was sent to you contains information that would be
      helpful in resolving your appeal; specifically a listing of information needed to perfect
      your claim. Please read that letter and determine if all information you desire to
      submit in support of your appeal has been furnished to the claim file. As this is an
      appeal, the Appeals Claim Examiner will be resolving the claim on the information



Page 2

that you submit. The Appeals Claim Examiner may notify you of certain items that are needed but that is not intended to limit what you desire to submit.

2. Tell the above Appeals Claim Examiner as soon as possible that you have submitted all information that you desire to submit or that you are going to submit additional information in support of your appeal. If you are going to submit more information CIGNA must allow you 45 days to do so. If the Appeals Claim Examiner requests specific information from you, you have 45 days to submit that information and the time period until you contact the Appeals Claim Examiner is tolled. The Appeals Claim Examiner cannot resolve your appeal until all information you desire to be reviewed is in fact in the file. The time that you take to submit information is TOLLED from the time of a request for information or notice that you will submit information until you in fact contact the Appeals Claim Examiner for a maximum of 45 days. That means that the tolled time period does not count against the mandated appeal resolution time frames.

3. The time frame for resolving an administrative appeal is mandated by ERISA (Employee Retirement Income Security Act) Regulations as written by the United States Department of Labor and if your appeal is not within the coverage of ERISA, CIGNA does adhere to the regulatory time frames of ERISA. The ERISA Regulations require that an administrative appeal should be resolved within 45 days from receipt by the insurance company except for good cause an additional 45 days may be requested as an extension of the resolution time. As stated above the time frame when the Appeals Claim Examiner is waiting for you to furnish any information up to 45 days is tolled. If it is known that you are going to submit additional information, at the end of 45 days the appeal will be resolved with the information contained in the file.

4. Once all information is submitted to the Appeals Claim Examiner, under normal circumstance the claim will be resolved within 30 days. If additional time is needed, the appeals claim examiner will notify you of the reason for the delay and the expected resolution time frame.

Sincerely,

Noemi Landis

Cc: Adam Cohen

## Authorization to Release Information
### Third Party

I, _____ hereby authorize Life Insurance Company of New York or any of
its affiliated companies to furnish _____ [attorney's full name] or any
Agent/Broker working on behalf of _____ [attorney's full name], any and
all information with respect to my insurance claim under policy number NYK 197S. A
photostatic copy of this authorization shall be considered as effective and valid as the
original. I understand that I, or my authorized representative, will receive a copy of this
authorization upon request.

I understand that this information will be used for the purpose of _____

[complete with purpose here].

I understand that this authorization is valid up to one year from the date of signature and
that I may be asked to complete an additional authorization form after that date. I or my
authorized representative may revoke this authorization at any time as it applies to future
disclosures by writing the Company.

Date: _____    Signature: _____

If claimant is under 18 years of age or incapacitated, the parent or guardian must sign. If
claimant is deceased, the personal representative or executor of the estate must sign.

CLICNY 0660

Acenza: Task

Page 1 of 3

Task | Contents | Notes (00)

Re-route

## Task: Appeal Referral

**Start Date:** 03/03/2006          **Due Date:**          03/07/2006

### Details

| | | |
|---|---|---|
| Name | STEVEN ALFANO | |
| | SSH | 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 | DOB | 01/14/1958 |
| Account Name | WEILL MEDICAL COLLEGE OF CORNE | Account # | NYK0001972 | Incurred Date | 06/06/2000 |
| Claim Manager | Mark Sodders | Incident # | 513534 | Claim Eff Dt-Status | 09/28/2005 - Closed |

Core Team Claim Manager - SCM/TL

Core Team Claim Manager                                                Top

| | |
|---|---|
| ERISA Indicator * | ERISA |
| Financial Arrangement | 1 - Fully Insured |
| Appeal Received Date * | 02/28/2006 |
| Appeal Acknowledgement Letter Sent Date * | 03/03/2006 |
| Original Denial Date * | 09/28/2005 |
| Reason for Original Denial * | A - Denied, Not TD Any Occ |
| Does new information support re-open of claim? * | Unable to Evaluate |
| Rationale / Special Handling Instructions (if applicable) | |

CLICNY 0661

Attorney submitted appeal letter. This letter states that cx remains TD from parts of the disability definition. Attny stated cited tests indicating L5 Nerve Root impingement and Radiculopathy, and indicates that this is correlated by physical examination. Attorney also cited the SSA ALJ decision to award Cx. Information posed to this office is prior to FCE dated 07/26/05, most notably medical from 2002. Attorney submitted medical from 2005 that shows, according to attorney, a worsening of cx's condition. However, no mention was ever made concerning the findings of the FCE in correlation to this medical. Attorney did state that the FCE was the only item we utilized in making the determination. Attorney surmised that, based on the therapists report in the FCE, Sedentary was chosen as it was the lowest available on the form. Attny stated that based on the aforementioned information, and that the sum of evidence also indicates Cx is unable to earn more than 80 indexed covered earnings. Cx's claim should be reopened.

