THE NEW YORK HOSPITAL-CORNELL MEDICAL CENTER

45104

CORNELL INTERNAL MEDICINE ASSOCIATES

Steven Alfano
NYH # 228-41-47
09/10/04 22:44

Progress Note: Steven Alfano / September 10, 2004

Subjective: 46 year old man with
lumbar spinal stenosis - ran out of Oxycontin - did very poorly, now better

HTN - attributes high BP today to running out of meds

neck pain - currently complaining of neck pain/stiffness
R > L

Objective:

BP 140/100 P Wt 275 lbs Height 6ft 3in
126/96 repeat
upper shoulder/neck: B muscle tenderness R > L

Current Medications:

LISINOPRIL 20MG TABLET / 1 tab po qd
TRIAMCINOLONE 0.1% CREAM / apply bid
PREVACID 30MG CAPSULES / 1 po qd
IMITREX NASAL SPRAY 20MG/SPRAY / 1 spray intranasally prn
IMITREX 50MG TABLET / 1-2 tabs with onset of migrain
ASPIRIN 81MG TABLET EC / 1 po qd
OXYCONTIN 40MG TABLETS / 1 tab po tid
ZESTRIL 20MG TABLET / 1 po qd

Allergies:

Impression:

Plan:
neck pain: discussed problem of deciding whether to treat if identified
CERVICAL SPINE, 4 VIEWS

HTN - may need additional therapy
Discontinued: ZESTRIL 20MG TABLET / 1 po qd

RTC

Keith Roach, M.D.
Electronic Signature on File

Labs of Steven Alfano as of 05/20/05 15:08 Fri May 20 15:08:20 2005

03/17/98 11:18 #31267 (03/17/98 15:04)
CARDIOVASCULAR EVAL

| | |
|---|---|
| TRIGLYCERIDES | 195 |
| CHOLESTEROL | 215 |
| HDL CHOLESTEROL | 39 |
| LDL CHOLESTEROL | 137 |
| CHOL/HDL RATIO | 5.5 |

04/11/97 16:23 #2191 (04/12/97 15:32)
URINE CULTURE

| | |
|---|---|
| REPORT STATUS | FINAL |
| FINAL REPORT DATE | 04/12 |
| URINE COLONY COUNT | <100 |
| SOURCE | CLEAN CATCH |
| COLLECTION TIME | 16:23 |
| DATE OF SPECIMEN | 4/11 |

04/11/97 16:23 #6774 (04/11/97 19:20)
URINALYSIS, ROUTINE

| | |
|---|---|
| COLOR | YELLOW |
| APPEARANCE | CLEAR |
| PROTEIN | NEG |
| BLOOD | NEG |
| GLUCOSE | NEG |
| KETONES | NEG |
| PH | 5.5 |
| SPECIFIC GRAVITY | 1.024 |
| BILIRUBIN | NEG |
| URINALYSIS, MICRO | |
| RBC | NEG. |
| WBC | NEG. |
| CASTS | NEG. |
| URINALYSIS, COMPLETE | |

04/09/97 15:39 #30997 (04/09/97 21:21)
CBC

| | |
|---|---|
| WBC | 8.5 |
| RBC | 5.05 |
| HEMOGLOBIN | 14.7 |
| HEMATOCRIT | 45.6 |
| MCV | 89.9 |
| MCH | 29.1 |
| MCHC | 32.3 |
| DIFFERENTIAL (AUTO) | |



Message Confirmation Report

MAY-16-2005 01:04 PM MON

Fax Number :
Name :

| | | |
|---|---|---|
| Name/Number | : | 912127460127414431 |
| Page | : | 2 |
| Start Time | : | MAY-16-2005 01:04PM MON |
| Elapsed Time | : | 00'23" |
| Mode | : | STD ECM |
| Results | : | [O.K] |

*Facsimile Transmission Cover Sheet*

## 2nd Request

May 16, 2005 TS
2:05 p.m

CIGNA Group Insurance
Life - Accident - Disability

| Transmit to FAX number | Date | Time | Total number of pages (including this sheet) |
|---|---|---|---|
| 212-746-8127 | April 28, 2005 | 1:00 p.m. | 2 |

Name
Dr. Roach

Company

Phone
212-746-2879

Address

Name
Mark Sodders

Department
CIGNA Disability Management Solutions

Phone
1.800.352.0611 Extension 5693

Address
12225 Greenville Avenue
Suite 1000, LB 179
Dallas Texas 75243

Comments

| | |
|---|---|
| RE: | Steven Alfano |
| DOB: | 01/14/1958 |
| Policyholder: | Weill Medical College NYK 1972 |
| Underwriting Company: | CIGNA Life Insurance Company of New York |

In order to evaluate your patient's eligibility for Long Term Disability benefits (e.g. lost wage income) we are in need of the following information:

- **Copies of your progress notes, including diagnostic test and lab results, from 8/1/04 to the present.**

We ask that you kindly respond by 5/11/05 to avoid any delay in your patient's claim for lost wages. Naturally, we will consider a reasonable charge for this medical information. Please include your **tax identification number.** If this request requires a pre-payment, please call me at the phone number above or fax (860.731.2907) a fee request to my attention.

Sincerely,

Mark Sodders

2nd Request
May 16, 2005 TS
2:05 p.m

*CONFIDENTIALITY NOTICE: If you have received this facsimile in error, please immediately notify the sender by telephone at the number above. The documents accompanying this facsimile transmission contain confidential information. This information is intended only for the use of the individual(s) or entity named above. Thank you for your compliance.*

Life Insurance Company of North America
Connecticut General Life Insurance Company
CIGNA Life Insurance Company of New York

[ ] Acknowledgment Requested

To fax a reply, dial : 860.731.2907

CORNELL UNIVERSITY | STEVEN ALFANO NYK 1972 | NEWYORK PRESBYTERIAN HOSPITAL

Joan and Sanford I. Weill Medical College

Keith W Roach, MD
Associate Professor of Clinical Medicine
Associate Professor of Public Health and Epidemiology
Program Director, Primary Care Residency Program
Cornell Internal Medicine Associates
Department of Medicine

525 East 70th Street, HT-4
Helmsley Tower, Suite 450
New York, NY 10021
Telephone: 212 746-9663
Fax: 212 746-4609

April 19, 2005

NYH # 228-41-47

Steven Alfano
3500 Wallace Ave #13G
Bronx NY 10463

Mr. Mark Soddus
Cygna Insurance

Dear Mr. Soddus:

Steven Alfano is under my care at the Cornell Internal Medicine Associates at The New York Hospital for his ongoing primary medical care. In regards to your letter of January 20, 2005, I will reiterate that Mr Alfano is physically unable to perform the occupations as described in the attachments to the letter. Specifically, his primary disability is being able to sit for prolonged periods. He is physically unable to sit without frequent need for standing, laying down, or using ice on his back. He is not able to stay seated for a meal at a restaurant, due to pain and stiffness.

I have also reviewed the decision by Judge Scheer of Aug 27,2003. I believe that the medical issues which corroborate my findings as above are well summarized in his judgment.

If you have any questions, please call me at the number above.

Sincerely,

Keith Roach, M.D.

copy of 4/19/05 FAX

CORNELL UNIVERSITY
Joan and Sanford I. Weill Medical College

NEW YORK PRESBYTERIAN HOSPITAL

[illegible]

# FAX COVER SHEET

[illegible] THE DOCUMENTS ACCOMPANYING THIS TELECOPY TRANSMISSION [illegible] CONFIDENTIAL INFORMATION [illegible] THAT IS LEGALLY PRIVILEGED [illegible] INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED BELOW. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION, OR ACTION TAKEN IN RELIANCE ON THE CONTENTS OF [illegible] IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE NOTIFY [illegible] DOCUMENTS.

TO: Mark Sanders
LOCATION: CIGNA Disability Dept
PHONE: 800 352 0311 x5598 860 - 731 - 2907
DATE: 4/19/05
PAGES (INCLUDING THIS COVER SHEET): 2
COMMENTS: Regarding
Steven Alfano

4-28-05
CIGNA-D212

Message Confirmation Report

APR-28-2005 11:31 AM THU

Fax Number :
Name :

Name/Number : 91212746812741431
Page : 4
Start Time : APR-28-2005 11:30AM THU
Elapsed Time : 00'48"
Mode : STD ECM
Results : [O.K]


# *Facsimile Transmission Cover Sheet*

2nd Request
May 16, 2005 TS
2:05 p.m

| Transmit to FAX number | Date | Time | Total number of pages (including this sheet) |
|---|---|---|---|
| 212-746-8127 | April 28, 2005 | 1:00 p.m. | 42 |

| | |
|---|---|
| Name<br>Dr. Roach | Name<br>Mark Sodders |
| Company | Department<br>CIGNA Disability Management Solutions |
| Phone<br>212-746-2879 | Phone<br>1.800.352.0611 Extension 5693 |
| Address | Address<br>12225 Greenville Avenue<br>Suite 1000, LB 179<br>Dallas Texas 75243 |

Comments

| | |
|---|---|
| RE: | Steven Alfano |
| DOB: | 01/14/1958 |
| Policyholder: | Weill Medical College NYK 1972 |
| Underwriting Company: | CIGNA Life Insurance Company of New York |

In order to evaluate your patient's eligibility for Long Term Disability benefits (e.g. lost wage income) we are in need of the following information:

- **Copies of your progress notes, including diagnostic test and lab results, from 8/1/04 to the present.**

We ask that you kindly respond by 5/11/05 to avoid any delay in your patient's claim for lost wages.

Naturally, we will consider a reasonable charge for this medical information. Please include your **tax identification number**. If this request requires a pre-payment, please call me at the phone number above or fax (860.731.2907) a fee request to my attention.

