

**CIGNA**
Group Insurance

# Long Term Disability Benefit Statement

**Direct Offset**

| | | | | |
|---|---|---|---|---|
| Claimant Name: | | Steven Alfano | Policy Holder: Weil Medical College | |
| Social Security#: | | | Policy #: NYK 1972 | |

| General Information: | | | | |
|---|---|---|---|---|
| | Basic % | 70.000% | Maximum: $ | $15,000.00 |
| | Basic Monthly Earnings: | $5,933.32 | Minimum: $ | $100.00 |
| | Date of Disability: | 06/06/2000 | Benefit Start Date: 12/03/2000 | |

**Payment Period:**

| From: 12/03/2001 | Through: | 01/02/2002 | 1 month |
|---|---|---|---|

**Payment Amount:**

| | | |
|---|---|---|
| Gross Benefit: | $4,153.32 | |
| Minus Other Benefits: | | |
| Social Security Disability | $1,610.00 | Calculated for entire period of 1 month |
| Dependent Social Security | $755.00 | Calculated for entire period of 1 month |
| Net Benefit: | $1,888.32 | |

**Taxes and Deductions:**

| | |
|---|---|
| FICA: | $0.00 |
| Federal Income Tax: | $0.00 |
| State Income Tax: | |
| Other Deductions: | |

**Amount you'll receive for this period:** $1,888.32

**Comments:**

# CIGNA
Group Insurance

## Long Term Disability Benefit Statement

**Computation Method: Direct Offset**

| | |
|---|---|
| Claimant Name: | Steven Allano |
| Social Security#: | |
| Policy Holder: | West Medical College |
| Policy #: | NYK 1972 |

**Benefit Levels for this case:**

| | | | |
|---|---|---|---|
| Basic %: | 70.00% | Maximum: $ | $15,000.00 |
| Basic Monthly Earnings: | 35,933.32 | Minimum: $ | $100.00 |
| Employee Contribution %: | 0.000% | | ☐ Round Gross Benefit |
| Requested Monthly FIT deduction: | | | ☐ Non-taxable FIT Withholding |

**Other Benefits Information:**

| Other Benefit: | | From | Through | Monthly Amount | |
|---|---|---|---|---|---|
| Short Term Disability | ▼ | 12/03/2000 | 12/05/2000 | $2,894.43 | ☐ Amount estimated |
| Social Security Disability | ▼ | 12/03/2000 | 99/99/99 | $1,510.00 | ☐ Amount estimated |
| Dependent Social Security | ▼ | 12/03/2000 | 99/99/99 | $755.00 | ☐ Amount estimated |
| | ▼ | | | | ☐ Amount estimated |

**Payment Dates:**

| | |
|---|---|
| Date of Disability: | 06/06/2000 |
| Benefit Waiting Period: | 180 ÷ Days ▼ |
| RTW days during BWP: | |

| Pay from | Pay through | Check Issue Date |
|---|---|---|
| Benefit Start Date: 01/03/2002 | 02/02/2003 | 1/24/05 |

**FICA End Date**
12/31/2000

| Length of Payment Period : Months | 13 | | |
|---|---|---|---|
| Days | 0 | Total Payable | $24,598.16 |

**Payment Summary:**

| | From | Through | | Amount |
|---|---|---|---|---|
| 1st Period | 01/03/2002 | 02/02/2002 | 1 month | $1,888.32 |
| 2nd Period | 02/03/2002 | 03/02/2002 | 1 month | $1,888.32 |
| 3rd Period | 03/03/2002 | 04/02/2002 | 1 month | $1,888.32 |
| 4th Period | 04/03/2002 | 05/02/2002 | 1 month | $1,888.32 |
| 5th Period | 05/03/2002 | 06/02/2002 | 1 month | $1,888.32 |
| 6th Period | 06/03/2002 | 07/02/2002 | 1 month | $1,888.32 |
| 7th Period | 07/03/2002 | 08/02/2002 | 1 month | $1,888.32 |
| 8th Period | 08/03/2002 | 09/02/2002 | 1 month | $1,888.32 |
| 9th Period | 09/03/2002 | 10/02/2002 | 1 month | $1,888.32 |
| 10th Period | 10/03/2002 | 11/02/2002 | 1 month | $1,888.32 |
| 11th Period | 11/03/2002 | 12/02/2002 | 1 month | $1,888.32 |
| 12th Period | 12/03/2002 | 01/02/2003 | 1 month | $1,888.32 |
| 13th Period | 01/03/2003 | 02/02/2003 | 1 month | $1,888.32 |

CLICNY 0202



**CIGNA**
Group Insurance

## Long Term Disability Benefit Statement

Direct Offset

| | | | | |
|---|---|---|---|---|
| Claimant Name: | Steven Alfano | | Policy Holder: Weil Medical College | |
| Social Security #: | | | Policy #: NYK 1972 | |

**General Information:**

| | | | | |
|---|---|---|---|---|
| | Basic % | 70.000% | Maximum: $ | $15,000.00 |
| Basic Monthly Earnings: | | $6,933.32 | Minimum: $ | $100.00 |
| Date of Disability: | | 06/06/2000 | Benefit Start Date: 01/03/2002 | |

**Payment Period:**

| | | | |
|---|---|---|---|
| From: 01/03/2002 | Through: | 02/02/2002 | 1 month |

**Payment Amount:**

| | | |
|---|---|---|
| Gross Benefit: | $4,753.32 | |
| Minus Other Benefits: | | |
| Social Security Disability | $1,510.00 | Calculated for entire period of 1 month |
| Dependent Social Security | $755.00 | Calculated for entire period of 1 month |
| Net Benefit: | $1,888.32 | |

**Taxes and Deductions:**

| | |
|---|---|
| FICA: | $0.00 |
| Federal Income Tax: | $0.00 |
| State Income Tax: | |
| Other Deductions: | |

| | |
|---|---|
| Amount you'll receive for this period: | **$1,888.32** |

**Comments:**



## Long Term Disability Benefit Statement

**CIGNA**

**Direct Offset**

Group Insurance

| | | | | |
|---|---|---|---|---|
| Claimant Name: | Steven Alfano | | Policy Holder: Weil Medical College | |
| Social Security#: | | | Policy #: NYK 1972 | |

**General Information:**

| | | | | |
|---|---|---|---|---|
| Basic % | 70.000% | Maximum: $ | $15,000.00 | |
| Basic Monthly Earnings: | $5,933.32 | Minimum: $ | $100.00 | |
| Date of Disability: | 06/06/2000 | Benefit Start Date: | 01/03/2002 | |

**Payment Period:**

From: 02/03/2002    Through:    03/02/2002    1 month

**Payment Amount:**

| | | |
|---|---|---|
| Gross Benefit: | $4,163.32 | |
| Minus Other Benefits: | | |
| Social Security Disability | $1,510.00 | Calculated for entire period of 1 month |
| Dependent Social Security | $755.00 | Calculated for entire period of 1 month |
| Net Benefit: | $1,868.32 | |

**Taxes and Deductions:**

| | |
|---|---|
| FICA: | $0.00 |
| Federal Income Tax: | $0.00 |
| State Income Tax: | |
| Other Deductions: | |

**Amount you'll receive for this period:    $1,888.32**

**Comments:**



**CIGNA**
Group Insurance

Long Term Disability Benefit Statement

**Direct Offset**

| Claimant Name: | Steven Alfano | Policy Holder: Well Medical College |
| Social Security#: | | Policy #: NYK 1972 |

**General Information:**

| | Basic %: | 70.000% | Maximum: $ | $15,000.00 |
| | Basic Monthly Earnings: | $5,933.32 | Minimum: $ | $100.00 |
| | Date of Disability: | 06/06/2000 | Benefit Start Date: 01/03/2002 | |

**Payment Period:**

From: 03/03/2002    Through: 04/02/2002    1 month

**Payment Amount:**

| Gross Benefit: | $4,153.32 |

Minus Other Benefits:

| Social Security Disability | $1,590.00 Calculated for entire period of 1 month |
| Dependent Social Security | $755.00 Calculated for entire period of 1 month |

| Net Benefit: | $1,808.32 |

**Taxes and Deductions:**

| FICA: | $0.00 |
| Federal Income Tax: | $0.00 |
| State Income Tax: | |
| Other Deductions: | |

Amount you'll receive for this period:    $1,888.32

**Comments:**

CLICNY 0205



**CIGNA**
Group Insurance

## Long Term Disability Benefit Statement

**Direct Offset**

| | | |
|---|---|---|
| Claimant Name: | Steven Alfano | Policy Holder: Weil Medical College |
| Social Security#: | | Policy #: NYK 1972 |

**General Information:**

| | | | |
|---|---|---|---|
| Basic % | 70.000% | Maximum: $ | $15,000.00 |
| Basic Monthly Earnings: | $5,933.32 | Minimum: $ | $100.00 |
| Date of Disability: | 05/06/2000 | Benefit Start Date: 01/03/2002 | |

**Payment Period:**

| | | |
|---|---|---|
| From: 04/03/2002 | Through: 05/02/2002 | 1 month |

**Payment Amount:**

| | |
|---|---|
| Gross Benefit: | $4,153.32 |
| Minus Other Benefits: | |
| Social Security Disability | $1,518.00 Calculated for entire period of 1 month |
| Dependent Social Security | $759.00 Calculated for entire period of 1 month |
| Net Benefit: | $1,888.32 |

**Taxes and Deductions:**

| | |
|---|---|
| FICA: | $0.00 |
| Federal Income Tax: | $0.00 |
| State Income Tax: | |
| Other Deductions: | |

**Amount you'll receive for this period:** $1,888.32

**Comments:**



**CIGNA**
Group Insurance

# Long Term Disability Benefit Statement

Direct Offset

| | | | |
|---|---|---|---|
| Claimant Name: | Steven Alfano | Policy Holder: Weil Medical College | |
| Social Security#: | | Policy #: NYK 1972 | |

**General Information:**

| | | | |
|---|---|---|---|
| Basic % | 70.000% | Maximum: $ | $15,000.00 |
| Basic Monthly Earnings: | $5,933.32 | Minimum: $ | $100.00 |
| Date of Disability: | 06/06/2000 | Benefit Start Date: 01/03/2002 | |

