3. Describe in detail the patient's signs (clinical findings).

(+) Strong leg pain
Weakness on walking on feet

4. Give the laboratory tests and results.

MRI - Dx for LS1 Spondylolisthesis with
(1) L5 nerve root impingement
+ Stenosis

5. Diagnoses. LS1 Spondylolisthesis with Stenosis
and radiculopathy

CLICNY 0351

5. Prognosis _Poor_

7. Have any of the patient's medical conditions lasted or can any be expected to last at least twelve months?

Yes ✓            No_____

8. Does the patient have to lie down during the day?

Yes ✓     No_____     If yes, for how long and for what

reasons? _variable 2° pain_

9. Describe the treatment the patient has received._

_Physical therapy_

_Epidural injections_

_antiinflammatories_

3

10. Give the medications prescribed for the patient, including the dosage.

OTC - NSAIDS

Do any of the medications have any side effects or limit the patient's activities?

Yes _____        No ✓        If yes, explain. _____

11. Does/or could any condition cause the patient pain?

Yes ✓        No _____        If yes, explain _see above_

If yes, does any medication affect the patient's pain and how does it affect the pain?

_temporary decrease in pain_

4

CLICNY 0353

12. Please answer each question by estimating the degree of the patient's ability to do the following on a daily basis.

    (a) The patient can:

      (i) Sit up to_____ continuously and a total of_____ in an 8-hour workday;

      (ii) Stand up to _____ continuously and a total of_____ in an 8-hour workday;

      (iii) Walk up to _____ continuously and a total of_____ in an 8-hour workday;

    (b) During an entire 8-hour workday:*

      (i) The patient can lift (pounds):

| | Never | Occasionally | Frequently | Continuously |
|---|---|---|---|---|
| Up to 5 | ( ) | (✓) | ( ) | ( ) |
| 6-10 | (✓) | ( ) | ( ) | ( ) |
| 11-20 | (✓) | ( ) | ( ) | ( ) |
| 21-25 | (✓) | ( ) | ( ) | ( ) |
| 26-50 | (✓) | ( ) | ( ) | ( ) |
| 51-100 | ( ) | ( ) | ( ) | ( ) |

      (ii) The patient can carry (pounds):

| | Never | Occasionally | Frequently | Continuously |
|---|---|---|---|---|
| Up to 5 | ( ) | (✓) | ( ) | ( ) |
| 6-10 | ( ) | ( ) | ( ) | ( ) |
| 11-20 | ( ) | ( ) | ( ) | ( ) |
| 21-25 | ( ) | ( ) | ( ) | ( ) |
| 26-50 | ( ) | ( ) | ( ) | ( ) |
| 51-100 | ( ) | ( ) | ( ) | ( ) |

      (iii) The patient can:

| | Not at all | Occasionally | Frequently | Continuously |
|---|---|---|---|---|
| Bend | (✓) | ( ) | ( ) | ( ) |
| Squat | (✓) | ( ) | ( ) | ( ) |
| Crawl | (✓) | ( ) | ( ) | ( ) |
| Climb | (✓) | ( ) | ( ) | ( ) |
| Reach | ( ) | ( ) | ( ) | ( ) |

5

CLICNY 0354

*Occasionally equal 1% to 33%, frequently equals 34% to 66% continuously equals 67% to 100%.

(v)  The patient can use hands for repetitive action such as:

|  | Simple Grasping | Pushing and Pulling of Arm Controls | Manipulation |
|---|---|---|---|
| Right | ( ✓ ) Yes  ( ) No | ( ✓ ) Yes  ( ) No | ( ✓ ) Yes  ( ) No |
| Left | ( ✓ ) Yes  ( ) No | ( ✓ ) Yes  ( ) No | ( ✓ ) Yes  ( ) No |

(v)  The patient can use feet for repetitive movements, as in pushing and pulling of leg controls:

|  Right  |  Left  |  Both  |
|---|---|---|
| ( ✓ ) Yes  ( ) No | ( ✓ ) Yes  ( ) No | ( ✓ ) Yes  ( ) No |

13. The patient has restrictions in activities involving:

|  | None | Mild | Moderate | Total |
|---|---|---|---|---|
| Unprotected heights | ( ) | ( ✓ ) | ( ) | ( ) |
| Being around moving machinery | ( ) | ( ✓ ) | ( ) | ( ) |
| Exposure to marked changes in temperature and humidity | ( ✓ ) | ( ) | ( ) | ( ) |
| Driving a motor vehicle | ( ✓ ) | ( ) | ( ) | ( ) |
| Exposure to dust, fumes & gases | ✓ | | | |

14. This question applies only if its number is circled. The Social Security Administration has established what is called a "Listing of Impairments." If an individual's impairment is either listed or is... determined to be medically the equivalent of a listed impairment the... individual is deemed to be disabled. Attached is a copy of that portion of...; the Listing of Impairments that relates to the patient's complaints! Does... the patient have an impairment that meets or equals the Listings of Impairments?

If yes, explain _____

_____

_____

6

CLICNY 0355

15.  Can the patient travel alone on a daily basis.

     (a)  By bus?        Yes_____    No_____

     (b)  By subway?     Yes_____    No_____

16.  Other comments_____

_____

_____

_____

_____

_____

_____

_____

_____

                                        Date  5-10-01

_____
Physician (signed)

Michael Dr. Alexiades, MD
Physician (print name)

159 East 74th St
Address

212-734-1288
Telephone Number

7.

**Calabrese, Charles P     1115**

From:           Ryan, Mary D    1115
Sent:           Thursday, May 30, 2002 2:49 PM
To:             Calabrese, Charles P     1115
Subject:        Filepull

Charlie,

This looks like an Iron Mtn request?- file closed in Rochester.

Cx: Steven Alfano
SSN: 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

Closed 2/6/01

Thanks,
**Mary Ryan**
Case Manager
CIGNA Disability Management Solutions
Phone: (800) 376-0725 ext. 1249
Fax: (800) 377-4286
Mary.Ryan@Cigna.com

*CONFIDENTIALITY NOTICE: If you have received this e-mail in error, please immediately notify the sender by e-mail at the address shown. This e-mail transmission may contain confidential information. This information is intended only for the use of the individual(s) or entity to whom it is intended even if addressed incorrectly. Please delete from your files if you are not the intended recipient. Thank you for your compliance.*

1



*CONCENTRA MEDICAL EXAMINATIONS*



Date:    February 9, 2001

STEVEN ALFANO
3800 WALDO AVE #13G
BRONX, NY 10463

Claimant:    STEVEN ALFANO
Account File:    099449648
CME File:    003831191-01
Insured:
Date of Injury:    Jun 06, 2000

Dear STEVEN ALFANO:

At the request of CIGNA INTEGRETED CARE, your appointment for an Independent Medical Examination has been *cancelled* with an Orthopedist on Tuesday Feb 20, 2001 at 02:30 pm.

If you should have any questions, or need additional information, please feel free to call us.

Sincerely,

jld/CONCENTRA MEDICAL EXAMINATIONS

cc: LINDA CUFARI
CIGNA INTEGRETED CARE
255 EAST AVENUE
ROCHESTER, NY 14604



CLICNY 0358



*CONCENTRA MEDICAL EXAMINATIONS*

Date:        February 7, 2001

STEVEN ALFANO                    Claimant:        STEVEN ALFANO
3800 WALDO AVE #13G              Account File:    099449648
BRONX, NY 10463                  CME File:        003831191-01
                                Insured:
                                Date of Injury:  Jun 06, 2000

Dear STEVEN ALFANO:

At the request of CIGNA INTEGRETED CARE, an appointment for an Independent Medical Examination has been arranged for you with an Orthopedist on Tuesday Feb 20, 2001 at 02:30 pm.

The examining physician is:        JOSEPH PAUL M.D.
                                    3250 WESTCHESTER AVENUE
                                    SUITE LIA
                                    Bronx, NY 10461
                                    (718)552-0490

*FAILURE TO SUBMIT TO THE EXAMINATION AS REQUESTED MAY RESULT IN THE TERMINATION OF YOUR PRESENT AND FUTURE BENEFITS.*

You must present a Photo Identification at the time of this examination. If necessary, you must appear with an interpreter. If you have any x-rays or medical reports, please bring them with you to the appointment. Please call the physician two days prior to the appointment to confirm date and time.

Sincerely,

jld/CONCENTRA MEDICAL EXAMINATIONS

cc: LINDA CUFARI
    CIGNA INTEGRETED CARE
    255 EAST AVENUE
    ROCHESTER, NY 14604

CLICNY 0359

LAW OFFICES OF
# ADAM S. COHEN
81 MAIN STREET, SUITE 300
WHITE PLAINS, NEW YORK (0601

(914) 421-0080
(718) 681-3907
FAX: (914) 421-0035



645 ALLERTON AVENUE
BRONX, NY 10467

9 W. PROSPECT AVENUE
MT. VERNON, NY 10550

ADAM S. COHEN*

DONALD N. SILVERMAN
ROBIN A. BIKKAL
OF COUNSEL

*ADMITTED IN NY AND CT

April 10, 2001

Jennifer Houghton
CIGNA Integrated Claim Services
Routing 1760
255 East Avenue
Rochester, NY 14604

|  |  |
|---|---|
| Re: | Steven Alfano |
| Certholder: | S168463745 |
| Policy #: | NYK 1972 |
| Account: | Weill Medical College |
| Company: | CIGNA Life Insurance Co. Of New York |

Dear Ms. Houghton:

As you are aware, this office represents the above captioned claimant in his claim for Long-Term Disability benefits. Moreover, as you are aware, we have appealed the denial of his claim.

