UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN ALFANO,

Plaintiff,

- against -

CIGNA LIFE INSURANCE COMPANY OF NEW YORK, LONG TERM DISABILITY INSURANCE PLAN FOR CORNELL UNIVERSITY MEDICAL COLLEGE, WEILL MEDICAL COLLEGE OF CORNELL UNIVERSITY RETIREMENT PLAN FOR FACULTY AND EXEMPT EMPLOYEES, CHILDREN'S TUITION SCHOLARSHIP PLAN, CORNELL UNIVERSITY GROUP LIFE INSURANCE PLAN, CORNELL UNIVERSITY MEDICAL COLLEGE HEALTH INSURANCE PLAN, and WEILL MEDICAL COLLEGE OF CORNELL UNIVERSITY DENTAL ASSISTANCE PLAN,

Defendants.

07 Civ. 9661 (GEL)

**DEFENDANT CIGNA LIFE INSURANCE COMPANY OF NEW YORK'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendant CIGNA Life Insurance Company of New York
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000

Of Counsel:

Fred N. Knopf (FNK 4625)
Emily A. Hayes (EH 5243)

TABLE OF CONTENTS

Page

TABLE OF AUTHORTIES ....................................................................................ii

PRELIMINARY STATEMENT ............................................................................1

ARGUMENT ...........................................................................................................1

1. The Court's Review is Limited to the Administrative Record ..........................1

2. The Plaintiff Bears the Burden of Establishing Eligibility for Benefits ..........4

3. The Decision of the Social Security Administration is Not Binding on CLICNY ...........4

4. The Treating Physician Rule Does Not Apply in ERISA Matters...................6

5. CLICNY's Use of Vocational Analysis was Proper ........................................7

6. CLICNY's Decision was Well Supported and All Evidence was Considered .................9

7. A Proper Remedy is Remand to CLICNY for Further Review ........................12

CONCLUSION .......................................................................................................13

TABLE OF AUTHORITIES

Atakent v. The Prudential Insurance Co. of Am., No. 02 Civ. 5702, 2004 U.S. Dist. LEXIS 5573, at *22 (S.D.N.Y. Mar. 31, 2004) ....................5

Black & Decker Disability Plan v. Nord, 538 U.S. 822, 831 (2003)....................6

Connors v. Connecticut General Life Ins. Co., 272 F.3d 127, 135 n.4 (2d Cir. 2001)..........6

Couture v. UNUM Provident Corp., 315 F. Supp. 2d 418, 432 (S.D.N.Y. 2004)................7

DeFelice v. American Int'l Life Assur. Co., 112 F.3d 61 (2d Cir. 1997)....................2

Juliano v. The Health Maint. Org. of N.J., 221 F.3d 279, 289 (2d Cir. 2000)....................4

Kocsis v. Standard Ins. Co., 142 F. Supp. 2d 241, 255 (D. Conn. 2001) ....................5

Kunstenaar v. Connecticut General Life Ins. Co., 902 F.2d 181, 184 (2d Cir. 1990) ...........5

Mario v. P & C Food Markets, Inc., 313 F.3d 758, 765 (2d Cir. 2002) ....................4

Metropolitan Life Ins. Co. v. Glenn, 128 S.Ct. 2343, 2352 (June 19, 2008)....................5-6

Mood v. Prudential Ins. Co. of Am., 379 F. Supp. 2d 267, 281 (E.D.N.Y. 2005) ...............12

Mood v. Prudential Ins. Co. of America, No. 04-cv-1488, 2008 U.S. Dist. LEXIS 39220, *2 (E.D.N.Y. May 13, 2008) ....................13

Muller v. First Unum Life Ins. Co., 341 F.3d 119, 125 (2d Cir. 2003) ....................2

Napoli v. First Unum Life Ins. Co., No. 99 Civ. 1329, 2005 U.S. Dist. LEXIS 7310, *20 (S.D.N.Y. Apr. 22, 2005)....................4

