UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
STEVEN ALFANO,                                                  :

                     Plaintiff,           :           07 Civ. 9661 (GEL)

       - against -
                                :

CIGNA LIFE INSURANCE COMPANY OF
NEW YORK, LONG TERM DISABILITY           :
INSURANCE PLAN FOR CORNELL
UNIVERSITY MEDICAL COLLEGE, WEILL        :
MEDICAL COLLEGE OF CORNELL
UNIVERSITY RETIREMENT PLAN FOR           :
FACULTY AND EXEMPT EMPLOYEES,
CHILDREN'S TUITION SCHOLARSHIP PLAN,     :
CORNELL UNIVERSITY GROUP LIFE
INSURANCE PLAN, CORNELL UNIVERSITY       :
MEDICAL COLLEGE HEALTH INSURANCE
PLAN, and WEILL MEDICAL COLLEGE OF       :
CORNELL UNIVERSITY DENTAL ASSISTANCE
PLAN,                                    :

                    Defendants.           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT CIGNA LIFE INSURANCE COMPANY OF NEW YORK'S RESPONSE TO PLAINTIFF'S STATEMENT OF FACTS PURSUANT TO LOCAL RULE 56.1

       Pursuant to Local Rule 56.1 of the United States District Court for the Southern District

of New York, Defendant CIGNA Life Insurance Company of New York ("CLICNY" or

"Defendant") respectfully submits its response to Plaintiff's Statement of Facts pursuant to Local

Civil Rule 56.1:

The Parties

1.    Admitted.

2.    Admitted.[1]

---

[1] Plaintiff refers to CLICNY as CIGNA.

## The LTD Plan

3.   Admitted.

4.   Admitted.

5.   Admitted.

6.   Admitted.

7.   Admitted.

8.   Admitted.

## Vocational Background

9.   Admitted.

10.  Admitted.

11.  Admitted.

12.  Admitted.[2]

## Social Security

13.  Admitted.

14.  CLICNY admits that Plaintiff was required to execute a reimbursement agreement that required him to turn over SSD benefits to CLICNY, to reimburse CLICNY for any overpayment if Other Benefits were later awarded. (CLICNY 474, 513).

15.  Admitted.

16.  Admitted.

17.  Admitted.

---

[2] As noted in CLICNY's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, CLICNY objects to the consideration of any evidence outside the Administrative Record, including the transcript of the June 17, 2008 deposition of Medha Bharadwaj. (Memorandum at 1-2). In responding to Plaintiff's statement of facts, CLICNY does not waive that objection.

18. CLICNY admits that it accepted the SSA decision without question and that Plaintiff's LTD benefit was reduced by an offset equal to the amount of his SSD benefits. CLICNY denies that it "subsequently rejected the SSA decision without question when it decided to terminate Plaintiff's LTD benefits." While CLICNY admits that the September 28, 2005 decision letter informing Plaintiff of the termination of his LTD benefits did not specifically mention the SSA decision, CLICNY denies and objects to the termination "rejection," which implies a conclusion that is not supported by the document cited by Plaintiff. (CLICNY 706-710).

19. Denied. While CLICNY admits that the September 28, 2005 decision letter informing Plaintiff of the termination of his LTD benefits did not specifically mention the SSA decision, including the ALJ's findings, CLICNY denies and objects to the termination "rejection," which implies a conclusion that is not supported by the document cited by Plaintiff. (CLICNY 706-710).

Preapplication Medical Evidence

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

2076964.1

28. CLICNY is unable to respond to Plaintiff's allegation relating to the SI nerve damage and citing to the Merck Manual, as he has not provided adequate information to be able to provide a response. CLICNY admits the remaining contents of paragraph 28.

29. Admitted.

30. Admitted.

31. Admitted.

Plaintiff's Application

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. CLICNY admits the first two sentences of paragraph 38. CLICNY further admits that the occupational requirements form is not with the referral form in the file, but objects to the characterization of this fact as a "failure" by CLICNY, as this calls for a legal conclusion. (CLICNY 386-87).

39. CLICNY admits that it sent a letter to Plaintiff dated February 7, 2001 informing Plaintiff of the scheduling of an IME and stating that his benefits "may be terminated" if he did not attend. (CLICNY 359). CLICNY denies that the letter warned Plaintiff that his benefits would be terminated. (CLICNY 359). CLICNY further admits that it cancelled the IME without informing Plaintiff of the reason for the cancellation. (CLICNY 358).

