UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
STEVEN ALFANO,                                            :

                           Plaintiff,    :    07 Civ. 9661 (GEL)

      - against -

                                                        :

CIGNA LIFE INSURANCE COMPANY OF
NEW YORK, LONG TERM DISABILITY            :
INSURANCE PLAN FOR CORNELL
UNIVERSITY MEDICAL COLLEGE, WEILL         :
MEDICAL COLLEGE OF CORNELL
UNIVERSITY RETIREMENT PLAN FOR            :
FACULTY AND EXEMPT EMPLOYEES,
CHILDREN'S TUITION SCHOLARSHIP PLAN,      :
CORNELL UNIVERSITY GROUP LIFE
INSURANCE PLAN, CORNELL UNIVERSITY        :
MEDICAL COLLEGE HEALTH INSURANCE
PLAN, and WEILL MEDICAL COLLEGE OF        :
CORNELL UNIVERSITY DENTAL ASSISTANCE
PLAN,                                     :

                            Defendants.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT CIGNA LIFE INSURANCE COMPANY OF NEW YORK'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT

                                WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
                                    Attorneys for Defendant CIGNA Life Insurance
                                    Company of New York
                                    3 Gannett Drive
                                    White Plains, New York 10604
                                    (914) 323-7000

Of Counsel:

    Fred N. Knopf (FNK 4625)
    Emily A. Hayes (EH 5243)

2081295.1

Preliminary Statement

Defendant CIGNA Life Insurance Company of New York ("CLICNY" or "Defendant") respectfully submits this Reply Memorandum in Further Support of its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

This is an action by plaintiff Steven Alfano ("Plaintiff" or "Alfano") seeking long term disability benefits pursuant to a claim terminated by CLICNY after a determination that he was no longer eligible for benefits as he was not disabled pursuant to the applicable long term disability policy. Plaintiff alleges that the denial was a violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.

Plaintiff and CLICNY each filed motions for summary judgment on July 25, 2008. Summary judgment should be granted to CLICNY and denied to Plaintiff because CLICNY's decision to terminate Plaintiff's long term disability benefits was correct, as Plaintiff did not and has not proven that he remained disabled by a preponderance of the evidence. Contrary to Plaintiff's arguments, the administrative record demonstrates that CLICNY considered all of the evidence, and did not act fraudulently or in bad faith.

In his preliminary statement in his memorandum of law in opposition to CLICNY's motion for summary judgment, dated August 8, 2008 ("Pl's Opp'n"), Plaintiff inaccurately states that CLICNY made certain admissions in its Motion. To the contrary, CLICNY did not admit, and does not admit, (1) that CLICNY ignored the actual FCE test results, (2) that CLICNY failed to [follow] the DOT standards, or (3) that there was no evidence in the record showing that Plaintiff's condition improved.

In addition to the discussion below, the arguments presented in Plaintiff's Opposition have already been addressed in CLICNY's Opposition, also dated August 8, 2008 ("CLICNY Opp'n").

Argument

I. <u>CLICNY's Claim Decision was Not Solely Based on the FCE Conclusion, but was also Based on Additional Information</u>

Plaintiff argues that CLICNY incorrectly relied solely on an allegedly erroneous conclusion by the physical therapist who conducted Plaintiff's July 2005 Functional Capacity Evaluation ("FCE"). (Pl's Opp'n at 1-2). As set out in detail in CLICNY's Opposition, this is not accurate, as CLICNY and its outside medical reviewers considered all of the evidence in the file, including all information and documentation submitted by Plaintiff, as evidenced by the reports and decision letters. (CLICNY Opp'n at 9-12). Plaintiff's submissions were not disregarded. It is not necessary to repeat those arguments here. However, CLICNY would like to address several specific statements made by the Plaintiff in his Opposition.

First, as set out in CLICNY's Opposition, CLICNY is not bound by the decision of the Social Security Administration, and the Supreme Court's recent decision in <u>Metropolitan Life v. Glenn</u> does not change this. (CLICNY Opp'n at 5-6). The Supreme Court simply stated, under an arbitrary and capricious standard of review, that MetLife's use of the Social Security award in that case was considered to have been a procedural irregularity, suggesting procedural unreasonableness, and also was used by the court to give more weight to a finding of conflict of interest. <u>Metropolitan Life Ins. Co. v. Glenn</u>, 128 S.Ct. 2343, 2352 (June 19, 2008). Neither of these considerations is relevant here. Unlike <u>Glenn</u>, which involved an arbitrary and capricious standard of review, the applicable standard of review is de novo and the Court's inquiry is

therefore whether Plaintiff can show eligibility for benefits, not whether CLICNY used correct procedure in coming to its decisions.

