UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN ALFANO,

                        Plaintiff,

  - against -

INA LIFE INSURANCE COMPANY OF NEW YORK, LONG TERM DISABILITY INSURANCE PLAN FOR CORNELL UNIVERSITY MEDICAL COLLEGE, WEILL MEDICAL COLLEGE OF CORNELL UNIVERSITY RETIREMENT PLAN FOR FACULTY AND EXEMPT EMPLOYEES, CHILDREN'S TUITION SCHOLARSHIP PLAN, CORNELL UNIVERSITY GROUP LIFE INSURANCE PLAN, CORNELL UNIVERSITY MEDICAL COLLEGE HEALTH INSURANCE PLAN and CORNELL UNIVERSITY MEDICAL COLLEGE DENTAL INSURANCE PLAN,

                        Defendants.

07 Civ. 9661 (GEL)

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

 

LAW OFFICES OF JEFFREY DELOTT
Attorneys for Plaintiff
366 North Broadway
Suite 410
Jericho, NY 11753
(516) 939-2999

TABLE OF CONTENTS

Page

Table of Authorities......................................................................................................... ii

PRELIMINARY STATEMENT ……………………………………………………………..1

ARGUMENT......................................................................................…................................2

I.   THAT THE DOT REQUIRES SUMMARY JUDGMENT IN PLAINTIFF'S FAVOR ……… 2

II.  CIGNA RELIED ON A PHYSICAL THERAPIST'S ERRONEOUS CONCLUSION ..............3

III. NO EVIDENCE SHOWED PLANTIFF REGAINED THE ABILITY TO WORK ….............. 4

IV.  CIGNA MISREPRESENTED THE SOCIAL SECURITY EVIDENCE   ….……...….………7

V.   THE COURT'S REVIEW SHOULD INCLUDE CIGNA'S DEPOSITION …………………. 9

VI.  REVERSAL, NOT RFMAND, IS APPROPRIATE …………………………….………10

CONCLUSION ……………….......………………………………………....………….…..............10

## TABLE OF AUTHORITIES

**Cases**
*Alexander v. Winthrop, Stimson LTD Coverage*, 497 F.Supp.2d 429 (E.D.N.Y. 2007)……..…………7, 8
*Black & Decker v. Nord,* 538 U.S. 822 (2003) ………………………………………………...…8
*Brooking v. Hartford Life and Acc. Ins. Co.*, 167 Fed.Appx. 544 (6th Cir. 2006)………….................1, 6
*Connors v. Connecticut General Life Ins. Co.,* 272 F.3d 127 (2d Cir 2001) …………….…………...2, 5, 6
*Glenn v. MetLife*, 128 S.Ct. 2343 (2008) ……………………………………………………… 7
*Krizek v. CIGNA,* 2005 WL 928637 (N.D.N.Y. Mar. 22, 2005)……………………..…….………2
*Miller v. United Welfare Fund,* 72 F.3d 1066 (2d Cir.1995) ……………………………………..…… 9
*Paese v. Hartford Life and Accident Ins. Co,* 2004 WL 764760,
    *vacated in part on other grounds*, 449 F.3d 435 (2d Cir. 2006)……………….…….…..……7, 8
*Rappa v. Connecticut General Life Ins. Co.*, 2007 WL 4373949 (E.D.N.Y. Dec. 11, 2007)…..…….. 1, 5-6
*Simone v. Prudential,* 2005 WL 475406 (S.D.N.Y. Feb. 28, 2005),
    *aff'd,* 164 Fed.Appx. 39 (2d Cir. 2006)… ………………………………………..2, 3, 10
*Troy v. Unum Life Ins. Co. of America*, 2006 WL 846355 (S.D.N.Y. Mar 31, 2006) ……………….…9
*Zervos v. Verizon N.Y., Inc.,* 277 F.3d 635 (2d Cir.2002)………………………………...……….10
*Zuckerbrod v. Phoenix Mutual Life Ins. Co.,* 78 F.3d 46 (2d Cir.1996)……………….…………….10

**Other**
Dictionary of Occupational Titles ("DOT") ……………………………………………*passim*

**PRELIMINARY STATEMENT**

CIGNA's papers show that its termination of Plaintiff's long term disability ("LTD") benefits is exactly the type of bad faith claim decision exposed in ABC News' "Good Morning America" http://abcnews.go.com/GMA/story?id=5257491&page=1.  CIGNA arrogantly contends that as long as it goes through the motions of supposedly considering the evidence that Plaintiff submitted its decision must be upheld (Def. Opp. Br. 9-12).   However, because CIGNA admitted that the Court is to review CIGNA's decision *de novo* without any deference, the Court's role is to decide if CIGNA made the correct decision based upon a preponderance of the evidence, not whether CIGNA simply based its decision on substantial evidence.