Medical submitted is from Dr. Aleiades and Dr. Roach, which is a form completed from both AP's that cites findings on PE, imaging tests and L/R only one actual medical records submitted, which is an MRI Lumbar Spine dates 07/08/2005, which indicates moderate spinal stenosis L4-L5 and L5-S1.

Referred medical submitted with Appeal to NCM for review. NCM's review indicates that this additional medical provided is insufficient to support a change in severity of deficits that significantly impacts function after the FCE.

Referring to appeals team for handling.

MDSodders    CM

☒ Referred to SGM/TL, if required          Date |03/03/2006 01:51 PM      User ID | Mark Sodders

SCMTL                                                                              Isr

Decision *

If the decision is not to re-open, then re-route the task to the party selected above.
Comments

If decision is to Re-open, refer to Claim Manager
Claim Manager Referral Date (Re-opens only)                           User ID
Centralized Appeals Team / STD Appeals                                 User ID
Gatekeeper Referral Date

☐ Appeal Decision Letter Sent (Re-Opens only)      Date                 User ID

Acenza: Task

**Active Contents**

| Type | Due Date | Created By | Assigned To | Title |
|------|----------|-----------|-------------|-------|
| LTD | 06/06/2000 | Kathy Harvey | Mark Sodders | ALFANO,STEVEN - 082448848 - 01/14/1958 |

Status: Active    Assigned To: Kathy Harvey    Created: 03/03/2006 02:47 PM

CLICNY 0663

**Sodders, Mark D    212**

From:         mr1madmin@mr1.graphnet.com
Sent:         Friday, March 03, 2006 2:37 PM
To:           Sodders, Mark D    212
Subject:      Successful Submission Notification: (ALFANO S Incident ID 613554 Doc ID 86929)

Your outbound fax message

    To:        '19144210035'
    Subject:   ALFANO S Incident ID 513554 Doc ID 86929
    Sent:

was delivered to the following recipient(s):

    '19144210035' on 03/03/2006 15:37:26

1

CLICNY 0664

**Sodders, Mark D     212**

From:                    mr1madmin@mr1.graphnet.com
Sent:                    Friday, March 03, 2006 2:40 PM
To:                      Sodders, Mark D    212
Subject:                 Delivery Notice for Outbound Message ID #2680604

```
[RECIPIENT]
NTFTYPE      = DELIVERY NOTIFICATION
MESSAGE      = 2680604A0001
USERID       = 51505300
SUBJECT      = ALFANO S Incident ID 513554 Doc ID 86929
ATTN1        =
ATTN2        =
ATTN3        =
ATTN4        =
DEST         = FX 19144210035
INPTIME      = 03/03/2006 15:35:56
OUTTIME      = 03/03/2006 15:38:45
DURATION     = 307
PAGES        = 3
```

1

CLICNY 0665

*Mark Sodders*
*CIGNA Group Insurance*
212
12223 Greenville Avenue
Suite 1000
Dallas, TX 75243-9357

Phone: 800-352-0611 ext. 5693
Fax: 860-731-2907

CIGNA Group Insurance
Life · Accident · Disability

MR. ADAM COHEN
COHEN & SIEGEL, LLP
14 MAMARONECK AVENUE
SUITE 401
WHILE PLAINS, NY 10601

March 3, 2006

Name:                           STEVEN ALFANO
Plan/Policy Number:             NYK0001972
Plan/Policy Holder:             WEILL MEDICAL COLLEGE OF CORNELL UNIVERSITY
Underwriting Company:           CIGNA Life Insurance Company of New York

DEAR MR. COHEN,

We received your request for appeal of your client's Long Term Disability claim under the above referenced policy number.

For appeal consideration, we have received the following information:
--*Physician's Report for Claim of Disability Due to Physical Impairment* form from both Dr. Michael Alexiades and Dr. Keith Roach
--July 8, 2005 MRI

As noted in our letter of September 28, 2005 to Mr. Alfano, we will consider any additional relevant information which supports his Disability. However, it is his responsibility to provide this information to us by March 24, 2006 or our decision may be based on the available information.

Please forward to the undersigned a copy of Mr. Alfano's signed authorization allowing the release of information to your offices.

His complete file is being considered during the appeal review process. A final decision will be made no later than 45 days from receipt of the initial request for appeal, with an additional 45 day extension allowed if necessary and due to good cause. Additionally, please be aware that the period of time from the date we request information to the date we receive information may not count toward the mandated appeal resolution time frames stated above.

We will notify you once we have reached a determination on the appeal. If additional information is needed or there is a reason for delay, we will contact you. At the latest, we will contact you every 30 days.

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are provided by these subsidiaries and not by CIGNA Corporation. These subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company