Sincerely,

Mark Sodders

2nd Request
May 16, 2005 TS
2:05p.m

*CONFIDENTIALITY NOTICE: If you have received this facsimile in error, please immediately notify the Sender by telephone at the number above. The documents accompanying this facsimile transmission contain confidential information. This information is intended only for the use of the individual(s) or entity named above. Thank you for your compliance.*

Life Insurance Company of North America
Connecticut General Life Insurance Company
CIGNA Life Insurance Company of New York

[ ] Acknowledgment Requested

To Fax a reply, dial: 800.731.2907

# PHYSICAL ABILITY ASSESSMENT

We are evaluating your patient's disability claim in order to determine functional impairment Please check the boxes corresponding to the patient's level of physical functioning. **Please substantiate your findings with medical documentation. (Failure to provide the requested reports/data may result in delay in claim determinations).**

Patient Name________________________ Date of Birth________________

Diagnosis(es)/ICD-9 Code________________________________

***Throughout*** **an 8-hour workday, the patient can tolerate,** ***with positional changes and meal breaks*****, the following activities for the specified durations:**

| | | Not applicable to diagnosis(es) | Continuously (67-100%) (5.5 + hrs) | Frequently (34-66%) (2.5 - 5.5 hrs) | Occasionally (1-33%) (<2.5 hrs) | Check if supported by objective findings |
|---|---|---|---|---|---|---|
| **Sitting:** | | | | | | |
| **Standing:** | | | | | | |
| **Walking:** | | | | | | |
| **Reaching:** | Overhead | | | | | |
| | Desk Level | | | | | |
| | Below Waist | | | | | |
| **Fine Manipulation:** | Right: | | | | | |
| | Left: | | | | | |
| **Simple Grasp:** | Right: | | | | | |
| | Left: | | | | | |
| **Firm Grasp:** | Right: | | | | | |
| | Left: | | | | | |
| **Lifting:** | 10 lbs. | | | | | |
| | 11-20 lbs. | | | | | |
| | 21-50 lbs. | | | | | |
| | 51-100 lbs. | | | | | |
| | 100+ lbs. | | | | | |
| **Carrying:** | 10 lbs. | | | | | |
| | 11-20 lbs. | | | | | |
| | 21-50 lbs. | | | | | |
| | 51-100 lbs | | | | | |
| | 100+ lbs. | | | | | |

| | Not applicable to diagnosis(es) | Continuously (67-100%) (5.5 + hrs) | Frequently (34-66%) (2.5 - 5.5 hrs) | Occasionally (1-33%) (<2.5 hrs) | Check if supported by objective findings |
|---|---|---|---|---|---|
| **Pushing:** (Max. Wt.:________) | | | | | |
| **Pulling:** (Max. Wt.:________) | | | | | |
| **Climbing:** Regular Stairs | | | | | |
| Regular Ladders | | | | | |
| **Balancing:** | | | | | |
| **Stooping:** | | | | | |
| **Kneeling:** | | | | | |
| **Crouching:** | | | | | |
| **Crawling:** | | | | | |
| **Seeing:** | | | | | |
| **Hearing:** | | | | | |
| **Smell/Taste:** | | | | | |
| **Environmental Conditions:** Exposure to extremes in heat | | | | | |
| Exposure to extremes in cold | | | | | |
| Exposure to wet / humid conditions | | | | | |
| Exposure to vibration | | | | | |
| Exposure to odors / fumes / particles | | | | | |
| Can work around machinery | | | | | |
| **Ability to work extended shifts/ overtime:** | | | | | |
| **Use lower extremities for foot controls:** | | | | | |

*Please use this space to elaborate on ANY of the above categories:*

______________________________________________

______________________________________________

______________________________________________

______________________________________________

**Signature:** ____________________

**Name:** ____________________

Date: ____________________

Medical Specialty: ____________________

Phone: ____________________

Address: ____________________

Federal ID tax number: ____________________

**Please include any objective test or narrative if available.**

**Thank you for your time.**

**Please return this form in the enclosed addressed envelope.**

## DISCLOSURE AUTHORIZATION

Claimant's Name (Please Print): Steven Alfano

I AUTHORIZE: any doctor, physician, healer, health care practitioner, hospital, clinic, other medical facility, professional, or provider of health care, medically related facility or association, medical examiner, pharmacy, employee assistance plan, insurance company, health maintenance organization or similar entity to provide access to or to give the company named below (Company) or the Plan Administrator or their employees and authorized agents or authorized representatives, any medical and nonmedical information or records that they may have concerning my health condition, or health history, or regarding any advice, care or treatment provided to me. This information and/or records may include, but is not limited to: cause, treatment, diagnoses, prognoses, consultations, examinations, tests, prescriptions, or advice regarding my physical or mental condition, or other information concerning me. This may also include, but is not limited to, information concerning: mental illness, psychiatric, drug or alcohol use and any disability, and also HIV related testing, infection, illness, and AIDS (Acquired Immune Deficiency Syndrome), as well as communicable diseases and genetic testing. If my plan administrator sponsors both a disability plan underwritten or administered by Company and a medical plan of any type written by another CIGNA company, the information and records described in this form may also be given to any CIGNA Company which administers such medical or disability benefits for the purpose of evaluating any claim that may be submitted by me or on my behalf for benefits, for evaluating return to employment opportunities, and for administering any feature described in the plan. This information may also be extracted for use in audits or for statistical purposes.

I AUTHORIZE: any financial institution, accountant, tax preparer, insurance company or reinsurer, consumer reporting agency, insurance support organization, Claimant's agent, employer, group policyholder, business associate, benefit plan administrator, family members, friends, neighbors or associates, governmental agency including the Social Security Administration or any other organization or person having knowledge of me to give the Company or the Plan Administrator or their employees and authorized agents, or authorized representatives, any information or records that they have concerning me, my occupation, my activities, employee/employment records, earnings or finances, applications for insurance coverage, prior claim files and claim history, work history and work related activities.

I UNDERSTAND: the information obtained will be included as part of the proof of claim and will be used to determine eligibility for claim benefits, any amounts payable, return to employment opportunities, and to administer any other feature described in the plan with respect to the Claimant. This authorization shall remain valid and apply to all records, information and events that occur over the duration of the claim, but not to exceed 24 months. A photocopy of this form is as valid as the original and I or my authorized representative may request one. I or my representative may revoke this authorization at any time as it applies to future disclosures by writing the Company. The information obtained will not be disclosed to anyone EXCEPT: a) reinsuring companies; b) the Medical Information Bureau, Inc., which operates Health Claim Index (HCI); c) fraud or overinsurance detection bureaus; d) anyone performing business, medical or legal functions with respect to the claim or the plan, including any entity providing assistance to the Company under its Social Security Assistance Program and employers involved in return to employment discussions; e) for audit or statistical purposes; f) as may be required or permitted by law; g) as I may further authorize. A valid authorization or court order for information does not waive other privacy rights.

If my medical information contains information regarding drug or alcohol abuse, I understand that my records may be protected under federal (42 CFR Part 2) and some state laws. To the extent permitted under law, I can ask the party that disclosed information to the Company to permit me to inspect and copy the information it disclosed. I understand that I can refuse to sign this disclosure authorization; however, if I do so, Company may deny my claim for benefits pursuant to the plan. The use and further disclosure of information disclosed hereunder may not be subject to the Health Insurance Portability and Accountability Act (HIPAA).

Signature of Claimant or Claimant's Authorized Representative: [signature] Date: 11/4/04

Relationship, if other than Claimant: Claimant's Social Security Number: 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

Company Name: CIGNA Life Insurance Company of New York.

### PROHIBITION ON RE-DISCLOSURE

If the medical information contains information regarding drug or alcohol abuse, it may be protected under federal law. Federal regulations (42 CFR Part 2) prohibit any person or entity who receives such protected information from the Company from making any further disclosure of it without the specific written consent of the person to whom it pertains, or as otherwise permitted by such regulation. A general authorization for the release of medical or other information is not sufficient for this purpose. The federal rules restrict any use of such protected information to criminally investigate or prosecute any alcohol or drug abuse patient.

# Claim Direction Staffing Form

Please complete the sections that are applicable for the staffing purpose

*Claim Information:*

| | | | |
|---|---|---|---|
| Staffing Date: | April 25, 2005 | Claim Manager: | Mark Sanders |
| Cx Name: | Steven Alfano | SSN: | 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 |
| DOB/Age: | 01/14/58 | Height/WT: | 6'3" / 280 lbs. |
| Employer | Weill Medical College | Occupation: | Wage & Salary Manager |
| Incur Date: | 06/06/2000 | Date of Hire: | 05/05/1991 |
| | | Employment term Date: | After ID of 06/06/2000 |
| BSD or AO Date | 12/03/2000 | Claim Received Date: | 12/07/2000 |
| Prior Claim ? | No | MI Max date: | 24 mos. |
| Diagnosis/ICD 9 code: | | | |
| Status: | H ___ Ongoing XX___ A/O ___ Appeal ___ Pre-Ex ___ | | |
| Specific staffing questions that need to be addressed ; Claim direction | | | |
| Claim synopsis: please see printed claim strategy! | | | |

*Vocational / Occupational History:*

| | | |
|---|---|---|
| Occupational requirements (DOT MUST BE ON FILE & TABBED) X☐ Sedentary ☐ Light ☐ Medium ☐ Heavy ☐ Very Heavy | | |
| Policy definition of disability please check: Own Occ XX Any Occ ___, Other: | | DOT on file: no, last JD |
| Training/Education/Experience Bus Degree In 1982 | Dominant hand: Left | VRC assigned: ___Yes X___No |

*Medical / Offsets:*

Treating Physicians (name, specialty, initial & LOV, frequency):

| Provider | Specialty | Initial OV | LOV | TX | PAA? | R | L |
|---|---|---|---|---|---|---|---|
| K. Roach, M.D. | IM | | | | | | |
| M. Alexiades | Ortho Sx | | | | | | |
| | | | | | | | |
| | | | | | | | |

| | |
|---|---|
| Projected RTW Date and Provider: | No work |
| CGT Guidelines: | |
| Other Benefits: | ☐ STD ☐ WC X☐ SSDI ☐ SSR ☐ Pension ☐ Other |

## Claim Dir[illegible]ion Staffing Form

Please complete the sections that are applicable for the staffing purpose

*Comments/ Review outcome/Rationale/Plan:*

MD____ NCM/BHS_____ VRC______

File does not support deficits which preclude work activity. Dr. Rusnak indicated could not do + job based on PAA from Dr 10/10/04. Conclusion: need for peer to peer w/ Dr Rusnak at 212-746-2879 (fax 212 746 8127)

Future Claim Direction/Actions (Please indicate person responsible for action)

1.
2.
3.
4.

F/U Medical ______
VOC Rehab ______
SIU ______

SSDI ______
F/U W/C ______
Other ______

*Parties in Attendance:*

Please list printed staffing participant names with signatures:

1. [signature] 4/27/05
2. [signature] 4/27/05
3.
4.