**Payment Period:**

From: 05/03/2002     Through: 06/02/2002     1 month

**Payment Amount:**

| | |
|---|---|
| Gross Benefit: | $4,153.32 |
| Minus Other Benefits: | |
| Social Security Disability | $1,510.00 Calculated for entire period of 1 month |
| Dependent Social Security | $755.00 Calculated for entire period of 1 month |
| Net Benefit: | $1,888.32 |

**Taxes and Deductions:**

| | |
|---|---|
| FICA: | $0.00 |
| Federal Income Tax: | $0.00 |
| State Income Tax: | |
| Other Deductions: | |

**Amount you'll receive for this period:** $1,888.32

**Comments:**



**CIGNA**
Group Insurance

**Long Term Disability Benefit Statement**

Direct Offset

| Claimant Name: | Steven Alfano | Policy Holder: Weil Medical College |
| Social Security#: | | Policy #: NYK 1972 |

**General Information:**

| | | | |
|---|---|---|---|
| Basic %: | 70.000% | Maximum: $ | $15,000.00 |
| Basic Monthly Earnings: | 35,933.33 | Minimum: $ | $100.00 |
| Date of Disability: | 06/06/2000 | Benefit Start Date: | 01/03/2002 |

**Payment Period:**

From: 06/03/2002     Through: 07/02/2002     1 month

**Payment Amount:**

| Gross Benefit: | $4,153.32 | |
|---|---|---|
| Minus Other Benefits: | | |
| Social Security Disability | $1,610.00 | Calculated for entire period of 1 month |
| Dependent Social Security | $755.00 | Calculated for entire period of 1 month |
| Net Benefit: | $1,888.32 | |

**Taxes and Deductions:**

| FICA: | $0.00 |
|---|---|
| Federal Income Tax: | $0.00 |
| State Income Tax: | |
| Other Deductions: | |

Amount you'll receive for this period:   **$1,888.32**

**Comments:**



**CIGNA**

## Long Term Disability Benefit Statement

**Direct Offset**

Group Insurance

| Claimant Name: | Steven Alfano | Policy Holder: Weil Medical College |
|---|---|---|
| Social Security#: | | Policy #: NYK 1972 |

**General Information:**

| | Basic %: | 70.000% | Maximum: $ | $15,000.00 |
|---|---|---|---|---|
| | Basic Monthly Earnings: | $5,933.32 | Minimum: $ | $100.00 |
| | Date of Disability: | 06/06/2000 | Benefit Start Date: | 01/03/2002 |

**Payment Period:**

| From: 07/03/2002 | Through: | 08/02/2002 | 1 month |
|---|---|---|---|

**Payment Amount:**

| Gross Benefit: | $4,153.32 | |
|---|---|---|
| Minus Other Benefits: | | |
| Social Security Disability | $1,510.00 | Calculated for entire period of 1 month |
| Dependent Social Security | $755.00 | Calculated for entire period of 1 month |
| Net Benefit: | $1,888.32 | |

**Taxes and Deductions:**

| FICA: | $0.00 |
|---|---|
| Federal Income Tax: | $0.00 |
| State Income Tax: | |
| Other Deductions: | |

**Amount you'll receive for this period:    $1,888.32**

**Comments:**



**CIGNA**
Group Insurance

# Long Term Disability Benefit Statement

**Direct Offset**

| Claimant Name: | Steven Alfano | Policy Holder: Weill Medical College |
|---|---|---|
| Social Security#: | | Policy #: NYR 1972 |

| General Information: | Basic % | 70.000% | Maximum: $ $15,000.00 |
|---|---|---|---|
| | Basic Monthly Earnings: | $5,933.32 | Minimum: $ $100.00 |
| | Date of Disability: | 00/06/2000 | Benefit Start Date: 03/03/2002 |

**Payment Period:**

From: 08/03/2002     Through:     09/02/2002     1 month

**Payment Amount:**

| Gross Benefit: | $4,153.32 | |
|---|---|---|
| Minus Other Benefits: | | |
| Social Security Disability | $1,510.00 | Calculated for entire period of 1 month |
| Dependent Social Security | $765.00 | Calculated for entire period of 1 month |
| Net Benefit: | $1,888.32 | |

**Taxes and Deductions:**

| FICA: | $0.00 |
|---|---|
| Federal Income Tax: | $0.00 |
| State Income Tax: | |
| Other Deductions: | |
| Amount you'll receive for this period: | $1,888.32 |

**Comments:**



**CIGNA**
Group Insurance

Long Term Disability Benefit Statement

Direct Offset

| Claimant Name: | Steven Alfano | Policy Holder: Weil Medical College |
| Social Security#: | | Policy #: NYK 1972 |

**General Information:**

| | Basic %: | 70.000% | Maximum: $ | $15,000.00 |
| | Basic Monthly Earnings: | $5,933.32 | Minimum: $ | $100.00 |
| | Date of Disability: | 06/06/2000 | Benefit Start Date: | 01/03/2002 |

**Payment Period:**

| From: | 09/03/2002 | Through: | 10/02/2002 | 1 month |

**Payment Amount:**

| Gross Benefit: | $4,153.32 | |
| Minus Other Benefits | | |
| Social Security Disability | $1,510.00 | Calculated for entire period of 1 month |
| Dependent Social Security | $755.00 | Calculated for entire period of 1 month |
| Net Benefit: | $1,888.32 | |

**Taxes and Deductions:**

| FICA: | $0.00 |
| Federal Income Tax: | $0.00 |
| State Income Tax: | |
| Other Deductions: | |
| Amount you'll receive for this period: | $1,888.32 |

**Comments:**

## Long Term Disability Benefit Statement

**CIGNA**
Group Insurance

Direct Offset

| Claimant Name: | Steven Alfaho | Policy Holder: Well Medical College |
| Social Security#: | | Policy #: NYK 2972 |

**General Information:**

| | Basic % | 70.000% | Maximum: $ $15,000.00 |
| | Basic Monthly Earnings: | $5,933.32 | Minimum: $ $100.00 |
| | Date of Disability: | 06/06/2000 | Benefit Start Date: 01/03/2002 |

**Payment Period:**

From: 10/03/2002    Through: 11/02/2002    1 month

**Payment Amount:**

| Gross Benefit: | $4,153.32 | |
| Minus Other Benefits: | | |
| Social Security Disability | $1,510.00 | Calculated for entire period of 1 month |
| Dependent Social Security | $755.00 | Calculated for entire period of 1 month |
| Net Benefit: | $1,888.32 | |

**Taxes and Deductions:**

| FICA: | $0.80 |
| Federal Income Tax: | $0.00 |
| State Income Tax: | |
| Other Deductions: | |

**Amount you'll receive for this period:**    $1,886.32

**Comments:**



**CIGNA**
Group Insurance

Long Term Disability Benefit Statement

**Direct Offset**

| Claimant Name: | Steven Alfano | Policy Holder: Weil Medical College |
|---|---|---|
| Social Security#: | | Policy #: NYK 1972 |

**General Information:**

| | Basic % | 70,000% | Maximum: $ $15,000.00 |
|---|---|---|---|
| Basic Monthly Earnings: | | $5,933.32 | Minimum: $ $100.00 |
| Date of Disability: | | 06/06/2000 | Benefit Start Date: 01/03/2002 |

**Payment Period:**

| From: 11/03/2002 | Through: 12/02/2002 | 1 month |
|---|---|---|

**Payment Amount:**

| Gross Benefit: | $6,153.32 | |
|---|---|---|
| Minus Other Benefits: | | |
| Social Security Disability | $1,510.00 | Calculated for entire period of 1 month |
| Dependent Social Security | $755.00 | Calculated for entire period of 1 month |
| Net Benefit: | $3,888.32 | |

**Taxes and Deductions:**

| FICA: | $0.00 |
|---|---|
| Federal Income Tax: | $0.00 |
| State Income Tax: | |
| Other Deductions: | |
| Amount you'll receive for this period: | $3,888.32 |

**Comments:**



**CIGNA**
Group Insurance

## Long Term Disability Benefit Statement

**Direct Offset**

| Claimant Name: | Steven Alfano | Policy Holder: Weil Medical College |
| Social Security#: | | Policy #: NYK 1972 |

**General Information:**

| | Basic %: | 70.000% | Maximum: $ | $15,000.00 |
| | Basic Monthly Earnings: | $5,933.32 | Minimum: $ | $100.00 |
| | Date of Disability: | 06/06/2000 | Benefit Start Date: | 01/03/2002 |

**Payment Period:**

| | From: | 12/03/2002 | Through: | 01/02/2003 | 1 month |

**Payment Amount:**

| Gross Benefit: | $4,153.32 |
| Minus Other Benefits: | |

| Social Security Disability | $1,510.00 Calculated for entire period of 1 month |
| Dependant Social Security | $755.00 Calculated for entire period of 1 month |

| Net Benefit: | $1,888.32 |

**Taxes and Deductions:**

| FICA: | $0.00 |
| Federal Income Tax: | $0.00 |
| State Income Tax: | |
| Other Deductions: | |

| Amount you'll receive for this period: | **$1,888.32** |

**Comments:**



**CIGNA**
Group Insurance

# Long Term Disability Benefit Statement

**Direct Offset**

| | | | | |
|---|---|---|---|---|
| Claimant Name: | Steven Alfano | | Policy Holder: Weil Medical College | |
| Social Security#: | | | Policy #: NYK 1972 | |

**General Information:**

| | | | | |
|---|---|---|---|---|
| Basic %: | 70.000% | Maximum: $ | $15,000.00 | |
| Basic Monthly Earnings: | $5,933.32 | Minimum $ | $100.00 | |
| Date of Disability: | 06/06/2000 | Benefit Start Date: 01/03/2002 | | |

**Payment Period:**

| From: | 01/03/2003 | Through: | 02/02/2003 | 1 month |
|---|---|---|---|---|

**Payment Amount:**

| | | |
|---|---|---|
| Gross Benefit: | $4,153.32 | |
| Minus Other Benefits: | | |
| Social Security Disability | $1,010.00 | Calculated for entire period of 1 month |
| Dependent Social Security | $755.00 | Calculated for entire period of 1 month |
| Net Benefit: | $1,888.32 | |

**Taxes and Deductions:**

| | |
|---|---|
| FICA: | $0.00 |
| Federal Income Tax: | $0.00 |
| State Income Tax: | |
| Other Deductions: | |

**Amount you'll receive for this period:**   $1,888.32

**Comments:**

From: Eva Alfano/Steven Alfano   To: Maria Clarkin          Date: 1/23/03  Time: 4:33:08 PM          Page 1 of 13

# FACSIMILE COVER PAGE

| To: Maria Clarkin | From: Eva Alfano/Steven Alfano |
|---|---|
| Fax #: 18003774286 | Sent: 1/23/03 at 4:33:34 PM |
| Company: CIGNA | Pages: 13 (including cover) |

Subject: Steven Alfano Social Security Award Letters (ss# 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)

## MESSAGE:

Per your request.
Thanks

WinFax PRO Cover Page

CLICNY 0216

From: Ski APrap/Steven Alfano    To: Maria Clarino    Date: 1/23/03  Time: 5:37:08 PM    Page 2 of 15

# Social Security Administration
## Retirement, Survivors and Disability Insurance
Notice of Award

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date:  October 14, 2002
Claim Number:  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HA

STEVEN A ALFANO
3800 WALDO AVE
APT 13G
BRONX, NY 10463-2169

You are entitled to monthly disability benefits beginning December 2000.