We are currently awaiting medical evidence from our client's treating physician regarding our client's disability. We are not yet in receipt of that evidence and would hereby request an additional sixty (60) days within which to submit this documentation.

Please inform me as to any decision regarding this application.

Very truly yours,

Adam S. Cohen, Esq.

Jennifer Houghton
Case Manager
CIGNA Integrated Claim Services

**CIGNA Group Insurance**
Life - Accident - Disability

March 23, 2001

Routing 1760
255 East Avenue
Rochester NY 14604
Telephone 1-800-532-9288
Facsimile 716-258-1780

Law Offices of Adam S. Cohen
81 Main Street, Suite 300
White Plains, NY 10601

RE:  Claimant:        Steven Alfano
     Certholder:      S168463745
     Policy #:        NYK 1972
     Account Name:    Weill Medical College
     Company Name:    CIGNA Life Insurance Co. of New York

Dear Mr. Cohen:

Your request for review of the your client's claim under the above referenced Long- Term Disability claim in accordance with the Employee Retirement Income Security Act (ERISA) of 1974 has been received. Your file has been forwarded to the Appeals team for review.

Per ERISA guidelines, you should be notified of the final decision within 60 days of the date date our office received your request for review. If there are special circumstances requiring delay, you will be notified of the final decision no later than 120 days after your request was received. On a 60 day basis, correspondence will be sent to you regarding the status of the appeal.

Please note, under the ERISA guidelines, you have 60 days from the receipt of our original determination to submit any additional information regarding this claim.

Should you have any questions, regarding the status of the appeal, please contact the Appeals Team at 1-800-532-9288, ext. 1793.

Sincerely,

Jennifer Houghton
Case Manager

Life Insurance Company of North America
Connecticut General Life Insurance Company
Insurance Company of North America
INA Life Insurance Company of New York
Subsidiaries of CIGNA Corporation

Jennifer Houghton
Case Manager
Integrated Claim Services



**CIGNA Group Insurance**
Life · Accident · Disability

April 12, 2001

Routing 1760
255 East Avenue
Rochester NY 14604-2624
Telephone 716-258-1793
Facsimile 716-231-6511

Adam S. Cohen
81 Main St Suite 300
White Plains, NY 10601

**Claimant's Name:**        **Steven Alfano**
**Social Security Number:** 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
**Policy Number:**          NYK 1972
**Policy Holder:**          Weill Medical College
**Underwriting Company:** CIGNA Life Insurance Company of New York

Dear Mr. Cohen:

This letter is in reference to the above-mentioned claim.

I have read your letter and, as requested, reviewed your claim for Long-term Disability benefits under Policy NYK 1972.

A full and fair review of your claim has been conducted which included all items contained in the claim file as well as those submitted on appeal. Based upon the review it is our determination that the original denial of benefits was correct and therefore we must maintain our denial. The following is our rationale for this decision.

**Disability Definition:**

Disability is defined as follows:

"An Employee will be considered Disabled if because of Injury or Sickness:
1. he is unable to perform all the material duties of his regular occupation; or
2. he is earning less than 80% of his Indexed Covered Earnings."

**Benefit Waiting Period Definition:**

The Benefit Waiting Period is defined as follows:

"The Benefit Waiting Period for an Employee will be 180 days of continuous Disability. A period of Disability will be considered continuous even if the Disabled Employee returns to work. If, however, at the end of the Benefit Waiting Period, the Employee has earned more than 80% of his Basic Monthly Earnings for any Month during the Benefit Waiting Period, it will be extended for 1 month.

Life Insurance Company of North America
CIGNA Life Insurance Company of New York
Connecticut General Life Insurance Company

CLICNY 0302



Page 2

If the Employee earns more than 80% of his Basic Monthly Earnings for more than one month during the Benefit Waiting Period, his period of Disability will not be considered continuous."

## Assessment

Your client last worked on June 5, 2000.

In an examination dated June 5, 2000, Dr. Alexiades' exam shows that your client had normal heel/toe/tandem gait, decreased range of motion of the LS spine (degree of range of motion was not provided), 5/5 strength, reflexes at 1+ in the knees, reflexes at 2+ in the ankles. Dr. Alexiades said that Mr. Alfano was unable to work at this point.

An MRI of Mr. Alfano's lumbar spine performed on June 9, 2000 showed moderate to severe L5-S1 spondylosis, mild impingement on the inferior aspect of the left L5 nerve root, moderate L5-S1 spinal stenosis.

An electromyelogram performed for your client on July 20, 2000 suggested that he had a left S1 more than L5 radiculopathy without associated weakness or reflex change. Dr. Scelsa's exam showed a negative straight leg raising test, negative Patrick's maneuver, no atrophy, strength 5/5 with some give-way in the left plantar and dorsiflexion of foot and toes, slightly antalgic gait, inability to walk on heels and toes due to pain, negative Romberg test, sensation to pin prick diminished in the left lateral border of the foot, sensation to vibration impaired in both great toes, reflexes 2+ throughout. The doctor concluded that Mr. Alfano could return to work and that he should get up from his desk a few times an hour to stretch and walk around. The claimant was also told he should avoid lifting anything heavy (greater than 10 pounds).

Dr. Alexiades examined Mr. Alfano again on July 31, 2000. Your client continues to complain of low back pain and occasional numbness in the left leg. The doctor stated that Mr. Alfano was neurologically intact and had difficulty with toe walking.

On August 17, 2000, Dr. McCance examined Mr. Alfano. Your client complained of low back pain radiating down the left leg with numbness in both feet. He reported a loss of strength in the left leg with walking. The doctor's exam revealed that your client walked with a normal but slow gait but had trouble with heel walking on the left. Reflexes were 2+ at the knees and right ankle but 1+ at the left ankle. Sensation was decreased in the left L5 and especially in the S1 distribution. Power testing was 4/5 left tibialis anterior and left hip abductor. Straight leg raise was negative. Hip range of motion was free. The claimant had a lot of pain with pressure palpation of the L5 vertebra. The claimant reported pain with lumbar range of motion, especially extension (degrees of range of motion were not reported).

Dr. Snow examined Mr. Alfano on August 23, 2000. He complained of low back pain and left leg pain since he was 16 years old. He complained that the pain had gotten much more severe recently with much greater right leg pain, also numbness and weakness with a left foot drop with walking. The doctor noted that his exam showed pain with extension and flexion of the low back (no degrees of range of motion were provided), a positive straight leg raising test bilaterally at 45 degrees, intact motor and sensory exams, absent ankle reflexes and 2+ reflexes otherwise.

Page 3

When Dr. Farmer examined Mr. Alfano on August 31, 2000, your client walked with a normal gait, had no tenderness to palpation, was able to forward flex with fingers within 6 inches of the floor, was able to extend to 30 degrees, bend laterally and symmetrically. Strength in the legs was 5/5, sensation was intact, reflexes were 1+, range of motion of hips was full and painless, neural tension signs were negative.

Dr. Farmer examined Mr. Alfano on September 14, 2000. His examination revealed that your client had no tenderness to palpation of his lumbar spine. Mr. Alfano did complain of significant low back pain with forward flexion. His neurologic exam was stable and neural tension signs were negative.

On December 14, 2000, Crystal in Dr. McCance's office told us that the doctor did not feel comfortable completing a physical ability assessment because he had not seen your client since August.

In his physical ability assessment completed December 15, 2000, Dr. Snow said that Mr. Alfano could lift and carry up to 20 pounds frequently; lift and carry up to 50 pounds occasionally; sit, stand, walk and climb stairs occasionally.

Dr. Scelsa completed a physical ability assessment for Mr. Alfano on December 18, 2000. He said that your client could lift and carry up to 10 pounds frequently, push or pull up to 20 pounds occasionally, sit and stand frequently, walk or climb stairs occasionally.

On January 8, 2001, Dr. Schiff wrote about Mr. Alfano that he needed surgery for LS-S1 stenosis/spondylosis, now on disability, will prescribe Celexa for depression, also will try Zestril for blood pressure instead of Norvasc.

Dr. Alexiades completed a physical ability assessment for Mr. Alfano on January 15, 2001. He said that your client was able to lift, carry, push and pull up to 10 pounds occasionally; climb stairs occasionally; and reach occasionally. He did not comment on your client's ability to sit, stand or walk. At the bottom of the form, he wrote "LS-S1 herniated nucleus pulposus with mechanical back pain and radiculopathy, surgery recommended."

In a discussion on February 6, 2001, Rosemary Cius of the Weill Medical College informed Lara D'Ambrosio, case manager, that the duties of Mr. Alfano's occupation as a wage and salary manager required him to perform duties within the sedentary level of physical demand. Ms. Cius said that Mr. Alfano is able to get up and move about as needed. He is not required to lift.