Niles v. American Airlines, Inc., 269 Fed. Appx. 827, 2008 U.S. App. LEXIS 5636 (10th Cir. Mar. 17, 2008) ....................4

Plummer v. The Hartford Ins. Co., No. C-3-06-094, 2007 U.S. Dist. LEXIS 488 (S.D. Ohio Jan. 5, 2007)....................4

Rudolph v. Joint Industries Bd., 137 F. Supp. 2d 291, 300 (S.D.N.Y. 2000)....................5

Short v. UNUM Life Ins. Co. of America, 3:02 cv 827, 2003 U.S. Dist. LEXIS 22327, *26-27 (D. Conn. Dec. 3, 2003)....................7

Simone v. Prudential Ins. Co. of America, No. 04 Civ. 2076, 2005 U.S. Dist. LEXIS 3061, *4-5 (S.D.N.Y. Feb. 28, 2005), aff'd, 2006 U.S. App. LEXIS 1834 (2d Cir. Jan. 24, 2006) ....11-12

Six West Retail Acquisition, Inc. v. Sony Theatre Management Corp, No. 97 Civ. 5499, 2000 U.S. Dist. LEXIS 2604, *95 (S.D.N.Y. Mar. 9 2000) ....4

United States v. Pena Ontiveros, No. 07 Cr. 804, 2008 U.S. Dist. LEXIS 47135, at * 15 (S.D.N.Y. June 16, 2008) ....4

Federal Rule of Civil Procedure 30(e) ....2

## Preliminary Statement

Defendant CIGNA Life Insurance Company of New York ("CLICNY") respectfully submits this Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment, dated July 28, 2008 ("Pl's Motion").

Plaintiff's Motion is dependent on mischaracterizations of certain parts of the administrative record and deposition testimony, and also relies heavily on case law from United States District Courts outside of the Second Circuit, which are not applicable here. As CLICNY showed in its Motion for Summary Judgment, dated July 28, 2008 ("CLICNY's Motion"), the scope of the Court's review is restricted to the information contained in the Administrative Record of Plaintiff's claim and the deposition transcript submitted by Plaintiff should not be admitted by the Court. Plaintiff's Motion should be denied because Plaintiff has not met his burden of establishing by a preponderance of the evidence that he continues to be eligible for long term disability benefits.

CLICNY respectfully requests that Plaintiff's Motion be denied and that CLICNY's Motion be granted.

## Argument

### 1. The Court's Review is Limited to the Administrative Record

In his Motion, Plaintiff relies heavily on the deposition of Medha Bharadwaj, a CLICNY appeals claim manager, which was taken on June 17, 2008. However, this deposition transcript should not be considered by the Court, as Plaintiff has failed to even attempt to establish that good cause exists for its admission. As set out in CLICNY's Motion, in an ERISA matter such as this, and even under a de novo standard of review, the Court's review is limited to the contents of

the Administrative Record, which consists of the information that was before CLICNY when making its determination. See Muller v. First Unum Life Ins. Co., 341 F.3d 119, 125 (2d Cir. 2003). In his Motion, Plaintiff has not even attempted to establish that such good cause exists. See DeFelice v. American Int'l Life Assur. Co., 112 F.3d 61, 67 (2d Cir. 1997) ("Where the district court reviews an administrative decision under a plan that does not grant such discretion, the review is de novo and is limited to record in front of the claims administrator unless the district court finds good cause to consider additional evidence.").

Although CLICNY believes that the deposition transcript should not be admitted, it provides the following response in the event that the Court does decide to consider the deposition transcript. Plaintiff, on numerous occasions, mischaracterizes the testimony contained in that transcript.[1] For example, Plaintiff states that "Ms. Bharadway [sic] testified that although she has reviewed thousands of disability claims for CIGNA[2] for over a decade she does not know what the physical demands are of sedentary work." (Pl's Motion at 2). This is an inaccurate representation of her testimony, as she specifically stated that, to determine whether or not a job is sedentary, she would "[l]ook at the Dictionary of Occupational Titles." (Transcript 41:9-13). Similarly, Plaintiff's statement that "[t]o make matters even worse, Ms. Bharadwaj testified that she did not even know how many hours of sitting Plaintiff's occupation required, even though the purpose of the peer review was to clarify Plaintiff's functionality and even though she had reviewed thousands of claims for CIGNA," (Pl's Motion at 15) is misleading and taken out of context. What she actually testified is that, although she did not remember the number of hours of sitting required "off the top of my head" at the time of the deposition, to determine the requirements of Plaintiff's occupation during her December 2006 review of his second appeal,