4

## CIGNA Denies Claim

40. Admitted.

41. CLICNY admits that it denied Plaintiff's claim because it concluded that the PAAs that Dr. Snow and Dr. Scelsa completed showed Plaintiff had the physical capacity to do sedentary work. CLICNY denies that the decision letter stated that none of these physicians indicated that he could sit for more than 5.5 hours during an 8 hour day. (CLICNY 379).

42. Admitted.

## CIGNA Upholds Denial

43. CLICNY denies that it failed to produce the March 19, 2001 letter. (CLICNY 371). CLICNY admits the remaining contents of paragraph 43.

44. Admitted.

45. CLICNY denies that the referenced record dated March 24, 2001 states that physical therapy made Plaintiff's back worse. CLICNY admits the remaining contents of paragraph 45.

46. Admitted.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted.

51. Admitted.

52. Admitted.

53. Admitted.

2076964.1

54.  Admitted.

55.  Admitted.

56.  Admitted.

57.  Admitted.

58.  Admitted.

59.  Admitted.

60.  CLICNY denies that Dr. Roach diagnosed Plaintiff with 27 different medical conditions on July 24, 2002. (CLICNY 250-52). While the July 24, 2002 letter contains a list of 27 medical conditions, it is clear from the letter that the Plaintiff was not currently diagnosed with those conditions, but that they were conditions for which he had been treated by Dr. Roach at some period of time since 1995. (CLICNY 250-52). CLICNY admits the remaining contents of paragraph 60.

61.  Admitted.

62.  Plaintiff's Statement of Facts does not include a paragraph 62.

63.  Admitted.

Dr. David Trotter

64.  CLICNY admits that, by letter dated December 2, 2002, it notified Plaintiff that it needed to "consult a health care professional with the appropriate training and experience and field of medical involved in the medical judgment." CLICNY further admits that the letter did not specifically state the additional information contained in paragraph 64. CLICNY denies that this was a "failure," as this implies a legal conclusion not supported by the referenced document. (CLICNY 243).

65.  Admitted.

6

66. Admitted.

67. Admitted.

68. Admitted.

### CIGNA's Approval

69. Admitted.

70. Admitted.

71. Admitted.

72. Admitted, except that CLICNY notes that this statement was made as of the time of the June 17, 2008 deposition of Ms. Bharadwaj, and not as of the time of the claim approval discussed in this section of Plaintiff's document.

73. Admitted, except that CLICNY notes that this statement was made as of the time of the June 17, 2008 deposition of Ms. Bharadwaj, and not as of the time of the claim approval discussed in this section of Plaintiff's document.

74. Admitted.

75. Admitted.

76. Admitted.

77. CLICNY admits that the statement in paragraph 77 is an incomplete statement of the contents of the referenced document, which states that it was unclear whether Plaintiff was going to have surgery, and so recommended follow up to monitor his medical condition. (CLICNY 172).

78. Admitted.

79. Admitted.

7

Post-Approval Medical Evidence

80.  Admitted.

81.  Admitted.

82.  Admitted.

83.  CLICNY admits the contents of paragraph 83, including that it failed to produce a copy of Dr. Alexiades' PAA, because there is no indication that a PAA was received from Dr. Alexiades in 2003. (CLICNY 143).

84.  Admitted that SCM Castellon concluded that the medical records and Dr. Trotter's report supported total disability as of 12/10/02.

85.  Admitted.

86.  Admitted, except that CLICNY objects to Plaintiff's use of the term "failure."

87.  Admitted.

88.  Admitted.

89.  Admitted.

90.  Admitted.

91.  Admitted.

92.  Admitted.

93.  CLICNY denies that any of the cited documents state that Plaintiff could not sit for 6 hours during a workday. (CLICNY 69, 73, 91-92, 95-96, 168, 886-94, 903). CLICNY admits the remaining contents of paragraph 93.

94.  Admitted.

95.  Admitted.

96.  Admitted.

8

CIGNA's Internal Medical Review

97. Admitted.

98. Denied. Dr. Taylor's report shows his review of many of Plaintiff's medical records, and stated that "[b]ased upon the medical data available at the time of the review, which includes speaking with the attending internist, the L&Rs of not sitting for prolonged periods of time and the requirement that claimant be allowed frequent positional changes including standing and laying down along with ability to apply ice to the back are not supported as evidenced by absence of clinically measurable tests or documented abnormalities in strength or ROM testing. Clinically measurable tests like an FCE might be helpful in determining functional capacities." (CLICNY 855-56).