Second, Plaintiff argues that CLICNY's request for an FCE after its receipt of the October 20, 2004 PAA from Dr. Roach was done in bad faith. (Pl's Opp'n at 2). This argument is speculative, unfounded and unsupported, as are all of Plaintiff's allegations of bad faith throughout his Opposition. Under the Policy, CLICNY had a right (and indeed, a duty) to do a claim investigation. The Policy states that the Plaintiff must provide continuing proof of disability to be eligible for continued receipt of long term disability benefits, and also that CLICNY has the right to a physical examination of the Plaintiff, which would include an FCE to determine functional capacity. (CLICNY 615). In addition, in his June 8, 2005 telephone call with Dr. Taylor, Dr. Roach stated that there was no reason an FCE could not be done and that he felt that it would give more specific functionality guidelines. (CLICNY 58, 856).

Third, Plaintiff's statement that CLICNY failed to cite any evidence that Ms. Genovese "even knew what the physical demands are for sedentary work" is not accurate. (Pl's Opp'n at 3). On the first page of the FCE report, Ms. Genovese stated that "[t]he results of this evaluation indicate that Steven Alfano is currently functioning safely at a sedentary level for an eight hour period according to the NY Department of Labor Standards." (CLICNY 726). Later on that same page, under the heading Physical Demand Category (U.S. Department of Labor, Dictionary of Occupational Titles), she checked "sedentary work" which is defined on the document as "[e]xerting up to 10 lbs. force occasionally and/or a negligible amount of force frequently to lift, carry, push, pull or otherwise move objects, including the human body." (Id.).

Fourth, throughout his argument, Plaintiff makes misrepresentations of the deposition testimony of Medha Bharadwaj. These are the same statements made by Plaintiff in his Motion, and are addressed and refuted in detail in CLICNY's Opposition. (CLICNY Opp'n at 2-3).

Fifth, Plaintiff mischaracterizes the nature and purpose of the medical review done by Kay Rhodes, Nurse Case Manager, on March 3, 2006. She did not criticize the additional medical information submitted by Plaintiff for failing to mention the findings of the FCE in correlation to the Plaintiff's evidence. (Pl's Opp'n at 4). The referenced statement was actually written by Mark Sodders, Claim Manager, in his referral to Ms. Rhodes of the additional medical information for her review, and she did not mention it in her report. (CLICNY 34-35). The purpose of her review was to determine, as a preliminary matter, if the additional evidence submitted showed a functional improvement from the conclusion of the FCE. (CLICNY 35). She concluded that it did not, and so the medical information was referred to Dr. Mendez for his review on appeal.

Finally, Plaintiff's statement that CLICNY disregarded Plaintiff's limited sitting abilities is inaccurate. (Pl's Opp'n at 5,6). As quoted in Plaintiff's Opposition, Dr. Weiss stated that "[T]he claimant would be capable of sedentary duty, but would be restricted from prolonged sitting, in that he would require intermittent standing. He would also be restricted to limited walking, not greater than one block." (CLICNY 632). Not only did Dr. Weiss recognize the Plaintiff's sitting limitations, he provided restrictions and limitations that would apply to Plaintiff's ability to work, but would, with accommodations, allow him to work in a sedentary position. (Id.).

As demonstrated, Plaintiff's arguments that CLICNY's decision was unsupported is inaccurate, and a decision should be made in CLICNY's favor.

4

2081295.1

II. The Burden of Establishing Disability Belongs to the Plaintiff

Contrary to Plaintiff's arguments, he bears the burden of establishing by a preponderance of the evidence that he is eligible to receive benefits, including proof of ongoing disability. The Policy requires continuous proof of disability, and states that benefits will stop when eligibility is no longer shown. (CLICNY 604, 615). The Policy does not require that CLICNY establish improvement.

Also contrary to Plaintiff's arguments, it is not accurate that CLICNY "rejected six years of treatment records." (Pl's Opp'n at 8 n.4). His record was considered as a whole, as shown in the decision letters. Plaintiff fails to mention that continuing disability is required, as of and after October 27, 2005 – not disability prior to that date. In its memorandum of law in support of its motion, CLICNY sets out in detail the process that took place to reach its conclusion. (CLICNY Memorandum of Law in Support of Motion for Summary Judgment at 11-14).