Plaintiff's moving brief detailed how the facts here are the same as those in *Rappa v. Connecticut General Life Ins. Co.*, 2007 WL 4373949 (E.D.N.Y. Dec. 11, 2007), wherein the court held that CIGNA had to pay LTD benefits and attorneys fees (Pl. Mov. Br. 20-29).  In a tacit admission that *Rappa* is directly on point, CIGNA did not even bother to attempt to distinguish it.  In yet a further admission that its decision to terminate Plaintiff's LTD benefits was wrong, CIGNA argued that its decision should be remanded, (Def. Opp. Br. 12-13), rather than reversed as was the case in *Rappa,* as well as in *Brooking v. Hartford Life and Acc. Ins. Co.*, 167 Fed.Appx. 544, 548-549 (6th Cir. 2006)(court ordered the insurer to pay the plaintiff's LTD benefits and interest because the FCE data showed he could not sit for more than a third of the day and the DOT requires sitting for most of the day for a sedentary job), whose facts are also indistinguishable.

CIGNA's opposition papers failed to raise a genuine issue of material fact to defeat Plaintiff's summary judgment motion.  CIGNA admitted that (a) it relied on the opinion of the

Functional Capacity Evaluation ("FCE") physical therapist while ignoring the actual FCE test data; (b) no evidence showed Plaintiff's medical condition had improved between the time it approved and subsequently terminated Plaintiff's benefits; and (c) failed to compare the physical demands of sedentary work from Dictionary of Titles (the "DOT") with Plaintiff's functional limitations. Taking the record as a whole, a rational trier of fact cannot find that CIGNA's decision to terminate Plaintiff's LTD benefits was correct, and therefore, Plaintiff's summary judgment motion should be granted.

## ARGUMENT

**I.    THE DOT REQUIRES SUMMARY JUDGMENT IN PLAINTIFF'S FAVOR**

CIGNA knows from both *Connors,* 272 F.3d at 136 n. 5, and *Krizek v. CIGNA,* 2005 WL 928637 at *5 n. 5 (N.D.N.Y. Mar. 22, 2005), that "Sedentary work ... generally involves up to two hours of standing or walking and six hours of sitting in an eight-hour work day." CIGNA also failed to distinguish any of the numerous cases cited as examples of courts holding that sedentary work requires the ability to sit for at least 6 hours a day (See Pl. Mov. Br. 17-18). Nonetheless, CIGNA asserted that *Simone v. Prudential,* 2005 WL 475406 (S.D.N.Y. Feb. 28, 2005), *aff'd,* 164 Fed.Appx. 39 (2d Cir. 2006), shows that the DOT does not require a person to sit for 6 hours a day to do sedentary work (Def. Opp. Br. 11-12). The facts of *Simone* have nothing at all to do with the proposition for which CIGNA cited it, and raises a profound ethical concern about CIGNA's misrepresenting the case law to the Court.

In *Simone,* there was no medical evidence regarding the number of hours a day the claimant could sit because that was irrelevant. The plaintiff never claimed he was unable to do sedentary work. The plaintiff argued he was disabled because he could not do his job that

required him to be on his feet all day, which is why he had to argue that his occupation was light in order to obtain LTD benefits. CIGNA's gross misrepresentation of *Simone* is consistent with its unethical conduct that ABC News exposed. CIGNA falsified what *Simone* stands for because no court has held that sedentary work does not require the ability to sit for 6 hours a day according to the DOT.

It is undisputed that CIGNA determines if a claimant can do sedentary work by comparing the claimant's functional limitations with the DOT's physical demands for sedentary work. (Bharadwaj Tr. (hereafter "Tr.") 41-42, 57-58; CLICNY379). Dr. Roach, Dr. Alexiades and the FCE test data limited Plaintiff to sitting less than 2.5 hours a day (CLICNY301, 308, 688, 695, 728, 734, 843, 961, 968, 975). However, CIGNA never compared the main physical demand of sedentary work, 6 hours of sitting, (Tr. 44, 46), with Plaintiff's inability to sit for even 2.5 hours. **Perhaps most importantly, Ms. Bharadwaj admitted that if the DOT required the ability to sit for more than 2.5 during an 8 hour work day, then the FCE would not support Plaintiff's ability to do sedentary work (Tr. 55-56).** Bharadwaj's admission that Plaintiff could not do his regular occupation if the DOT required the ability to sit for more than 2.5 hours a day shows that Plaintiff's summary judgment motion should be granted.