Date: ______

 

**Sodders, Mark D 212**

| | |
|---|---|
| From: | Steven Alfano [steven.alfano@verizon.net] |
| Sent: | Tuesday, April 19, 2005 4:40 PM |
| To: | Sodders, Mark D 212 |
| Subject: | letter |

Hi Mark,
Hope you got the letter Dr. Roach faxed today. I'll mail out the original as well.
Thanks for working with me on this.
If you ever have trouble getting something like that again, let me know and I'll make sure things get out to you.
Steve Alfano

CORNELL UNIVERSITY
Joan and Sanford Weill Medical College

NEW YORK PRESBYTERIAN HOSPITAL

Kerri W. Roach, M.D.
Associate Professor of Clinical Medicine
Associate Professor of Public Health and Epidemiology
Program Director, Primary Care Residency Program
Cornell Internal Medicine Associates

Weill Medical College
Department of Medicine
505 East 70th Street, HT 450
New York, NY 10021

Tel: 212-746-2879
Fax: 212-746-8127
[illegible]@med.cornell.edu

# FAX COVER SHEET

CONFIDENTIALITY NOTICE: THE DOCUMENTS ACCOMPANYING THIS TELECOPY TRANSMISSION CONTAIN CONFIDENTIAL INFORMATION BELONGING TO THE SENDER THAT IS LEGALLY PRIVILEGED. THIS INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL ENTITY NAMED BELOW. IF YOU ARE NOT THE INTENDED RECIPIENT YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION, OR ACTION TAKEN IN RELIANCE ON THE CONTENTS OF THESE DOCUMENTS IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY TO ARRANGE FOR RETURN OF THESE DOCUMENTS.

TO: MARK Sodders

LOCATION: CIGNA Disability Dept

PHONE: 800 352 0611 x5693 FAX 860-731-2907

DATE: 4/19/05

PAGES (INCLUDING THIS COVER SHEET): 2

COMMENTS: Regarding Steven ALFANO

APR 19 2005 10:20AM NYPH NO 588 P 1




CORNELL
UNIVERSITY

NEWYORK PRESBYTERIAN HOSPITAL

Joan and Sanford I. Weill Medical College

Keith W Roach, MD
Associate Professor of Clinical Medicine
Associate Professor of Public Health and Epidemiology
Program Director, Primary Care Residency Program
Cornell Internal Medicine Associates
Department of Medicine

505 East 70th Street, HT-4
Helmsley Tower, Suite 450
New York, NY 10021
Telephone: 212 746-5063
Fax: 212 746-4609

Steven Alfano
3800 Waldo Ave #13G
Bronx, NY 10463

April 19, 2005

NYH # 228-41-47

Mr. Mark Sodders
Cigna Insurance

Dear Mr. Sodders:

Steven Alfano is under my care at the Cornell Internal Medicine Associates at The New York Hospital for his ongoing primary medical care. In regards to your letter of January 20, 2005, I will reiterate that Mr Alfano is physically unable to perform the occupations as described in the attachments to the letter. Specifically, his primary disability is being able to sit for prolonged periods. He is physically unable to sit without frequent need for standing, laying down, or using ice on his back. He is not able to stay seated for a meal at a restaurant, due to pain and stiffness.

I have also reviewed the decision by Judge Scheer of Aug 27,2005. I believe that the medical facts which corroborate my findings as above are well summarized in his judgment.

If you have any questions, please call me at the number above.

Sincerely,

Keith Roach, M.D.

APR. 19. 2005 10:21AM NYPH NO. 588 P. 2

CLICNY 0883

4/11 4 attempts to fax to CL + fax will not go thru called CL's cell @ 917-843-1691 to inform hand copy is being mailed today

[signature]

# *Facsimile Transmission Cover Sheet*

CIGNA Group Insurance
Life · Accident · Disability

| Transmit to FAX number | Date | Time | Total number of pages (including this sheet) |
|---|---|---|---|
| 718-884-2067 | April 11, 2005 | 2:54 PM | 10 |

| To | From |
|---|---|
| Name<br>Steven Alfano | Name<br>Mark Sodders |
| Company | Department<br>CIGNA Disability Management Solutions |
| Phone<br>718-884-2067 | Phone<br>800.352.0611 x5693 |
| Address | Address<br>212E<br>12225 Greenville Avenue<br>Suite 1000 LB 179<br>Dallas, TX 75243-9382 |

Comments

Re: Claimant: Steven Alfano
Policy Number: NYK 1972
Policy Holder: Weill Medical College
Underwriting Company: CIGNA Life Insurance Company of New York

Dear Mr. Alfano:

Enclosed is the request sent via certified mail to Dr. Roach on January 20, 2005. Please contact Dr. Roach's office to expedite our request. If we have not received his response by April 28, 2005, we will continue with the scheduling of the Functional Capacities Evaluation.

Please contact me at 800-352-0611 x5693 should there be any questions.

Sincerely,

Mark Sodders

*CONFIDENTIALITY NOTICE: If you have received this facsimile in error, please immediately notify the sender by telephone at the number above. The documents accompanying this facsimile transmission contain confidential information. This information is intended only for the use of the individual(s) or entity named above. Thank you for your compliance.*

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are provided by these subsidiaries and not by CIGNA Corporation. These subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company.

[ ] Acknowledgment Requested

To Fax a reply, dial: 800.731.2987

Mark Sodders
Case Manager
CIGNA Disability Management Solutions

CIGNA Group Insurance
Life · Accident · Disability

January 20, 2005

Routing 212E
12225 Greenville Avenue
Suite 1000 LB 179
Dallas, TX 75243-9382
Telephone 800.352.0611 x5693
Facsimile 860.731.2907
Mark.Sodders@Cigna.com

Keith Roach, M.D.
505 E. 70 St.
HT 450
New York, NY 10021

Re: Claimant: Steven Alfano
DOB: 01/14/58
Policy Number: NYK 1972
Policy Holder: Weill Medical College
Underwriting Company: CIGNA Life Insurance Company of New York

Dear Dr. Roach:

From your last Physical Abilities Assessment Form dated October 10, 2004, you report that Mr. Roach may Occasionally: push, pull, climb, balance, stoop, lift and carry 10 pounds, sit stand and walk.

We have enclosed four potential occupations that Mr. Roach may perform based on his prior education, training and experience for your review. To properly understand his current physical work restrictions, please provide the following information:

- Is Mr. Roach able to physically perform the four occupations as described in the attachment?
- If no, please provide the medical documentation to support your position of Mr. Roach's functional deficits and that significantly impact his ability to perform these occupations which require physical exertion in an 8 hour day based on your October 10, 2004 Physical Abilities Assessment form.

We will consider a reasonable charge for this report. Please include your Tax identification number for your invoice.

Your assistance in providing this information is appreciated and will aid in the prompt handling of the claim.

Sincerely,

Mark Sodders

CIGNA Group Insurance products and services are provided exclusively by underwriting subsidiaries of CIGNA Corporation, including Life Insurance Company of North America, CIGNA Life Insurance Company of New York and Connecticut General Life Insurance Company. "CIGNA" is used to refer to these subsidiaries and is a registered service mark.



# OCCUPATIONAL DESCRIPTION

166.117-018 Manager, Personnel
O*NET SOC Code: 11-3040.00 Human Resources Managers

Alternate Titles: Manager, Human Resources
Plans and carries out policies relating to all phases of personnel activity: Recruits, interviews, and selects employees to fill vacant positions. Plans and conducts new employee orientation to foster positive attitude toward company goals. Keeps record of insurance coverage, pension plan, and personnel transactions, such as hires, promotions, transfers, and terminations. Investigates accidents and prepares reports for insurance carrier. Conducts wage survey within labor market to determine competitive wage rate. Prepares budget of personnel operations. Meets with shop stewards and supervisors to resolve grievances. Writes separation notices for employees separating with cause and conducts exit interviews to determine reasons behind separations. Prepares reports and recommends procedures to reduce absenteeism and turnover. Represents company at personnel-related hearings and investigations. Contracts with outside suppliers to provide employee services, such as canteen, transportation, or relocation service. May prepare budget of personnel operations, using computer terminal. May administer manual and dexterity tests to applicants. May supervise clerical workers. May keep records of hired employee characteristics for governmental reporting purposes. May negotiate collective bargaining agreement with BUSINESS REPRESENTATIVE, LABOR UNION (profess & kin.) 187.167-018.

DLU: 1988

---

O*NET SOC Title: Human Resources Managers
O*NET SOC Code: 11-3040.00

Plan, direct, and coordinate human resource management activities of an organization to maximize the strategic use of human resources and maintain functions such as employee compensation, recruitment, personnel policies, and regulatory compliance.

Formulates policies and procedures for recruitment, testing, placement, classification, orientation, benefits, and labor and industrial relations. Plans, directs, supervises, and coordinates work activities of subordinates and staff relating to employment, compensation, labor relations, and employee relations. Directs preparation and distribution of written and verbal information to inform employees of benefits, compensation, and personnel policies. Evaluates and modifies benefits policies to establish competitive programs and to ensure compliance with legal requirements. Analyzes compensation policies, government regulations, and prevailing wage rates to develop competitive compensation plan. Develops methods to improve employment policies, processes, and practices and recommends changes to management. Prepares personnel forecast to project employment needs. Prepares budget for personnel operations. Prepares and delivers presentations and reports to corporate officers or other management regarding human resource management policies and practices and recommendations for chan Negotiates bargaining agreements and resolves labor disputes. Meets with shop stewards and supervisors to resolve grievances. Conducts exit interviews to identify reasons for employee termination and writes separation notices. Plans and conducts new employee orientation to foster positive attitude toward organizational objectives. Writes directives advising department managers of organization policy in personnel matters such as equal employment opportunity, sexual harassment, and discrimination. Studies legislation, arbitration decisions, and collective bargaining contracts to assess industry trends. Maintains records and compiles statistical reports concerning personnel-related data such as hires, transfers, performance appraisals, and absenteeism rates. Analyzes statistical data and reports to identify and determine causes of personnel problems and develop recommendations for improvement of organization's personnel policies and Represents organization at personnel-related hearings and investigations. Contracts with vendors to provide employee services, such as canteen, transportation, or relocation service. Investigates industrial accidents and prepares reports for insurance carrier.

Preliminary Crosswalk shows this DOT Occupation is 1 of 6 DOT's under this O*NET Code.

Please note: O*NET Codes are under development and subject to change.