### The Date You Became Disabled

We found that you became disabled under our rules on June 5, 2000.

However, you have to be disabled for 5 full calendar months in a row before you can be entitled to benefits.  For these reasons, your first month of entitlement to benefits is December 2000.

### What We Will Pay And When

- You will receive $1,550.00 for October 2002 around November 20, 2002.

- After that you will receive $1,550.00 on or about the third Wednesday of each month.

- Later in this letter, we will show you how we figured these amounts.

The day we make payments on this record is based on your date of birth.

Enclosure(s):
Pub 05-10153
Pub 05-10058

See Next Page



**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HA**

Page 2 of 6

## Your Benefits

The following chart shows your benefit amount(s) before any deductions or rounding. The amount you actually receive(s) may differ from your full benefit amount. When we figure how much to pay you, we must deduct certain amounts, such as Medicare premiums. We must also round down to the nearest dollar.

| Beginning Date | | Benefit Amount | Reason |
|---|---|---|---|
| December | 2000 | $1,507.40 | Entitlement began |
| January | 2001 | $1,510.80 | Credit for additional earnings |
| December | 2001 | $1,550.00 | Cost-of-living adjustment |

## Other Government Payments Affect Benefits

We are holding your Social Security benefits for December 2000 through September 2002. We may have to reduce these benefits if you received Supplemental Security Income (SSI) for this period. We will not reduce your past-due benefits if you did not get SSI benefits for those months.

However, we will withhold part of any past-due benefits to pay your lawyer. Later in this letter, we will tell you more about the money we are withholding to pay your lawyer. When we decide how much you are due for this period, we will send you another letter.

## Information About Medicare

You are entitled to medicare hospital and medical insurance beginning December 2002.

We will send you a Medicare card. You should take this card with you when you need medical care. If you need medical care before receiving the card and your coverage has already begun, use this letter as proof that you are covered by Medicare.

## Information About Lawyer's Fees

We have approved the fee agreement between you and your lawyer.

Your past-due benefits are $33,617.00 for December 2000 through September 2002. Under the fee agreement, the lawyer cannot charge you more than $4,000.00 for his or her work. The amount of the fee does not include any out-of-pocket expenses (for example, costs to get copies of doctors' or hospitals' reports). This is a matter between you and the lawyer.

If we approve your claim for SSI, the lawyer may be able to charge an additional amount for his or her work. We will send you another letter about SSI telling you the additional amount of the fee, if any, he or she can charge.

CLICNY 0218

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HA                                      Page 3 of 6

## How To Ask Us To Review The Determination On The Fee Amount

You, the lawyer or the person who decided your case can ask us to review the amount of the fee we say the lawyer can charge.

If you think the amount of the fee is too high, write us within 15 days from the day you get this letter. Tell us that you disagree with the amount of the fee and give your reasons.  Send your request to this address:

> Social Security Administration
> Office of Hearings and Appeals
> Attorney Fee Branch
> 5107 Leesburg Pike
> Falls Church, Virginia 22041-3255

The lawyer also has 15 days to write us if he or she thinks the amount of the fee is too low.

If we do not hear from you or the lawyer, we will assume you both agree with the amount of the fee shown.

## Information About Past-Due Benefits Withheld To Pay A Lawyer

Because of the law, we usually withhold 25 percent of the total past-due benefits to pay an approved lawyer's fee.  We withheld $8,404.25 from your past-due benefits to pay the lawyer.

We are paying the lawyer from the benefits we withheld.  Therefore, we must collect from the lawyer a service charge of 6.3 percent of the fee amount we pay. We will subtract the service charge from the amount payable to the lawyer.  This means that we subtract $252.00 from the $4,000.00 we are paying toward the lawyer's fee, and send him or her $3,748.00.

The lawyer cannot ask you to pay for the service charge.  If the lawyer disagrees with the amount of the service charge, he or she must write to the address shown at the top of this letter.  The lawyer must tell us why he or she disagrees within 15 days from the day he or she gets this letter.

## Other Social Security Benefits

The benefit described in this letter is the only one you can receive from Social Security.  If you think that you might qualify for another kind of Social Security benefit in the future, you will have to file another application.

## Your Responsibilities

The decisions we made on your claim are based on information you gave us.  If this information changes, it could affect your benefits.  For this reason, it is important that you report changes to us right away.

We have enclosed a pamphlet, "When You Get Social Security Disability Benefits...What You Need To Know."  It will tell you what must be reported and how to report.  Please be sure to read the parts of the pamphlet which explain what to do if you go to work or if your health improves.

CLICNY 0219

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HA                                        Page 4 of 6

A state or other public or private vocational rehabilitation provider may contact you to talk about their services. The rehabilitation provider may offer you counseling, training, and other services that may help you go to work. To keep getting disability benefits, you have to accept the services offered unless we decide you have a good reason for not accepting.

You do not have to wait to be contacted about vocational rehabilitation services. You can contact the nearest state vocational rehabilitation office directly and let them know that you are interested in receiving services.

If you go to work, special rules can allow us to continue your cash payments and health insurance coverage. For more information about how work and earnings may affect disability benefits, you may call or visit any Social Security office. You may wish to ask for any of the following publications:

- Social Security - Working While Disabled...How We Can Help (SSA Publication No. 05-10095).

- Social Security - If You Are Blind--How We Can Help (SSA Publication No. 05-10052).

- How Social Security Can Help With Vocational Rehabilitation (SSA Publication No. 05-10050).

**Other Information**

We are sending a copy of this notice to KENNETH SCHEER and ADAM COHEN.

**Do You Disagree With The Decision?**

This action supersedes our previous determination and is in accordance with the decision on your hearing request. You have already been notified of your appeal rights regarding the decision made on your hearing request and what you must do to have that decision reexamined. If you want this reconsideration, you may request it through any Social Security office. If additional evidence is available, you should submit it with your request. We will review the case and consider any new facts you have. A person who did not make the first decision will decide your case. We will correct any mistakes. We will review those parts of the decision which you believe are wrong and will look at any new facts you have. We may also review those parts which you believe are correct and may make them unfavorable or less favorable to you.

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HA                                            Page 5 of 6

- You have 60 days to ask for an appeal.

- The 60 days start the day after you get this letter. We assume you got this letter 5 days after the date on it, unless you show us that you did not get it within the 5-day period.

- You must have a good reason for waiting more than 60 days to ask for an appeal.

- You have to ask for an appeal in writing. We will ask you to sign a Form SSA-561-U2, called "Request for Reconsideration". Contact one of our offices if you want help.

Please read the enclosed pamphlet, "Your Right to Question the Decision Made on Your Social Security Claim". It contains more information about the appeal.

### Things To Remember For The Future

Doctors and other trained staff decided that you are disabled under our rules. But, this decision must be reviewed at least once every 3 years. We will send you a letter before we start the review. Based on that review, your benefits will continue if you are still disabled, but will end if you are no longer disabled.

### If You Have Any Questions

We invite you to visit our website at www.ssa.gov on the Internet to find general information about Social Security. If you have any specific questions, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at 1-212-923-7960. We can answer most questions over the phone. If you are deaf or hard of hearing, you may call our TTY number, 1-800-325-0778. You can also write or visit any Social Security office. The office that serves your area is located at:

                    SOCIAL SECURITY
                    CORNER 182 ST
                    4292 BROADWAY
                    NEW YORK, NY 10033

If you do call or visit an office, please have this letter with you. It will help us answer your questions. Also, if you plan to visit an office, you may call ahead to make an appointment. This will help us serve you more quickly when you arrive at the office.

                    Jo Anne B. Barnhart
                    Commissioner
                    of Social Security



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HA                                Page 6 of 6

# PAYMENT SUMMARY

**Your Regular Monthly Payment**

Here is how we figured your
regular monthly payment effective October 2002:

    You are entitled to a monthly benefit of  ....................$ 1,550.00

This equals the amount of
your regular monthly payment  ...............................$ 1,550.00

From: Eth Alfano/Steven Alfano   To: Monte Clarke     Date: 1/23/03  Time: 4:37:08 PM    Page 8 of 13

# Social Security Administration
## Retirement, Survivors and Disability Insurance
### Notice of Award

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date: October 22, 2002
Claim Number: 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HC2

STEVEN ALFANO FOR
ANDREA ROSE ALFANO
3800 WALDO AVENUE
APT 13G
BRONX, NY 10463-2169

ANDREA R ALFANO is entitled to monthly child's benefits beginning
December 2000.

We have chosen you to be her representative payee.  Therefore, you will receive
her checks and use the money for her needs.

### What We Will Pay And When

- You will receive $8,393.00 around October 28, 2002.

- This is the money ANDREA is due for December 2000 through
  September 2002.