Your client's claim for long-term disability benefits was originally denied on February 12, 2001 because he did not appear to be disabled through the benefit waiting period.

You sent us a letter dated March 19, 2001 in which you stated that you were appealing the denial of Mr. Alfano's claim dated February 12, 2001. At that time, you said you intended to submit additional medical records in support of Mr. Alfano's claim. You requested additional time in which to do so.

Page 4

On April 10, 2001, you sent me a letter requesting that I delay the decision on this claim for another 60 days while you awaited medical evidence from your client's treating physician regarding Mr. Alfano's disability.

## Summary

The duties of Mr. Alfano's occupation fall within the sedentary level of physical demand. Per Dr. Scelsa's examination of July 20, 2000, client was able to return to work at that time. Although the doctor outlined restrictions for your client, these were consistent with the demands of his occupation. Your client's abilities per Dr. Scelsa's and Dr. Alexiades' assessments again are consistent with the duties of his occupation.

Although your client presented with positive findings on his MRI and electromyelogram, his examination results from his multiple physicians are inconsistent and do not support his inability to perform the duties of his occupation continuously for at least 180 days.

Based on the information in your client's file, he does not appear to satisfy the policy definition of disability through the benefit waiting period. For these reasons, the decision to close his claim for long-term disability benefits is upheld.

You notified me on April 10, 2001 that you will be submitting additional information related to Mr. Alfano's claim for benefits. Although I have upheld the decision to close his claim, we will reconsider this decision based on any additional information you would like to provide.

We regret our determination is an unfavorable one. Should you have any questions regarding this matter, please do not hesitate to contact me at (800)532-9288 x1793.

Sincerely,

Jennifer Houghton
Case Manager

LAW OFFICES OF
**ADAM S. COHEN**
81 MAIN STREET, SUITE 900
WHITE PLAINS, NEW YORK

(914) 422-0080
(914) 667-7777
(718) 681-3907
FAX (914) 667-7916

New York Office:
645 Allerton Avenue
Bronx, NY 10467

9 West Prospect Avenue
Bxp Building-Suite 409
Mt. Vernon, NY 10550

ADAM S. COHEN

Ronald L. Hubbard

Admitted in NY and DT

### FAX COVER SHEET

DATE 4/11/01

TO: Jennifer Houghton

FROM: Adam S. Cohen Esq

FAX NUMBER: 1 (716) 858-1780

NUMBER OF PAGES: 3
(Including This Cover)

RE: Steven Alfano

COMMENT: _____

IF YOU DO NOT RECEIVE ALL PAGES CALL (914) 422-0080.          Liane

NOTICE:  THIS COMMUNICATION IS PRIVILEGED, CONFIDENTIAL AND INTENDED ONLY FOR INDIVIDUAL
OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR
AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY
NOTIFIED THAT DISSEMINATION OR COPYING OF THIS INFORMATION IS STRICTLY PROHIBITED.
IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US AT THE ABOVE TELEPHONE
NUMBER IMMEDIATELY AND RETURN THE ORIGINAL FAX TO US AT THE ABOVE ADDRESS VIA
THE U.S. POSTAL SERVICE. THANK YOU,

04/11/2001  08:15  9146577916          ADAM S COHEN ESQ:          PAGE 02

LAW OFFICES OF
## ADAM S. COHEN
81 MAIN STREET, SUITE 300
WHITE PLAINS, NEW YORK 10601

(914) 421-0060
(718) 881-9907
FAX: (914) 421-0035

ADAM S. COHEN*

---
DONALD N. SILVERMAN
ROBIN A. BROXAL
OF COUNSEL

*ADMITTED IN NY AND CT

845 ALLERTON AVENUE
BRONX, NY 10467

6 W. PROSPECT AVENUE
MT. VERNON, NY 10550

April 10, 2001

Jennifer Houghton
CIGNA Integrated Claim Services
Routing 1760
255 East Avenue
Rochester, NY 14604

Re:          Steven Alfano
Certholder:   S168463745
Policy #:     NYK 1972
Account:      Weill Medical College
Company:      CIGNA Life Insurance Co. Of New York

Dear Ms. Houghton:

As you are aware, this office represents the above captioned claimant in his claim for Long-Term Disability benefits. Moreover, as you are aware, we have appealed the denial of his claim.

We are currently awaiting medical evidence from our client's treating physician regarding our client's disability. We are not yet in receipt of that evidence and would hereby request an additional sixty (60) days within which to submit this documentation.

Please inform me as to any decision regarding this application.

Very truly yours,

Adam S. Cohen, Esq.

04/11/2001  08:16  9146577916          ADAM S COHEN ESQ:                    PAGE  03

Jennifer Houghton
Case Manager
CIGNA Integrated Claim Services

**CIGNA Group Insurance**
Life · Accident · Disability

March 23, 2001

Law Offices of Adam S. Cohen
81 Main Street, Suite 300
White Plains, NY  10601

Routing 1760
255 East Avenue
Rochester NY 14604
Telephone 1-800-532-9288
Facsimile 716-258-1760

RE:    Claimant:         Steven Alfano
       Certholder:       S168463745
       Policy #:         NYK 1972
       Account Name:     Weill Medical College
       Company Name:     CIGNA Life Insurance Co. of New York

Dear Mr. Cohen:

Your request for review of the your client's claim under the above referenced Long- Term
Disability claim in accordance with the Employee Retirement Income Security Act (ERISA) of
1974 has been received. Your file has been forwarded to the Appeals team for review.

Per ERISA guidelines, you should be notified of the final decision within 60 days of the date
date our office received your request for review. If there are special circumstances requiring
delay, you will be notified of the final decision no later than 120 days after your request was
received. On a 60 day basis, correspondence will be sent to you regarding the status of the
appeal.

Please note, under the ERISA guidelines, you have 60 days from the receipt of our original
determination to submit any additional information regarding this claim.

Should you have any questions, regarding the status of the appeal, please contact the
Appeals Team at 1-800-532-9288, ext. 1793.

Sincerely,

Jennifer Houghton
Case Manager

Life Insurance Company of North America
Connecticut General Life Insurance Company
Insurance Company of North America
INA Life Insurance Company of New York
Subsidiaries of CIGNA Corporation

**Exhibit A**

# Appeals Team Referral

DATE APPEAL RECEIVED ___3/21/2001___ DATE REFERRED ___3/21/2001___

CLAIMANT: ___Steven Alfano___

SS#: ___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___

POLICY/PLAN #: (if fully insured) ___NYK 1972___

ACCOUNT NAME: ___Weill Medical College___

ERISA ___X___

NON-ERISA___

ASO___

FULLY INSURED___

CMS WHO HAVE PREVIOUSLY REVIEWED THE CLAIM: ___Lara D'Ambrosio___

REASON FOR ORIGINAL DENIAL: ___Not TD o/o. CX released to work 7/20/2000. Did not satisfy 180 day benefit WP of continuous disability.___

DATE OF ORIGINAL DENIAL: ___2/12/2001___

TEAM LEADER: ___Abbe Eyre___

NAME AND DATE: ___Abbe Eyre  3/21/01___

Jennifer Houghton
Case Manager
CIGNA Integrated Claim Services

**CIGNA Group Insurance**
Life · Accident · Disability

March 23, 2001

Law Offices of Adam S. Cohen
81 Main Street, Suite 300
White Plains, NY 10601

Routing 1760
255 East Avenue
Rochester NY 14604
Telephone 1-800-532-9288
Facsimile 716-258-1780

RE:    Claimant:         Steven Alfano
       Certholder:       S168463745
       Policy #:         NYK 1972
       Account Name:     Weill Medical College
       Company Name:     CIGNA Life Insurance Co. of New York

Dear Mr. Cohen:

Your request for review of the your client's claim under the above referenced Long- Term
Disability claim in accordance with the Employee Retirement Income Security Act (ERISA) of
1974 has been received. Your file has been forwarded to the Appeals team for review.

Per ERISA guidelines, you should be notified of the final decision within 60 days of the date
date our office received your request for review. If there are special circumstances requiring
delay, you will be notified of the final decision no later than 120 days after your request was
received. On a 60 day basis, correspondence will be sent to you regarding the status of the
appeal.

Please note, under the ERISA guidelines, you have 60 days from the receipt of our original
determination to submit any additional information regarding this claim.

Should you have any questions, regarding the status of the appeal, please contact the
Appeals Team at 1-800-532-9288, ext. 1793.

Sincerely,

Jennifer Houghton
Case Manager

Life Insurance Company of North America
Connecticut General Life Insurance Company
Insurance Company of North America
INA Life Insurance Company of New York
Subsidiaries of CIGNA Corporation

CLICNY 0370

LAW OFFICES OF
## ADAM S. COHEN
81 MAIN STREET, SUITE 300
WHITE PLAINS, NEW YORK 10601

(914) 421-0080
(718) 681-3907
Fax (914) 421-0035

ADAM S. COHEN*

DONALD N. SILVERMAN
ROBIN A. SIXXAL
OF COUNSEL

*ADMITTED IN NY AND CT

545 Allerton Avenue
Bronx, NY 10467

9 West Prospect Avenue
Mt. Vernon, NY 10550

March 19, 2001

Lara D'Ambrosio
Case Manager
Long Term Disability
Routing 1760
255 East Avenue
Rochester, New York 14604

Re:    Steven Alfano
       S099449648
       NYK 1972
       Weill Medical College
       CIGNA Life Insurance Company of New York

Dear Ms. D'Ambrosio:

Please be advised that Steven Alfano recently retained this office to represent him in his claim for long term disability benefits. We hereby appeal the denial of his claim dated February 12, 2001.