---

[1] In addition, Plaintiff's counsel did not provide an original transcript to be reviewed and corrected by the witness. The transcript submitted to the Court is uncorrected. Fed. R. Civ. P. 30(e).

[2] Throughout his motion papers, Plaintiff refers to CLICNY as "CIGNA."

she used a Dictionary of Occupational Titles. (Transcript 42:17-21). Based on this testimony, Plaintiff's allegation that Ms. Bharadwaj did not know the physical demands of sedentary work at the time that she reviewed Plaintiff's claim in 2006 is simply not true.

Plaintiff also states that "the only document that Ms. Bharadwaj said showed Plaintiff's condition had improved was the Weiss peer review." (Pl's Motion at 2). This is not accurate. She also identified the FCE and "other information in the file since that time." (Transcript 89:17-18). In addition, at the end of the deposition, Plaintiff's counsel asked the witness to review approximately four hundred pages of the administrative record to identify documentation that supported CLICNY's decision in 2005. (Transcript 90:12- 91:6). After doing so over the course of approximately thirty minutes, after objections by counsel for CLICNY, she was unable to identify any such documents, leading to the following exchange:

> A: I was looking at medical records.
> Q: And why were you looking at them.
> A: Because you asked me to.
> Q: Any what did I ask you to do with them.
> A: Identify the medical record that showed a change in his condition from I guess 2003 and from when the claim is now denied.
> Q: And you were unable to do that.
> A: No.
> Q: No, you were not able to do that?
> A: Correct."

(Transcript 99:10-22). She did not specifically state that there were no such records in the file, but that she had been unable to identify them in her brief review of the file during the deposition, which took place a year and a half after her last review of the file on plaintiff's second appeal, when she had no direct recollection of the contents of the file. (Transcript 39:9-16, 94:11-25; CLICNY 629:30).

2. The Plaintiff Bears the Burden of Establishing Eligibility for Benefits

In his motion papers, Plaintiff appears to argue that a separate and stricter standard applies requiring CLICNY to show that the termination of benefits was proper, as opposed to an initial denial of benefits. However, none of the cases cited by Plaintiff in support of this argument establish such a standard. See, e.g. Niles v. American Airlines, Inc., 269 Fed. Appx. 827, 2008 U.S. App. LEXIS 5636 (10th Cir. Mar. 17, 2008); Plummer v. The Hartford Ins. Co., No. C-3-06-094, 2007 U.S. Dist. LEXIS 488 (S.D. Ohio Jan. 5, 2007).[3] (Pl's Motion at 17). As with cases involving an initial denial of long term disability benefits, it is the plaintiff's burden to show that by a preponderance of the evidence that he is eligible for long term disability benefits, including but not limited to meeting the applicable definition of disability. The burden does not shift to CLICNY to establish that he is not entitled to benefits. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 765 (2d Cir. 2002); Juliano v. The Health Maint. Org. of N.J., 221 F.3d 279, 289 (2d Cir. 2000); Napoli v. First Unum Life Ins. Co., No. 99 Civ. 1329, 2005 U.S. Dist. LEXIS 7310, *20 (S.D.N.Y. Apr. 22, 2005).