99. Admitted, except that CLICNY objects to the use of the term "failure" as this implies a legal conclusion not supported by the referenced document. CLICNY further adds that, in a June 8, 2005 telephone call with Dr. Taylor, Dr. Roach stated that there was no reason why an FCE could not be done and he felt it would give more specific functionality guidelines. (CLICNY 856).

100. Admitted. CLICNY further adds that, in a June 8, 2005 telephone call with Dr. Taylor, Dr. Roach stated that there was no reason why an FCE could not be done and he felt it would give more specific functionality guidelines. (CLICNY 856).

101. Admitted. Dr. Roach also stated in the letter that the Plaintiff had some residual capacity to do sedentary work. (CLICNY 843).

102. Admitted.

CIGNA's FCE

103. Admitted.

9

104. Admitted.

105. Admitted.

106. Admitted.

107. Admitted.

108. Admitted.

109. Admitted.

110. Admitted.

111. CLICNY admits that the physical therapist who performed the FCE concluded that Plaintiff could function "safely at a sedentary level for an eight hour period." CLICNY denies that the FCE specifically stated that the Plaintiff cannot meet the DOT physical demands for sedentary work. (CLICNY 726).

112. Admitted.

113. Denied. Ms. Schmidt stated that the Plaintiff could sit occasionally. (CLICNY 46).

114. Denied. Ms. Schmidt noted the requirement that Plaintiff be able to change positions after 10 to 15 minutes. (CLICNY 86).

CIGNA's Termination

115. Admitted.

116. Admitted.

117. CLICNY admits that a basis for the termination of Plaintiff's benefits was the conclusion of the physical therapist that he could do sedentary work, and the TSA. CLICNY adds that the decision was also based on Plaintiff's medical information (CLICNY 706-710). CLICNY denies that the decision letter stated the decision was not based on the FCE data. (CLICNY 706-710).

118. CLICNY admits that the specific statements contained in paragraph 118 were not contained in the September 28, 2005 decision letter, but denies that this was a failure, as that implies a legal conclusion not supported by the document. (CLICNY 706-10).

### Plaintiff's Appeal

119. Admitted.

120. Admitted.

121. Admitted.

### CIGNA's Medical Review

122. CLICNY admits that, on March 3, 2006, NCM Kay Rhodes was asked to assess if there had been a change in Plaintiff's condition that impacted his functionality since the FCE. CLICNY denies that it failed to assess if there had been a change in Plaintiff's condition that impacted his functionality between the time his claim was approved and the FCE. CLICNY made this inquiry prior to terminating Plaintiff's benefits (CLICNY 706-10), and Nurse Rhodes' inquiry on March 3, 2006 was solely whether the additional information submitted by Plaintiff with his appeal supported a change in functionality since the FCE. (CLICNY 34-35, 675).

123. Denied. Nurse Rhodes' inquiry on March 3, 2006 was solely whether the additional information submitted by Plaintiff with his appeal supported a change in functionality since the FCE. (CLICNY 34-35, 675). She found that the additional medical information was insufficient to support a change in his functionality since the FCE. (Id.).

124. CLICNY admits that Nurse Rhodes stated that Plaintiff had no "objectively measurable findings" of neurological deficits. (CLICNY 675). CLICNY further admits that the cited

reports from Dr. Roach and Dr. Alexiades contained the statements mentioned in paragraph 124.

125. CLICNY admits that Nurse Rhodes did not specifically identify the information stated in paragraph 125. CLICNY denies that this was a failure, as her review was limited to whether the evidence submitted by Plaintiff with his appeal supported a change in functionality since the FCE. (CLICNY 676).

126. Denied. Nurse Rhodes stated that the "forms that were completed by the APs with the additional medical provided vague responses from both APs with no objective measurable findings for range of motion and neurological deficits. One form from Dr. Roach contained many illegible responses. The R/L the forms gave were inconsistent with what the CX tested in capabilities on the FCE on 7/26/05." (CLICNY 675).

127. CLICNY admits that Nurse Rhodes did not specifically identify the information stated in paragraph 127. CLICNY denies that this was a failure, as her review was limited to whether the evidence submitted by Plaintiff with his appeal supported a change in functionality since the FCE. (CLICNY 676).