A prior award of benefits does not bind a long term disability insurer. See Mitchell v. Fortis Benefits Ins. Co., 163 Fed. Appx. 183, 189 (4th Cir. 2005) ("[T]he district court reviewed [the plan administrator's] decision for reasonability-determining whether the decisions and interpretations made by [the administrator] were supported by the evidence. For example, the district court found that it was reasonable, pursuant to the Plan, for [the administrator] to review Mitchell's eligibility on a month-to-month basis. Therefore, Fortis was not bound to its original determination that Mitchell was eligible for long-term disability."); Dangerfield v. Metropolitan Life Ins. Co., No. 3:04CV-506-R, 2006 U.S. Dist. LEXIS 572, *9-10 (W.D.Ky. Jan. 6, 2006) ("There is no suggestion that MetLife is bound by its initial decision to provide benefits, assuming it follows proper procedures for initiating a review of benefits and deciding its

5

outcome. Therefore, even assuming *arguendo* that the surveillance tapes do not provide evidence of significant weight, MetLife's decision to terminate Mr. Dangerfield's benefits must be upheld.").

The cases cited by Plaintiff in support of his argument do not mandate that a prior award of disability benefits prevents an insurer from later terminating benefits.[1] In <u>Connors</u>, the Second Circuit stated that the district court had made a factual error when it stated that the plaintiff's claim for benefits had been denied right after the claim was made, when he had actually received approximately 54 months of benefits prior to their termination by CGLIC. <u>Connors v. Connecticut General Life Ins. Co.</u>, 272 F.3d 127, 136 (2d Cir. 2001). The Second Circuit then stated that "[h]ad the District Court recognized that CGLIC's finding of ineligibility was not in response to an application for benefits, but rather a reversal in policy preceded by no significant change in Connors's physical condition, it may have accorded less weight to the evidence presented by CGLIC." <u>Id</u>. The Second Circuit did not, as Plaintiff argues, state that this mandated a reversal of CGLIC's termination, nor did it rule that CGLIC had erred in reversing its position, but only that it was a factor to be weighed by the district court in making its decision. <u>Id</u>.

Similarly, in <u>Rappa</u>, the district court stated that CGLIC's termination was contradicted by its prior decisions granting plaintiff's long term disability benefits and that such reversals "have been held to have been arbitrary and capricious." <u>Rappa v. Connecticut General Life Ins. Co.</u>, No. 06-CV-2285, 2007 U.S. Dist. LEXIS 91094, at *30 (E.D.N.Y. Dec. 11, 2007). Again, the court did not rule that such a finding was mandated by this one factor, and the cases cited by the <u>Rappa</u> court do not require a difference conclusion. <u>Id</u>.

---

[1] CLICNY is not the defendant in either <u>Rappa</u> or <u>Connors</u>. Connecticut General Life Insurance Company and CIGNA Life Insurance Company of New York are both subsidiaries of the same parent companies, but are not the same entity.

III. <u>Summary Judgment is Not Required to be Granted in Plaintiff's Favor</u>

In arguing that "CIGNA knows that" the Dictionary of Occupational Titles requires summary judgment to be awarded in his favor, Plaintiff again misrepresents the contents of CLICNY's memorandum of law in support of its Motion. (Pl's Opp'n at 13-14). CLICNY did not, and does not, concede that it disregarded DOT requirements. In addition, neither of the two job descriptions described (Pl's Opp'n at 13 n.8) includes a specific number of hours of sitting that are required to do the job. (CLICNY 272-73, 529-31). Also, those job descriptions were supplemented by CLICNY's February 6, 2001 telephone call with Rosemary Cius of Plaintiff's former employer, Weill Medical College, to clarify the physical requirements of Plaintiff's job, and she stated that his job allowed him to get up and move around as needed. (CLICNY 382).

The most troubling part of this argument is Plaintiff's repeated speculation about what "CIGNA knows" and what it "would have done" in hypothetical situations. (Pl's Opp'n at 14-16, 19) These statements are unsupported by the record or by CLICNY's motion papers, and are nothing but pure speculation on the part of the Plaintiff. First, there is no evidence that CLICNY "intentionally refused to compare the DOT's physical demands for sedentary work with Plaintiff's functional limitations." (Pl's Opp'n at 14), and the Plaintiff does not point to any. Plaintiff also states that "if Dr. Roach had indicated that Plaintiff could do sedentary work, then Dr. Taylor would have accepted Dr. Roach's conclusion." (Pl's Opp'n at 15). There is absolutely no support for this and, as stated above, CLICNY had a right to conduct a claims investigation including an FCE. (CLICNY 615). Plaintiff also alleges that "CIGNA went out of its way to have its vocational consultant, Ginny Schmidt (and everyone else at CIGNA) avoid any reference to the number of hours a day that Plaintiff was capable of sitting." (Pl's Opp'n at 16). This is unsupported and is contradicted by Ms. Schmidt's report, which, in a list of Plaintiff's

7

functional limitations, states that he has the occasional ability for sitting; as Plaintiff repeatedly points out in his papers, that corresponds to 2.5 hours per workday. (CLICNY 718).