## II.   CIGNA RELIED ON A PHYSICAL THERAPIST'S ERRONEOUS CONCLUSION

CIGNA insisted that Dr. Roach assess Plaintiff's functionality in the PAA, but then rejected the PAA after CIGNA's Dr. Taylor insisted on having an FCE for "clinically measureable tests" (CLICNY89). The FCE corroborated Dr. Roach's PAA, as well as Dr. Alexiades' functional assessment, as they all provided that Plaintiff was limited to sitting for less than 2.5 hours a day (CLICNY301, 308, 688, 695, 728, 734, 843, 961, 968, 975). CIGNA

decided to ignore all 22 pages of FCE's clinically measureable tests, as well as Dr. Roach's PAA and Dr. Alexiades' assessment. Instead, CIGNA relied on the patently erroneous conclusion of Jacqueline Genovese, the FCE physical therapist, that the FCE test results showed Plaintiff had a sedentary functional capacity. CIGNA argued that its decision was "supported by the FCE's conclusion, which specifically stated that he was capable of sedentary work, and that was after the physical therapist actually saw him and observed his capabilities." (Def. Opp. Br. 11).

CIGNA failed to deny that it relied on Ms. Genovese's opinion, which was contradicted by her own findings and observations, while ignoring the actual FCE test data, which was detailed in the twenty-two (22) pages that followed Ms. Genovese's conclusion (CLICNY728-749). The FCE test data corroborated the conclusions of Plaintiff's treating doctors, the Social Security Administration (the "SSA") and CIGNA's Dr. Trotter, who all concluded Plaintiff was unable to meet the physical demands of sedentary work. On the other hand, CIGNA's papers conspicuously failed to cite a single test finding from the 22 pages of FCE test data that show Plaintiff can do sedentary work, and Medha Bharadwaj was unable to identify one either (Tr. 51, 63, 69).

The only evidence CIGNA cited to support its decision other than the FCE were the paper reviews by Drs. Taylor and Weiss (Def. Opp. Br. 9-10). Dr. Roach told Taylor that Plaintiff could only work a total of two hours a day, and explained why the clinical findings showed Plaintiff remained unable to work full time (CLICNY843). Dr. Taylor rejected Dr. Roach's findings and conclusions, which raises the question of why did he bother contacting Dr. Roach at all (CLICNY885-886). Instead, Taylor said an FCE was needed for clinically measureable tests. CLICNY89. However, CIGNA then ignored the clinically measureable tests.

Moreover, Dr. Taylor failed to explain why a physical therapist's opinion about Plaintiff's functionality would be more reliable than a treating doctor's functional assessment based upon his examinations of Plaintiff. Taylor failed to cite a single piece of medical evidence that indicated Plaintiff's medical condition had improved, or explain why the same medical evidence that CIGNA found had supported the approval of Plaintiff's claim no longer supported it (CLICNY885-886).

Dr. Weiss' entire four sentence analysis (CLICNY632) shows that he relied on Ms. Genovese's conclusion and ignored the clinically measureable FCE tests. Weiss also inexplicably rejected (a) findings and conclusions of Dr. Roach, Dr. Alexiades, Dr. McCance, Dr. Snow, Dr. Farmer, and Dr. Scelsa, (b) the three lumbar, right shoulder, left shoulder, and right hip MRIs, (c) the right hip x-rays, (d) the functional assessments of Drs. Alexiades and Roach, (e) the operative reports, (f) Dr. Trotter's medical review, (g) Dr. Roach's letters to Dr. Taylor, (h) Nurse Haley's review, and (i) the SSA decision (CLICNY631-633). Dr. Weiss and CIGNA failed to explain how Plaintiff could do sedentary work when the clinically measureable FCE tests, which Dr. Taylor insisted on having, and the opinions of Dr. Roach and Dr. Alexiades, limited Plaintiff to sitting for less than 2.5 hours a day (CLICNY301, 308, 631-633, 688, 695, 728, 734, 843, 961, 968, 975).

### III. <u>NO EVIDENCE SHOWED PLANTIFF REGAINED THE ABILITY TO WORK</u>

Courts have previously reversed CIGNA's LTD terminations where CIGNA reversed its prior decision that a claimant was disabled in the absence of any evidence that the claimant's medical condition had changed. In *Connors v. Connecticut Gen. Life Ins. Co.,* 272 F.3d 127 (2d Cir. 2001), and in *Rappa*, the courts found that CIGNA failed to explain how a claimant, which it

had found disabled, subsequently was no longer disabled where no medical evidence showed that the claimant's medical condition had improved. In *Connors,* 272 F.3d at 136, the Second Circuit ruled that CIGNA erred in reversing its position that the claimant was disabled because there was "no significant change in Connors's physical condition".