# OCCUPATIONAL REQUIREMENTS

Title: Manager, Personnel
Industry: Professional and Kindred

DOT Code: 166.117-018

Specific Vocational Preparation: Level 8 (4 to 10 years)

General Educational Development: Reasoning Level 5
Mathematics Level 5
Language Level 5

Strength: Sedentary

Lifting, Carrying, Pushing, Pulling 10 Lbs. occasionally. Mostly sitting, may involve standing or walking for brief periods of time.

| Physical Demands: | |
|---|---|
| Climbing | Never |
| Balancing | Never |
| Stooping | Never |
| Kneeling | Never |
| Crouching | Never |
| Crawling | Never |
| Reaching | Frequently |
| Handling | Frequently |
| Fingering | Frequently |
| Feeling | Never |
| Talking | Frequently |
| Hearing | Frequently |
| Tasting/Smelling | Never |
| Near Acuity | Frequently |
| Far Acuity | Never |
| Depth Perception | Never |
| Accommodation | Occasionally |
| Color Vision | Never |
| Field of Vision | Never |

| Environmental Conditions: | |
|---|---|
| Noise Intensity Level | Moderate |
| Exposure to Weather | Never |
| Extreme Cold | Never |
| Extreme Heat | Never |
| Wet and/or Humid | Never |
| Vibration | Never |
| Atmospheric Conditions | Never |
| Proximity to Moving Mechanical Parts | Never |
| Exposure to Electrical Shock | Never |
| Working in High Exposed Places | Never |
| Exposure to Radiation | Never |
| Working with Explosives | Never |
| Exposure to Toxic or Caustic Chemicals | Never |
| Other Environmental Conditions | Never |

Work Situations: Performing a Variety of Duties
Directing, Controlling, or Planning Activities of Others
Dealing with People (Beyond receiving work instructions)
Making Judgments and Decisions

Data: Coordinating
People: Negotiating
Things: Handling

| Aptitudes: | DOT | OAP |
|---|---|---|
| General Learning Ability | 1 (Above 89%) | 3+ (56 - 66%) |
| Verbal Aptitude | 1 (Above 89%) | 3- (34 - 44%) |
| Numerical Aptitude | 2 (67-89%) | 3 (46 - 54%) |
| Spatial Aptitude | 3 (34-66%) | Not Included |
| Form Perception | 3 (34-66%) | Not Included |
| Clerical Aptitude | 3 (34-66%) | 3 (46 - 54%) |
| Motor Coordination | 4 (11-33%) | Not Included |
| Finger Dexterity | 4 (11-33%) | Not Included |
| Manual Dexterity | 4 (11-33%) | Not Included |
| Eye-Hand-Foot Coordination | 5 (Below 11%) | |
| Color Discrimination | 5 (Below 11%) | |

# OCCUPATIONAL DESCRIPTION

166.167-030 Manager, Employment
O*NET SOC Code: 11-3040.00 Human Resources Managers

Alternate Titles: Employment Supervisor
Manages employment activities of establishment: Plans and directs activities of staff workers concerned with such functions as developing sources of qualified applicants, conducting screening interviews, administering tests, checking references and background, evaluating applicants' qualifications, and arranging for preliminary indoctrination and training for newly hired employees according to policy formulated by DIRECTOR, INDUSTRIAL RELATIONS (profess. & kin.) 166.117-010. Keeps records and compiles statistical reports concerning recruitments, interviews, hires, transfers, promotions, terminations, and performance appraisals, utilizing knowledge of job requirements, valid selection processes, and legislation concerning equal employment practices. Coordinates employment activities, such as those concerned with preparing job requisitions; interviewing, selecting, and hiring candidates; on-the-job indoctrination and additional training; supervisory follow-up, development, and rating of employees; and conducting exit interviews. Analyzes statistical data and other reports concerning all aspects of employment function in order to identify and determine causes of personnel problems and to develop and present recommendations for improvement of establishment's employment policies, processes, and practices.

DLU: 1987

---

O*NET SOC Title: Human Resources Managers
O*NET SOC Code: 11-3040.00

Plan, direct, and coordinate human resource management activities of an organization to maximize the strategic use of human resources and maintain functions such as employee compensation, recruitment, personnel policies, and regulatory compliance.

Formulates policies and procedures for recruitment, testing, placement, classification, orientation, benefits, and labor and industrial relations. Plans, directs, supervises, and coordinates work activities of subordinates and staff relating to employment, compensation, labor relations, and employee relations. Directs preparation and distribution of written and verbal information to inform employees of benefits, compensation, and personnel policies. Evaluates and modifies benefits policies to establish competitive programs and to ensure compliance with legal requirements. Analyzes compensation policies, government regulations, and prevailing wage rates to develop competitive compensation plan. Develops methods to improve employment policies, processes, and practices and recommends changes to management. Prepares personnel forecast to project employment needs. Prepares budget for personnel operations. Prepares and delivers presentations and reports to corporate officers or other management regarding human resource management policies and practices and recommendations for chan Negotiates bargaining agreements and resolves labor disputes. Meets with shop stewards and supervisors to resolve grievances. Conducts exit interviews to identify reasons for employee termination and writes separation notices. Plans and conducts new employee orientation to foster positive attitude toward organizational objectives. Writes directives advising department managers of organization policy in personnel matters such as equal employment opportunity, sexual harassment, and discrimination. Studies legislation, arbitration decisions, and collective bargaining contracts to assess industry trends. Maintains records and compiles statistical reports concerning personnel-related data such as hires, transfers, performance appraisals, and absenteeism rates. Analyzes statistical data and reports to identify and determine causes of personnel problems and develop recommendations for improvement of organization's personnel policies and Represents organization at personnel-related hearings and investigations. Contracts with vendors to provide employee services, such as canteen, transportation, or relocation service. Investigates industrial accidents and prepares reports for insurance carrier.

Preliminary Crosswalk shows this DOT Occupation is 1 of 6 DOT's under this O*NET Code.

Please note: O*NET Codes are under development and subject to change.

# OCCUPATIONAL REQUIREMENTS

Title: Manager, Employment
Industry: Professional and Kindred

DOT Code: 166.167-030

Specific Vocational Preparation: Level 8 (4 to 10 years)

General Educational Development: Reasoning Level 5
Mathematics Level 4
Language Level 5

Strength: Sedentary — Lifting, Carrying, Pushing, Pulling 10 Lbs. occasionally. Mostly sitting, may involve standing or walking for brief periods of time.

| Physical Demands: | | Environmental Conditions: | |
|---|---|---|---|
| Climbing | Never | Noise Intensity Level | Quiet |
| Balancing | Never | Exposure to Weather | Never |
| Stooping | Never | Extreme Cold | Never |
| Kneeling | Never | Extreme Heat | Never |
| Crouching | Never | Wet and/or Humid | Never |
| Crawling | Never | Vibration | Never |
| Reaching | Frequently | Atmospheric Conditions | Never |
| Handling | Frequently | Proximity to Moving Mechanical Parts | Never |
| Fingering | Frequently | Exposure to Electrical Shock | Never |
| Feeling | Never | Working in High Exposed Places | Never |
| Talking | Frequently | Exposure to Radiation | Never |
| Hearing | Frequently | Working with Explosives | Never |
| Tasting/Smelling | Never | Exposure to Toxic or Caustic Chemicals | Never |
| Near Acuity | Frequently | Other Environmental Conditions | Never |
| Far Acuity | Never | | |
| Depth Perception | Never | | |
| Accommodation | Never | | |
| Color Vision | Never | | |
| Field of Vision | Never | | |

Work Situations: Directing, Controlling, or Planning Activities of Others
Dealing with People (Beyond receiving work instructions)
Making Judgments and Decisions

Data: Coordinating
People: Speaking-Signaling
Things: Handling

| Aptitudes: | DOT | OAP |
|---|---|---|
| General Learning Ability | 2 (67-89%) | 3+ (56 - 66%) |
| Verbal Aptitude | 2 (67-89%) | 3- (34 - 44%) |
| Numerical Aptitude | 3 (34-66%) | 3 (46 - 54%) |
| Spatial Aptitude | 5 (Below 11%) | Not Included |
| Form Perception | 5 (Below 11%) | Not Included |
| Clerical Aptitude | 3 (34-66%) | 3 (46 - 54%) |
| Motor Coordination | 5 (Below 11%) | Not Included |
| Finger Dexterity | 5 (Below 11%) | Not Included |
| Manual Dexterity | 5 (Below 11%) | Not Included |
| Eye-Hand-Foot Coordination | 5 (Below 11%) | |
| Color Discrimination | 5 (Below 11%) | |

# OCCUPATIONAL DESCRIPTION

187.167-098 Manager, Employment Agency
O*NET SOC Code: 41-1012.00 First-Line Supervisors/Managers of Non-Retail Sales Workers

Manages employment services and business operations of private employment agency: Directs hiring, training, and evaluation of employees. Analyzes placement reports to determine effectiveness of EMPLOYMENT INTERVIEWERS (profess. & kin.). Participates in development and utilization of job development methods to promote business for agency. Enforces, through subordinate staff, agency policies, procedures, safety rules, and regulations. Approves or disapproves requests for purchase of new equipment and supplies. Ensures maintenance and repair of facilities and equipment. Prepares budget requests. Investigates and resolves customer complaints. May negotiate leases and order equipment and supplies for agency.

DLU: 1977

---

**O*NET SOC Title: First-Line Supervisors/Managers of Non-Retail Sales Workers**
**O*NET SOC Code: 41-1012.00**

Directly supervise and coordinate activities of sales workers other than retail sales workers. May perform duties, such as budgeting, accounting, and personnel work, in addition to supervisory duties.

Directs and supervises employees engaged in sales, inventory-taking, reconciling cash receipts, or performing specific service such as pumping gasoline for customers. Plans and prepares work schedules and assigns employees to specific duties. Hires, trains, and evaluates personnel in sales or marketing establishment. Coordinates sales promotion activities and prepares merchandise displays and advertising copy. Listens to and resolves customer complaints regarding service, product, or personnel. Examines merchandise to ensure that it is correctly priced, displayed or functions as advertised. Inventories stock and reorders when inventories drop to specified level. Examines products purchased for resale or received for storage to determine condition of product or item. Prepares rental or lease agreement, specifying charges and payment procedures, for use of machinery, tools, or other such items. Formulates pricing policies on merchandise according to requirements for profitability of store operations. Keeps records pertaining to purchases, sales, and requisitions. Assists sales staff in completing complicated and difficult sales. Prepares sales and inventory reports for management and budget departments. Confers with company officials to develop methods and procedures to increase sales, expand markets, and promote business.

Preliminary Crosswalk shows this DOT Occupation is 1 of 17 DOT's under this O*NET Code.