- ANDREA R ALFANO's next payment of $387.00, which is for
  October 2002, will be received on or about the third Wednesday of
  November 2002.

- After that you will receive $387.00 on or about the third Wednesday of
  each month.

The day we make payments on this record is based on STEVEN A ALFANO's
date of birth.

### Your Benefits

We raised her monthly benefit amount beginning December 2001 because the
cost of living increased.

We changed her monthly benefit amount beginning January 2001 because we
raised Mr. ALFANO's benefit.

Enclosure(s):
Pub 05-10076
Pub 05-10077
Pub 05-10058

C

See Next Page



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HC2                                    Page 2 of 3

## Work And Earnings Affect Payments

The monthly earnings test applies only to 1 year. That year is the first year a
beneficiary has a non-work month after entitlement to Social Security benefits.
Our records show that ANDREA had or will have at least one non-work month
in 2000. If she ever goes to work, we will pay benefits for each year based on
her work and earnings for that year.

## Health Insurance For Children

If this notice is for a child under age 19 who is not covered by health insurance,
there is a Children's Health Insurance Program that may help. To find out
more, you can look on the Internet at www.insurekidsnow.gov or call, toll free,
1-877-KIDS-NOW (1-877-543-7669). The number connects you to your state
program.

## Other Social Security Benefits

The benefit described in this letter is the only one she can receive from Social
Security. If you think that she might qualify for another kind of Social Security
benefit in the future, you will have to file another application.

## Your Responsibilities

ANDREA's benefits are based on the information you gave us. If this
information changes, it could affect her benefits. For this reason, it is important
that you report changes to us right away.

We have enclosed a pamphlet, "When You Get Social Security or Survivors
Benefits...What You Need to Know". It tells you what must be reported and how
to report. Please be sure to read that part of the pamphlet which explains how
work could change payments.

As a representative payee, you have additional responsibilities. They are
discussed in the enclosed pamphlet, "A Guide for Representative Payees."

## Do You Disagree With The Decision?

If you disagree with this decision, you have the right to appeal. We will review
your case and consider any new facts you have. A person who did not make the
first decision will decide ANDREA's case. We will correct any mistakes. We will
review those parts of the decision which you believe are wrong and will look at
any new facts you have. We may also review those parts which you believe are
correct and may make them unfavorable or less favorable to her.

- You have 60 days to ask for an appeal.

- The 60 days start the day after you get this letter. We assume you got
  this letter 5 days after the date on it unless you show us that you did not
  get it within the 5-day period.

- You must have a good reason for waiting more than 60 days to ask for an
  appeal.

From: Eva Allen/Glenn Allen   To: Maria Clarkin   Date: 1/23/03  Time: 4:37:06 PM   Page 10 of 12

**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HC2**                                          Page  3 of 3

● You have to ask for an appeal in writing. We will ask you to sign a Form
  SSA-561-U2, called "Request for Reconsideration". Contact one of our
  offices if you want help.

Please read the enclosed pamphlet, "Your Right to Question the Decision Made
on Your Social Security Claim". It contains more information about the appeal.

## If You Want Help With Your Appeal

You can have a friend, lawyer or someone else help you. There are groups that
can help you find a lawyer or give you free legal services if you qualify. There
are also lawyers who do not charge unless you win your appeal. Your local Social
Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know. If you hire someone, we
must approve the fee before he or she can collect it. And if you hire a lawyer, we
will withhold up to 25 percent of any past due benefits to pay toward the fee.

## If You Have Any Questions

We invite you to visit our website at www.ssa.gov on the Internet to find general
information about Social Security. If you have any specific questions, you may
call us toll-free at 1-800-772-1213, or call your local Social Security office at
1-212-923-7960. We can answer most questions over the phone. If you are deaf
or hard of hearing, you may call our TTY number, 1-800-325-0778. You can also
write or visit any Social Security office. The office that serves your area is
located at:

> SOCIAL SECURITY
> CORNER 182 ST
> 4292 BROADWAY
> NEW YORK, NY 10033

If you do call or visit an office, please have this letter with you. It will help us
answer your questions. Also, if you plan to visit an office, you may call ahead to
make an appointment. This will help us serve you more quickly when you arrive
at the office.

*Jo Anne B. Barnhart*

Jo Anne B. Barnhart
Commissioner
of Social Security



From: Eva Alfano/Steven Alfano   To: Maria Clothier          Date: 1/13/03  Time: 4:37:08 PM          Page 11 of 15

# Social Security Administration
## Retirement, Survivors and Disability Insurance
### Notice of Award

Office of Central Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date: October 22, 2002
Claim Number: 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HC1

STEVEN ALFANO FOR
MICHAEL JAMES ALFANO
3800 WALDO AVEUE
APT 13G
BRONX, NY 10463-2169

MICHAEL J ALFANO is entitled to monthly child's benefits beginning
December 2000.

We have chosen you to be his representative payee. Therefore, you will receive his
checks and use the money for his needs.

### What We Will Pay And When

- You will receive $8,393.00 around October 28, 2002.

- This is the money MICHAEL is due for December 2000 through
  September 2002.

- MICHAEL J ALFANO's next payment of $387.00, which is for
  October 2002, will be received on or about the third Wednesday of
  November 2002.

- After that you will receive $387.00 on or about the third Wednesday of
  each month.

The day we make payments on this record is based on STEVEN A ALFANO's
date of birth.

### Your Benefits

We raised his monthly benefit amount beginning December 2001 because the cost
of living increased.

We changed his monthly benefit amount beginning January 2001 because we
raised Mr. ALFANO's benefit.

Enclosure(s):
Pub 05-10076
Pub 05-10077
Pub 05-10058

C

See Next Page

CLICNY 0226



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HCI

## Work And Earnings Affect Payments

The monthly earnings test applies only to 1 year. That year is the first year a beneficiary has a non-work month after entitlement to Social Security benefits. Our records show that MICHAEL had or will have at least one non-work month in 2000. If he ever goes to work, we will pay benefits for each year based on his work and earnings for that year.

## Health Insurance For Children

If this notice is for a child under age 19 who is not covered by health insurance, there is a Children's Health Insurance Program that may help. To find out more, you can look on the Internet at www.insurekidsnow.gov or call, toll free, 1-877-KIDS-NOW (1-877-543-7669). The number connects you to your state program.

## Other Social Security Benefits

The benefit described in this letter is the only one he can receive from Social Security. If you think that he might qualify for another kind of Social Security benefit in the future, you will have to file another application.

## Your Responsibilities

MICHAEL's benefits are based on the information you gave us. If this information changes, it could affect his benefits. For this reason, it is important that you report changes to us right away.

We have enclosed a pamphlet, "When You Get Social Security or Survivors Benefits...What You Need to Know". It tells you what must be reported and how to report. Please be sure to read that part of the pamphlet which explains how work could change payments.

As a representative payee, you have additional responsibilities. They are discussed in the enclosed pamphlet, "A Guide for Representative Payees."

## Do You Disagree With The Decision?

If you disagree with this decision, you have the right to appeal. We will review your case and consider any new facts you have. A person who did not make the first decision will decide MICHAEL's case. We will correct any mistakes. We will review those parts of the decision which you believe are wrong and will look at any new facts you have. We may also review those parts which you believe are correct and may make them unfavorable or less favorable to him.

- You have 60 days to ask for an appeal.

- The 60 days start the day after you get this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

- You must have a good reason for waiting more than 60 days to ask for an appeal.

CLICNY 0227



From: Eva Milano/Steven Arano   To: Maria Ciortan [illegible]    Date: 1/23/03   Time: 4:37:08 PM [illegible]    Page 13 of 15 [illegible]

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HC1                                    Page 3 of 3

* You have to ask for an appeal in writing. We will ask you to sign a Form SSA-561-U2, called "Request for Reconsideration". Contact one of our offices if you want help.

Please read the enclosed pamphlet, "Your Right to Question the Decision Made on Your Social Security Claim". It contains more information about the appeal.

**If You Want Help With Your Appeal**

You can have a friend, lawyer or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it. And if you hire a lawyer, we will withhold up to 25 percent of any past due benefits to pay toward the fee.

**If You Have Any Questions**

We invite you to visit our website at www.ssa.gov on the Internet to find general information about Social Security. If you have any specific questions, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at 1-212-923-7960. We can answer most questions over the phone. If you are deaf or hard of hearing, you may call our TTY number, 1-800-325-0778. You can also write or visit any Social Security office. The office that serves your area is located at:

> SOCIAL SECURITY
> CORNER 182 ST
> 4292 BROADWAY
> NEW YORK, NY 10033

If you do call or visit an office, please have this letter with you. It will help us answer your questions. Also, if you plan to visit an office, you may call ahead to make an appointment. This will help us serve you more quickly when you arrive at the office.

*Jo Anne B. Barnhart*

Jo Anne B. Barnhart
Commissioner
of Social Security

CLICNY 0228



01/23/2003 16:59 FAX                    CIGNA                              @001

RECEPTION OK

TX/RX NO                8073
CONNECTION TEL
CONNECTION ID
ST. TIME                01/23 16:41
USAGE T                 18'59
PGS.                    13
RESULT                  OK

CIGNY 0229

Page 1 of 1

| EE: ALFANO, STEVEN | SSN: 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 | DOI: 06/06/2000 | ER: WEILL MEDICAL COLLEGE OF CORNELL UNIVERSITY(DIS) | ID: 854973378660580 |
|---|---|---|---|---|
| WCC: | LTD: | STD: | ICMS: | Other: |

## View the Details for an Incident Note

(first record)    Add a New Incident Note    

| Date/Time Created | Subject | Detail | Author | Source |
|---|---|---|---|---|
| 01/21/2003 10:37:48 AM Edit | Telephone Call | Narrative | CLARKIN, MARIA | ICARE |

### ICARE Note Text

Called ex advised claim approved. Also asked him to send the SSDI award for him and his children.