We intend to submit additional medical records in support of this claim. Toward that end, we hereby request additional time within which to do so.

Please contact this office upon receipt of this letter to discuss this matter.

Very truly yours,

Adam S. Cohen, Esq.

ASC/lr

cc:    Steven Alfano

LAW OFFICES OF
**ADAM S. COHEN**
81 MAIN STREET, SUITE 300
WHITE PLAINS, NY 10601

(914) 421-0080
(914) 667-7737
(718) 681-3907

ADAM S. COHEN*

Reena L. Steinhardt

*ADMITTED IN NY AND CT

New York Offices
605 Allerton Avenue
Bronx, NY 10467 MI.

9 West Prospect Avenue
Bar Building Suite 409
Vernon, NY 10550

February 1, 2001

TO WHOM IT MAY CONCERN:

Please be advised effective February 26, 2001 our new address will be.

Law Offices of Adam S. Cohen
81 Main Street, Suite 300
White Plains, New York 10601
(914) 421-0080
Fax: (914) 421-0035

Very truly yours,

Adam S. Cohen, Esq.

ASC/lr

 **CIGNA Claims Services**
Rochester Claims Service Center



## Permanent Telephone Record

| Claimant: | Steven Alfano | SSN: | 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 |
|---|---|---|---|
| Policyholder: | Weill Med College | Policy #: | NYK 1972 |

Date: 02/12/01                          Time: 11:14 AM

To: ☒ From: ☐ Steven Alfano          Cx: ☒ ER: ☐ MD: ☐
Other:

Phone Number:    718.884.2067

Spoke With:    Steven        Relationship:

**Call Content/Message:**
Called CX to advise that a decision has been made on his claim and that he is not eligible to receive benefits under the policy as he had not been continously disabled throughout the waiting period.

CX stated that he did return to work for one day and is unable to sit. I advised CX based on PAA's completed by AP's he does have sedentary capabilities.

Advised CX that I would be sending him a letter today with a detailed account of how we came to our decision.

Advised CX of his appeal rights.

**Comments/Action Items:**
**Callback Required:** ☐
**Time Zone:** Eastern

Signature: _Nancy D'Ambrosio_
                                    *Case Manager*

CLICNY 0373

Lara D'Ambrosio
Case Manager
Long Term Disability



**CIGNA**

February 12, 2001

Weill Medical College
1300 York Ave
New York, NY 10021

Routing 1760
255 East Ave
Rochester NY 14604
Telephone 800.532.9288 ext
6521
Facsimile 716.231.6502

Attn: Rosemary Cius / Human Resources

Re:  Steven Alfano
     S099449648
     NYK 1972
     Weill Medical College
     CIGNA Life Insurance Company of New York

Dear Ms. Cius;

We have completed our investigation of Long Term Disability benefits for the above
mentioned employee.

After a review of the medical information on file, Mr. Alfano is not eligible for Long Term
Disability benefits has he had not been continuously disabled throughout the 180 day benefit
waiting period and therefore does not satisfy the definition of disability.

Please feel free to call should you have any questions.

Sincerely,

Lara D'Ambrosio
Case Manager

Life Insurance of North America
Connecticut General Life Insurance Company
CIGNA Life Insurance Company of New York

## Compliance Checklist

**Date Received:** 12/08/00

**Claimant:** Steven Alfano
**SS#** 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

**Acknowledgement Must Be Sent By:** 12/17/00

**Call to claimant must be made by:** 12/14/00    Alert to Other Benefits as req.

**CM** Lara D'Ambrosio

| 1st Delay: Date Must be Sent | If 1st Delay Sent on | 2nd Delay Must be Sent By: | If 2nd Delay Sent on | 3rd Delay Must Be Sent By: |
|---|---|---|---|---|
| 01/06/01 | 12/22/00 | 01/20/01 | 01/05/01 | 02/03/01 |
| | 12/23/00 | 01/21/01 | 01/06/01 | 02/04/01 |
| | 12/24/00 | 01/22/01 | 01/07/01 | 02/05/01 |
| | 12/25/00 | 01/23/01 | 01/08/01 | 02/06/01 |
| | 12/26/00 | 01/24/01 | 01/09/01 | 02/07/01 |
| | 12/27/00 | 01/25/01 | 01/10/01 | 02/08/01 |
| | 12/28/00 | 01/26/01 | 01/11/01 | 02/09/01 |
| | 12/29/00 | 01/27/01 | 01/12/01 | 02/10/01 |
| | 12/30/00 | 01/28/01 | 01/13/01 | 02/11/01 |
| | 12/31/00 | 01/29/01 | 01/14/01 | 02/12/01 |
| | 01/01/01 | 01/30/01 | 01/15/01 | 02/13/01 |
| | 01/02/01 | 01/31/01 | 01/16/01 | 02/14/01 |
| | 01/03/01 | 02/01/01 | 01/17/01 | 02/15/01 |
| | 01/04/01 | 02/02/01 | 01/18/01 | 02/16/01 |
| | 01/05/01 | 02/03/01 | 01/19/01 | 02/17/01 |
| | 01/06/01 | 02/04/01 | 01/20/01 | 02/18/01 |
| | | | 01/21/01 | 02/19/01 |
| | | | 01/22/01 | 02/20/01 |
| | | | 01/23/01 | 02/21/01 |
| | | | 01/24/01 | 02/22/01 |
| | | | 01/25/01 | 02/23/01 |
| | | | 01/26/01 | 02/24/01 |
| | | | 01/27/01 | 02/25/01 |
| | | | 01/28/01 | 02/26/01 |
| | | | 01/29/01 | 02/27/01 |
| | | | 01/30/01 | 02/28/01 |
| | | | 01/31/01 | 03/01/01 |
| | | | 02/01/01 | 03/02/01 |
| | | | 02/02/01 | 03/03/01 |
| | | | 02/03/01 | 03/04/01 |
| | | | 02/04/01 | 03/05/01 |

Date Sent: 1/5/01
In Compliance? Y

12/12/2000

Lana D'Ambrosio
Case Manager
Long Term Disability



**CIGNA**

February 12, 2001

Steven Alfano
3800 Waldo Ave
Apt 13-G
Bronx, NY 10463

Routing 1760
255 East Ave
Rochester NY 14604
Telephone 800.532.9288 ext 6521
Facsimile 716.231.6502

RE:   Steven Alfano
      S099449648
      NYK 1972
      Weill Medical College
      CIGNA Life Insurance Company of New York

Dear Mr. Alfano;

This letter is in reference to your claim for Long Term Disability Benefits under the above mentioned group policy for Weill Medical College.

After a review of the information contained in your file, it has been determined that you do not satisfy the definition of disability and therefore are not eligible to receive benefits under policy NYK 1972.

In an effort to help you understand the basis for our decision, we have provided the applicable policy provisions.

### Definitions

"Disability
An employee will be considered Disabled if because of Injury or Sickness:
    1.  he is unable to perform all the material duties of his regular occupation; or
    2.  he is earning less than 80% of his Indexed Covered Earnings"

"Benefit Waiting Period
The Benefit Waiting Period for an Employee will be 180 days of continuous Disability. A period of Disability will be considered continuous even if the Disabled Employee returns to work. If, however, at the end of the Benefit Waiting Period, the Employee has earned more than 80% of his Basic Monthly Earnings for any Month during the Benefit Waiting Period, it will be extended for 1 month. If the Employee earns more than 80% of his Basic Monthly Earnings for more than one month during the Benefit Waiting Period, his period of Disability will not be considered continuous."

Life Insurance of North America
Connecticut General Life Insurance Company
CIGNA Life Insurance Company of New York

February 12, 2001
Page 2

### Assessment

We received your claim for disability benefits on 12/8/2000 for your reported symptoms of lower back pain, pain and numbness into buttocks, legs and feet, and pain in the back and legs while sitting. Your last day worked was reported as 6/5/2000 with your disability beginning 6/5/2000.

In an effort to obtain the medical information necessary to assess your disability status, we requested information from Dr. Schiff, Dr. McCance, Dr. Alexiades, Dr. Scelsa, Dr. Snow, Dr. Digiovanni, Dr. Farmer and Thera-Ex Physical Therapy. We requested that a physical ability assessment be completed by each of your treating physicians and asked that they provide copies of your progress notes and test results from 4/1/2000 to the present.

On 12/18/2000, we received a copy of your 8/23/2000 neurosurgical consultation with Dr. Snow. Dr. Snow indicated that you were seen for complaints of low back pain and intermittent leg pain since you were about 16 years old. The evaluation stated that more recently the pain has become much more severe and has left much greater than right leg pain. The notes indicated that you reported numbness and weakness and a dropped foot in your left leg more than your right leg but also complained of numbness in the right leg.