3. The Decision of the Social Security Administration is Not Binding on CLICNY

Plaintiff argues that CLICNY's decision to terminate his long term disability benefits was incorrect because it contradicted the Social Security Administration's 2002 decision granting benefits. (Pl's Motion at 6-7). However, courts have routinely held that a determination of disability by the Social Security Administration is not binding on a long term disability insurer because, among other things, the standards used are different. In upholding the denial of long

---

[3] On numerous occasions in his memorandum of law, the plaintiff cites to cases from outside of the Second Circuit. These decisions are not binding on this Court. See United States v. Pena Ontiveros, No. 07 Cr. 804, 2008 U.S. Dist. LEXIS 47135, at * 15 (S.D.N.Y. June 16, 2008); Six West Retail Acquisition, Inc. v. Sony Theatre Management Corp, No. 97 Civ. 5499, 2000 U.S. Dist. LEXIS 2604, *95 (S.D.N.Y. Mar. 9 2000).

term disability benefits, the Southern District of New York ruled in Atakent that "[a] benefits plan administrator is not bound by a determination received by the Social Security Administration concerning the award of disability benefits under the Social Security Act when determining whether a person is entitled to receive benefits under a benefits plan governed by ERISA." Atakent v. The Prudential Insurance Co. of Am., No. 02 Civ. 5702, 2004 U.S. Dist. LEXIS 5573, at *22 (S.D.N.Y. Mar. 31, 2004); see also Kunstenaar v. Connecticut General Life Ins. Co., 902 F.2d 181, 184 (2d Cir. 1990) (finding that the Social Security Administration's definition of disability is not applicable in considering a long term disability claim pursuant to ERISA); Kocsis v. Standard Ins. Co., 142 F. Supp. 2d 241, 255 (D. Conn. 2001) ("The definition of disability which controls a decision by the Social Security Administration is not binding on the Plan's administrator under ERISA. . . . As such, a plan administrator is not bound by the determination of the Social Security Administration." (citation omitted)); Rudolph v. Joint Industries Bd., 137 F. Supp. 2d 291, 300 (S.D.N.Y. 2000) ("A plan administrator making discretionary determinations as to eligibility is not bound by the determination of the Social Security Administration.").

In his Motion, Plaintiff cites the United States Supreme Court's recent decision in MetLife v. Glenn to argue that the offset taken by CLICNY of Plaintiff's social security benefits is evidence of an abuse of discretion. (Pl's Motion at 7 n.3). Glenn's discussion of Social Security is not applicable here under a de novo standard of review. The Supreme Court stated that in the underlying action, the Court of Appeals for the Sixth Circuit "found questionable" that MetLife had assisted the plaintiff in her Social Security application process and had been reimbursed with her Social Security benefits, but had itself decided that she was not disabled, and that this was a basis for the Sixth Circuit's decision that MetLife had abused its discretion.

Metropolitan Life Ins. Co. v. Glenn, 128 S.Ct. 2343, 2352 (June 19, 2008). The Supreme Court noted that this was considered to have been a procedural irregularity, suggesting procedural unreasonableness, and also was used by the court to give more weight to a finding of conflict of interest. Id. Neither of these considerations is relevant here. Unlike Glenn, which involved an arbitrary and capricious standard of review, the applicable standard of review is de novo and the Court's inquiry is therefore whether Plaintiff can show eligibility for benefits, not whether CLICNY used correct procedure in coming to its decisions.

4. The Treating Physician Rule Does Not Apply in ERISA Matters

Plaintiff argues throughout his Motion that CLICNY's decision was incorrect because CLICNY did not agree with the opinions of Plaintiff's treating physicians that he has been continuously disabled. However, in the ERISA context, unlike in the Social Security context, there is no treating physician rule; CLICNY does not have to defer to the medical opinions of plaintiff's physicians, as long as it considers those opinions and has a basis for another conclusion. As demonstrated in each of CLICNY's decision letters to Plaintiff, as well as in the reports prepared by Dr. Taylor and Dr. Weiss, all of the information submitted by Plaintiff in support of his claim, including all information from each of his treating physicians, was considered. (CLICNY 620-30, 631-34, 655-56, 668-72, 855-56, infra at 8-10). CLICNY was not required to credit the opinions of plaintiff's treating physicians over all other medical opinions. See Black & Decker Disability Plan, 538 U.S. 822, 833-34 (2003). The "treating physician rule" utilized in social security determinations affording deference to the judgment of the treating physician does not apply in the ERISA context. See Connors v. Connecticut General Life Ins. Co., 272 F.3d 127, 135 n.4 (2d Cir. 2001).