128. Denied. Nurse Rhodes stated that the "forms that were completed by the APs with the additional medical provided vague responses from both APs with no objective measurable findings for range of motion and neurological deficits. One form from Dr. Roach contained many illegible responses. The R/L the forms gave were inconsistent with what the CX tested in capabilities on the FCE on 7/26/05." (CLICNY 675).

129. Admitted. CLICNY adds that Dr. Mendez' report also includes a typewritten description of the records reviewed by Dr. Mendez. (CLICNY 657).

12

130. CLICNY admits that Nurse Rhodes did not specifically identify the information stated in paragraph 130. CLICNY denies that this was a failure, as this calls for a legal conclusion not supported by the document cited. (CLICNY 657).

CIGNA Upholds Termination

131. CLICNY denies that it "attempt[ed] to evade the fact that no medical records showed that Plaintiff's medical condition had improved;" CLICNY denies that it attempted to evade anything, and states that there is no support in the record for this argumentative statement. CLICNY further denies that its referral to the termination of benefits as a denial was erroneous; a termination is a form of denial, as in the denial of any future or continuing benefits. (CLICNY 656-57). CLICNY admits the remaining statements in paragraph 131.

132. Denied. The October 28, 2005 letter stated that the claim file was reviewed as a whole. (CLICNY 656). The list of documents contained on page one of the letter is a list of the additional documents submitted by Plaintiff on appeal, not an exhaustive list of all documents reviewed on appeal. (CLICNY 655).

133. Admitted, except that the first sentence is an incomplete statement of the referenced document. The letter stated the "new additional medical evidence does not provide any clinical findings that would alter the functional abilities you demonstrated during the Functional Capacity Evaluation of July 26, 2005." (CLICNY 656).

134. CLICNY admits that Nurse Rhodes did not specifically identify the information stated in paragraph 134. CLICNY denies that this was a failure, as this calls for a legal conclusion not supported by the document cited. (CLICNY 655-56).

13

135. CLICNY is unable to respond to this paragraph because it is too vague and conclusory, based on the documents cited.

136. Denied. Dr. Mendez reviewed the entire FCE. (CLICNY 657).

Plaintiff Appeals March 29, 2006 Decision

137. Admitted.

138. Admitted.

139. Admitted.

CIGNA's Paper Review

140. Admitted. CLICNY adds that the referral also stated that the Plaintiff had received long term disability benefits from 12/3/00 to 10/27/05. (CLICNY 636).

141. CLICNY denies that it failed to produce a record of Mr. Person's authorization for a peer review, as it was produced as CLICNY 19. CLICNY admits the remaining statements in paragraph 141.

142. CLICNY admits that Ms. Bharadwaj testified that the peer review was needed to clarify Plaintiff's functionality. CLICNY denies that she did not know why it was needed; she testified that, at the time of the June 17, 2008 deposition, she did not recall why it was needed. (Transcript 28:5-12, 23-25). CLICNY admits the remaining statements in paragraph 142, but adds that she testified that she did know this information off the top of her head during the deposition, but that she did know it after looking at the report during the deposition. (Transcript 38:6-13).

143. CLICNY admits that it did not have Dr. Trotter review Plaintiff's appeal, but denies that this was a failure. CLICNY admits that it referred the appeal for a peer review by an orthopedist, and that Dr. Weiss was selected by the vendor. (655-57). CLICNY further

14

admits that Dr. Weiss' cited website does state that his clinical services include total hip and knee replacements, as well as arthroscopic shoulder and knee surgery, medical treatment of arthritis with viscosupplementation, and endoscopic carpal tunnel release. (http://www.tririversortho.com/physicial_detail.asp?id=3, accessed August 7, 2008).

144. Admitted.

145. Admitted, except that CLICNY objects to the term "failure" because it calls for a legal conclusion.

146. CLICNY denies that Dr. Weiss' entire analysis was four sentences; it actually consisted of a three page report and a one page addendum (CLICNY 631-34). CLICNY admits the remaining statements in paragraph 146.

147. Admitted.

148. Admitted. CLICNY adds that Ms. Bharadwaj also testified that intermittent standing meant "standing on occasion" (Transcript 78:12), and that intermittent sitting meant "he'd have to get up now and then." (Transcript 78:24-25).

149. Denied. Dr. Weiss discussed these records in his report. (CLICNY 631-32).

150. CLICNY admits that Dr. Weiss did not specifically identify the information stated in paragraph 150. CLICNY denies that this was a failure, as this calls for a legal conclusion not supported by the document cited. (CLICNY 631-33).