In this section of his argument, and elsewhere in his Opposition, Plaintiff also makes repeated accusations that CLICNY acted fraudulently and in bad faith in making its claim decision. (Pl's Opp'n at 2, 16, 19). Plaintiff does not cite to any legal authority to support these statements. CLICNY's actions in reviewing Plaintiff's claim and rendering decisions do not rise to the level of bad faith. See Alexander v. Winthrop Stimson LTD Coverage, 497 F. Supp. 2d 429, 466 (E.D.N.Y. 2007) (stating, after holding that an insurer had denied plaintiff's long term disability claim erroneously, that there was no evidence of bad faith), Slupinski v. First Unum Life Ins. Co., No. 99 Civ. 0616, 2005 U.S. Dist. LEXIS 21601, *28 (S.D.N.Y. Sept. 27, 2005), Noe v. Unum Life Ins. Co. of America, No. 96 Civ. 0177, 1998 U.S. Dist. LEXIS 2016, *13-15 (S.D.N.Y. Feb 24, 1998).

CLICNY is entitled by the language of the Policy (and ERISA) to do a claim investigation, including referring the Plaintiff for an FCE and having his file reviewed by medical professionals. CLICNY is not required to defer to the submissions from Plaintiff and his treating physicians. See Black & Decker Disability Plan, 538 U.S. 822, 833-34 (2003); Connors, 272 F.3d at 135 n.4.

IV. The Deposition Transcript Should Not be Admitted by the Court

The deposition of Medha Bharadwaj should not be considered by the Court, as the Court's review is limited to the contents of the Administrative Record. This would be CLICNY's position no matter what the contents of the deposition, and has been throughout this litigation; CLICNY argued at the initial scheduling conference that Plaintiff was not entitled to discovery outside of the record, and therefore also not entitled to admit evidence outside the record.

8

To respond to Plaintiff's arguments regarding the facts shown at the deposition, that testimony and knowledge was as of the time of the deposition, not as of the date that she made the discussed claims decisions. (Pl's Opp'n at 21, CLICNY Opp'n at 2-3). Further, the statements made by the Plaintiff are inaccurate and taken out of context, as discussed in detail in CLICNY's opposition memo. (CLICNY Opp'n at 2-3).

It is not necessary for the Court to consider the deposition transcript, because each of the issues discussed by Plaintiff in his Opposition is contained in the Administrative Record, and CLICNY requests that the Court restrict its de novo review to the Administrative Record, which was filed by CLICNY with its Motion.

## Conclusion

For the reasons set out above, in CLICNY's Motion for Summary Judgment and supporting papers, and in CLICNY's memorandum in opposition to Plaintiff's Motion for Summary Judgment CLICNY's decision was supported, as Plaintiff did not establish his eligibility for long term disability benefits by a preponderance of the evidence. Therefore, Plaintiff's Complaint should be dismissed and judgment entered on behalf of CIGNA Life Insurance Company of New York.

Dated:    White Plains, New York
          August 19, 2008

                                      Respectfully submitted,

                                      WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                                      By:__s/Emily Hayes__
                                      Fred N. Knopf (FNK 4625)
                                      Emily A. Hayes (EH 5243)
                                      *Attorneys for the Defendant CIGNA Life Insurance Company of New York*
                                      3 Gannett Drive
                                      White Plains, New York 10604
                                      (914) 323-7000

## CERTIFICATE OF SERVICE

      I hereby certify that on August 19, 2008, the foregoing Memorandum of Law in Further Support of CLICNY's Motion for Summary Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                          s/Emily A. Hayes
                                          Emily A. Hayes (EH 5243)
                                          3 Gannett Drive
                                          White Plains, New York 10604-3407
                                          Phone (914) 323-7000
                                          Facsimile (914) 323-7001
                                          emily.hayes@wilsonelser.com

2081295.1