Despite the admonition by the Second Circuit, CIGNA continues its improper tactics. Last December, in *Rappa*, 2007 WL 4373949 at *10, the district court reiterated that CIGNA cannot reverse its decision that a claimant is disabled under an LTD Plan without evidence showing that the claimant's medical condition improved. As noted above, *Rappa's* and *Brooking's* facts are indistinguishable from those here, which is why CIGNA went out of its way to avoid even mentioning them.

CIGNA failed to deny that no evidence showed Plaintiff's condition significantly changed. The undisputed facts are that Medha Bharadwaj: (a) approved Plaintiff's LTD benefits, concluding that Plaintiff was disabled from his regular occupation because his symptoms, abnormal exam and tests findings supported ongoing severe multilevel spinal stenosis and nerve root impingement severe enough to preclude performing his sedentary work duties (CLICNY105, Tr. 89), and then (b) subsequently issued CIGNA's final decision terminating Plaintiff's benefits, concluding that Plaintiff was no longer disabled from his regular occupation (CLICNY629-630; Tr. 88). CIGNA and Bharadwaj failed to identify any evidence that purportedly showed Plaintiff's condition improved between the time Bharadwaj approved and then terminated Plaintiff's benefits LTD benefits, other than the Genovese conclusion and Weiss review that relied on the Genovese conclusion (Tr. 99, 95).

**IV.     CIGNA MISREPRESENTED THE SOCIAL SECURITY EVIDENCE**

CIGNA argued that a decision from the SSA is not binding on it, (Def. Opp. Br. 4-5), but CIGNA misses the point as Plaintiff never argued that the SSA decision was binding. Plaintiff cited the SSA Administrative Law Judge ("ALJ") and vocational expert ("VE") concluding Plaintiff could not perform the DOT's physical demands for sedentary work as evidence supporting his disability. CIGNA's failure to explain why it rejected the opinions of the ALJ and VE, which were consistent with Plaintiff's treating physicians and FCE test data, is further evidence that CIGNA's termination was wrong and lacked objectivity.

The Court can consider the SSA evidence as supporting Plaintiff's disability under the LTD Plan. *Alexander v. Winthrop, Stimson, Putnam and Roberts LTD Coverage,* 497 F.Supp.2d 429, 438 (E.D.N.Y. 2007), unambiguously stated that, "Though not binding on this Court, the findings of the Social Security Administration ("SSA") ALJ who granted plaintiff's application for Social Security benefits also constitute evidence substantiating plaintiff's claim to suffer from severe, chronic lower back pain." *Alexander* relied on the Second Circuit's decision in *Paese v. Hartford Life & Accident Ins. Co.,* 449 F.3d 435, 442 (2d Cir.2006), which held the district "court acted well within its discretion when it considered the SSA's findings as some evidence of total disability, even though they were not binding on the ERISA Plan, and even though the SSA's definition of disability may differ from that in the [Plan]."

CIGNA also failed to understand the significance of the Supreme Court's decision in *Glenn v. MetLife*, 128 S.Ct. 2343 (2008). Contrary to CIGNA's assertion, *Glenn* is not limited to a deferential standard of review. *Glenn* ruled that an insurance company's failure to reconcile its own conclusion, that an LTD claimant could work, with the SSA's opposite conclusion, was

evidence that supported reversing the insurer's decision. Here, the Court can consider the SSA decision as evidence supporting Plaintiff's disability under the LTD Plan that warrants reversing CIGNA's decision to terminate his benefits.

CIGNA also misrepresented that Plaintiff contended the SSA's treating physician rule required reversing CIGNA's termination (Def. Opp. Br. 6). Once again, Plaintiff made no such argument. CIGNA argued that it can reject a treating physician's opinion as long as it "has a basis for another conclusion" (Def. Opp. Br. 6). CIGNA failed to cite any authority for that proposition because none exists. While CIGNA may assert that as long as it supposedly "considered" Plaintiff's medical evidence it can reject that evidence, CIGNA already admitted that the Court is not required to give any deference to the basis for CIGNA's rejecting the opinions of Plaintiff's doctors.