**Please note: O*NET Codes are under development and subject to change.**

# OCCUPATIONAL REQUIREMENTS

Title: Manager, Employment Agency
Industry: Professional and Kindred

DOT Code: 187.167-098

Specific Vocational Preparation: Level 7 (2 to 4 years)

General Educational Development: Reasoning Level 4
Mathematics Level 3
Language Level 4

Strength: Sedentary

Lifting, Carrying, Pushing, Pulling 10 Lbs. occasionally. Mostly sitting, may involve standing or walking for brief periods of time.

| Physical Demands: | | Environmental Conditions: | |
|---|---|---|---|
| Climbing | Never | Noise Intensity Level | Moderate |
| Balancing | Never | Exposure to Weather | Never |
| Stooping | Never | Extreme Cold | Never |
| Kneeling | Never | Extreme Heat | Never |
| Crouching | Never | Wet and/or Humid | Never |
| Crawling | Never | Vibration | Never |
| Reaching | Occasionally | Atmospheric Conditions | Never |
| Handling | Occasionally | Proximity to Moving Mechanical Parts | Never |
| Fingering | Occasionally | Exposure to Electrical Shock | Never |
| Feeling | Never | Working in High Exposed Places | Never |
| Talking | Frequently | Exposure to Radiation | Never |
| Hearing | Frequently | Working with Explosives | Never |
| Tasting/Smelling | Never | Exposure to Toxic or Caustic Chemicals | Never |
| Near Acuity | Occasionally | Other Environmental Conditions | Never |
| Far Acuity | Never | | |
| Depth Perception | Never | | |
| Accommodation | Never | | |
| Color Vision | Never | | |
| Field of Vision | Never | | |

Work Situations: Directing, Controlling, or Planning Activities of Others
Making Judgments and Decisions
Performing a Variety of Duties

Data: Coordinating
People: Speaking-Signaling
Things: Handling

| Aptitudes: | DOT | OAP |
|---|---|---|
| General Learning Ability | 2 (67-89%) | 3 (46 - 54%) |
| Verbal Aptitude | 2 (67-89%) | 3- (34 - 44%) |
| Numerical Aptitude | 3 (34-66%) | 3- (34 - 44%) |
| Spatial Aptitude | 4 (11-33%) | Not Included |
| Form Perception | 4 (11-33%) | Not Included |
| Clerical Aptitude | 3 (34-66%) | 3 (46 - 54%) |
| Motor Coordination | 4 (11-33%) | Not Included |
| Finger Dexterity | 4 (11-33%) | Not Included |
| Manual Dexterity | 4 (11-33%) | Not Included |
| Eye-Hand-Foot Coordination | 5 (Below 11%) | |
| Color Discrimination | 5 (Below 11%) | |

# OCCUPATIONAL DESCRIPTION

**189.167-022 Manager, Department**
**O*NET SOC Code: 11-3011.02 Private Sector Executives**

Alternate Titles: Department Head; Superintendent

Directs and coordinates, through subordinate supervisors, department activities in commercial, industrial, or service establishment: Reviews and analyzes reports, records, and directives, and confers with supervisors to obtain data required for planning department activities, such as new commitments, status of work in progress, and problems encountered. Assigns, or delegates responsibility for, specified work or functional activities and disseminates policy to supervisors. Gives work directions, resolves problems, prepares schedules, and sets deadlines to ensure timely completion of work. Coordinates activities of department with related activities of other departments to ensure efficiency and economy. Monitors and analyzes costs and prepares budget, using computer. Prepares reports and records on department activities for management, using computer. Evaluates current procedures and practices for accomplishing department objectives to develop and implement improved procedures and practices. May initiate or authorize employee hire, promotion, discharge, or transfer. Workers are designated according to functions, activities, or type of department managed.

DLU: 1989

---

**O*NET SOC Title: Private Sector Executives**
**O*NET SOC Code: 11-3011.02**

Determine and formulate policies and business strategies and provide overall direction of private sector organizations. Plan, direct, and coordinate operational activities at the highest level of management with the help of subordinate managers.

Directs, plans, and implements policies and objectives of organization or business in accordance with charter and board of directors. Directs activities of organization to plan procedures, establish responsibilities, and coordinate functions among departments and sites. Analyzes operations to evaluate performance of company and staff and to determine areas of cost reduction and program improvement. Confers with board members, organization officials, and staff members to establish policies and formulate plans. Reviews financial statements and sales and activity reports to ensure that organization's objectives are achieved. Assigns or delegates responsibilities to subordinates. Directs and coordinates activities of business involved with buying and selling investment products and financial services. Establishes internal control procedures. Presides over or serves on board of directors, management committees, or other governing boards. Directs inservice training of staff. Administers program for selection of sites, construction of buildings, and provision of equipment and supplies. Screens, selects, hires, transfers, and discharges employees. Promotes objectives of institution or business before associations, public, government agencies, or community groups. Negotiates or approves contracts with suppliers and distributors, and with maintenance, janitorial, and security providers. Prepares reports and budgets. Directs non-merchandising departments of business, such as advertising, purchasing, credit, and accounting. Directs and coordinates activities of business or department concerned with production, pricing, sales, and/or distribution of products. Directs and coordinates organization's financial and budget activities to fund operations, maximize investments, and increase efficiency.

Preliminary Crosswalk shows this DOT Occupation is 1 of 13 DOT's under this O*NET Code.

Please note: O*NET Codes are under development and subject to change.

# OCCUPATIONAL REQUIREMENTS

Title: Manager, Department
Industry: Any Industry

DOT Code: 189.167-022

Specific Vocational Preparation: Level 7 (2 to 4 years)

General Educational Development: Reasoning Level 5
Mathematics Level 4
Language Level 4

Strength: Sedentary

Lifting, Carrying, Pushing, Pulling 10 Lbs. occasionally. Mostly sitting, may involve standing or walking for brief periods of time.

| Physical Demands: | |
|---|---|
| Climbing | Never |
| Balancing | Never |
| Stooping | Never |
| Kneeling | Never |
| Crouching | Never |
| Crawling | Never |
| Reaching | Occasionally |
| Handling | Occasionally |
| Fingering | Occasionally |
| Feeling | Never |
| Talking | Frequently |
| Hearing | Frequently |
| Tasting/Smelling | Never |
| Near Acuity | Frequently |
| Far Acuity | Never |
| Depth Perception | Never |
| Accommodation | Occasionally |
| Color Vision | Never |
| Field of Vision | Never |

| Environmental Conditions: | |
|---|---|
| Noise Intensity Level | Moderate |
| Exposure to Weather | Never |
| Extreme Cold | Never |
| Extreme Heat | Never |
| Wet and/or Humid | Never |
| Vibration | Never |
| Atmospheric Conditions | Never |
| Proximity to Moving Mechanical Parts | Never |
| Exposure to Electrical Shock | Never |
| Working in High Exposed Places | Never |
| Exposure to Radiation | Never |
| Working with Explosives | Never |
| Exposure to Toxic or Caustic Chemicals | Never |
| Other Environmental Conditions | Never |

Work Situations: Directing, Controlling, or Planning Activities of Others
Dealing with People (Beyond receiving work instructions)
Making Judgments and Decisions

Data: Coordinating
People: Speaking-Signaling
Things: Handling

| Aptitudes: | DOT | OAP |
|---|---|---|
| General Learning Ability | 2 (67-89%) | 3+ (56 - 66%) |
| Verbal Aptitude | 2 (67-89%) | 3- (34 - 44%) |
| Numerical Aptitude | 3 (34-66%) | 3 (46 - 54%) |
| Spatial Aptitude | 3 (34-66%) | Not Included |
| Form Perception | 3 (34-66%) | Not Included |
| Clerical Aptitude | 3 (34-66%) | 3 (46 - 54%) |
| Motor Coordination | 4 (11-33%) | Not Included |
| Finger Dexterity | 4 (11-33%) | Not Included |
| Manual Dexterity | 4 (11-33%) | Not Included |
| Eye-Hand-Foot Coordination | 5 (Below 11%) | |
| Color Discrimination | 5 (Below 11%) | |

Task | Contents | Notes (0/0)

# Task: Claimant Contact

*Start Date:* 04/11/2005 *Due Date:* 04/20/2005

Details

| | | | | | |
|---|---|---|---|---|---|
| Name | STEVEN ALFANO | SSN | 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 | DOB | 01/14/1958 |
| Account Name | WEILL MEDICAL COLLEGE | Account # | NYK0001972 | Incurred Date | 06/05/2000 |
| Claim Manager | Mark Sodders | Incident # | 513554 | Claim Eff Dt-Status | 01/21/2003 - Active |

Contact Information - Interview Documentation - Spouse Information

Contact Information

Title FCE notification

☒ First Phone Call
Result Successful Date 04/11/2005 02:40 PM User ID Mark Sodders

☐ Second Phone Call
Result Date User ID

☐ Generate Letter/Fax Date User ID

☐ Incoming Call Date User ID

☐ Mail Received Date User ID

Contact Comments

04/11/05 called cx at 718-894-2067 to inform of the FCE. Cx stated his understanding, but insisted that he would have his doctor respond. Cx asked for the information to be sent to him so he can expedite our request. Informed cx that I will fax the information over and is to the same number.

Interview Documentation

Primary Diagnosis/Symptoms/Co-Morbid Conditions

Treating Physicians/Treatment Frequency/Current Treatment Plan/Hospitalization

Mark Sodders
Disability Claim Manager
CIGNA Disability Management Solutions

CIGNA Group Insurance
Life - Accident - Disability

Routing 212B
12225 Greenville Avenue
Suite 1000 LB 179
Dallas, TX 75243-9382
Telephone 800.352.0611 x5693
Facsimile 860.731.2907
Mark.Sodders@Cigna.com

April 11, 2005

Steven Alfano
3800 Waldo Avenue 13-G
Bronx, NY 10463

| Re: | Claimant: | Steven Alfano |
|---|---|---|
| | Policy Number: | NYK 1972 |
| | Policy Holder: | Weill Medical College |
| | Underwriting Company: | CIGNA Life Insurance Company of New York |

Dear Mr. Alfano:

This letter is in reference to the above-mentioned claim for long term disability benefits.

Please be advised that after a review of the medical information your physician submitted, we are in the process of scheduling a Functional Capacity Evaluation (FCE) for you. A representative from HealthSouth will be contacting you to discuss the date, time and place of the FCE. This exam will be at our expense.

Your policy through Weill Medical College does include a provision that allows us to send you for an exam as often as reasonably required.

Should you have any questions concerning this matter, please do not hesitate to contact this office.