(first record)    Add a New Incident Note

CLICNY 0230

CENTRALIZED APPEAL TEAM
MANAGER REVIEW

Date Submitted for Review _____ 1-13-03 _____

Date Reviewed _____ 1-14-03 _____

Comments:  11 - VOL APPEAL
DENTED 4-12-02- LETTER HAD BEEN
REC'D FROM ATTY REQUESTING TIME
TO SUBMIT add'l info info
THE ADDITIONAL INFO REC'D 4-15-01-
NOTHING ON FILE FROM THEN UNTIL F/U
LETTER FROM ATTY 4-15-02 W/
ADDITIONAL INFO - ACKNOWLEDGED
AS APPEAL 6-02
SIGNIFICANT med submittal g.
Approved _____ SS AWARD - DISABLED SINCE 6-5-00
Rejected _____ PR REQUESTED - L/R SUPPORTED

CLICNY 0231

**INTRACORP** ● **INVOICE** ●

4100 INTERNATIONAL PKWY
CARROLLTON, TX  75007
BILLING QUESTIONS CALL:
800-821-7357 OR 972-307-2700

EARLY ASSESSMENT SERVICES

INVOICE NO.
FS  7274

| DATE | CUSTOMER NO. | ACCOUNT FILE NO. | EMPLOYER | IC CASE NO. |
|---|---|---|---|---|
| 12/24/02 | 5CB75243 | 099449648 | UNK | FS09073 |

DISABILITY MANAGEMENT SOLUTIONS
12225 GREENVILLE AVENUE
STE 1000
DALLAS, TX  75243

KAREN HALEY

DATE OF INJURY
06/06/00

| CLAIMANT | SOCIAL SEC. NO. | ICD9 CODE | IRS NUMBER 752466 |
|---|---|---|---|
| ALPANO STEVEN | 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 | 724.2 | |

| DATE | ACTIVITY | TIME | MILES | EXPENSE |
|---|---|---|---|---|
| 12/06/02 | Prescreen | .30 | | |
| | Medical | | | |
| | Completed File Review | .60 | | |
| | Medical | | | 525.00 |
| 12/20/02 | Independent Physician Review | | | |
| | Medical | .90 | | |
| | Final Report - Account | | | |
| | Medical | | | |
| | DETAIL SUBTOTALS | 1.80 | | 525.00 |

```
            I N V O I C E   S U M M A R Y
                 RENDERED    BILLED    RATE
                   1.80       1.80    80.00              144.00
HOURS            525.00     525.00                       525.00
EXPENSES                               5.0%              7.20CR
DISCOUNT
                                                         661.80
TOTAL DUE
```

UPON RECEIPT, PLEASE SUBMIT PAYMENT WITH INVOICE COPY TO INTRACORP AT:

INTRACORP, INC.
5200 Collection Center Drive
Chicago, Illinois  60693

FOR PAYMENT QUESTIONS CALL:   (800) 289-8194

INVOICE: FS007274                        01/8/03

TOTAL DUE --->                            661.80

ORIGINAL
IR-6R70  502784
PAYABLE UPON RECEIPT

# DAVID H. TROTTER, M.D.

Diplomate, American Board of Orthopaedic Surgeons
Fellow, American Academy of Orthopaedic Surgeons
Diplomate, American Board of Quality Assurance and Utilization Review Physicians

December 10, 2002

PATIENT:          STEVEN ALFANO
FILE#:            FS09073
DOB:              01/14/59

To Whom It May Concern:

The provided disability related medical records were thoroughly reviewed and evaluated. The initial provided record was a disability questionnaire apparently filled out by the claimant who indicated that he could not perform his own occupational activities due to "constant back pain prevents concentration...made worse by sitting,..also produces pain and numbness in buttocks, legs and feet..." The claimant additionally indicated that he could not engage in any gainful employment due to the same rationale plus, "am unable to stand for periods of time or walk distance without stooping and experiencing foot drop. Must lay down frequently to rest."

The claimant indicated that he was 6"3' with a weight of 290 pounds and having been born in the year 1962. The claimant additionally indicated that his job title was that of a "wage and salary manager". The major and minor duties, equipment utilized, including a desktop computer were noted as indicated by the claimant.

The position description at the Weill Medical College of Cornell University of a compensation manager, including the position summary and major responsibilities, positional requirements and physical requirements were noted in a document September 2000.

A July 12, 2002 note from Dr. M. Alexiades was reviewed. It was noted that on June 15, 2000 the claimant had ceased working due to low back pain radiating into the left leg and causing pain in the leg. The claimant also exhibited a positive straight leg raising test and weakness of the left lower extremity. An MRI from June 9, 2000 had revealed that the claimant "suffers from moderate to severe L5-S1 spondylosis with disc space narrowing, disc desiccation, degenerative type 3 end plate marrow changes, an annular disc bulge, facet osteoarthritis and a prominent posterolateral osteophyte formation with impingement of the exiting L5 nerve root and moderate spinal stenosis. EMG/NCV studies taken on July 20, 2000 showed that he suffers from an L5-S1 radiculopathy with an antalgic gait.
He cannot perform heel toe walking and has decreased sensation in the lower left extremities. Further MRI studies taken on August 18, 2001 showed that he also has mild stenosis and narrowing of the neural foramen at the L4-5 level of the spine as well as impingement on the thecal sac at L5 S1." The claimant was diagnosed "as suffering from lumbar spondylosis with stenosis and radiculopathy...despite conservative treatment he continues to be symptomatic and has a poor prognosis and surgery has been discussed...." The claimant's condition, "has essentially been the same since June 5, 2000 and all of these limitations have been applicable since that time and therefore remains totally disabled...."

A July 24, 2002 note from Dr. K. Roach was reviewed and it was noted that the claimant had...

Page 2
Steven Alfano

multiple medical conditions as documented, including spinal stenosis, among others. It was noted
that the claimant had been diagnosed as suffering from L5-S1 spondylosis with stenosis and
radiculopathy, "based on all of this conservative treatment, in his opinion Dr. Alexiades feels that his
prognosis is poor. I agree with Dr. Alexiades.., believe that he is totally disabled and should not
return to work. He experiences constant pain. He must lie down for approximately ½ to 2 hours per
day because of fatigue associated with his pain...."

An August 31, 2000 document from a Dr. J. Farmer documented the claimant's symptoms and
exam findings and MRI scan. The impression was that of degenerative disc disease at L5-S1 with
bilateral lower extremity pain. The consideration at that point in time was for ongoing nonoperative
intervention. A series of notes from the fall and into the early winter of 2000 from Dr. Farmer
reiterated the diagnoses and noted the claimant's ongoing symptoms and exam findings along with
ancillary test results.

It was noted as of February 26, 2001 by Dr. Farmer that "I do believe that a significant portion of his
symptoms are coming from the degenerative disc disease and if he does not improve with
conservative care he may require a lumbar fusion."

The February 7, 2002 assessment form indicated that the claimant had a poor prognosis and had
severe ongoing limitations of overall activities as per Dr. M. Alexiades. Numerous notes from the
year 2000 from Dr. Alexiades were also reviewed. The claimant had persistent low back pain with
occasional numbness in the left leg and the back pain had been "quite severe despite 2 epidural
injections...my recommendation is that he see a spine surgeon for possible fusion at L5-S1."

The MRI from June 9, 2000 revealed moderate to severe L5-S1 spondylosis with impingement on
the interior aspect of the left L5 nerve root.

The Physical Ability Assessment from January 15, 2001 from Dr. Alexiades revealed diagnosis of
L5-S1 HNP with mechanical back pain and radiculopathy and that surgery was recommended and
that the claimant could only lift 10 pounds occasionally, push or pull 10 pounds occasionally and
climb regular stairs occasionally.

The January 8, 2001 note form Dr. A. Schiff revealed that the claimant was 42 years of age, "needs
surgery for L5-S1 stenosis/spondylosis for neurosurgery now on disability, will RX Celexa for
depression." A series of notes from that physician were also noted.

An August 17, 2000 note from Dr. S. McChance was reviewed. The claimant was noted to have
ongoing low back pain with lower extremity radiculopathy "he did have a car accident in 1997, at
which time he felt that he began losing strength of the left leg...severe low back pain...numbness in
both feet...pain down the left leg with sitting and standing, pain in the left buttock and posterior
thigh...."

The exam findings were also reviewed. The claimant was noted to be 6'4' with a weight of 300
pounds. The claimant was noted to have decreased sensation in the left L5 and S1 distribution with
weak left tibialis anterior and left hip abductor. The MRI findings were reviewed. The overall
diagnosis was felt to be discogenic low back pain with left L5-S1 radiculopathy. There was
consideration for an L5-S1 fusion.

The December 18, 2000 Physical Ability Assessment form that appears to have been filled out by a
neurologist revealed that the claimant could sit for less than 5.5 hours, stand for less than 5.5 hours
and lift 10 pounds occasionally, among other findings. "I saw this patient only once, July 20, 2000."

The electrodiagnostic study from July 20, 2000 was reviewed and the findings revealed nonspecific
neurogenic abnormalities in both legs, these findings did not clearly differentiate bilateral L5-S1
radiculopathies from mild polyneuropathy...."



Page 3
Steven Alfano

The August 23, 2000 note from Dr. R. Snow was reviewed. The impression was that of L5-S1 radiculopathy, left side greater than right secondary to lumbar stenosis. The plan was for a lumbar laminectomy at L5 bilaterally with a possible discectomy at L5-S1 on the left. The patient was going to be thinking about that procedure. The December 15, 2000 Physical Ability Assessment by Dr. Snow revealed that the claimant could sit or stand for less than 2.5 hours, among other findings.

The note from September 14, 2000 from Dr. J. Farmer revealed that "I do feel it is likely that the pain he is experiencing is from the significant degenerative changes seen at L5-S1. He feels that his pain is severe and continues to limit him on a daily basis and wishes to obtain surgical intervention...."

As noted, the additional notes from Dr. Farmer from the summer of 2000 were reviewed and the claimant was felt to be impaired on an ongoing basis as per the disability form dated October 30, 2000.

The August 18, 2001 lumbar spine MRI revealed moderate to severe L5-S1 spondylosis along with a posterior disc osteophyte complete at L5-S1 causing moderate spinal stenosis along with mild L4-5 spinal stenosis. There was noted to be narrowing in the neural foramen at L4-5 in particular and mild to moderate left sided neural foraminal narrowing at L5-S1.