Your exam with Dr. Snow on 8/23/2000 showed pain with extension or flexion of the low back and positive straight leg raising bilaterally at 45 degrees. Motor and sensory exam were intact. Deep tendon reflexes absent in the ankle jerks otherwise 2+ and symmetrical. Dr. Snow indicated a diagnosis of L5-S1 radiculopathy left much greater than right secondary to lumbar stenosis. Dr. Snow recommended a lumbar laminectomy at L5 bilaterally with possible discectomy at L5-S1 on the left. The physical ability assessment completed by Dr. Snow indicated that you were capable of frequently lifting and carrying up to 20 pounds and occasionally able to lift and carry up to 50 pounds. Dr. Snow indicated that you were capable of sitting, standing and walking each up to 2.5 hours.

We received copies of your progress notes from Dr. Scelsa on 12/26/2000. You were first evaluated by Dr. Scelsa on 7/20/2000. The notes stated that you were referred for evaluation of possible left lumbosacral radiculopathy. Dr. Scelsa indicated that you reported lower back pain intermittently for many years. It was reported that you had intermittently noted some weakness in the left leg. EMG studies were performed which showed nonspecific neurogenic abnormalities in both legs of uncertain significance. Late responses were prolonged bilaterally. Dr. Scelsa indicated that the findings did not clearly differentiate bilateral L5-S1 radiculopathies from mild polyneuropathy.

Dr. Scelsa stated in the 7/20/2000 progress note, "He will hold off in exercising for now. He was told he could return to work and that he should get up from his desk a few times an hour to stretch and walk around. He was told he should avoid lifting anything heavy (greater than 10 pounds)." The physical ability assessment completed by Dr. Scelsa indicated that you were capable of lifting and carrying 10 pounds on a frequent basis. You had the ability to frequently sit and stand up to 5.5 hours and walk up to 2.5 hours.

CLICNY 0377

February 12, 2001
Page 3

On 1/8/2001, we received a copy of your 8/17/2000 evaluation with Dr. McCance. It was indicated that you were referred to him for evaluation of low back pain radiating down the left leg with numbness in both feet. He stated that you reported loss of strength in the left leg with walking. Exam showed that you walked with a normal but slow gait. Straight leg raise was negative and hip range of motion was pain free. Dr. McCance noted pain with pressure palpation of the L5 vertebra. MRI scan was reviewed and showed significant degenerative disc changes with modic endplate changes at L5-S1 with diffuse disc bulging and a moderate spinal stenosis. Dr. McCance indicated that he was concerned about the left leg weakness after walking 2 blocks. It was noted that left leg weakness had been present for 1-2 years and does not appear to be improving. Dr. McCance recommended a L5-S1 fusion with decompression.

Dr. Schiff provided copies of your evaluations from 10/16/2000 and 10/23/2000. On 10/16/2000 the note stated, "42 year old man needs surgery for L5-S1 stenosis/spondylosis...Now on disability...Will prescribe Celexa for depression. Your follow up evaluation stated that you were sleeping better and doing well on Celexa.

We received a call from the Ambulatory Surgery Center in regards to our request for progress notes from Dr. Digiovanni. We were advised that Dr. Digiovanni does perform surgery at the location but they did not have office notes.

Dr. Alexiades completed the physical ability assessment form on 1/15/2001. Dr. Alexiades indicated that your capabilities included lifting and carrying up to 10 pounds occasionally. Pushing and pulling up to 10 pounds occasionally and the ability to climb regular stairs occasionally. Dr. Alexiades commented that you had an L5-S1 herniated disc with mechanical back pain and radiculopathy. Surgery was recommended.

The office note from your 6/5/2000 evaluation with Dr. Alexiades stated, "Mr. Alfano returns complaining of lumbar radiculopathy in the left leg for the last couple of weeks. It has gotten quite severe. He is taking Motrin with only minimal relief. Physical exam reveals normal heel/toe/tandem gait; decreased range of motion of the L5 spine...He is unable to work at this point."

You followed up with Dr. Alexiades on 7/31/2000 for complaints of back pain despite 2 epidural injections. Dr. Alexiades indicated that on exam, you were neurologically intact. It was recommended that you see a spine surgeon for possible fusion.

We contacted Thera-Ex on several occasions to follow up on our request for your progress notes. The notes were provided on 1/30/2001. Thera-Ex provided the script written by Dr. Farmer with stated, "PT consult...stabilization program 3x/week for 4 weeks. Other modalities as needed." We were advised that you were seen on 9/9/2000 for your initial evaluation and had not followed up.

Dr. Farmer provided copies of your progress notes on 1/31/2000. You were first treated on 8/31/2000. Dr. Farmer noted that you had a long history of intermittent low back pain. The notes stated that you reported increased severity over the past 2 years. The notes stated that on physical exam you walked with a normal gait and examination of the lumbar spine did not have tenderness to palpation. The notes stated, "He is able to forward flex, bring his finger to within 6 inches of the floor and extends approximately 30 degrees. He laterally bends bilaterally which is symmetric. Neurologically, motor strength is 5/5 in the lower extremities bilaterally with intact sensation...Range of motion of the hips is

CLICNY 0378

February 12, 2001
Page 4

full and painless." Dr. Farmer recommended physical therapy and to continue taking anti-inflammatories.

At your follow up evaluation on 9/14/2000 you reported to Dr. Farmer that you had performed physical therapy but has had no improvement whatsoever in your pain and felt that overall the therapy has exacerbated your pain. Dr. Farmer noted that you reported some intermittent fatigue in the left leg with prolonged walking but notes your primary complaint is in the lower back.

Physical exam on 9/14/2000 showed that the lumbar spine was non-tender to palpation. Back pain was noted on forward flexion. Your neurologic exam was stable. Dr. Farmer indicated that he felt that the back pain was from degenerative changes at L5-S1. That notes stated, "At this point, he reports his back pain is severe and continues to limit him on a daily basis and wishes to consider surgical intervention. Dr. Farmer recommended a discogram, then a repeat MRI to confirm that the L5-S1 disc is the painful level. You were to follow up after the recommended tests.

You followed up with Dr. Farmer on 11/7/2000. You reported having significant low back pain. Dr. Farmer reports on exam, no change in range of motion of the lumbar spine. Neurologic exam is stable from a motor and sensory standpoint. Dr. Farmer indicated that in the notes that you wished to continue with conservative management and wished to perform more physical therapy. Dr. Farmer recommended that you follow up after you had completed your course of physical therapy. No evaluations beyond 11/7/2000 were provided.

### Summary

After an evaluation of the medical information on file, you do not satisfy the 180 day waiting period of continuous disability. For consideration of disability benefits, medical documentation of limitations and restrictions must be provided showing that you were continuously disabled throughout the waiting period. These limitations and restrictions must support the inability to perform your own occupation.

We contacted Rosemary Cius at Weill Medical College for clarification of the physical requirements of your job. The duties of your occupation fall within the sedentary physical demand level as outlined by the U.S. Department of Labor's Dictionary of Occupational Titles. We were advised that your job does not require any lifting but does allow you to get up and walk around as needed.

After evaluating the physical ability assessments completed by Dr. Alexiades, Dr. Scelsa, and Dr. Snow, you do not have any limitations and restrictions that would prevent you from performing your own occupation. In addition, you were released to work following your 7/20/2000 evaluation with Dr. Scelsa with restrictions that fell within your occupational requirements.

Following the release to work given by Dr. Scelsa, you were not treated again until 8/17/2000 with Dr. McCance. While we understand that you were continuously treated for your back condition following your return to work date, and your treatment plan includes the need for surgery, there were no limitations or restrictions that would prevent you from performing a sedentary job. In addition, your complaints of lower back pain and left leg fatigue have been present for several years.

You had been released to work following your 7/20/2000 evaluation and your physical exam with Dr. Farmer on 8/31/2000 showed no tenderness to the lumbar spine with palpation. You were able to

February 12, 2001
Page 5

forward and range of motion of the hips was full and painless. The medical documentation does show that you had an exacerbation in your condition beginning 6/5/2000 but medical documentation does not support total and continuous disability throughout the 180 day waiting period. As you did not have any limitations and restrictions that would prevent you from performing a sedentary job, you are not eligible for disability benefits under policy NYK 1972 as you were not continuously disabled.

For reconsideration of benefits, the following must be provided:

- A letter from yourself stating why you were unable to work beginning 6/5/2000
- Documented limitations and restrictions that would prevent you from performing a sedentary job
- Documentation of an exacerbation in your condition as of 7/21/2000 that you were unable to return to work at that time
- Physical therapy progress notes
- Any other pertinent information

You may request a review of this denial of initial benefits by writing to the CIGNA Life Insurance Company of New York representative signing this letter. The written request for review and documentation indicated above must be sent within 60 days of receipt of this letter. Under normal circumstances, you will be notified of the final decision within 60 days of the date your request for review is received. If there are special circumstances requiring delay, you will be notified of the final decision no later than 120 days after your request is received. All written requests for reconsideration and additional documentation will be reviewed at the next authority level.

Nothing contained in this letter should be construed as a waiver of any rights or defenses under the policy. This determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specifically mentioned herein.