CLICNY also had no duty to conduct an independent medical examination ("IME") of the Plaintiff. The Policy states that CLICNY "at its own expense, will have the right to examine any person for whom a claim is pending as often as it might reasonable require." (CLICNY 0615). This provision reserves CLICNY's right to conduct an IME or other investigation, but does not require that CLICNY take those steps. Courts have found that the lack of an independent medical investigation prior to denying long term disability benefits is not a reason to overturn a denial of benefits. See Short v. UNUM Life Ins. Co. of America, 3:02 cv 827, 2003 U.S. Dist. LEXIS 22327, *26-27 (D. Conn. Dec. 3, 2003) ("[T]he question is whether UNUM had sufficient evidence in the medical record to support its determination without an independent medical examination, and the court concludes that . . . UNUM did. . . . UNUM is not required by law nor by the terms of its own policy to order independent medical examinations of claimants before denying them benefits."); see also Couture v. UNUM Provident Corp., 315 F. Supp. 2d 418, 432 (S.D.N.Y. 2004) ("With respect to plaintiff's concern that no independent medical examination was conducted: while such an examination might have been useful, defendants are not required by law to conduct such examinations.").

5. CLICNY's Use of Vocational Analysis was Proper

In his Motion, Plaintiff raises issues about CLICNY's use of vocational analyses, including transferable skills analyses which asked whether the plaintiff was capable of doing occupations other than his own. (Pl's Motion at 8, 11).

As addressed in CLICNY's Motion, vocational analysis was ultimately used properly in CLICNY's decisions to terminate Plaintiff's benefits and to uphold the termination on appeal. CLICNY properly considered Plaintiff's occupational requirements, and concluded that he was

capable of performing them based on the medical records on file. This began with claim manager Lara D'Ambrosio's February 6, 2001 telephone call with Rosemary Cius of Weill Medical College's human resources department to clarify the Plaintiff's occupational requirements, in which Ms. Cius stated that Plaintiff's job is sedentary, that the Plaintiff had the ability to get up and move about as needed, and that the job required no lifting. (Id.). CLICNY also received and considered two position descriptions for Plaintiff's position, which did not list a specific number of hours of sitting requirements. (CLICNY 272-73, 529-31).

Prior to the termination of benefits, several additional vocational reviews were conducted using Plaintiff's restrictions and limitations and also the correct Policy definition of disability. First, an exploratory TSA was conducted by Rosemary Jenkins on November 18, 2004 using the PAA from Dr. Roach dated October 20, 2004 and information from claimant's disability questionnaire and job description, and identified nine occupations identified as with potentially transferable skills, including Plaintiff's own occupation. (CLICNY 69, 73). Second, a formal TSA was done by Holly Jule, VRC on December 13, 2004, finding that four of the sedentary positions identified by Ms. Jenkins, including Plaintiff's own occupation, which fell into the definition of Personnel Manager, met the target wage and allowed for the ability to get up and move about, alternate sit, stand and walk at the employee's discretion. (CLICNY 69, 944-52).

Third, an additional formal TSA was done by Ginny Schmidt, VRC on August 9, 2005 based on the limitations and restrictions identified by the July 26, 2005 FCE. (CLICNY 718). Her report correctly stated that the Policy contained the regular occupation definition of disability. (Id.). Ms. Schmidt considered Plaintiff's current and past occupations, education and training, and also applied the following limitations and restrictions: sedentary occupation with no significant lifting or carrying, with the occasional ability for sitting, standing, walking, and must

allow to change position when necessary. (Id.). Ms. Schmidt identified Plaintiff's own occupation and several others, which all met the skills, education, work history, and wage replacement requirements, and which would allow personal autonomy and the ability to accommodate himself for physical positions throughout the work day. (Id.).