151. Admitted.

152. Admitted, except that CLICNY denies that Dr. Weiss "failed" to provide the listed information, as this calls for a legal conclusion not supported by the document cited. (CLICNY 634).

15

214fcdd344b0cd9a

153. CLICNY admits that Dr. Weiss did not specifically identify the information stated in

paragraph 153. CLICNY denies that this was a failure, as this calls for a legal conclusion

not supported by the document cited. (CLICNY 631-34).

CIGNA's Final Decision

154. Admitted.

155. CLICNY admits that Ms. Bharadwaj gave this testimony, but states that the testimony

has been taken out of context. The deposition also contained the following exchange:

> Q: So if you had a brand new claim, you would sit there and if you were not going to
> approve benefits for someone who had a brand new claim, you would say I am
> writing to tell you about the termination of your benefits?
> A: No, I wouldn't.
> Q: So there is a difference between a termination of benefits and a denial of benefits?
> A: Yes.

(Transcript 21:22 – 22:7).

156. Admitted.

157. Admitted, except that this testimony was as of the time of Ms. Bharadwaj's deposition

on June 17, 2008, and was her recollection as of that time. She also testified that the

decision was based on the "information in the file since that time, the FCE, the peer

review report," (Transcript 89:17-18) and "[m]edical information, medical records that

are in the file." (Transcript 90:10-11).

158. Admitted, that she gave this response as of her recollection at the time of the deposition.

(Transcript 90:3-6).

159. CLICNY admits the statement in the first sentence of paragraph 159. CLICNY denies

the statement in the second sentence of paragraph 159; Ms. Bharadwaj testified that she

was unable to identify any such documents in her brief review of the file during the

deposition, which took place a year and a half after her last review of the file on

16

plaintiff's second appeal, when she had no direct recollection of the contents of the file. (Transcript 39:9-16, 94:11-25; CLICNY 629:30).

160. Admitted.

161. Denied. Ms. Bharadwaj testified that, although she did not remember the number of hours of sitting required "off the top of my head" at the time of the deposition, to determine the requirements of Plaintiff's occupation during her December 2006 review of his second appeal, she used a Dictionary of Occupational Titles. (Transcript 42:17-21).

162. Denied. Ms. Bharadwaj testified that, although she did not remember the number of hours of sitting required "off the top of my head" at the time of the deposition, to determine the requirements of Plaintiff's occupation during her December 2006 review of his second appeal, she used a Dictionary of Occupational Titles. (Transcript 42:17-21).

163. Denied as incomplete. The letter stated that "an explanation of Mr. Alfano's functionality and how his functional capacity prevented him from continuously performing the material duties his occupation beyond October 27, 2005 was not clinically supported." (CLICNY 630).

164. Admitted.

165. Admitted.

166. Admitted, but adds that the questions and responses cited were based on a hypothetical situation. (Transcript 55:12-56:12).

17

167. CLICNY admits that the decision letter did not specifically identify the information stated in paragraph 167. CLICNY denies that this was a failure, as this calls for a legal conclusion not supported by the document cited. (CLICNY 629-30).

168. CLICNY admits that the decision letter did not specifically identify the information stated in paragraph 168. CLICNY denies that this was a failure, as this calls for a legal conclusion not supported by the document cited. (CLICNY 629-30).

169. CLICNY admits that the decision letter did not specifically identify the information stated in paragraph 169. CLICNY denies that this was a failure, as this calls for a legal conclusion not supported by the document cited. (CLICNY 629-30).

170. Denied. CLICNY's transferable skills analysis was based on sitting and lifting restrictions, and identified that the Plaintiff would be able to do his own occupation. (CLICNY 718).

Dated:    White Plains, New York
          August 8, 2008

                    Respectfully submitted,

          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                    By: _____
                    Fred N. Knopf (FNK 4629)
                    Emily A. Hayes (EH 5243)
                    *Attorneys for the Defendant CIGNA Life Insurance Company of New York*
                    3 Gannett Drive
                    White Plains, New York 10604
                    (914) 323-7000

18

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2008, the foregoing Response to Plaintiff's Response to Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1 was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Emily A. Hayes (EH 5243)
3 Gannett Drive
White Plains, New York 10604-3407
Phone (914) 323-7000
Facsimile (914) 323-7001
emily.hayes@wilsonelser.com

19

2076964.1