CIGNA's excuse for rejecting the opinions of Dr. Alexiades, Dr. Roach, and his other treating physicians was that *Black & Decker v. Nord,* 538 U.S. 822, 831 (2003) held insurers are not required to defer to the opinions of Plaintiff's treating doctors. However, the Second Circuit stated that while under *Nord* no special deference is <u>required</u> for treating doctors, a district court engaging in a *de novo* review can chose to give more weight to a treating physician's conclusions if the opinions are reliable and probative. *Paese,* 449 F.3d at 442. Similarly, *Alexander,* 497 F.Supp.2d at 438, pointed out that *Nord* does not *prohibit* a reviewing court from ascribing greater weight to the opinions of treating physicians than to the opinions of non-treating physicians. *Alexander,* 497 F.Supp.2d at 438 (citing *Nord,* 538 U.S. at 834) explained that that while *Nord* "declined to import the treating physician rule into the ERISA context, the Supreme Court has cautioned that "[p]lan administrators, of course, may not arbitrarily refuse to credit a

claimant's reliable evidence, including the opinions of a treating physician." Dr. Alexiades' and Dr. Roach's opinions are more reliable not only because they are based on first hand observations,[1] but also because they are based on the diagnostic testing (see Pl. Opp. Br. fn. 4) and are corroborated by the clinically measureable FCE tests (CLICNY727, 734).

## V. THE COURT'S REVIEW SHOULD INCLUDE CIGNA'S DEPOSITION

CIGNA argued that Ms. Bharadwaj's deposition should not be considered because Plaintiff's moving brief did not attempt to establish good cause (Def. Opp. Br. 1[2]). However, in Plaintiff's brief in opposition to CIGNA's summary judgment motion at pages 20-24, Plaintiff explained in detail why good cause exists for reviewing the deposition, rendering CIGNA's argument moot, and the Court is respectfully referred to Plaintiff's opposition brief for greater detail. In short, the Second Circuit's decision in *Miller v. United Welfare Fund,* 72 F.3d 1066, 1070 (2d Cir.1995), which relied upon the deposition testimony of the plan administrator, shows that Bharadwaj's deposition should be considered. *Miller* was subject to the arbitrary and capricious standard of review. In *Troy v. Unum Life Ins. Co.*, 2006 WL 846355 at *10 (S.D.N.Y. Mar. 31, 2006), which was subject to *de novo* review, Senior District Judge Haight ruled that "Plaintiff's proffer of [a] deposition is relevant to the Court's evaluation of defendant's determination and to the credibility of competing factual claims."

CIGNA also argued that Plaintiff mischaracterized Bharadwaj's testimony (Def. Opp. Br. 2-3). A review of the deposition transcript reveals that Plaintiff accurately stated Bharadwaj's

---

[1] CIGNA then implicitly admitted that Plaintiff's doctors have an evaluative advantage from their personal observations by arguing CIGNA had no duty to conduct an IME (Def. Opp. Br. 7). However, Plaintiff never argued CIGNA had such a duty. Plaintiff simply pointed out that *Rappa* held that CIGNA could not terminate benefits by giving greater weight to a doctor who merely reviewed medical records compared to one who interacted with the claimant (see Pl. Mov. Br. 24).

testimony. The only mischaracterization is CIGNA's claim that Plaintiff mischaracterized Bharadwaj's testimony, which is consistent with CIGNA's mischaracterization of *Simone* and assertion that the DOT does not require the ability to sit for 6 hours a day for sedentary work.

## VI. REVERSAL, NOT REMAND, IS APPROPRIATE

*Rappa*, 2007 WL 4373949 at*12, (citing *Zervos v. Verizon N.Y., Inc.,* 277 F.3d 635, 648 (2d Cir.2002); *Zuckerbrod v. Phoenix Mutual Life Ins. Co.,* 78 F.3d 46, 51 n. 4 (2d Cir.1996)), held that, "Where the decision to deny benefits is unreasonable because it was not based upon substantial evidence, as was the case here, reversal, rather than remand, is appropriate." Plaintiff's briefs demonstrate that CIGNA's decision to terminate Plaintiff's LTD benefits was unreasonable. Accordingly, the Court should reverse the CIGNA's decision and award Plaintiff attorneys fees here just as the court did in *Rappa*.

## Conclusion

For the reasons set forth above and in Plaintiff's other papers, Plaintiff's motion for summary judgment should be granted in its entirety.

Dated: Jericho, NY
August 22, 2008

                                  **RESPECTFULLY SUBMITTED,**
                                  **LAW OFFICES OF JEFFREY DELOTT**
                                  Attorneys for Plaintiff

                            By: _____/S_____
                                  Jeffrey Delott, Esq. (JD8688)

                                  366 North Broadway, Suite 410
                                  Jericho, NY  11753
                                  (516) 939-2999

---

2  CIGNA complains that Plaintiff's counsel did not provide an original transcript to be reviewed pursuant to Fed.R.Civ.P. 30(e), but neither CIGNA's counsel nor Bharadwaj requested the transcript before the deposition was completed pursuant to that Rule.