Sincerely,

Mark Sodders

CIGNA Group Insurance products and services are provided exclusively by underwriting subsidiaries of CIGNA Corporation, including Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company. "CIGNA" is used to refer to these subsidiaries and is a registered service mark.

## Claim Di[illegible]tion Staffing Form

Please complete the sections that are applicable for the staffing purpose

*Claim Information:*

| | | | |
|---|---|---|---|
| Staffing Date: | April 6, 2005 | Claim Manager: | Mark Sodders |
| Cx Name: | Steven Alfano | SSN: | 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 |
| DOB/Age: | 01/14/58 | Height/WT: | 6'3"/280 lbs. |
| Employer | Weill Medical College | Occupation: | Wage & Salary Manager |
| Incur Date: | 06/06/2000 | Date of Hire: | 05/05/1991 |
| | | Employment term Date: | After ID of 06/06/2000 |
| BSD or AO Date | 12/03/2000 | Claim Received Date: | 12/07/2000 |
| Prior Claim ? | No | MI Max date: | 24 mos. |
| Diagnosis/ICD 9 code: | | | |
| Status: | II____ Ongoing XX____ A/O ____ Appeal ____ Pre-Ex ____ | | |
| Specific staffing questions that need to be addressed : Claim direction | | | |
| Claim synopsis: please see printed claim strategy: | | | |

*Vocational / Occupational History:*

| | | |
|---|---|---|
| Occupational requirements (DOT MUST BE ON FILE & TABBED) X☐ Sedentary ☐ Light ☐ Medium ☐ Heavy ☐ Very Heavy | | |
| Policy definition of disability please check: Own Occ XX Any Occ ____ Other: | | DOT on file: no, just JD |
| Training/Education/Experience Bus Degree in 1982 | Dominant hand: Left | VRC assigned: ____Yes X____ No |

*Medical / Offsets:*

Treating Physicians (name, specialty, initial & LOV, frequency):

| Provider | Specialty | Initial OV | LOV | TX | PAA? | R | L |
|---|---|---|---|---|---|---|---|
| K. Roach, M.D. | IM | | | | | | |
| M. Alexiades | Ortho Sx | | | | | | |
| | | | | | | | |
| | | | | | | | |

| | |
|---|---|
| Projected RTW Date and Provider: | No work |
| CGT Guidelines: | |
| Other Benefits: | ☐ STD ☐ WC X☐ SSDI ☐ SSR ☐ Pension ☐ Other |

## Claim Di[illegible]tion Staffing Form

Please complete the sections that are applicable for the staffing purpose

***Comments/ Review outcome/Rationale/Plan:***

MD____ NCM/BHS X VRC____

PAA places at ~~less~~ ~~than sedentary~~ occas walk, std, to stand. AP has not responded R/h grip Clarity medical that supports Need FCE to identify functionality

Future Claim Direction/Actions (Please indicate person responsible for action)

1.
2.
3.
4.

F/U Medical ____ SSDI ____
VOC Rehab ____ F/U W/C ____
SIU ____ Other X FCE → day

***Parties in Attendance:***

Please list printed staffing participant names with signatures:

1. Mark Saddler
2. Kay Rhode, RN, CCM 4/6/05
3.
4.

Date:

CLICNY 0898

Task | Contents | Notes (0/0)

# Task: Medical Request

Start Date: 03/25/2005 Due Date: 03/28/2005

Logs (0)

Details

| | | | | | |
|---|---|---|---|---|---|
| Name | STEVEN ALFANO | SSN | 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 | DOB | 01/14/1958 |
| Account Name | WEILL MEDICAL COLLEGE | Account # | NYK0001972 | Incurred Date | 06/06/2000 |
| Claim Manager | Mark Sodders | Incident # | 513554 | Claim Eff Dt-Status | 01/21/2003 - Active |

Title: f/u AP review of DOT

Comment/Instruction

01/20/05 sent via certified mail
02/01/05 received certified receipt back signed for by Dr. Roach's office on 01/27/05
03/04/05 called Dr. Roach's office at 212-746-2879 to f/u on our request. Number Busy. Faxing a second request.
03/28/05 1300 called Dr. Roach's office to f/u on our request. On hold 15 minutes with no pick-up. Terminated call.

Date: 03/28/2005 02:10 PM User ID: Mark Sodders

Last Changed User: Mark Sodders Last Changed Date: 03/28/2005 02:10 PM

Active Contents

| Type | Due Date | Created By | Assigned To | Title |
|---|---|---|---|---|
| LTD | 06/06/2000 | | Mark Sodders. | ALFANO,STEVEN -- 099449648 -- 01/14/1958 |

Status: Completed Assigned To: Mark Sodders Created: 01/20/2005 11:29 AM

Acenza: Task Page 2 of 2

https://dms-acclaim.group.cigna.com/acenza/Task/TaskOTCTASK_FOLLOWUPDisplay.asp?id=11388489&wd=1&ccKey=T... 3/28/2005

CLICNY 0900

Message Confirmation Report

MAR-07-2005 10:07 AM MON

Fax Number :
Name :

Name/Number : 912127468122751431
Page : 2
Start Time : MAR-07-2005 10:05AM MON
Elapsed Time : 00'23"
Mode : STD ECM
Results : [O.K]

# *Facsimile Transmission Cover Sheet*

CIGNA Group Insurance
Life · Accident · Disability

| Transmit to FAX number | Date | Time | Total number of pages (including this sheet): 2 |
|---|---|---|---|
| 212-746-8127 | March 7, 2005 | 10:00 a.m. | |

Name
Dr. Keith Roach

Company

Phone
212-746-2879

Address

2nd Request

Name
Mark Sodders

Department
CIGNA Disability Management Solutions

Phone
1.800.352.0611 Extension 5693

Address
12225 Greenville Avenue
Suite 1000, LB 179
Dallas Texas 75243

Comments

RE: Steven Alfano
DOB: 1/14/58
Policyholder: Weill Medical College NYK 1972
Underwriting Company: Life Insurance Company of North America

Attached is a copy of the letter sent to Dr. Roach on January 20, 2005 regarding Mr. Alfano asking for the review of the four DOT's. The DOT's were received in your office as of January 27, 2005.

We would greatly appreciate a response by **March 25, 2005,** and in the absence of Dr. Roach's response we will assume Dr. Roach is in agreement with his patient's ability to perform the occupations listed in the four DOT's.

If you have any questions please do not hesitate to call at the number listed above.

2nd Request

Sincerely,

Mark Sodders

*CONFIDENTIALITY NOTICE: If you have received this facsimile in error, please immediately notify the sender by telephone at the number above. The documents accompanying this facsimile transmission contain confidential information. This information is intended only for the use of the individual(s) or entity named above. Thank you for your compliance.*

Life Insurance Company of North America
Connecticut General Life Insurance Company
CIGNA Life Insurance Company of New York

[ ] Acknowledgment Requested

To Fax a reply, dial: 860.731.2907

Mark Sodders
Case Manager
CIGNA Disability Management Solutions

CIGNA Group Insurance
Life · Accident · Disability

January 20, 2005

Routing 212E
12225 Greenville Avenue
Suite 1000 LB 179
Dallas, TX 75243-9382
Telephone 800.352.0611 x6693
Facsimile 860.731.2907
Mark.Sodders@Cigna.com

Keith Roach, M.D.
505 E. 70 St,
HT 450
New York, NY 10021

| Re: | Claimant: | Steven Alfano |
|---|---|---|
| | DOB: | 01/14/58 |
| | Policy Number: | NYK 1972 |
| | Policy Holder: | Weill Medical College |
| | Underwriting Company: | CIGNA Life Insurance Company of New York |

Dear Dr. Roach:

From your last Physical Abilities Assessment Form dated October 10, 2004, you report that Mr. Roach may Occasionally: push, pull, climb, balance, stoop, lift and carry 10 pounds, sit stand and walk.

We have enclosed four potential occupations that Mr. Roach may perform based on his prior education, training and experience for your review. To properly understand his current physical work restrictions, please provide the following information:

- Is Mr. Roach able to physically perform the four occupations as described in the attachment?

- If no, please provide the medical documentation to support your position of Mr. Roach's functional deficits and that significantly impact his ability to perform these occupations which require physical exertion in an 8 hour day based on your October 10, 2004 Physical Abilities Assessment form.

We will consider a reasonable charge for this report. Please include your Tax identification number for your invoice.

Your assistance in providing this information is appreciated and will aid in the prompt handling of the claim.

Sincerely,

Mark Sodders

CIGNA Group Insurance products and services are provided exclusively by underwriting subsidiaries of CIGNA Corporation, including Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company. "CIGNA" is used to refer to these subsidiaries and is a registered service mark.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Keith Roach, MD
505 E. 70 St. HT450
New York, NY 10021

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery 1/27/05

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7099 3220 0006 0536 8853

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540



UNITED STATES POSTAL SERVICE
Received
FEB 01 2006
CIGNA - DALLAS
PM
First-Class Mail
• Sender: Please print your name, address, and ZIP+4 in this box •
CIGNA Group Insurance
c/o: MP Sodders
12225 Greenville ave.
#1000
Dallas, TX 75243

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

Article Sent To: Dr. Keith Koach

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Name (Please Print Clearly) (to be completed by mailer)

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, July 1999 — See Reverse for Instructions

7099 3220 0006 0536 8659

**Certified Mail Provides:**

- A mailing receipt
- A unique identifier for your mailpiece
- A signature upon delivery
- A record of delivery kept by the Postal Service for two years

*Important Reminders:*

- Certified Mail may ONLY be combined with First-Class Mail or Priority Mail.
- Certified Mail is not available for any class of international mail.
- NO INSURANCE COVERAGE IS PROVIDED with Certified Mail. For valuables, please consider Insured or Registered Mail.
- For an additional fee, a Return Receipt may be requested to provide proof of delivery. To obtain Return Receipt service, please complete and attach a Return Receipt (PS Form 3811) to the article and add applicable postage to cover the fee. Endorse mailpiece "Return Receipt Requested". To receive a fee waiver for a duplicate return receipt, a USPS postmark on your Certified Mail receipt is required.
- For an additional fee, delivery may be restricted to the addressee or addressee's authorized agent. Advise the clerk or mark the mailpiece with the endorsement "Restricted Delivery".
- If a postmark on the Certified Mail receipt is desired, please present the article at the post office for postmarking. If a postmark on the Certified Mail receipt is not needed, detach and affix label with postage and mail.

IMPORTANT: Save this receipt and present it when making an inquiry.