No additional records were provided nor available.

ANALYSIS AND DISCUSSION:

After having reviewed and evaluated the entirety of the provided medical records it is this reviewer's impression in response to the queries by the medical review specialist that:

1.  The medical documentation does support the claimant's apparent inability to perform his occupation as a wage and salary manager considered to be overwhelmingly in the sedentary category from June 6, 2000 through December 3, 2000.

2.  Additionally, the medical documentation supports the claimant's inability to perform his occupation as a wage and salary manager from December 3, 2000 through the present.

3.  The provided medical records do indicate that the claimant has a combination of symptoms, exam abnormalities, including ancillary test results that do support the ongoing diagnosis of relatively severe multilevel spinal stenosis and nerve root impingement/radiculopathy that does appear to be overall as an aggregate quite severe and severe enough that the claimant would appear to have been precluded from working his full time sedentary occupation as a wage and salary manager from June 6, 2000 through December 3, 2000 and from December 3, 2000 through the present.

4.  The aforementioned rationale with regards to this reviewer's opinion that the claimant appears to be stable on an ongoing basis from his usual job activities are that no matter what position this claimant assumes he does appear to have symptomatic spinal stenosis, and nerve root impingement on the basis of both soft tissue, i.e. discopathy and bony osteophytes. The nerves at the level of L5-S1 at a minimum appear to be resulting in ongoing radiculopathy in particular of the left lower extremity. The claimant appears to have unfortunately not responded to significant nonoperative treatment and the claimant appears to have an indication for surgical intervention. The claimant's overall pain level severity does appear to correlate with his overall symptoms and exam findings and his overall large body habitus may well have contributed towards his ongoing relatively severe spinal pathology. Overall, the claimant does appear to have significant ongoing symptomatology.

CLICNY 0235

Page 4
Steven Alfano

of back pain and lower extremity radiculopathy that would not allow the claimant to reasonably perform his job activities on a full time basis. Therefore, to a reasonable degree of medical probability, the claimant would overall appear to be disabled from his usual occupational activities certainly a full time basis and plausibly on a part time basis assuming that frequent changes of position and/or even allowances for occasional lying down accommodations are not available. The claimant as noted, does appear to have a well documented case of spinal stenosis with radiculopathy resistant to nonoperative means and appears to have a significant correlation overall between the symptoms, exam findings and ancillary test results rendering the claimant, in this reviewer's opinion, disabled form his usual job activities when correlating those apparent activities with the claimant's provided medical records.

5. Finally, from an informational standpoint, the medical records clearly document the evaluating and/or treating physician's opinions and therefore from an informational standpoint, a telephonic discussion would not be productive. Should any additional records be provided or available in the future then certainly an addendum could be rendered either by this or an alternate reviewer if applicable.

The opinions rendered in this report are the opinions of the reviewer. The review has been conducted without a medical examination of the individual reviewed. The review is based on documentation provided with the assumption that the material is true and correct. If more information becomes available at a later date, an addendum may be requested. Such information may or may not change the opinions rendered in this report. This report is a clinical assessment of the documentation and the opinions are based on the information available. This opinion does not constitute per se, a recommendation for specific claims or administrative functions to be made or enforced.

Sincerely,

DAVID H. TROTTER, M.D.
Diplomate, American Board of Orthopedic Surgeons
Fellow, American Academy of Orthopedic Surgeons
Diplomate, American Board of Quality Assurance and Utilization Review Physicians
Illinois License # 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
Texas License # L3854

DHT/da

D: 12/09/02
T: 12/10/02

# DAVID H. TROTTER, M.D.

Diplomate, American Board of Orthopaedic Surgeons
Fellow, American Academy of Orthopaedic Surgeons
Diplomate, American Board of Quality Assurance and Utilization Review Physicians

December 10, 2002

PATIENT:          STEVEN ALFANO
FILE#:            FS09073
DOB:              01/14/58

To Whom It May Concern:

The provided disability related medical records were thoroughly reviewed and evaluated. The initial provided record was a disability questionnaire apparently filled out by the claimant who indicated that he could not perform his own occupational activities due to "constant back pain prevents concentration...made worse by sitting...also produces pain and numbness in buttocks, legs and feet..." The claimant additionally indicated that he could not engage in any gainful employment due to the same rationale plus, "am unable to stand for periods of time or walk distance without stooping and experiencing foot drop. Must lay down frequently to rest."

The claimant indicated that he was 6"3' with a weight of 290 pounds and having been born in the year 1962. The claimant additionally indicated that his job title was that of a "wage and salary manager". The major and minor duties, equipment utilized, including a desktop computer were noted as indicated by the claimant.

The position description at the Weill Medical College of Cornell University of a compensation manager, including the position summary and major responsibilities, positional requirements and physical requirements were noted in a document September 2000.

A July 12, 2002 note from Dr. M. Alexiades was reviewed. It was noted that on June 15, 2000 the claimant had ceased working due to low back pain radiating into the left leg and causing pain in the leg. The claimant had exhibited a positive straight leg raising test and weakness of the left lower extremity. An MRI from June 9, 2000 had revealed that the claimant "suffers from moderate to severe L5-S1 spondylosis with disc space narrowing, disc desiccation, degenerative type 3 end plate marrow changes, an annular disc bulge, facet osteoarthritis and a prominent posterolateral osteophyte formation with impingement of the exiting L5 nerve root and moderate spinal stenosis. EMG/NCV studies taken on July 20, 2000 showed that he suffers from an L5-S1 radiculopathy with an antalgic gait.
He cannot perform heel toe walking and has decreased sensation in the lower left extremities. Further MRI studies taken on August 18, 2001 showed that he also has mild stenosis and narrowing of the neural foramen at the L4-5 level of the spine as well as impingement on the thecal sac at L5-S1." The claimant was diagnosed "as suffering from lumbar spondylosis with stenosis and radiculopathy...despite conservative treatment he continues to be symptomatic and has a poor prognosis and surgery has been discussed...." The claimant's condition, "has essentially been the same since June 5, 2000 and all of these limitations have been applicable since that time and therefore remains totally disabled...."

A July 24, 2002 note from Dr. K. Roach was reviewed and it was noted that the claimant had

Page 2
Steven Alfano

multiple medical conditions as documented, including spinal stenosis, among others. It was noted that the claimant had been diagnosed as suffering from L5-S1 spondylosis with stenosis and radiculopathy, "based on all of this conservative treatment, in his opinion Dr. Alexiades feels that his prognosis is poor. I agree with Dr. Alexiades... believe that he is totally disabled and should not return to work. He experiences constant pain. He must lie down for approximately ½ to 2 hours per day because of fatigue associated with his pain...."

An August 31, 2000 document from a Dr. J. Farmer documented the claimant's symptoms and exam findings and MRI scan. The impression was that of degenerative disc disease at L5-S1 with bilateral lower extremity pain. The consideration at that point in time was for ongoing nonoperative intervention. A series of notes from the fall and into the early winter of 2000 from Dr. Farmer reiterated the diagnoses and noted the claimant's ongoing symptoms and exam findings along with ancillary test results.

It was noted as of February 26, 2001 by Dr. Farmer that "I believe that a significant portion of his symptoms are coming from the degenerative disc disease and if he does not improve with conservative care he may require a lumbar fusion."

The February 7, 2002 assessment form indicated that the claimant had a poor prognosis and had severe ongoing limitations of overall activities as per Dr. M. Alexiades. Numerous notes from the year 2000 from Dr. Alexiades were also reviewed. The claimant had persistent low back pain with occasional numbness in the left leg and the back pain had been "quite severe despite 2 epidural injections...my recommendation is that he see a spine surgeon for possible fusion at L5-S1."

The MRI from June 9, 2000 revealed moderate to severe L5-S1 spondylosis with impingement on the inferior aspect of the left L5 nerve root.

The Physical Ability Assessment from January 15, 2001 from Dr. Alexiades revealed diagnosis of L5-S1 HNP with mechanical back pain and radiculopathy and that surgery was recommended and that the claimant could only lift 10 pounds occasionally, push or pull 10 pounds occasionally and climb regular stairs occasionally.

The January 8, 2001 note form Dr. A. Schiff revealed that the claimant was 42 years of age, "needs surgery for L5-S1 stenosis/spondylosis for neurosurgery now on disability, will RX Celexa for depression." A series of notes from that physician were also noted.

An August 17, 2000 note from Dr. S. McChance was reviewed. The claimant was noted to have ongoing low back pain with lower extremity radiculopathy "he did have a car accident in 1997, at which time he felt that he began losing strength of the left leg...severe low back pain,...numbness in both feet...pain down the left leg with sitting and standing, pain in the left buttock and posterior thigh...."

The exam findings were also reviewed. The claimant was noted to be 6'4" with a weight of 300 pounds. The claimant was noted to have decreased sensation in the left L6 and S1 distribution with weak left tibialis anterior and left hip abductor. The MRI findings were reviewed. The overall diagnosis was felt to be discogenic low back pain with left L5-S1 radiculopathy. There was a consideration for an L5-S1 fusion.

The December 18, 2000 Physical Ability Assessment form that appears to have been filled out by a neurologist revealed that the claimant could sit for less than 5.5 hours, stand for less than 5.5 hours and lift 10 pounds occasionally, among other findings. "I saw this patient only once, July 20, 2000."

The electrodiagnostic study from July 20, 2000 was reviewed and the findings revealed nonspecific neurogenic abnormalities in both legs, "these findings did not clearly differentiate bilateral L6-S1 radiculopathies from mild polyneuropathy...."

CLICNY 0238

Page 3
Steven Alfano

The August 23, 2000 note from Dr. R. Snow was reviewed. The impression was that of L5-S1 radiculopathy, left side greater than right secondary to lumbar stenosis. The plan was for a lumbar laminectomy at L5 bilaterally with a possible discectomy at L5-S1 on the left. The patient was going to be thinking about that procedure. The December 15, 2000 Physical Ability Assessment by Dr. Snow revealed that the claimant could sit or stand for less than 2.5 hours, among other findings.