Sincerely,

Lara D'Ambrosio
Case Manager

**CIGNA Claims Services**
Rochester Claims Service Center

## Permanent Telephone Record

Date: 2/6/01                          Time: 1620
To:☒ From☐ _Sharon Lambert_ ☐ER ☐MD ☐Other _on return_
Ph #: 212 - 3500
Spoke with: _____    (Relationship) _____

Claimant: _Tiffano Steven_        SS#: 099 - 44 - 9648
Policyholder: _____  Policy #: NYK 1972

**Call Content / Message:**

LM on V/M requesting she
cancel request for IHT on above CX.

※ 02/07/01 TC from Sheryn confirming
0855 receipt of writer's message - of 2/6
L-) Cataris (RN)

**Comments/Action Items:**
Callback required ☐ Ph: _____  Zone: EST☐ CST☐ MST☐ PST Other ___.

Sig. _Linda Cataris_
Medical Consultant

Phonedoc.021200

CLICNY 0381

  

CIGNA Claims Services
Rochester Claims Service Center

## Permanent Telephone Record

| Claimant: | Steven Alfano | SSN: | 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 |
|---|---|---|---|
| Policyholder: | Weill Med College | Policy #: | NYK 1972 |

Date: 02/06/01          Time: 3:31 PM

To: ☒ From: ☐ Rosemary Cius          Cx: ☐ ER: ☒ MD: ☐
Other:

Phone Number:    212.746.1035

Spoke With:    Rosemary          Relationship:

**Call Content/Message:**
Called to clarify CX's occupational requirements.

Job is sedentary.
CX does have the ability to get up and move about as needed.
Job requires no lifting.

**Comments/Action Items:**
Callback Required: ☐
Time Zone:  Eastern

Signature: _Dana D'Ambrosio_
                              *Case Manager*

*Facsimile Transmission Cover Sheet*



| Transmit to FAX Number | Date | Time | Total number of pages (including this sheet) |
|---|---|---|---|
| 272-3505 | 2/5/01 | 1505 | 11 |

To: Sharyn Canham
Name

Company/Department

Phone

Address

From

Name
Linda Cufari, R.N.
Department
Rochester Claims Office
Phone
(716) 258-1782
Address

Cigna Group Insurance
255 East Avenue
Rochester, NY 14604

Comments

- We just received cx's P.T. notes.
- I have forwarded them to be included c the rest of the medical.

Thank you,
Linda

☐ Acknowledgement Requested          To fax a reply, dial:

CIGNA Facsimile Form - Associate mkt

# CIGNA/CMEMail
## Referral Form   IME

 
CONCENTRA
MEDICAL EXAMINATIONS

| REFERRAL DATE 02/05/2001 | SPECIALTY See Below | | LAIM NAME & NUMBER(for CNE use) | | | | |
|---|---|---|---|---|---|---|---|
| INDIVIDUAL TO BE EXAMINED ALFANO, STEVEN | | | REFERRED BY (MEDICAL CONSULTANT) LINDA CUFARI, R.N. LARA D'AMBROSIO, C.M. | | | | |
| ADDRESS 3600 WALDO AVENUE APT. 13-G | | | COMPANY CIGNA INTEGRATED CARE | | | | |
| CITY & STATE BRONX, NEW YORK 10463 | | | ADDRESS 255 EAST AVENUE | | | | |
| PHONE (718) 884-2067 | FAX | | CITY & STATE ROCHESTER N.Y. 14604 | | | | |
| D.O.B. 01/14/58 | S.S. # 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 | | PHONE (C.M.) 716-231-6521 (R.N.) 716-258-1782 | | | FAX (716) 231-6502 | |
| CLAIMANT OCCUPATION WAGE AND SALARY MANAGER (SEDENTARY) | | | FILE # | | | INSURED | |
| TYPE OF ILLNESS RADICULOPATHY | INCUR DATE 06/06/2000 | | STD CLAIM PAYMENT | LTD X | OTHER | UNDERWRITER CIGNA LIFE INSURAN COMPANY OF NEW Y | |
| CLAIMANT ATTORNEY | | | RUSH EXAM? ☐ yes  ☐ no | | | NEEDED BY? | |
| ADDRESS | PHONE | FAX | RE-EXAM? ☐ yes  ☐ no | | | DATE OF LAST EXAM? | |
| CITY & STATE | | | TRANSPORTATION NEEDED? ☐ yes  ☐ no | | | INTERPRETER NEEDED? ☐ yes  ☐ no | |
| HEALTHCARE PROVIDER | CITY & STATE | | X-RAY AUTHORIZATION? ☐ yes  ☐ no | | | | |
| PREFERRED EXAM DATE | | | | | IME X | PEER | |

<u>SPECIALTY</u>
X  Orthopedist  Specializing in back care
___  Neurologist
___  Neurosurgeon
___  Chiropractor
___  Psychiatrist
___  Other _____

<u>SYNOPSIS OF FILE/SPECIFIC INSTRUCTIONS FOR EXAMINING PHYSICIAN</u>

See attached sheets

| I.M.E. PHYSICIAN | LOCATION | EXAM DATE | EXAM TIME |
|---|---|---|---|

CLICNY 0384

SSF-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

Steven Attano          – 42 year old male 300 lbs. with increase in LBP 4/2000.
Disability commenced 6/2000.. Init treated by Dr. Schiff – PCP who referred CX to Dr.
Alexiades. Dr. Alexiades saw CX 6/5/2000 for c/o left leg radic. Referred for MRI. 6/12/2000
MRI showed moderate to severe L5-S1 spondylosis and mild impingement on the inferior aspect
of the left L5 nerve root and moderate L5-S1 spinal stenosis. CX saw Dr. Scelsa – neuro on
7/20/2000. AP reports conservative TX is planned. CX may return to work but should get up
from desk a few times an hour to stretch and avoid heavy lifting. CX did not f/u with Dr. Scelsa.
CX saw Dr. McCance, spinal surgeon 8/17/2000. CX reports left leg weakness has been going
on for 1-2 yrs. CX advsied to have surgery. Recommended L5-S1 fusion. CX did not f/u. CX
had neurosurgical consult 8/23/2000 with Dr. Snow. AP recommended lumbar laminectomy with
possible discectomy. CX did not f/u. CX f/u with Dr. Farmer 8/31/2000. AP recommended PT
– 3 times per week, anti-inflammatories and f/u 4-6 wks. 9/14/2000 eval CX states PT has
exacerbated pain. CX feels pain is severe and limits him on a daily basis. AP feels pain is a
result of degerative changes at L5-S1. AP recommends a discogram then will refer for additional
MRI. CX f/u with PCP 10/16 & 10/23. AP reports need for surgery. RX – Celexa.

Multiple PAA's completed.
Dr. Alexiades – occas lift and carry 10 lbs, push and pull 10 lbs, occ climb stairs. Occ reach
overhead and desk level.
Dr. Scelsa – Freq lift and carry 10 lbs. Push & pull 20 lbs. Freq sit and stand, occ walk. Occ
reach overhead and desk level.
Dr. Snow – Freq lift and carry 20 lbs. Occ up to 50. Occ able to sit, stand and walk. Cont reach
overhead, desk level and below waist.

## Questions for IME

### RE: ALFANO, STEVEN    SS# 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

1. What is the current diagnosis/diagnoses?

2. What are the claimant's current symptoms and signs, their severity and frequency?

3. How do the symptoms impact the claimant's ability to perform his sedentary job functions? ***Please refer to Occupational Requirements form forwarded with medical.

4. Please address the claimant's diagnostic findings, and how/if these findings impede the claimant's functional capabilities.

I am particularly interested in EMG studies performed on 7/20/00, which documents the following impression: "There were nonspecific neurogenic abnormalities in both legs of uncertain significance. Late responses were prolonged bilaterally. These findings did not clearly differentiate bilateral L5/S1 radiculopathies from mild polyneuropathies. There was not definitive electrophysiologic evidence of either. Taken together, the clinical and electrophysiologic features suggest the patient has left S1, more than L5, radiculopathy. There was no associated weakness or reflex change."

5. If the claimant is, indeed, limited due to physical symptoms, please provide your impression of diagnosis and your restrictions and limitations.

6. Has he been receiving appropriate treatment and what would you recommend for future treatment?

7. If the claimant is currently limited, please address his/her prognosis for recovery and prognosis for return to work?

8. Any other recommendations for changes to the claimant's treatment plan to facilitate recovery and return to work?

CLICNY 0386

9. Are the claimant's subjective complaints in keeping with his/her clinical/objective findings?

**Thank You,**

Lara D'Ambrosio
Case Manager
Long Term Disability



**CIGNA**

February 2, 2001

Routing
Corporate Place
Rochester NY 19604
Telephone 716.231.6521
Facsimile 716.231.6502

Steven Alfano
3800 Waldo Ave
Apt 13-G
Bronx, NY 10463

RE:  Claimant:       Steven Alfano
     Certholder:     S099449648
     Policy Keys:    NYK 1972
     Account Name:   Weill Medical College
     Company Name:   CIGNA Life Insurance Company of New York

Dear Mr. Alfano;

We regret the delay in making a decision on your claim. We are currently awaiting medical information from:

1. Independent Medical Exam

We hope to get this information within the next 30 days. At that time, we will advise you of the status of your disability claim.

If there are any questions, please do not hesitate to contact me. Thank you.