The Policy definition of disability requires that the Plaintiff be incapable of performing the material duties of his own occupation, so admittedly the inquiry whether he could do other occupations was not necessarily determinative. However, the results of these analyses are still relevant and support CLICNY's decision because they concluded that, not only did he have the capabilities of performing his regular occupation, he could do so as he had previously done it.

6. CLICNY's Decision was Well Supported and All Evidence was Considered

All of the evidence in the file, including all of the information and documentation submitted by Plaintiff, was considered by CLICNY and its outside reviewers in coming to the conclusion that the Plaintiff no longer met the Policy definition of disability. This is evidenced by the documentation of the reviews.

In his review prior to the termination of Plaintiff's benefits, Dr. Taylor spoke on the telephone with Plaintiff's physician Dr. Roach to discuss Plaintiff's physical capabilities and, according to the call record, Dr. Roach stated that there was no reason an FCE could not be done and that he felt that it would give more specific functionality guidelines. (CLICNY 58, 856). It is evident from Dr. Taylor's report, dated June 3, 2005, that he considered records from throughout Plaintiff's claim, as the report includes a list of records dated from June 9, 2000 to April 19, 2005, as well as Dr. Taylor's description of the contents of each. (CLICNY 855-56).

Similarly, the peer review report prepared by Dr. Weiss following Plaintiff's appeal contains a list and summary of medical records beginning in 1999, as well as the updated records submitted by Plaintiff on appeal. (CLICNY 631-33). After reviewing all of the documentation, Dr. Weiss concluded that the evidence did not support disability from October 27, 2005 on, which is the relevant time period. (CLICNY 632). Dr. Weiss noted that some limitations were supported by the records, such as intermittent standing to give the plaintiff a break from prolonged sitting, but that he would still be capable of sedentary duty. (Id.) Plaintiff's statement that Dr. Weiss' analysis was four sentences is therefore somewhat misleading. (Pl's Motion at 14). Plaintiff also states that Dr. Weiss "failed to explain what objective physical findings supported his conclusion that Plaintiff's condition improved so that he could perform sedentary work." (Id.). However, that was not Dr. Weiss' conclusion; he concluded that the (listed and analyzed) medical records did not support the restrictions and limitations of no work given by the plaintiff's treating physicians. (CLICNY 631-33). It is the obligation of the insured to establish eligibility for benefits, and not the obligation of the insurance company to establish ineligibility for benefits. See Juliano, 221 F.3d at 289.

CLICNY's decision letters also demonstrate the extent of its review. The September 28, 2005 letter notifying Plaintiff of the termination of his benefits effective October 27, 2005 noted that CLICNY "considered your claim file as a whole as well as medical information provided by your treating physicians, the results of your Functional Capacity Evaluation, the results of a Transferable Skills Analysis, a file review by our Associate Medical Director with a conversation with your treating provider and information provided by you." (CLICNY 668). The letter also includes a discussion of the records in the file, those submitted by Plaintiff and his physicians as well as those obtained by CLICNY during its review process. (CLICNY 669 – 671). This all led

to the conclusion that "[b]ased upon the information listed above, you do not meet the definition of disability." (CLICNY 0671).

The March 29, 2006 letter upholding the termination on Plaintiff's first appeal listed the additional documentation submitted by Plaintiff on appeal and stated that CLICNY had "considered your claim file as a whole for purposes of determining your entitlement to benefits," and determined that "based on the documentation in the file regarding your functionality you do not meet the definition of Disability and we must affirm the previous denial of your claim." (CLICNY 0656).

The December 7, 2006 letter upholding the decision on Plaintiff's second appeal referred to the two previous decision letters for "previously reviewed information" and further stated that "[a]fter review of the entirety of the medical records contained in Mr. Alfano's claim file, Dr. Weiss stated that the medical records contained in Mr. Alfano's file does not support limitations and/or restrictions precluding Mr. Alfano from functioning in a sedentary capacity." (CLICNY 0629). The letter concluded that "an explanation of Mr. Alfano's functionality and how his functional capacity prevented him from continuously performing the material duties of his occupation beyond October 27, 2005 was not clinically supported." (CLICNY 629-30).