PS Form 3800, July 1999 (Reverse) 102595-99-M-1958

1/29/05 File review
CPLO a 47 y/o ♂ manager for Wall Medical [illegible]
Dx: orthopedic – @shoulder [illegible], spinal stenosis L5-S1
HTN, HA – [illegible] OK
ID: 6/6/00 SSDI: 1° + Dep.

Sx: 4/16/03 lab rectomy arthroscopic

PAA – Dr. [illegible] 10/10/04 – work restrictions
9/14/04 – cervical scan – narrowing, DDD, C6-7 osteophytes

6/12/00 MRI Lumbar mod to severe spondylosis

**Sodders, Mark D 212**

**From:** Steven Alfano [steven.alfano@verizon.net]
**Sent:** Friday, January 14, 2005 7:37 AM
**To:** Sodders, Mark D 212
**Subject:** LTD

Mark,

I received your letter and calculations. Unfortunately for me, they seem to be in order and correct.
Thank you for waiving the overpayment.
Steve Alfano

**Sodders, Mark D 212**

From: Goff, Kevin R 1475
Sent: Monday, January 10, 2005 8:47 AM
To: Sodders, Mark D 212
Subject: RE: COLA Adjustment

Hi Mark,

Thanks for clarifying. What does BME stand for?

-----Original Message-----
From: Sodders, Mark D 212
Sent: Monday, January 10, 2005 9:23 AM
To: Goff, Kevin R 1475
Cc: Harvey, Kathy L 212
Subject: RE: COLA Adjustment

Hi Kevin:

Two letters were sent to Mr. Alfano. July 12, 2004 and November 30, 2004. The July 12, 2004 letter was the fist letter ever sent to Mr. Alfano advising him of the COLA. This resulted in us sending him a $6,868.93 underpayment. Unfortunately, the prior case manager who issued this did the COLA on the Gross, not the Net MB. I sent the letter in November, advising him that another COLA would be due as of 01/01/05.

However, I continued the error and applied the COLA to the Gross, as I based my calculations off of the prior case manager's work. No monies were ever issued that were discussed on this November 30, 2004 letter. I became suspicious of the amount when I saw how large it was over the original BME. Therefore, I sent a third letter was sent to Mr. Alfano in early December advising him that I would double check all the calculations to ensure accuracy. This last e-mail/letter to Mr. Alfano is the result of my own investigation.

Please let me know if you need anything else or any clarification.

Sincerely,

Mark

-----Original Message-----
From: Goff, Kevin R 1475
Sent: Monday, January 10, 2005 8:06 AM
To: Sodders, Mark D 212
Cc: Harvey, Kathy L 212
Subject: RE: COLA Adjustment

Hi Mark,

I appreciate the direct follow up on this. I received a response from the broker (Noreen Murray) asking what information was previously sent to the claimant or to Weill Medical regarding Mr. Alfano's COLA payments? Can you please research this and let me know. I think she is very interested to know if we did send any prior correspondence regarding this. If we did, it was possibly wrong, and if it we didn't, I believe we should have been sending updates.

Please advise.

Thanks,
Kevin

-----Original Message-----
From: Sodders, Mark D 212
Sent: Friday, January 07, 2005 3:28 PM



To: Steven Alfano
Cc: Goff, Kevin R 1475; rcus@med.cornell.edu; Harvey, Kathy 1. 212: SecureMessage
Subject: COLA Adjustment

Hi Mr. Alfano:

I've reviewed the calculations made on your claim concerning the COLA's (Cost of Living Adjustments) to your Monthly Benefits according to your policy.

Your policy states the following:

> "Cost of Living Adjustment.
>
> On January 1, any Employee who is entitled to received a Monthly Benefit and has been disabled for 12 months following the end of the Benefit Waiting Period will be eligible for a Cost of Living Adjustment. The Monthly Benefit payable to him, beginning with the month of January, will be increased by 3%.
>
> The Cost of Living Adjustment will be determined on each January 1 until a total of 5 annual adjustments have been made. This adjustment will not be subject to the overall maximum Monthly Benefit."

On July 12, 2004, you were notified by our office via written correspondence that no COLA's have been applied to your disability benefits, and that you will be receiving $6,800.93 for these past due benefits. On November 30, 2004, you were notified that another COLA is due as of January 1, 2005.

Upon further review of the accuracy of the increase in benefits, it was determined that the 3% COLA was applied to the gross amount of your Monthly Benefit, prior to any deductions and not the net amount of your Monthly Benefit. If you'll note the language above, the 3% COLA is applied to your Monthly Benefit payable. This means that the 3% COLA is applied to the lesser of either:

- "60% of the Employee's Monthly Basic Earnings at the time he becomes Disabled, rounded to the nearer dollar up to a maximum of $15000, and reduced by the amount of all Other Benefits, for that month, excluding any Other Benefits received by or on behalf of the Employee's dependents.
- 70% of the Employee's Basic Earnings at the time he becomes Disabled, reduced by the amount of all Other Benefits which the Employee and his dependents receive for that month."

Different language is applied if you are working, approved by CIGNA. However, as you are not working, the above language applies to your Monthly Benefits.

This means that the total amount paid to you from December 3, 2001 through December 2, 2004 is $76,772.10. However, as mentioned above, the COLA should have been applied to the Monthly Benefit (which means the net amount after Other Benefits (i.e., SSDI Primary and Dependent) are deducted and totals $71,977.09. This yields an Overpayment in the amount of $4,795.01.

Your Overpayment total was reduced by $293.64, as there was an error in calculating the correct Social Security Disability offsets for the month of December 3, 2000 through January 2, 2001.

The remaining $4,501.37 Overpayment has been waived, and your new Monthly Benefit payable to you through December of 2005 is $2,152.32. Your fifth and final COLA will occur as of January 1, 2006.

A letter is being sent to you, including the calculation sheets, detailing this e-mail. Should you have any questions, please contact me at 800.352.0611 x5693.

Sincerely,

Mark Sodders
Case Manager
CIGNA Disability Management Solutions
972.907.5693 Network: 933.5693
800.352.0611 Ext. 5693
Fax: 860.731.2907
mark.sodders@CIGNA.com

CONFIDENTIALITY NOTICE: If you have received this communication in error, please immediately notify the

sender at the address shown. This transmission may contain confidential information. This information is intended only for the use of the individual(s) or entity to whom it is intended even if addressed incorrectly. Please delete or destroy from your files if you are not the intended recipient. Thank you for your compliance.

Confidential, unpublished property of CIGNA. Do not duplicate or distribute. Use and distribution limited solely to authorized personnel. © Copyright 2002 by CIGNA

**Sodders, Mark D 212**

From: steven.alfano@verizon.net
Sent: Saturday, January 08, 2005 2:23 PM
To: steven.alfano@verizon.net
Cc: Sodders, Mark D 212
Subject: CIGNA Secure Mailbox Fw: COLA Adjustment

--- Original Message ---
Hi Mr. Alfano:

I've reviewed the calculations made on your claim concerning the COLA's (Cost of Living Adjustments) to your Monthly Benefits according to your policy.

Your policy states the following:

"Cost of Living Adjustment.

On January 1, any Employee who is entitled to received a Monthly Benefit and has been disabled for 12 months following the end of the Benefit Waiting Period will be eligible for a Cost of Living Adjustment. The Monthly Benefit payable to him, beginning with the month of January, will be increased by 3%.

The Cost of Living Adjustment will be determined on each January 1 until a total of 5 annual adjustments have been made. This adjustment will not be subject to the overall maximum Monthly Benefit."

On July 12, 2004, you were notified by our office via written correspondence that no COLA's have been applied to your disability benefits, and that you will be receiving $6,866.93 for these past due benefits. On November 30, 2004, you were notified that another COLA is due as of January 1, 2005.

Upon further review of the accuracy of the increase in benefits, it was determined that the 3% COLA was applied to the gross amount of your Monthly Benefit, prior to any deductions and not the net amount of your Monthly Benefit. If you'll note the language above, the 3% COLA is applied to your Monthly Benefit payable. This means that the 3% COLA is applied to the lesser of either:

- "60% of the Employee's Monthly Basic Earnings at the time he becomes Disabled, rounded to the nearer dollar up to a maximum of $15000, and reduced by the amount of all Other Benefits, for that month, excluding any Other Benefits received by or on behalf of the Employee's dependents.
- 70% of the Employee's Basic Earnings at the time he becomes Disabled, reduced by the amount of all Other Benefits which the Employee and his dependents receive for that month."

Different language is applied if you are working, approved by CIGNA. However, as you are not working, the above language applies to your Monthly Benefits.

This means that the total amount paid to you from December 3, 2003 through December 2, 2004 is $76,772.10. However, as mentioned above, the COLA should have been applied to the Monthly Benefit (which means the net amount after Other Benefits (i.e., SSDI Primary and Dependent) are deducted and totals $71,977.09. This yields an Overpayment in the amount of $4,795.01.

Your Overpayment total was reduced by $293.64, as there was an error in calculating the correct Social Security Disability offsets for the month of December 3, 2000 through January 2, 2001.

The remaining $4,501.37 Overpayment has been waived, and your new Monthly Benefit payable to you through December of 2005 is $2,152.32. Your fifth and final COLA will occur as of January 1, 2006.

 

A letter is being sent to you, including the calculation sheets, detailing this e-mail. Should you have any questions, please contact me at 800.352.0611 x5693.

Sincerely,

Mark Sodders
Case Manager
CIGNA Disability Management Solutions
972.907.5693 Network: 933.5693
800.352.0611 Ext. 5693
Fax: 860.731.2907
mark.sodders@CIGNA.com

CONFIDENTIALITY NOTICE: If you have received this communication in error, please immediately notify the sender at the address shown. This transmission may contain confidential information. This information is intended only for the use of the individual (s) or entity to whom it is intended even if addressed incorrectly. Please delete or destroy from your files if you are not the intended recipient. Thank you for your compliance.