The note from September 14, 2000 from Dr. J. Farmer revealed that "I do feel it is likely that the pain he is experiencing is from the significant degenerative changes seen at L5-S1. He feels that his pain is severe and continues to limit him on a daily basis and wishes to obtain surgical intervention...."

As noted, the additional notes from Dr. Farmer from the summer of 2000 were reviewed and the claimant was felt to be impaired on an ongoing basis as per the disability form dated October 30, 2000.

The August 18, 2001 lumbar spine MRI revealed moderate to severe L5-S1 spondylosis along with a posterior disc osteophyte complete at L5-S1 causing moderate spinal stenosis along with mild L4-5 spinal stenosis. There was noted to be narrowing in the neural foramen at L4-5 in particular and mild to moderate left sided neural foraminal narrowing at L5-S1.

No additional records were provided nor available.

ANALYSIS AND DISCUSSION:

After having reviewed and evaluated the entirety of the provided medical records it is this reviewer's impression in response to the queries by the medical review specialist that:

1. The medical documentation does support the claimant's apparent inability to perform his occupation as a wage and salary manager considered to be overwhelmingly in the sedentary category from June 6, 2000 through December 3, 2000.

2. Additionally, the medical documentation supports the claimant's inability to perform his occupation as a wage and salary manager from December 3, 2000 through the present.

3. The provided medical records do indicate that the claimant has a combination of symptoms, exam abnormalities, including ancillary test results that do support the ongoing diagnosis of relatively severe multilevel spinal stenosis and nerve root impingement/radiculopathy that does appear to be overall as an aggregate quite severe and severe enough that the claimant would appear to have been precluded from working his full time sedentary occupation as a wage and salary manager from June 6, 2000 through December 3, 2000 and from December 3, 2000 through the present.

4. The aforementioned rationale with regards to this reviewer's opinion that the claimant appears to be stable on an ongoing basis from his usual job activities are that no matter what position this claimant assumes he does appear to have symptomatic spinal stenosis and nerve root impingement on the basis of both soft tissue, i.e. discopathy and bony osteophytes. The nerves at the level of L5-S1 at a minimum appear to be resulting in ongoing radiculopathy in particular of the left lower extremity. The claimant appears to have unfortunately not responded to significant nonoperative treatment and the claimant appears to have an indication for surgical intervention. The claimant's overall pain level severity does appear to correlate with his overall symptoms and exam findings and his overall large body habitus may well have contributed towards his ongoing relatively severe spinal pathology. Overall, the claimant does appear to have significant ongoing symptomatology

Page 4
Steven Alfano

of back pain and lower extremity radiculopathy that would not allow the claimant to reasonably perform his job activities on a full time basis. Therefore, to a reasonable degree of medical probability, the claimant would overall appear to be disabled from his usual occupational activities certainly a full time basis and plausibly on a part time basis assuming that frequent changes of position and/or even allowances for occasional lying down accommodations are not available. The claimant as noted, does appear to have a well documented case of spinal stenosis with radiculopathy resistant to nonoperative means and appears to have a significant correlation overall between the symptoms, exam findings and ancillary test results rendering the claimant, I this reviewer's opinion, disabled form his usual job activities when correlating those apparent activities with the claimant's provided medical records.

5. Finally, from an informational standpoint, the medical records clearly document the evaluating and/or treating physician's opinions and therefore from an informational standpoint, a telephonic discussion would not be productive. Should any additional records be provided or available in the future then certainty an addendum could be rendered either by this or an alternate reviewer if applicable.

The opinions rendered in this report are the opinions of the reviewer. The review has been conducted without a medical examination of the individual reviewed. The review is based on documentation provided with the assumption that the material is true and correct. If more information becomes available at a later date, an addendum may be requested. Such information may or may not change the opinions rendered in this report. This report is a clinical assessment of the documentation and the opinions are based on the information available. This opinion does not constitute per se, a recommendation for specific claims or administrative functions to be made or enforced.

Sincerely,

DAVID H. TROTTER, M.D.
Diplomate, American Board of Orthopedic Surgeons
Fellow, American Academy of Orthopedic Surgeons
Diplomate, American Board of Quality Assurance and Utilization Review Physicians
Illinois License # 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
Texas License # L3854

DHT/da

D: 12/09/02
T: 12/10/02

CLICNY 0240

**INTRACORP**
12100 Ford Road Suite 100
Dallas, Texas 75234

*Karl*
*12 5 02*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### THIS IS A GROUP HEALTH DISABILITY CLAIM
### 10 WORKING DAYS TURNAROUND FOR PA REPORT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
### REFERRAL FORM FOR PHYSICIAN REVIEW

Nurse Name: Karen Haley RN
Phone # 800-352-0611 ext 5628
Fax # 860-731-3211
Client Name: Steven Alfano

Case Managers Name: Medha Bharadwaj

Date:
DOB: 01/14/58
DOD: 06/06/00

STATE: New York

SSN  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
Diagnosis        ICD-9 Code:
1. low back pain
2. spondylosis
3.
4.

Treating Physician(s) Name:  Dr. Keith Roach
Treating Physician(s) Phone  212.746.9663
Treating Physician(s) Specialty: internal medicine

Treating Physician(s) Name: Dr. Michael Alexiades
Treating Physician(s) Phone #:  212.734.1288
Treating Physician(s) Specialty: orthopaedic surgery

Treating Physician(s) Name: Dr. James C. Farmer
Treating Physician(s) Phone #:  212.606.1591
Treating Physician(s) Specialty: orthopaedic

Treating Physician(s) Name: Dr. Andrew N. Schiff
Treating Physician(s) Phone #:  212.746.2879
Treating Physician(s) Specialty: internal medicine

Reviewing Physician(s) orthopaedic

Special Instructions:

1. Please review the attached medical information provided;
2. Interview the attending physician and
3. In your narrative report, please include the answers to the questions below

Medical Treatment Case Summary:
Page 2
Peer to Peer Review
SS#

Questions to Answer in the Review:

1. Does Medical documentation support cx's inability to perform his occupation as a Wage and Salary Manager, which is considered to be in the sedentary category, from 05/06/00 through 12/03/00?

2. Does medical documentation support cx's inability to perform his occupation as a Wage and Salary Manager, which is considered to be in the sedentary occupation category, from 12/03/00 through present?

3. Does medical identify severity of any medical condition that would preclude cx from working his full time sedentary occupation as a Wage and Salary Manager from 05/06/00 through 12/03/00?

4. Does medical identify severity of any medical condition that would preclude cx from working his full time sedentary occupation as a Wage and Salary Manager from 12/03/00 through present?

Medha Bharadwaj
Appeals Claim Examiner 

Cigna Disability Management Solutions



**CIGNA Group Insurance**
Life · Accident · Disability

December 2, 2002

ADAM S COHEN
ATTORNEY AT LAW
81 MAIN STREET SUITE 300
WHITE PLAINS NY 10601

Routing 232
12225 Greenville Avenue
Suite 1000 LB-179
Dallas, TX 75243-9382
Telephone 800.352.0611 ext.
1249
Facsimile 860.731.3231
medha.bharadwaj@cigna.com

Re:  Long Term Disability
     Claimant:           Steven Alfano
     Social Security #:   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
     Account Name:       Weill Medical College
     Policy #:            NYK 1972
     Life Insurance Company of North America

Dear Mr. Cohen:

I am writing to advise you of the status of your client's Long Term Disability (LTD) claim under the above captioned policy. At this time, I am not in a position to render a determination.

The original decision was based on a medical judgment, therefore we must consult a health care professional with the appropriate training and experience in the field of medical involved in the medical judgment. To meet this requirement we will be requesting a peer review.

We hope to receive the Peer Review Report within 30 days. When we receive the Peer Review report, we will review the information within 30 dates of receipt of the Peer Review and update you with the status of your appeal.

Thank you for your understanding and cooperation. Should you have any questions, please feel free to contact me at the number listed above.

Sincerely,

Medha Bharadwaj

CIGNA Group Insurance products and services are provided exclusively by underwriting subsidiaries of CIGNA Corporation, including Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company. "CIGNA" is used to refer to these subsidiaries and is a registered service mark.

## MAIL ROUTE SLIP

DATE: 9/25/02

From: Mary Ryan

Phone #: 1249

RE:

CX Name Steven Alfaro

Policy #: NYK-1972

Policy Holder
Name: Weill Medical College

Other:

***********************************************************************

WITHIN TARRYTOWN CLAIM OFFICE: (direct to specific employee or unit if known)

To:

STD Unit        2nd floor ☐        3rd floor ☐

LTD Unit        2nd floor ☐        3rd floor ☐

***********************************************************************

OUTSIDE OF TARRYTOWN CLAIMS OFFICE: (direct to specific employee or unit if known)

To: APPEALS TEAM

Dallas route - 212 ☐   Pittsburgh route - 250 ☐   Home Office General route -TLP10 ☐

Rochester route - 238 ☐   Other _____ route _____

LAW OFFICES OF
## ADAM S. COHEN
81 MAIN STREET, SUITE 300
WHITE PLAINS, NEW YORK 10601

(914) 421-0060
(718) 681-3907
FAX: (914) 421-0035

ADAM S. COHEN*

DONALD R. SILVERMAN
ROBIN A. BEKKAL
OF COUNSEL

*ADMITTED IN NY AND CT

1015 GRAND CONCOURSE
BRONX, NY 10452

9 W. PROSPECT AVENUE
MT. VERNON, NY 10550

September 16, 2002

Mary D. Ryan
Case Manager
CIGNA Group Insurance
Disability Appeals Team
12225 Greenville Ave., 5th Floor
Dallas, Texas 75243

| Re: | Steven Alfano |
|---|---|
| SS# | 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 |
| Policy # | NYK 1972 |
| Policy Name: | Weill Medical College |
| Underwriter: | Life Ins. Company of America |

Dear Ms. Ryan:

We are writing to inform you that Steven Alfano has been found totally disabled by the Social Security Administration, as of June 5, 2000. You may recall that he is also claiming that he is totally disabled as of June 5, 2000 in this case as well.

We hereby assert that this decision should be determinative in his claim for Long Term Disability benefits. The Social Security Administration adjudicated that same claim, with the same evidence and ruled that Mr. Alfano has been disabled since June 5, 2000. We would expect that CIGNA would naturally reach the same result.