Sincerely,

Lara D'Ambrosio
Case Manager
1-800-532-9288 ext 6521

CIGNA Life Insurance Company of New York
Life Insurance Company of North America
Connecticut General Life Insurance Company
Insurance Company of North America
Subsidiaries of CIGNA Corporation

1-01-2001  01:19 PM    6                    3021314                  P.01

**Thera Ex Orthopedic and Sports Physical Therapy, PC**
984 North Broadway, Suite LL-02
Yonkers, New York 10701

Tel: (914) 476-0951                                      Fax: (914) 476-0918

FAX   SHEET

Fax # (914) 476-0948                                        Pages ___6___

Date:  01/30/01

To:          CIGNA
             FAX #   716 - 231 - 6502.

Comments:    R.   S. ALFANO
             ENCLOSED   ARE:
                (1)  P.T.  NOTES.
                (2)  FEE   FOR  RECORDS.
             SORRY   FOR  THIS  DELAY:   THE   CHART
             WAS   MISFILED.

                                    JOE  MAURO, PT

If you have any problem with this transmission, please call (914)476-C951.

Form 006

FEB-01-2001 01:20 PM   6                              8821314                    P.02

## THERA EX Orthopedic & Sports Physical Therapy, PC
984 North Broadway, Suite LL-02
Yonkers, New York 10701

Tel.: (914) 476-0951                         Fax: (914) 476-0948

**Patient's Name:** STEVEN ALFANO **Age:** ___ **Diagnosis:** LBP / DDD

**Referring Provider:** J. FARMER, MD **History:** Chronic LBP; med'd. _____ — no significant ruling. MRI: L-S; spinal _____ _____ _____

| FINDINGS | GOALS | PLAN | PROGRESS/ DISCHARGE STATUS |
|---|---|---|---|
| FLxP _____ (minimal) c _____ pain, _____ | ↓ pain / ↑ _____ / ↑ _____ | 1. _____ pain | |
| _____; _____ _____ shift to ® | ↑ _____ trunk shift | 2. _____ _____ | 2. |
| ROM: _____ _____ _____; _____ | ↓ Centralize leg pain | 3. Extremis _____ principles | 3. |
| ROM: Hip ____ glide to (B) _____ ↓ c | T Hip ____ glide to ® | 4. ROM ex. | 4. |
| MMT: (L) _____ 4/5 _____ → | 5. ↓ | PRE's | 5. |
| 6. _____ : 5" → | 6. 30" | Stab. exercises; PRE's | 6. |
| 7. _____ sitting x > 1' → | 15' _____ | " | 7. |
| 8. _____ _____ → | _____ whip. | Home progr. | 8. |

**Comments:** _____

**Recommended Frequency/Duration:** ( 3/ WEEK ; 4 WEEKS )
**Physical Therapist:** _____ **Date:** 07/09/2000
Dennis B. Mauro, JR. PT, OCS, MTC
**Physical Therapist:** _____ **Date:** _____
Delia E. Plaza, PT

CLICNY 0390

FEB-01-2001 01:28 PM    C                    3621314                P.08



Telephone: (212) 606-1591                    DEA NO.: BF 0537606
                                             N.Y. LIC NO.: 210368

### JAMES C. FARMER, M.D.

HOSPITAL FOR SPECIAL SURGERY
635 EAST 70TH STREET
NEW YORK, N.Y. 10021

Name: Al Fano, Steven                        Age: _____

Address: _____            Date: 3/A4600

R    Dx: LBP/DDD

Preconsult: extension
based lumbo-sacral spine
stabilization program, 3X/week
for 4 weeks. Other modalities as
needed.

                              Jmes C.     M.D.

THIS PRESCRIPTION WILL BE FILLED GENERICALLY
UNLESS PRESCRIBER WRITES 'D.A.W.' IN THE BOX BELOW

                    Dispense As Written

RFFLL:  ☐ NONE   ☐ 1   ☐ 2   ☐ 3   ☐ 4   ☐ 5

CLICNY 5391

PEB-01-2001 01:21 PM    C                    3621314                P-04

Oswestry Low Back Pain Questionnaire

Name _STAN ALFARO_ Date _9/7/00_

How long have you had back pain? _25_ ears ___ Months ___ Weeks
How long have you had leg pain? _12_ Years ___ Months ___ Weeks

Please read: This questionnaire has been designed to give us information as to how your
back pain has affected your ability to manage in everyday life. Please answer    every
section, and mark in each section only the one box which applies to you. We realize    you
may consider that two of the statements in any one section relate to you,    but please
just mark the box which most closely describes your problem.

Section 1- Pain Intensity
_ I can tolerate the pain I have without having to use pain killers.
_ The pain is bad but I manage without taking pain killers.
_ Pain killers give complete relief from pain.
_ Pain killers give moderate relief from pain.
✓ Pain killers give very little relief from pain.
_ Pain killers have no effect on the pain and I do not use them.

Section 2- Personal Care (Washing, Dressing, etc)
✓ I can look after myself normally without causing extra pain.
_ I can look after myself normally but it causes extra pain.
_ It is painful to look after myself and I am slow and careful.
_ I need some help but manage most of my personal care.
_ I need help every day in most aspects of self care.
_ I do not get dressed, wash with difficulty and stay in bed.

Section 3- Lifting
_ I can lift heavy weights without extra pain.
_ I can lift heavy weights but it gives extra pain.
✓ Pain prevents me from lifting heavy weights off the floor, but I can manage if they are
  conveniently positioned, e.g. on a table.
_ Pain prevents me from lifting heavy weights but I can manage light weights if they are
  conveniently placed.
_ I can lift only very light weights.
_ I cannot lift or carry anything at all.

Section 4- Walking
_ Pain does not prevent me walking any distance.
_ Pain prevents me walking more than 1 mile.
_ Pain prevents me walking more than ½ mile.
✓ Pain prevents me walking more than ¼ mile.
_ I can only walk using a stick or crutches.
_ I am in bed most of the time and have to crawl to the toilet.

Section 5- Sitting
_ I can sit in any chair as long as I like.
_ I can only sit in my favorite chair as long as I like.
_ Pain prevents me sitting more than 1 hour.
✓ Pain prevents me sitting more ½ hour.    _NUMBNESS_
_ Pain prevents me from sitting more than 10 min.
_ Pain prevents me from sitting at all.

OVER    5-10

CLICNY 0392

FEB-01-2001 01:21 PM   6                          3821314                        P.03

## Section 6- Standing
_ I can stand as long as I want without extra pain
_ I can stand as long as I want but it gives me extra pain.
_ Pain prevents me from standing for more than 1 hour.
_ Pain prevents me from standing for more than 30 mins.
✗ Pain prevents me from standing for more than 10 mins.
_ Pain prevents me from standing at all.

## Section 7- Sleeping
_ Pain does not prevent me from sleeping well.
_ I can sleep well only by using tablets.
_ Even when I take tablets I have less than six hours sleep.
_ Even when I take tablets I have less than four hours sleep.
✗ Even when I take tablets I have less than two hours sleep.
_ Pain prevents me from sleeping at all.

## Section 8- Sex Life
_ My sex life is normal and causes no extra pain.
_ My sex life is normal but causes some extra pain.
✗ My sex life is nearly normal but is very painful.
_ My sex life is severely restricted by pain.
_ My sex life is nearly absent because of pain.
_ Pain prevents any sex at all.

## Section 9- Social Life
_ My social life is normal and gives me no extra pain.
_ My social life is normal but increases the degree of pain.
_ Pain has no significant effect on my social life apart from limiting my more energetic interests, e.g. dancing, etc.
✗ Pain has restricted my social life and I do not go out as often.
_ Pain has restricted my social life to my home.
_ I have no social life because of pain.

## Section 10- Traveling
_ I can travel anywhere without extra pain.
_ I can travel anywhere but it gives me extra pain.
_ Pain is bad but I manage journeys over two hours.
✗ Pain restricts me to journeys of less than one hour.
_ Pain restricts me to short necessary journeys under 30 mins.
_ Pain prevents me from traveling except to the doctor or hospital.

Comments _____

CLICNY 0393

FEB-01-2001 01:22 PM  5                        3821314              P.06

X  Thera Ex Orthopedic and Sports Physical Therapy, PC
        964 North Broadway, Suite LL-02
        Yonkers, New York 10701

Tel. (914)476-0951                         Fax (914)         ...

TO: CIGNA                        DATE: 01/30/01
                                 RE: S. ALF ANO

ATT:                             FILE/CLAIM#:

## REQUEST FOR MEDICAL INFORMATION

(X   We are enclosing the information you requested.

## KINDLY FORWARD ADVANCE PAYMENT FOR THE FOLLOWING AMOUNT:

(X   Fee for copy of medical records; Each copy ($.75) X __4__ = $3.00

( )   Fee for NARRATIVE REPORT is $400.00

( )   FEE FOR MEDICAL RECORDS AND/OR NARRATIVE REPORT $____

( )   An authorization signed by the patient is required; if minor,
by parent or guardian; if patient is deceased, by the administrator
or executor.