CLICNY's decision was further supported by the FCE's conclusion, which specifically stated that he was capable of sedentary work, and that was after the physical therapist actually saw him and observed his capabilities. (CLICNY 725).

Finally, Plaintiff's arguments hinge on the premise that the ability to do a sedentary occupation requires that an employee be able to sit for six hours within a work day. However, in Simone v. Prudential, a plaintiff with back problems who could only sit or stand for ½ hour increments was found capable of sedentary work. Simone v. Prudential Ins. Co. of America, No.

04 Civ. 2076, 2005 U.S. Dist. LEXIS 3061, *4-5 (S.D.N.Y. Feb. 28, 2005), aff'd, 2006 U.S. App. LEXIS 1834 (2d Cir. Jan. 24, 2006). Mr. Simone had severe low and upper back pain, with cervical and lumbar radiculopathy. Id. at *3. In his application for long term disability benefits, he stated that he was unable to stand or sit for more one half hour at a time; his treating physician, Dr. Macaluso, stated that he had cervical and lumbar radiculopathy and that he could not tolerate long periods of sitting, constant neck motion, or long periods of standing. Id. at *4-5. In determining that the plaintiff was capable of sedentary work, Prudential relied on a peer review report following a review of the records, and the court stated that this was permissible "especially as it considered all of the medical records presented by Simone in determining that Simone could perform a sedentary job 'as long as he could get up intermittently and move about as necessary.'" Id. at *21-22. This is remarkably similar to the conclusions reached by Dr. Weiss in his peer review report, which supported CLICNY's second appeal decision.

7. A Proper Remedy is Remand to CLICNY for a Further Review

If the Court identifies issues regarding the claims handling process by CLICNY, an alternative remedy for Mr. Alfano would be to remand this matter to CLICNY for a further level of review. See Mood v. Prudential Ins. Co. of America, 379 F. Supp. 2d 267, 271, 282 (E.D.N.Y. 2005) ("Mood I") ("Unlike an affirmance or a reversal, a remand involves different considerations. The reviewing court may not have a clear idea of how the administrator dealt with the problem procedurally – e.g., were all aspects of the claim and relevant available data considered; were the individual disease evaluated; and was the whole effect of all disease, together with such factors as age, education, obesity, and the job market considered? Here the reviewing judge may need to have some assurance that the claim has been 'fairly' (itself a

flexible term) considered by the administrator in a procedural sense. . . . It does not help in the judicial evaluation of the fairness of the medical and job-related decisions of the administrator that judges have no expertise in either field. Their scientific knowledge and understanding of the record may well be based on faulty assumptions. . . . The matter is remanded for further consideration and for clarification of the record by Prudential."); Mood v. Prudential Ins. Co. of America, No. 04-cv-1488, 2008 U.S. Dist. LEXIS 39220, *2 (E.D.N.Y. May 13, 2008) ("Mood II").

## Conclusion

For the reasons set out above and in CLICNY's Motion for Summary Judgment and supporting papers, CLICNY's decision was supported by substantial evidence, as Plaintiff did not establish his eligibility for long term disability benefits. Therefore, Plaintiff's Complaint should be dismissed and judgment entered on behalf of CIGNA Life Insurance Company of New York.

Dated: White Plains, New York
August 8, 2008

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: [signature]
Fred N. Knopf (FNK 4625)
Emily A. Hayes (EH 5243)
*Attorneys for the Defendant CIGNA Life Insurance Company of New York*
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000

CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2008, the foregoing Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Emily A. Hayes (EH 5243)
3 Gannett Drive
White Plains, New York 10604-3407
Phone (914) 323-7000
Facsimile (914) 323-7001
emily.hayes@wilsonelser.com