Confidential, unpublished property of CIGNA. Do not duplicate or distribute. Use and distribution limited solely to authorized personnel. © Copyright 2002 by CIGNA

CONFIDENTIALITY NOTICE: If you have received this e-mail in error, please immediately notify the sender by e-mail at the address shown. This e-mail transmission may contain confidential information. This information is intended only for the use of the individual (s) or entity to whom it is intended even if addressed incorrectly. Please delete it from your files if you are not the intended recipient. Thank you for your compliance.
Copyright © 2005 CIGNA

Mark Sodders
Case Manager
CIGNA Disability Management Solutions

CIGNA Group Insurance
Life - Accident - Disability

Routing 2125
12225 Greenville Avenue
Suite 1000 LB 179
Dallas, TX 75243-9382
Telephone 800.352.0611 x5693
Facsimile 860.731.2907
Mark.Sodders@Cigna.com

January 7, 2005

Steven Alfano
3800 Waldo Avenue
13-G
Bronx, NY 10463

| Re: | Claimant: | Steven Alfano |
|---|---|---|
| | Policyholder: | Weill Medical College |
| | Policy Number: | NYK 1972 |
| | CIGNA Life Insurance Company of New York | |

Dear Mr. Alfano:

The letter is in reference to your claim for Long Term Disability (LTD) benefits.

I've reviewed the calculations made on your claim concerning the COLA's (Cost of Living Adjustments) to your Monthly Benefits according to your policy.

Your policy states the following:

> "Cost of Living Adjustment.
>
> On January 1, any Employee who is entitled to received a Monthly Benefit and has been disabled for 12 months following the end of the Benefit Waiting Period will be eligible for a Cost of Living Adjustment. The Monthly Benefit payable to him, beginning with the month of January, will be increased by 3%.
>
> The Cost of Living Adjustment will be determined on each January 1 until a total of 5 annual adjustments have been made. This adjustment will not be subject to the overall maximum Monthly Benefit."

On July 12, 2004, you were notified by our office via written correspondence that no COLA's have been applied to your disability benefits, and that you will be receiving $6,866.93 for these past due benefits. On November 30, 2004, you were notified that another COLA is due as of January 1, 2005.

"CIGNA" and "CIGNA Group Insurance" are registered service marks and refer to various operating subsidiaries of CIGNA Corporation. Products and services are provided by these subsidiaries and not by CIGNA Corporation. These subsidiaries include Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company.

Upon further review of the accuracy of the increase in benefits, it was determined that the 3% COLA was applied to the gross amount of your Monthly Benefit, prior to any deductions and not the net amount of your Monthly Benefit. If you'll note the language above, the 3% COLA is applied to your Monthly Benefit payable. This means that the 3% COLA is applied to the lesser of either:

- "60% of the Employee's Monthly Basic Earnings at the time he becomes Disabled, rounded to the nearer dollar up to a maximum of $15000, and reduced by the amount of all Other Benefits, for that month, excluding any Other Benefits received by or on behalf of the Employee's dependents.
- 70% of the Employee's Basic Earnings at the time he becomes Disabled, reduced by the amount of all Other Benefits which the Employee and his dependents receive for that month."

Different language is applied if you are working, approved by CIGNA. However, as you are not working, the above language applies to your Monthly Benefits.

This means that the total amount paid to you from December 3, 2001 through December 2, 2004 is $76,772.10. However, as mentioned above, the COLA should have been applied to the Monthly Benefit (which means the net amount after Other Benefits (i.e., SSDI Primary and Dependent) are deducted and totals $71,977.09. This yields an Overpayment in the amount of $4,795.01.

Your Overpayment total was reduced by $293.64, as there was an error in calculating the correct Social Security Disability offsets for the month of December 3, 2000 through January 2, 2001.

Please refer to the enclosed calculation sheets for details.

The remaining $4,501.37 Overpayment has been waived, and your new Monthly Benefit payable to you through December of 2005 is $2,152.32. Your fifth and final COLA will occur as of January 1, 2006.

Should you have any questions, please contact me at 800.352.0611 x5693.

Sincerely,

Mark Sodders

# Disability Benefit Adjustment

Version Date: 10/5/01

Date: 1/7/2005

Claimant Name: Steven Albino

Policyholder: Weil Medical College

Policy Number: NYK 1072

Minimum Benefit: $ 100.00

Reason for Adjustment: COLA as of January 1, 2002

## What has been Paid

**From: 12/03/01 Through: [illegible] # of Months: [illegible]**

Gross Benefit $4,[illegible] (2070.45 for 20 days + 295.19 for COLA Adj)

Other Benefits $1,[illegible] (4153.20/30*20) (4277.22/30*2)

$750.00

Tax Year: 2002

| | | | Totals this period: |
|---|---|---|---|
| Net Benefit | $1,[illegible] | X # of Months: | $1,[illegible] |
| - FICA | $0.00 | | $0.00 |
| - FIT | $0.00 | | $0.00 |
| Payment Amount: | $1,[illegible] | | $1,[illegible] |

**From: 01/03/02 Through: [illegible] # of Months: [illegible]**

Gross Benefit $4,277.[illegible]

Other Benefits $1,[illegible]

$[illegible]

Tax Year: 2002

| | | | Totals this period: |
|---|---|---|---|
| Net Benefit | $2,012.[illegible] | X # of Months: | $22,[illegible] |
| - FICA | $0.00 | | $0.00 |
| - FIT | $0.00 | | $0.00 |
| Payment Amount: | $2,012.[illegible] | | $22,[illegible] |

**From: 12/03/02 Through: [illegible] # of Months: [illegible]**

Gross Benefit $4,[illegible] (2092.75 for 20 days + 295.75 for COLA Adj)

Other Benefits $1,[illegible] (4277.00/30*20) (4406.20/30*2)

$750.00

Tax Year: 2002

| | | | Totals this period: |
|---|---|---|---|
| Net Benefit | $2,021.48 | X # of Months: | $2,021.48 |
| - FICA | $0.00 | | $0.00 |
| - FIT | $0.00 | | $0.00 |
| Payment Amount: | $2,021.48 | | $2,021.48 |

**From: 01/03/03 Through: [illegible] # of Months: [illegible]**

Gross Benefit $4,[illegible]

Other Benefits $1,[illegible]

$[illegible]

Tax Year: 2003

| | | | Totals this period: |
|---|---|---|---|
| Net Benefit | $2,141.[illegible] | X # of Months: | $23,[illegible] |
| - FICA | $0.00 | | $0.00 |
| - FIT | $0.00 | | $0.00 |
| Payment Amount: | $2,141.[illegible] | | $23,[illegible] |

**From: 12/03/03 Through: [illegible] # of Months: [illegible]**

Gross Benefit $4,[illegible] (4112.31 for 28 days + 302.50 for COLA Adj)

Other Benefits $1,[illegible] (4406.20/30*28) (4538.45/30*2)

$750.00

Tax Year: 2003

| | | | Totals this period: |
|---|---|---|---|
| Net Benefit | $2,150.07 | X # of Months: | $2,150.07 |
| - FICA | $0.00 | | $0.00 |
| - FIT | $0.00 | | $0.00 |
| Payment Amount: | $2,150.07 | | $2,150.07 |

**From: 01/03/04 Through: [illegible] # of Months: [illegible]**

Gross Benefit $4,[illegible]

Other Benefits $1,[illegible]

$[illegible]

Tax Year: 2004

| | | | Totals this period: |
|---|---|---|---|
| Net Benefit | $2,273.[illegible] | X # of Months: | $25,[illegible] |
| - FICA | $0.00 | | $0.00 |
| - FIT | $0.00 | | $0.00 |
| Payment Amount: | $2,273.[illegible] | | $25,[illegible] |

## Corrected Payments

**From: 12/03/01 Through: 01/02/02 # of Months: 1**

Gross Benefit $4,155.32

Other Benefits $1,510.00

$755.00

Tax Year: 2002

(1702.43 for 20 days + 329.[illegible] for COLA Adj) (1108.32/30*20) (1944.07/30*2)

| | | | Totals this period: |
|---|---|---|---|
| Net Benefit | $1,[illegible] | X # of Months: | $1,[illegible] |
| - FICA | $0.00 | | $0.00 |
| - FIT | $0.00 | | $0.00 |
| Payment Amount: | $1,[illegible] | | $1,[illegible] |

**From: 01/03/02 Through: 12/02/02 # of Months: 11**

Gross Benefit $4,155.32

Other Benefits $1,510.00

$755.00

Tax Year: 2002

| | | | Totals this period: |
|---|---|---|---|
| Net Benefit | $1,890.32 | X # of Months: | $20,773.52 |
| - FICA | $0.00 | | $0.00 |
| - FIT | $0.00 | | $0.00 |
| Payment Amount: | $1,[illegible] 3% COLA Adj | | $21,[illegible] |

**From: 12/03/02 Through: 01/02/03 # of Months: [illegible]**

Gross Benefit $4,155.32

Other Benefits $1,510.00

$755.00

Tax Year: 2002

(1815.31 for 28 days + 133.58 for COLA Adj) (1941.07/30*28) (2050.32/30*2)

| | | | Totals this period: |
|---|---|---|---|
| Net Benefit | $1,[illegible] | X # of Months: | $1,[illegible] |
| - FICA | $0.00 | | $0.00 |
| - FIT | $0.00 | | $0.00 |
| Payment Amount: | $1,948.[illegible] | | $1,948.[illegible] |

**From: 01/03/03 Through: 12/02/03 # of Months: 11**

Gross Benefit $4,155.32

Other Benefits $1,510.00

$755.00

Tax Year: 2003

| | | | Totals this period: |
|---|---|---|---|
| Net Benefit | $1,[illegible] | X # of Months: | $20,773.52 |
| - FICA | $0.00 | | $0.00 |
| - FIT | $0.00 | | $0.00 |
| Payment Amount: | $2,[illegible] 3% COLA Adj | | $22,[illegible] |

**From: 12/03/03 Through: 01/02/04 # of Months: [illegible]**

Gross Benefit $4,155.32

Other Benefits $1,510.00

$755.00

Tax Year: 2003

(1009.27 for 28 days + 197.[illegible] for COLA Adj) (2003.[illegible]/30*28) (2063.[illegible]/30*2)

| | | | Totals this period: |
|---|---|---|---|
| Net Benefit | $1,[illegible] | X # of Months: | $1,[illegible] |
| - FICA | $0.00 | | $0.00 |
| - FIT | $0.00 | | $0.00 |
| Payment Amount: | $2,007.[illegible] | | $2,007.[illegible] |

**From: 01/03/04 Through: [illegible] # of Months: [illegible]**

Gross Benefit $4,155.32

Other Benefits $1,510.00

$755.00

Tax Year: 2004

| | | | Totals this period: |
|---|---|---|---|
| Net Benefit | $1,[illegible] | X # of Months: | $20,[illegible] |
| - FICA | $0.00 | | $0.00 |
| - FIT | $0.00 | | $0.00 |
| Payment Amount: | $2,[illegible] 3% COLA Adj | | $22,[illegible] |