Please consider this decision as evidence of Mr. Alfano's disability. Moreover, please inform us when a decision has been reached in this matter.

Very truly yours,

Adam S. Cohen, Esq.

ASC/ac
encl.
cc:    Steven Alfano

COPY

LAW OFFICES OF
**ADAM S. COHEN**
81 MAIN STREET, SUITE 300
WHITE PLAINS, NEW YORK 10601

(914) 421-0050
(718) 881-3907
FAX: (914) 421-0035

ADAM S. COHEN*

DONALD N. SILVERMAN
ROBIN A. BIRKAL
OF COUNSEL

*ADMITTED IN NY AND CT

1010 GRAND CONCOURSE
BRONX, NY 10452

9 W. PROSPECT AVENUE
MT. VERNON, NY 10550

September 13, 2002

Mary D. Ryan
Case Manager
CIGNA Group Insurance
Disability Appeals Team
12225 Greenville Ave., 5ᵗʰ Floor
Dallas, Texas 75243

Re:            Steven Alfano
SS#            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
Policy #       NYK 1972
Policy Name:   Weill Medical College
Underwriter:   Life Ins. Company of America

Dear Ms. Ryan:

We are writing to inform you that Steven Alfano has been found totally disabled by the Social Security Administration, as of June 5, 2000. You may recall that he is also claiming that he is totally disabled as of June 5, 2000 in this case as well.

We hereby assert that this decision should be determinative in his claim for Long Term Disability benefits. The Social Security Administration adjudicated that same claim, with the same evidence and ruled that Mr. Alfano has been disabled since (June 5, 2002.) We would expect that CIGNA would naturally reach the same result. Typographic error (see attached).

Please consider this decision as evidence of Mr. Alfano's disability. Moreover, please inform us when a decision has been reached in this matter.

Very truly yours,

Adam S. Cohen, Esq.

ASC/ac
encl.
cc:    Steven Alfano

Medha Bharadwaj
Appeals Claim Examiner

CIGNA Disability Management Solutions



**CIGNA Group Insurance**
Life · Accident · Disability

September 20, 2002

ADAM S COHEN
ATTORNEY AT LAW
81 MAIN STREET, SUITE 300
WHITE PLAINS, NY 10601

Routing 212
12225 Greenville Ave.
Suite 1000
Dallas, TX 75243-9382
Telephone 800.352.0611 ext.
1249
Facsimile 860.731.3211
medha.bharadwaj@cigna.com

Re: Claimant:        Steven Alfano
    Social Security #:  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
    Policyholder:      Weill Medical College
    Policy #:          NYK 1972
    Life Insurance Company of North America

Dear Mr. Cohen:

This letter is in reference to your client claim for Long Term Disability benefits under policy number NYK 1972.

The appeal of the above LTD Claim has been received in our Centralized Appeal Unit. The Appeal will be handled by:

    Medha Bharadwaj
    12225 Greenville Avenue, Suite 1000-LB 179
    Dallas, TX 75243
    Phone: 800.352.0611 ext. 1249
    Fax: 860.731.3211

In our appeal process we will make an objective and independent review of the original claim decision.

I have received the medical records you have sent in for review. I am in the process of reviewing them. I hope to complete my review within the next 45 days and will update you as to the status of Mr. Alfano's appeal at that time.

Thank you for your continued cooperation. Should you have any questions, please feel free to call me at the number stated above.

Sincerely,

Medha Bharadwaj

CIGNA Group Insurance products and services are provided exclusively by underwriting subsidiaries of CIGNA Corporation, including Life Insurance Company of North America and Connecticut General Life Insurance Company. "CIGNA" is used to refer to these subsidiaries and is a registered service mark.



LAW OFFICES OF
ADAM S. COHEN
61 MAIN STREET, SUITE 300
WHITE PLAINS, NEW YORK 10601

(914) 421-0050
(718) 681-3907
FAX: (914) 421-0098

ADAM S. COHEN*

DONALD N. SILVERMAN
ROBIN A. BIKKAL
OF COUNSEL

*ADMITTED IN NY AND CT

1015 GRAND CONCOURSE
BRONX, NY 10452

9 W. PROSPECT AVENUE
MT. VERNON, NY 10550

August 3, 2002

Mary D. Ryan
Case Manager
CIGNA Group Insurance
Disability Appeals Team
12225 Greenville Ave., 5ᵗʰ Floor
Dallas, Texas 75243

Re:        Steven Alfano
SS#        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
Policy #   NYK 1972
Policy Name:  Weill Medical College
Underwriter:  Life Ins. Company of America

Dear Ms. Ryan:

Enclosed please find two letters from Mr. Alfano's treating doctors which further support his claim for Long Term Disability benefits under the aforesaid policy.

The letter from Michael Alexiades, M.D., the claimant's treating orthopedist, indicates that he has been disabled since June 5, 2000 as a result of moderate to severe L5-S1 spondylosis, facet osteoarthritis, a posterolateral osteophyte formation which impinges the exiting L5 nerve root, moderate spinal stenosis, impingement of the L4-5 thecal sac and other medical impairments. Dr. Alexiades notes that these conditions are supported by diagnostic testing, in the form of MRI's and EMG's, and clinical testing, which shows that Mr. Alfano suffers from an antalgic gait, cannot perform heel/toe walking, has decreased sensation in his left leg and experiences significant pain.

According to Dr. Alexiades, Mr. Alfano has had significant limitations since June 5, 2000. In fact, Dr. Alexiades opines that since that date Mr. Alfano "cannot sit, stand or walk for any prolonged period of time (i.e., 15-20 minutes) and cannot lift or carry anything weighing over five pounds." He further states that Mr. Alfano must lie down for up to two hours each day due to his

CLICNY 0248

pain and exhaustion. Dr. Alexiades also indicates that despite the treatment he has received so far, Mr. Alfano's prognosis is poor and he may be a surgical candidate.

The conclusions of Dr. Alexiades are wholly supported by Keith Roach, M.D., Mr. Alfano's primary care physician. In fact, Dr. Roach specifically states that "I agree with Dr. Alexiades." While Dr. Roach is more positive in his hope that Mr. Alfano might someday return to work, he also specifically states that "it is [] my medical opinion that Mr. Steven Alfano has been totally disabled since June 5, 2000."

These reports clearly show that Steven Alfano is incapable of performing even sedentary work as it is defined by the United States Department of Labor. Indeed, he is so limited because of his medical conditions that he cannot sit, stand, walk, lift or carry enough to perform this most basic level of physical work.

Based on the enclosed reports, as well as the information previously sent to your office and the arguments made in our April 15, 2002 letter, we hereby request that you find Mr. Alfano disabled and entitled to Long Term Disability benefits pursuant to the terms of the above referenced policy.

Very truly yours,

Adam S. Cohen, Esq.

ASC/ac
Enc.



**CORNELL**
UNIVERSITY

**NEW YORK PRESBYTERIAN** HOSPITAL

Joan and Sanford I. Weill
Medical College

Keith W Roach, MD
Associate Professor of Clinical Medicine
Associate Professor of Public Health and
Epidemiology
Program Director, Primary Care Residency Program
Cornell Internal Medicine Associates
Department of Medicine

505 East 70th Street, HT-4
Helmsley Tower, Suite 450
New York, NY 10021
Telephone: 212 746-9663
Fax: 212 746-4609

July 24, 2002         NYH # 228-41-47

Steven Alfano
3800 Waldo Ave #13G
Bronx, NY 10463

Steven Alfano is under my care at the Cornell Internal Medicine Associates at The New York
Hospital for the following medical conditions:

ICD 213.7    BEN NEO LONG BONES LEG [05/13/02-06/05/02]
ICD V72.84   PREOP EXAMINATION NOS [01/18/02-06/11/02]
ICD 724.02   SPINAL STENOSIS-LUMBAR [09/06/00-06/11/02]
ICD 724.00   SPINAL STENOSIS NOS [06/19/00-10/16/01]
ICD 600.     HYPERPLASIA OF PROSTATE [03/13/00-03/13/00]
ICD 535.40   GASTRITIS NEC [06/03/99-06/03/99]
ICD 535.50   GASTRITIS/DUODENITIS NOS [06/03/99-03/13/00]
ICD 735.9    ACQ DEFORMITY OF TOE NOS [04/23/99-04/23/99]
ICD 681.9    CELLULITIS OF DIGIT NOS [02/22/99-05/22/00]
ICD 716.84   ARTHROPATHY NEC-HAND [02/18/99-02/18/99]
ICD 346.00   CLSSC MIGRAINE/NOT INTRC [09/28/98-01/18/02]
ICD 490.     BRONCHITIS NOS [09/08/98-10/23/00]
ICD 784.0    HEADACHE [03/02/98-03/31/98]
ICD 278.00   OBESITY NOS [06/30/97-10/23/00]
ICD E929.0   LATE EFF MOTOR VEHIC ACC [06/30/97-06/30/97]
ICD 305.11   TOBACCO ABUSE-CONTINUOUS [04/09/97-12/21/99]
ICD 726.19   ROTATOR CUFF DIS NEC [04/09/97-06/11/02]
ICD 478.9    UPPER RESP DIS NEC/NOS [01/17/97-01/17/97]
ICD 346.0    CLASSICAL MIGRAINE [10/01/96-10/01/96]
ICD 401.9    HYPERTENSION NOS [10/01/96-10/23/00]
ICD 716.17   TRAUM ARTHROPATHY-ANKLE [04/30/96-05/22/00]
ICD 727.41   GANGLION OF JOINT [01/30/96-03/11/97]
ICD 462.     ACUTE PHARYNGITIS [11/01/95-11/01/95]
ICD 278.0    OBESITY [10/17/95-01/30/96]
ICD 401.     ESSENTIAL HYPERTENSION [09/29/95-09/29/95]
ICD 686.9    LOCAL SKIN INFECTION NOS [07/31/95-04/27/01]
ICD 079.99   VIRAL INFECTION NOS [12/21/99-12/21/99]

The patient is on the following medications:

CLICNY 0250