( )   This authorization you sent us is not valid for the following
reason: _____

( )   Additional information is required to locate the patient's
records:
_____
_____
_____

( )   Other: _____

(X   Fee for Postage/Handling:    __X__        10 < ~  $2.50
                                              11-19 ~ $3.50
                                              20> ~   $5.00

(X   TOTAL ADVANCE PAYMENT PAYABLE TO  THERAEX:      $ 5.50

FEB-01-2001 01:19 PM  6                    3821314                    P.01

# Thera Ex Orthopedic and Sports Physical Therapy, PC
984 North Broadway, Suite LL-02
Yonkers, New York 10701

Tel: (914) 476-0951          Fax: (914) 476-0918

**FAX    SHEET**

Fax # (914) 476-0948                                          Pages ⑥

Date:  01/30/01

To:  CIGNA

FAX #  716- 231- 6502.

Comments:  R.  S. ALFANO

ENCLOSED  ARE:

① P.T.  NOTES.

② FEE  FOR  RECORDS.

SORRY  FOR  THE  DELAY;  THE  CHART

WAS  MISFILED.

JOE  MALACO, M

If you have any problem with this transmission, please call (914)476-0951.

Form D06

CLICNY 0395

FEB-01-2001 01:20 PM   6                          2021314                    P.02

THERA EX Orthopedic & Sports Physical Therapy, PC
984 North Broadway, Suite LL-02
Yonkers, New York 10701

Tel.: (914) 476-0951               Fax: (914) 476-0948

Patient's Name: _STEVEN ALFANO_ Age: ___   Diagnosis: _CBP / DDD_

Referring Provider: _J. FARMER, MD_ History: _Chronic LBP; rec'd._
_Oinjection — no significant relief, MRE: L4-S1 spinal_
_stenosis c moderate impingement_

| FINDINGS | GOALS | PLAN | PROGRESS/ DISCHARGE STATUS |
|---|---|---|---|
| Flex... with...(normal) & extension at time | ↑ pain; ↓ extension; Gilgwing ends. | I. )Recondition; pain... | 1. |
| Static; flat lumbar spine c lumbar shift to ® | ↑ lumbar shift | Posture correction... | 2. |
| ® ROM: normal lumbar extension; myofilility, | Centralize lumbar ligpain... | 3. Ext/flex on Swiss c ball... | 3. |
| Ring c thigh side glide to ® c ↓ c | ↑ thigh slide (®) | Range m... | 4. |
| MMT: ® 3+/5 min... | ↓ | PRE's | 5. |
| abductor... c Tol: 5" | → 30" | Stab. training; PREs. | 6. |
| tol. to sitting x > 1' | ↑ → 10' c min... | " | 7. |
| | Gait c min... limp. | Hep. | 8. |

Comments: _____

Recommended Frequency/Duration: ___ 3 /week ; 4 weeks

Physical Therapist: _Bruno_                    Date: 01/09/2000
     Dionisio B. Mauro, JR. PT/OCS, MTC

Physical Therapist: _____               Date: _____
     Delia E. Plaza, PT

CLICNY 0396

FEB-01-2001 01:20 PM   6                                    3821314                    P.03

Telephone: (212) 606-1691                        DEA NO.: BF 6837858
                                                 N.Y. LIC NO.: 210353

JAMES C. FARMER, M.D.

HOSPITAL FOR SPECIAL SURGERY
535 EAST 70TH STREET
NEW YORK, N.Y. 10021

Name: _Alfano, Steven_____ Age: _____

Address: _____ Date: _3/14/600

R       Dx: LBP/DDD

        PTconsult: extensive
        broad lumbo-sacral again
        stabilization program. 3X/week
        for 4 week. Other modalities as
        needed.                            _____ M.D.

        THIS PRESCRIPTION WILL BE FILLED GENERICALLY
        UNLESS PRESCRIBER WRITES 'D.A.W.' IN THE BOX BELOW

                        Dispense As Written

REFILL:  ☐ NONE   ☐ 1   ☐ 2   ☐ 3   ☐ 4   ☐ 5

CLICNY 0397

FEB-01-2001 01:21 PM    6                          5021514                    P.04

Oswestry Law Back Pain Questionnaire

Name STEVEN ALBANO    Date 9/7/00

How long have you had back pain? 25 Years___Months___Weeks
How long have you had leg pain? 12 Years___Months___Weeks

Please read: This questionnaire has been designed to give us information as to how your back pain has affected your ability to manage in everyday life. Please answer    every section, and mark in each section only the one box which applies to you. We realize you may consider that two of the statements in any one section relate to you,    but please just mark the box which most closely describes your problem.

Section 1- Pain Intensity
__ I can tolerate the pain I have without having to use pain killers.
__ The pain is bad but I manage without taking pain killers.
__ Pain killers give complete relief from pain.
__ Pain killers give moderate relief from pain.
__ Pain killers give very little relief from pain.
__ Pain killers have no effect on the pain and I do not use them.

Section 2- Personal Care (Washing, Dressing, etc)
__ I can look after myself normally without causing extra pain.
__ I can look after myself normally but it causes extra pain.
__ It is painful to look after myself and I am slow and careful.
__ I need some help but manage most of my personal care.
__ I need help every day in most aspects of self care.
__ I do not get dressed, wash with difficulty and stay in bed.

Section 3- Lifting
__ I can lift heavy weights without extra pain.
__ I can lift heavy weights but it gives extra pain.
__ Pain prevents me from lifting heavy weights off the floor, but I can manage if they are conveniently positioned, e.g. on a table.
__ Pain prevents me from lifting heavy weights but I can manage light weights if they are conveniently placed.
__ I can lift only very light weights.
__ I cannot lift or carry anything at all.

Section 4- Walking
__ Pain does not prevent me walking any distance.
__ Pain prevents me walking more than 1 mile.
__ Pain prevents me walking more than ½ mile.
__ Pain prevents me walking more than ¼ mile.
__ I can only walk using a stick or crutches.
__ I am in bed most of the time and have to crawl to the toilet.

Section 5- Sitting
__ I can sit in any chair as long as I like.
__ I can only sit in my favorite chair as long as I like.
__ Pain prevents me sitting more than 1 hour.
__ Pain prevents me sitting more than ½ hour.
__ Pain prevents me from sitting more than 10 mins.    NUMBNESS
__ Pain prevents me from sitting at all.

OVER    5-10

CLICNY 0398

## Section 6- Standing

_ I can stand as long as I want without extra pain
_ I can stand as long as I want but it gives me extra pain.
_ Pain prevents me from standing for more than 1 hour.
_ Pain prevents me from standing for more than 30 mins.
_ Pain prevents me from standing for more than 10 mins.
_ Pain prevents me from standing at all.

## Section 7- Sleeping

_ Pain does not prevent me from sleeping well.
_ I can sleep well only by using tablets.
_ Even when I take tablets I have less than six hours sleep.
_ Even when I take tablets I have less than four hours sleep.
_ Even when I take tablets I have less than two hours sleep.
_ Pain prevents me from sleeping at all.

## Section 8- Sex Life

_ My sex life is normal and causes no extra pain.
_ My sex life is normal but causes some extra pain.
_ My sex life is nearly normal but is very painful.
_ My sex life is severely restricted by pain.
_ My sex life is nearly absent because of pain.
_ Pain prevents any sex at all.

## Section 9- Social Life

_ My social life is normal and gives me no extra pain.
_ My social life is normal but increases the degree of pain.
_ Pain has no significant effect on my social life apart from limiting my more
  energetic interests, e.g. dancing, etc.
_ Pain has restricted my social life and I do not go out as often.
_ Pain has restricted my social life to my home.
_ I have no social life because of pain.

## Section 10- Traveling

_ I can travel anywhere without extra pain.
_ I can travel anywhere but it gives me extra pain.
_ Pain is bad but I manage journeys over two hours.
_ Pain restricts me to journeys of less than one hour.
_ Pain restricts me to short necessary journeys under 30 mins.
_ Pain prevents me from traveling except to visit doctor or hospital.

Comments

CLICNY 0389

FEB-01-2001 01:22 PM    6                          3821314                    P.06

Thera Ex Orthopedic and Sports Physical Therapy, ···
984 North Broadway, Suite LL-02
Yonkers, New York 10701

Te.  ·141476-0951                                    Fax  ···.·  ·   ···

TO: CIGNA                          DATE: 01/30/01
                                   RE: S. ALFANO

ATT:                               FILE/CLAIM#:

## REQUEST FOR MEDICAL INFORMATION

(X)  We are enclosing the information you requested.

## KINDLY FORWARD ADVANCE PAYMENT FOR THE FOLLOWING AMOUNT:

(X)  Fee for copy of medical records; Each copy ($.75) X __4__ = $3.00

( )  Fee for NARRATIVE REPORT is $400.00

( )  FEE FOR MEDICAL RECORDS AND/OR NARRATIVE REPORT $___.  .  .

( )  An authorization signed by the patient is required; if minor,
by parent or guardian; if patient is deceased, by the administrator
or executor.

( )  This authorization you sent us is not valid for the following
reason: _____

( )  Additional information is required to locate the patient's
records:
_____
_____
_____

( )  Other: _____

(X)  Fee for Postage/Handling:    __X__      10 < ~  $2.50
                                             11-19 ~ $3.50
                                             20> -   $5.00

(X)  TOTAL ADVANCE PAYMENT PAYABLE TO  THERAEX:      $ 5.50

CLICNY 0400